Allen R. Ball, Esq. (State Bar #124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com

**Attorney for Defendants,**
**JAMES WALD; NATALIE WALD;**
**JAYSON COHEN and ELITE SOUND COMPANY, LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>                    Plaintiff,<br><br>          vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual;<br><br>                    Defendants. | Case No.: **2:26-cv-03714-WLH(DFMx)**<br>Judge:  Hon. Wesley L. Hsu<br><br>**NOTICE OF AND MOTION OF DEFENDANTS WALD, COHEN AND ELITE TO DISMISS FOR (1)  LACK OF SUBJECT MATTER JURISDIC-TION (FRCP 12(B)(1)); OR (2) LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE (FRCP 12(B)(2), (5), OR ALTERNA-TIVELY, TO STAY OR DISMISS DUE TO OTHER PENDING STATE ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES [Request for Judicial Notice served and filed concurrently herewith]**<br><br>**Date:   June 5, 2026**<br>**Time:  1:30 p.m.**<br>**Dept:  9B** |

**TO THE COURT AND TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that on June 5, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 9B of the above captioned court, located at 350 West First Street, Los Angeles, California, 90012-4565, Defendants James Wald; Natalie Wald; Jayson Cohen, and Elite Sound Company, LLC  will, and hereby do, move the Court, for an order dismissing (or, as an

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

alternative, staying) the Third, Fourth, Fifth, Sixth and Seventh Causes of Action alleged in Plaintiff's Complaint.

This motion is made:

(1)    As authorized by Federal Rules of Civil Procedure[1], Rule 12, subdivision (b)(1), on the grounds that dismissal is warranted because the court lacks subject matter jurisdiction because plaintiff lacks standing to bring the cited causes of action; and/or

(2)    As authorized by Rule 12, subdivisions (b)(2), and (b)(4), on the grounds that this court lacks personal jurisdiction over these moving defendants because process (and/or service thereof) was insufficient, in that the summons served on each moving defendant did not comply with Federal Rules of Civil Procedure rule 4, subdivision (a)(F) and (G) in that each summons was neither signed by the clerk nor bore the court's seal; and/or

(3)    As authorized by 28 U.S.C. section 1367, subdivision (c)(4) on the grounds that the causes action against these moving defendants should be dismissed or at least stayed because plaintiff has chosen to file two separate state court actions against the same moving defendants seeking similar relief based on the transactions related to the ones alleged in the current complaint.

The motion will be based on this notice of motion, the memorandum of points and authorities, and the Request for Judicial Notice, all served and filed herewith, on the papers and records and file herein, and evidence as may be presented at the hearing of the motion.

///

///

///

///

---

[1]    Unless otherwise specified, all further references to a "Rule" are to the Federal Rules of Civil Procedure.

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

Under Local Rule 16-12, subdivision (c), plaintiff's status as an incarcerated pro se non-attorney litigant exempts this motion Local Rule 7-3's meet and confer requirement.

Respectfully submitted.

Dated: May 1, 2026,

LAW OFFICE OF BALL & YORKE

_____

Allen R. Ball, Esq.
Attorney for Defendants JAMES WALD;
NATALIE WALKD; JAYSON COHEN;
and ELITE SOUND COMPANY LLC.

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

### *Memorandum of Points and Authorities*

***I    Introduction and Statement of Facts***

Plaintiff is a convicted child molester, serving a sentence of 610 years to life, for his sexual abuse of a four-year-old girl, daughter to defendants James Wald and Natalie Wald (collectively, "the Walds"). (RJN[2], Ex. "A".)

On October 29, 2024 -- over a year before filing the current federal case-- plaintiff Martin filed a action, known as *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821 now pending in the Superior Court of the State of California, County of Ventura.  This complaint alleges various wrongful actions in obtaining and exercising ownership of the businesses, such as Entertainment Technology identified in the current federal pleading. (RJN, Ex. "B".)

Accusations of current mis-management of these same businesses is at issue in this state case, as shown by plaintiff Martin's unsuccessful attempt to obtain a preliminary injunction on the basis of allegations of such mismanagement.  (RJN, Ex. "B".)  This case is currently the subject of extensive litigated and trial is set for November 30, 2026.  (RJN, Ex. "C".)

The filing of this state court case followed not merely plaintiff's conviction, but also a lawsuit filed by the Walds on August 2, 2023, also in the Superior Court of the State of California, County of Ventura., known as *Wald v. Martin, et. al.*, Ventura County Superior Court Case No. 2023CUPP012195. (RJN, Ex. "D".) This lawsuit is referred to in the current complaint, but primarily seeks damages for the sexual abuse of their daughter.  (RJN, Ex. "D", paras. 11 to 51, pp. 3 to 10.)

Plaintiff filed a First Amended Cross-Complaint, in this case on April 7, 2026, alleging, among other things, causes of action pertaining to businesses at issue in the federal case.  (RJN, Ex. "E", esp. paras. 49 to 95, pp. 10 to 16.)  This case, also is subject to intense litigation in the state court.  (RJN, Ex. "F".)

---

[2]    References to "RJN" are to the exhibits to Defendant's Request for Judicial Notice, served and filed concurrently herewith.

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

## II    *Dismissal is Warranted Because Subject Matter Jurisdiction Is Absent; Plaintiff Lacks Standing, As The Alleged Injury Is Both Speculative And Not Traceable to Defendants*

A motion to dismiss is a proper method of challenging a plaintiff's standing to bring identified causes of action. "[A]t the pleadings stage, the plaintiff must allege sufficient facts that, taken as true, `demonstrat[e] each element' of Article III standing. [Citation deleted].  If the plaintiff fails to do so, the complaint is subject to dismissal at the outset either upon motion by the defendant under Federal Rule of Civil Procedure 12(b)(1) or upon the court's own inquiry." (*Jones v. L. A. Central Plaza, LLC*, 74 F.4th 1053, 1057 (9th Cir, 2023).

"To establish … standing, an injury must be `concrete … and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.' [Citation deleted]…. `[A]llegations of *possible* future injury' are not sufficient" (*Clapper v. Amnesty International, USA*, 568 U.S. 398, 409, [133 S.Ct. 1138, 1147; 185 L.Ed.2d 264, 275-276] (2012).)

In addition "plaintiff[] bear the burden of pleading … concrete facts showing that the defendant's actual action has caused the substantial risk of harm. Plaintiff[] cannot rely on speculation about `the unfettered choices made by independent actors …" (*Id*., at 414, and fn. 5 [at 1150, and fn. 5 and 278-279, and at 279, fn. 5].)

Here, plaintiff repeatedly alleges that his alleged injury depends solely upon the speculation that co-defendant Small Business Administration ("SBA") may decide to enforce plaintiff's personal guarantee for the full amount of a specific loan. (Complaint, paras. 43 to 44, p. 17, lines 9 to 16 [potential exposure]; para. 73, p. 25, lines 24 to 26; para. 74, p. 26, lines 5 to 6 [collateral intended to reduce exposure]; para. 84, p. 27, lines 25 to 27 [potential personal liability]; para. 85, p. 28, lines 3 to 4 [seeks compensation for exposure]; para. 95, p. 30, lines 1 to 4 [reimbursement if plaintiff is required to pay].)

There are no allegations showing that plaintiff could be damaged if plaintiff should prevail against the SBA on the first cause of action, and he is exonerated as a potential surety for the loan.  Nor is there any allegation that the SBA has done – or is likely to do --anything to enforce plaintiff's alleged potential personal liability.

Plaintiff cites nothing obligating the SBA to enforce a default, instead of accepting payments. (Complaint; para. 53, p. 20, lines 8 to 11 [default, whether or not payments continued].)  Instead, the complaint repeatedly alleges that the SBA failed to do anything at all after initial notice of the alleged wrongdoing. (Complaint, Para. 23, p. 12, lines 2 to 8; para 24, p. 12, lines 15 to 19; paras. 34 and 35, p. 15, lines 1 to 14; para. 71, p. 25, lines 17 to 18; para. 77, lines 18 to 19; para. 83, p. 27, lines 22 to 23; para. 87, p. 28, lines 16 to 17; para. 92, p. 29, lines 18 to 19.)

"If the accident would have happened anyway, whether the defendant was negligent or not, then his negligence was not a cause in fact, and of course cannot be the legal or responsible cause." (*Capell Assoc., Inc*. v. *Central Valley Sec. Co.*, 260 Cal. App. 2d 773, 780 [67 Cal. Rptr. 463, 467] (1968).)

Plaintiff admits that his own incarceration is a default under the note. (Complaint, para. 8, p. 4, lines 15 to 17; para. 21(a), p. 10, lines 2 to 12.)  He further alleges that his incarceration makes it impossible for him to repay the loans at issue.  (Complaint, para. 2, p. 2, lines 21 to 23; para. 21(a), p. 10, lines 2 to 11, especially at lines 9 to 11 ["A borrower serving a life sentence … will never operate the business, and will never generate revenue to service the debt."[.)

If the SBA is obligated to act in response to any events of default, whether the loan is current or not, plaintiff's incarceration would trigger the same risk of the same harm (SBA enforcement) regardless of what defendants allegedly did or did not do.  Any claimed damage would have been caused by plaintiff's incarceration, not the alleged actions of defendants.

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

On the other hand, if the SBA is not obligated to act in response to any events of default, then again, there is no standing, as any claimed damages depends on the independent decision of the SBA to enforce (or not enforce) the existing surety in light of the independent default.

Again, courts are "reluctan[t] to endorse standing theories that rest on speculation about the decisions of independent actors" and "plaintiff[] bear the burden of pleading … concrete facts showing that the defendant's actual action has caused the substantial risk of harm.  Plaintiff[] cannot rely on speculation about `the unfettered choices made by independent actors …" *Clapper v. Amnesty Int'nat'l*, *supra*, 568 U.S. at 414 and at fn. 5; [133 S.Ct. at 1150 and at fn. 5; 185 L.Ed.2d at 278-279, and at 279, fn. 5].)

In any event, the allegations in the current federal pleading show that plaintiff lacks standing to bring the current action against these moving defendants as (a) any harm depends upon the independent actions that may or may not be taken by the SBA and (b) the harm would likely be the same due to plaintiff's default caused by his own incarceration, regardless of any alleged wrongdoing on the part of any or all of defendants James Wald, Natalie Wald, Jayson Cohen and/or Elite Sound Company, LLC.

**III    This Court Lacks Personal Jurisdiction Over Any or All of these Moving Defendants Because The Summons Served on Each Defendant Was Neither Signed by the Clerk Nor Bore the Court's Seal**

"The issuance of a summons signed by the Clerk, with the seal of the Court, and the time … are essential elements of the court's personal jurisdiction over the defendant." (*Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 568 (3d Cir. 1996), cited with approval in *Silbaugh v. Chao*, 942 F.3d 911, 914 (9th Cir, 2019.)) Where, as here, "[a] summons … is not signed and sealed by the Clerk of the court does not confer personal jurisdiction over the defendant." (*Id* at 569.)   The summonses here are neither signed nor sealed. (Ball Dec., paras. 3; Ex. "A".)

Since an unsigned and unsealed summons does not confer personal jurisdiction, a motion to dismiss on that basis, under Rule 12, subdivision (b)(2) is warranted.  Alternatively, a motion to dismiss under Rule 12, subdivision (b)(4) is warranted because the process (i.e., the form of the summons) is insufficient. (*Crane v. Battelle,* 127 F.R.D. 174, 177 (S.D. Cal. 1989).)

"Service of an unsigned and unsealed summons is not a harmless error that can be cured nunc pro tunc …. [Citation deleted]" (*Cloyd v. Arthur Anderson & Co.,* 151 F.R.D. 407, 409 (D.Utah 1993))

Other courts around the country agree that service of an unsigned, unsealed summons is not the kind of error that is routinely corrected by amendment.  (see *Barrett v. City of Allentown,* 152 F.R.D. 46, 49 (E.D. Pa. 1993) ["Failure to have a summons signed by a clerk is a serious deficiency which cannot be overlooked ... An unsigned summons demonstrates a flagrant disregard for the rules … [Citations deleted]"] and *Gianna Enterps. v. Miss World (Jersey) Ltd.,* 551 F. Supp. 1348, 1358, (S.D.N.Y. 1982) [while some errors in a summons are routinely corrected by amendment, "[s]ervice of an unsigned and unsealed summons . . . is a more serious infraction for which a court, … need not allow amendment."]).

There is no prejudice to plaintiff if this motion is granted.  As discussed more fully in the next argument, and, as shown by the Request for Judicial Notice, the cross complaint in one state court action (RJN, Ex. "C") and the complaint filed by plaintiff against these moving defendants (RJN, Ex. "E") in yet another state court action, he has alternative forums in which his claims may be addressed.

///

///

///

///

///

*IV     The Claims against Moving Defendants Should Be Dismissed (or at least Stayed) Because there are Pending State Court Actions Involving Similar Claims and the Same Parties*

Under 28 U.S.C. § 1367(c)(4), the district court may decline to exercise supplemental jurisdiction over a claim if, `in exceptional circumstances, there are ... compelling reasons for declining jurisdiction.' We find such `exceptional circumstances' and `compelling reasons' here. Adjudicating state-law claims in federal court while identical claims are pending in state court would be a pointless waste of judicial resources." (*Hays County Guardian v. Supple*, 969 F.2d 111, 125 (5th Cir., 1992.)

Plaintiff Martin has **chosen** to litigate at least some of his claims alleging wrongdoing in the acquisition and management of businesses such as Entertainment Technology and Airlink, by filing an action, known as *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821 now pending in the Superior Court of the State of California, County of Ventura. (RJN, Ex. "B".) That mismanagement is an issue is shown by the unsuccessful request for a preliminary injunction. (RJN, Ex. "C".) This action is also hotly contested, with a trial date set for November 30, 2026. (RJN, Ex. "D".)

It has been expressly held that concerns regarding "the conservation of judicial energy and the avoidance of multiplicity of litigation" dictate that supplemental jurisdiction be retained "*in any case where substantial judicial resources have already been committed* so that sending the case to another court will cause a substantial duplication of effort …" (*Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir., 1991).)

Here, as will be shown, supplemental jurisdiction should be denied because substantial judicial resources in the California state action have already been committed to the state case. (See RJN, Exs. "C" and "D".)

///

Exceptional circumstances exist, justifying a refusal to exercise supplemental jurisdiction, where as here, a plaintiff "has initiated two related proceedings against the [same] defendants who now defend themselves in two separate judicial systems", where discovery had commenced in the state court action, but was stayed in the federal action. (*In Touch Concepts v. Cellco Partnership* 949 F.Supp.2d 444, 464-465, esp. at 465 (SDNY, 2013), affd. 788 F.3d 98, 102 (2nd Cir., 2015)

Here, too, plaintiff Martin has initiated two related proceedings against the same defendants, who must defend themselves in two separate systems. In this case it is more than merely initiating discovery. It is plaintiff Martin's state court case that has "involved over [fifteen]n months of … heated pretrial litigation" and it is the state "court [that] had already issued numerous memoranda and orders …, it would have been a pointless waste of judicial resources to require a [federal district] court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding [state] judge. It would have been unfair to the [defendants] to transfer a case scheduled for trial within [months] in [state] court to a [federal] tribunal where it would have had to wait perhaps months to be heard." (*Enercomp, Inc. v. McCorhill Publishing Inc.*, 873 F.2d 536, 546 (2nd Cir., 1989),)

In addition, plaintiff Martin has mentioned in his existing federal complaint (at paras. 47 to 50, p. 18, line 6 to p. 19, line 7) another existing state court action involving many of the same parties, as well as the same businesses (Entertainment Technology and Airlink) known as *Wald v. Martin, et. al.*, Ventura County Superior Court Case No. 2023CUPP012195. That case, however, primarily seeks damages caused by plaintiff Martin's sexual abuse of the minor child of the Wald defendants. (RJN, Ex. "D", paras. 11 to 51, pp. 3 to 10.) It does not justify retention of supplemental jurisdiction in this case.

///

///

## *Conclusion*

Any claimed injury depends on guesswork about what actions, if any, may be taken by the SBA, an independent third party. Plaintiff has no standing because any injury is speculative. The SBA had the same right to take the same actions -- potential enforcement of the surety -- due to plaintiff's criminal conviction so nothing is traceable to any actions or inactions by defendants. Again, plaintiff lacks standing. The claims against these moving defendants should be dismissed under rule 12, subdivision (b)(1) because the lack of standing means that this court lacks subject matter jurisdiction.

Alternatively, this court should dismiss under rule 12, subdivision (b)(2) and/or subdivision (b)(4) because the summonses served on all of these moving defendants were neither signed by the clerk nor bore the seal of the court. Since the summonses were invalid, this court has no personal jurisdiction over these moving defendants.

Finally, this court should decline to exercise supplemental jurisdiction because related claims are currently hotly litigated in another pending state court action filed by plaintiff Martin.

For the foregoing reasons, this motion should be granted, and, the claims against each of these moving defendants should be dismissed.

Respectfully submitted,

Dated: May __4__ 2026

LAW OFFICE OF BALL & YORKE

Allen R. Ball, Esq.
Attorney for Defendants,
JAMES WALD AND NATALIE WALD;
JAYSON COHEN and ELITE SOUND
COMPANY LLC.

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

## *<u>Declaration of Allen R. Ball</u>*

I, ALLEN R. BALL hereby declare:

1.    I am an attorney duly licensed to practice law before all courts of the State of California.  I am also duly licensed to practice law before the United States District Court, Central District of California.  I am a partner with the Law Office of Ball & Yorke, attorneys of record for James Wald, Natalie Wald, Jayson Cohen and Elite Sound, Company, LLC, defendants herein.  I am the attorney principally in charge of handling the file in this action and so, I have personal knowledge of the facts contained herein.

2.    When I first saw the copy of the summons and complaint, provided to me by client Natalie Wald, I noticed that the copy of the summons was not signed, and that it bore no seal.  I therefore asked all clients to send me copies of the summons given to them when each of them were served.

3.    Attached hereto collectively as Exhibit "A" and incorporated herein by this reference are true and correct copies of all summonses served on moving defendants herein Natalie Wald, James Wald, Jayson Cohen and Elite Sound Company, LLC.  Not one of these copies has either a signature or a seal.

I declare under penalty of perjury that the foregoing is true and correct. Executed this the _____4_____ day of May, 2026 in Ventura, California.

_____
Allen R. Ball, Declarant

12
Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

# EXHIBIT "A"

Case 2:26-cv-03714-WLH-DFM    Document 17    Filed 05/04/26    Page 14 of 23    Page ID
Case 2:26-cv-03714-WLH-DFM    Document 5    Filed 04/05/26    Page 1 of 2    Page ID
#:111
#:42

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

|  |  |
|---|---|
| TRAVIS EDWARD MARTIN, an individual | ) <br> ) <br> ) <br> ) <br> ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  2:26-cv-03714-WLH(DFMx) |
| See Attachment 1 | ) <br> ) <br> ) <br> ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NATALIE WALD, an individual

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     Travis Edward Martin
1746 F South Victoria Ave
Suite 104
Ventura CA 93003
Email: martin57290@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
*Signature of Clerk or Deputy Clerk*

Case 2:26-cv-03714-WLH-DFM   Document 5   Filed 04/05/26   Page 2 of 2   Page ID
#:43

## Attachment 1

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency;
JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND
COMPANY LLC, a California limited liability company; JAYSON COHEN, an
individual,

Case 2:26-cv-03714-WLH-DFM   Document 17   Filed 05/04/26   Page 16 of 23   Page ID
Case 2:26-cv-03714-WLH-DFM   Document 13   Filed 04/05/26   Page 1 of 2   Page ID
#:38

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual <br><br><br> *Plaintiff(s)* <br> v. <br> See Attachment 1 <br><br><br> *Defendant(s)* | Civil Action No. 2:26-cv-03714-WLH(DFMx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JAMES WALD, an individual

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Travis Edward Martin
1746 F South Victoria Ave
Suite 104
Ventura CA 93003
Email: martin57290@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                  *Signature of Clerk or Deputy Clerk*

Case 2:26-cv-03714-WLH-DFM    Document 17    Filed 05/04/26    Page 17 of 23   Page ID
Case 2:26-cv-03714-WLH-DFM    Document 4    Filed 04/05/26    Page 2 of 2   Page ID
#:39

Attachment 1


UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual,

Case 2:26-cv-03714-WLH-DFM    Document 17    Filed 05/04/26    Page 18 of 23    Page ID
Case 2:26-cv-03714-WLH-DFM    Document 15    Filed 04/05/26    Page 1 of 2    Page ID
#:40

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual<br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>See Attachment 1<br><br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  2:26-cv-03714-WLH(DFMx)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  JAYSON COHEN, an individual

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Travis Edward Martin
1746 F South Victoria Ave
Suite 104
Ventura CA 93003
Email: martin57290@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____          _____
                                                                  *Signature of Clerk or Deputy Clerk*

Case 2:26-cv-03714-WLH-DFM    Document 17    Filed 05/04/26    Page 19 of 23   Page ID
Case 2:26-cv-03714-WLH-DFM    Document 16    Filed 04/05/26    Page 2 of 2   Page ID
#:41

Attachment 1

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency;
JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND
COMPANY LLC, a California limited liability company; JAYSON COHEN, an
individual,

Case 2:26-cv-03714-WLH-DFM   Document 17   Filed 05/04/26   Page 20 of 23   Page ID
Case 2:26-cv-03714-WLH-DFM   Document 6   Filed 04/05/26   Page 1 of 2   Page ID
#:44

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual ) ) ) ) *Plaintiff(s)* ) v. ) See Attachment 1 ) ) ) ) *Defendant(s)* ) | Civil Action No.  2:26-cv-03714-WLH(DFMx) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ELITE SOUND COMPANY LLC, a California limited liability company

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Travis Edward Martin
1746 F South Victoria Ave
Suite 104
Ventura CA 93003
Email: martin57290@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                    _____
                                                                          *Signature of Clerk or Deputy Clerk*

Attachment 1


UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual,

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of eighteen (18) years. My business address is 1001 Partridge Drive, Suite 330, Ventura, California 93003. I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **May 4, 2026**, I served ☐ the original ☒ a true copy of the following named document(s): **NOTICE OF AND MOTION OF DEFENDANTS WALD, COHEN AND ELITE TO DISMISS FOR (1) LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)); OR (2) LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE (FRCP 12(B)(2), (5), OR ALTERNATIVELY, TO STAY OR DISMISS DUE TO OTHER PENDING STATE ACTIONS; MEMORANDUM OF POINTS AND AUTHORITIES**

☒      **BY MAIL (F.R.C.P. 5(b)(2)(C)):** By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☒      **BY ELECTRONIC MAIL (F.R.C.P. 5(b)(2)(E)):** By sending it via electronic mail, without transmission error or difficulty, to the e-mail address(es) provided by the party(ies) as identified herein below:

☒      **VIA CM/ECF (F.R.C.P. 5(b)(3)):** By filing the document electronically and allowing the Notice of Electronic Filing to suffice as the proof of service to all parties/counsel registered for electronic service.

### *** SEE THE ATTACHED SERVICE LIST***

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed this 4 day of **May, 2026**, at Ventura, California.

Cathy Hernandez, Declarant

13
Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

## SERVICE LIST

| | |
|---|---|
| Travis Edward Martin<br>1746 F South Avenue, Suite 104<br>Ventura, CA 93003<br>Martin57290@gmail.com<br><br>Travis Martin (CDCR# BU6031)<br>Richard J. Donovan Correctional Facility<br>480 Alta Road<br>San Diego, CA 92179 | **Plaintiff in Pro Per** |

Notice of and Motion to Dismiss (or at least Stay) Plaintiff's Complaint, filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite