Allen R. Ball, Esq. (State Bar #124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com

**Attorney for Defendants,**
**JAMES WALD; NATALIE WALD;**
**JAYSON COHEN and ELITE SOUND COMPANY, LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; <br><br> Defendants. | Case No.: 2:26-cv-03714-WLH(DFMx) <br> Judge: Hon. Wesley L. Hsu <br><br> **REPLY OF DEFENDANTS WALD, COHEN AND ELITE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR (1) LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)); OR (2) LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE (FRCP 12(B)(2), (5), OR ALTERNATIVELY, TO STAY OR DISMISS DUE TO OTHER PENDING STATE ACTIONS** <br><br> Date:  June 5, 2026 <br> Time:  1:30 p.m. <br> Dept: 9B |

**TO THE COURT AND TO ALL PARTIES:**

Defendants James Wald, Natalie Wald, Jayson Cohen and Elite Sound Company LLC respectfully present the attached Reply to the Opposition filed by plaintiff Travis Martin to the Motion to Dismiss or in the Alternative, to Stay.

## Memorandum of Points and Authorities

### I    Introduction and Summary of Argument

The allegations of injury, the idea that the complaints originally given to the defendants were merely "courtesy copies", and the need for federal jurisdiction over the claims against these defendants all depends on the unsupported statements of a convicted child molester. (RJN[1], Ex. "A".)

As will be shown, Plaintiff alleges only speculative damages that will not occur until and unless the SBA decides to enforce the alleged guarantee against him. In fact, his allegations that the SBA lists the loan as current and that the SBA did nothing in response to the alleged notice of defaults show that the alleged guarantee is not being enforced at all. This is insufficient as a matter of law to establish subject matter jurisdiction. (_Clapper v. Amnesty International, USA_, 568 U.S. 398, 409 and 414, and fn. 5, [133 S.Ct. 1138, 1147 and 1150, and fn. 5; 185 L.Ed.2d 264, 275-276 and 278-279 and 279, fn. 6] (2012).)

Nor is there personal jurisdiction. Once defendants were given the copies of the complaint with the unsigned, unsealed summons, they had twenty-one days in which to respond. (Fed.Rules.Civ.Proc., rule 12(a)(1)(A)(i).) Defendants did so, raising the void nature of the service. (see _Ayres v. Jacobs & Crumplar,P. A._ 99 F.3f 565, 567 and 569 (3rd Cir, 1996).) Only after this time had expired, and defendants raised the issue did Plaintiff obtain a signed, sealed summons. Normally, dismissal is warranted in a case where service is originally void, and, issues relating to the service period are irrelevant. (_Id_, at 569-570.)

Finally, there is no justification shown for allowing plaintiff to start anew in federal court, when he has raised related claims in two separate state court actions.

///

///

---

[1]    References to "RJN" are to the exhibits to Defendant's Request for Judicial Notice, served and filed with the original moving papers.

Reply to Plf's Opp to Motion to Dismiss (or at least Stay) filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

*II*     ***Subject Matter Jurisdiction Is Absent; Plaintiff Lacks Standing, As The Alleged Injury Is Both Speculative And Not Traceable to Defendants***

Again, "[t]o establish ... standing, an injury must be `concrete ... and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.' [Citation deleted].... `[A]llegations of *possible* future injury' are not sufficient" (*Clapper v. Amnesty International, USA*, 568 U.S. 398, 409, [133 S.Ct. 1138, 1147; 185 L.Ed.2d 264, 275-276] (2012).)

In addition "plaintiff[] bear the burden of pleading ... concrete facts showing that the defendant's actual action has caused the substantial risk of harm. Plaintiff[] cannot rely on speculation about `the unfettered choices made by independent actors ..." (*Id.*, at 414, and fn. 5 [at 1150, and fn. 5 and 278-279, and at 279, fn. 5].)

Plaintiff alleges no such facts. He does not allege that the SBA is seeking to enforce the alleged guarantee; instead, he alleges only that the SBA refuses to act "while preserving the right to pursue Plaintiff as guarantor" instead of acting to "lighten Plaintiff's surety burden". (Complaint, para. 2, p. 3, lines 3 to 4; line 27.) He complains only of increased exposure to potential liability, not of any alleged enforcement. (Complaint, para. 23, p. 12, lines 6 to 8 [SBA inaction] and para. 26, p. 13, lines 11 to 14 [defendants].) He "faces personal liability ..." and alleges further damage "[i]f the Loan is referred ... for collection ..." (Complaint, paras. 43 and 44, p.17, lines 9 to 12.)

No facts are alleged showing any risk that the SBA will enforce the alleged guarantee against Plaintiff. Instead, the complaint repeatedly alleges that the SBA has failed to do anything at all after initial notice of the alleged wrongdoing, (Complaint, Para. 23, p. 12, lines 2 to 8; para 24, p. 12, lines 15 to 19; paras. 34 and 35, p. 15, lines 1 to 14; para. 71, p. 25, lines 17 to 18; para. 77, lines 18 to 19; para. 83, p. 27, lines 22 to 23; para. 87, p. 28, lines 16 to 17; para. 92, p. 29, lines 18 to 19.)

Nor is there any need for SBA action, since Plaintiff specifically alleges that "monthly payments on the Loan continued ..." and that "continued payments [were] made by or through James Wald ...." (Complaint, para. 22, p. 11, lines 18 to 21.) The SBA lists the loan as current. (Complaint, para. 40, p. 16, lines 11 to 12.)

In short, plaintiff's diatribe about alleged wrongdoing cannot hide the absence of any allegation of any fact showing any risk that the alleged guarantee will be enforced against him. His "allegations of *possible* future injury" in the event that the SBA decides to enforce the guarantee are insufficient, as subject matter jurisdiction cannot rest "on speculation about `the unfettered choices made by independent actors ..." such as the SBA. (*Clapper v. Amnesty International, USA, supra*, 568 U.S. at 409, 414 and fn. 5; [133 S.Ct. at 1147, 1150 and fn. 5; 185 L.Ed.2d at 275-276, 278-279, and 279, fn. 5] (2012).)

"If the accident would have happened anyway, whether the defendant was negligent or not, then his negligence was not a cause in fact, and of course cannot be the legal or responsible cause." (*Capell Assoc., Inc. v. Central Valley Sec. Co.*, 260 Cal. App. 2d 773, 780 [67 Cal. Rptr. 463, 467] (1968).)

Plaintiff admits that his own incarceration for child molestation is a default under the note. (Complaint, para. 8, p. 4, lines 15 to 17; para. 21(a), p. 10, lines 2 to 12.) He further alleges that his incarceration makes it impossible for him to repay the loans at issue. (Complaint, para. 2, p. 2, lines 21 to 23; para. 21(a), p. 10, lines 2 to 11, especially at lines 9 to 11 ["A borrower serving a life sentence ... will never operate the business, and will never generate revenue to service the debt."[.)

If the SBA is obligated to act in response to any events of default, whether the loan is current or not, plaintiff's incarceration would trigger the same risk of the same harm (SBA enforcement) regardless of what defendants allegedly did or

did not do.    Any claimed damage would have been caused by plaintiff's incarceration, not the alleged actions of defendants.

### III    *The Delayed Issuance of Proper Summons Does Not Cure the Absence of Personal Jurisdiction Due to Service of an Unsigned, Unsealed Summons*

Once defendants were given the copies of the complaint with the unsigned, unsealed summons, they had twenty-one days in which to respond. (Fed.Rules.Civ.Proc., rule 12(a)(1)(A)(i).)  Defendants did so, raising the void nature of the service. (see *Ayres v. Jacobs & Crumplar,P. A.*, *supra*, 99 F.3d at 567 and 569 [response to service of unsigned unsealed summons].) Defendants responded in a timely manner, raising the issue of defective service.  Only after this did Plaintiff have issued a signed, sealed summons and re-serve the moving defendants.

Normally, dismissal is warranted in a case, as this, where service is originally void, due to the unsealed, unsigned summons. (*Id*, at 569-570.) Issues relating to additional service within the relevant service period may be deemed to be irrelevant. (*Ibid*.)

"Service of an unsigned and unsealed summons is not a harmless error that can be cured nunc pro tunc …. [Citation deleted]" (*Cloyd v. Arthur Anderson & Co.*, 151 F.R.D. 407, 409 (D.Utah 1993)) Allowing plaintiff to evade dismissal by the delayed service is effectively to allow correction despite the "flagrant disregard for the rules …". (*Barrett v. City of Allentown*, 152 F.R.D. 46, 49 (E.D. Pa. 1993)

However, even if the delayed service is sufficient to cure the prior void service, there is still no subject matter jurisdiction (as previously shown) and there is no basis for exercising supplemental jurisdiction when Plaintiff voluntarily filed two separate state court pleadings, alleging claims arising out of defendants' allegedly wrongful conduct in obtaining and managing the businesses covered by the alleged Loan agreements (as will be shown next).

///

***IV***    ***The Claims against Moving Defendants Should Be Dismissed (or at least Stayed) Because there are Pending State Court Actions Involving Similar Claims and the Same Parties***

Plaintiff's statements about alleged evidentiary value in a state court pleading originally filed by current defendants James Wald and Natalie Wald does not alter three critical facts. One is that the bulk of that case concerns damages in connection with plaintiff's sexual abuse of the Wald's minor daughter, which has little to do with the allegations here. (RJN, Ex. "E", paras. 11 to 51, pp. 3 to 10.)

The second is that plaintiff Martin has **chosen** to litigate the issues of alleged wrongdoing in the acquisition and management of businesses such as Entertainment Technology and Airlink, by filing yet another state court action and seeking a preliminary injunction because of the alleged mismanagement. (RJN., Exs. "B" and "C".)

Finally, Plaintiff ignores that this case is set to go to trial on November 30, 2026. (RJN, Ex. "D".)

The docket clearly shows that plaintiff Martin's state court case has "involved over [fifteen]n months of … heated pretrial litigation" and it is the state "court [that] had already issued numerous memoranda and orders …, it would have been a pointless waste of judicial resources to require a [federal district] court to invest the time and effort necessary to familiarize itself with a case well-known to the presiding [state] judge. It would have been unfair to the [defendants] to transfer a case scheduled for trial within [months] in [state] court to a [federal] tribunal where it would have had to wait perhaps months to be heard." (*Enercomp, Inc. v. McCorhill Publishing Inc.*, 873 F.2d 536, 546 (2nd Cir., 1989).)

///

///

///

///

### *Conclusion*

Plaintiff alleges that the SBA -- the creditor primarily affected by destruction of collateral and/or non-payment of the loan -- has done nothing. He has not alleged that the SBA has even threatened, let alone actually taken, such action against him; plaintiff has only alleged that the SBA might, at some point in the future, try to do so. Plaintiff has no standing because any injury is speculative.

Further, he alleges that his criminal conviction is a default, giving the SBA the same right to enforce the guarantee as it has now. The alleged harm is not traceable to any actions or inactions by defendants. Again, plaintiff lacks standing.

The claims against these moving defendants should be dismissed under rule 12, subdivision (b)(1); no standing means no subject matter jurisdiction.

Alternatively, this court should dismiss under rule 12, subdivision (b)(2) and/or subdivision (b)(4) because the improper service of an unsigned, unsealed summons should not negate the flagrant disregard of the rules shown by the original attempt.

Finally, this court should decline to exercise supplemental jurisdiction because Martin filed related claims against these same defendants in state court that is set for trial in November of 2026.

For the foregoing reasons, this motion should be granted, and, the claims against each of these moving defendants should be dismissed.

Respectfully submitted,

Dated: May 2 2026

LAW OFFICE OF BALL & YORKE

Allen R. Ball, Esq.
Attorney for Defendants,
JAMES WALD AND NATALIE WALD;
JAYSON COHEN and ELITE SOUND
COMPANY LLC.

Reply to Plf's Opp to Motion to Dismiss (or at least Stay) filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of eighteen (18) years.  My business address is 1001 Partridge Drive, Suite 330, Ventura, California 93003.  I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **May 21, 2026**, I served ☐ the original ☒ a true copy of the following named document(s):

**REPLY OF DEFENDANTS WALD, COHEN AND ELITE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR (1) JACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)); OR (2) LACK OF PERSONAL JURISDICTION DUE TO INSUFFICIENT SERVICE (FRCP 12(B)(2), (5), OR ALTERNATIVELY, TO STAY OR DISMISS DUE TO OTHER PENDING STATE ACTIONS**

☒    **BY MAIL (F.R.C.P. 5(b)(2)(C)):**  By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☒    **BY ELECTRONIC MAIL (F.R.C.P. 5(b)(2)(E)):**  By sending it via electronic mail, without transmission error or difficulty, to the e-mail address(es) provided by the party(ies) as identified herein below:

☒    **VIA CM/ECF (F.R.C.P. 5(b)(3)):**    By filing the document electronically and allowing the Notice of Electronic Filing to suffice as the proof of service to all parties/counsel registered for electronic service.

### *** SEE THE ATTACHED SERVICE LIST***

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed this 21 **day of May, 2026**, at Ventura, California.

Cathy Hernandez, Declarant

8

Reply to Plf's Opp to Motion to Dismiss (or at least Stay) filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite

## SERVICE LIST

| Travis Edward Martin<br>1746 F South Avenue, Suite 104<br>Ventura, CA 93003<br>Martin57290@gmail.com<br><br>Travis Martin (CDCR# BU6031)<br>Richard J. Donovan Correctional Facility<br>480 Alta Road<br>San Diego, CA 92179 | **Plaintiff in Pro Per** |
|---|---|

Reply to Plf's Opp to Motion to Dismiss (or at least Stay) filed by Defendants James Wald, Natalie Wald, Jayson Cohen & Elite