UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03714-WLH-DFM | Date | June 2, 2026 |
|---|---|---|---|
| Title | *Travis Edward Martin et al v. United States Small Business Administration et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE DEFENDANTS MOTIONS TO DISMISS [16, 17]**

The Court is in receipt of Defendants James Wald, Natalie Wald, Jayson Cohen and Elite Sound Company LLC's, (collectively "Defendants") Motions to Dismiss ("Motions").  (Mot., Dkt. No. 16, 17).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Dkt. No. 13 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for June 5, 2026, is **VACATED**, and the matter is taken off calendar.  For the reasons explained herein, the Court **DENIES** the Motions.

Plaintiff, proceeding *pro se*, filed the instant action on April 5, 2026 against Defendants United States Small Business Administration, James Wald, Natalie Wald, Jayson Cohen and Elite Sound Company LLC alleging seven causes of action: (1) "declaratory relief"; (2) "breach of implied covenant"; (3) "breach of fiduciary duty"; (4) "voidable transaction"; (5) "restitution"; (6) "civil conspiracy"; and (7) "indemnity."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

(Complaint, Dkt. No. 1).  On May 4, 2026, Defendants Jayson Cohen and Elite Sound Company LLC filed a Motion to Dismiss.  (Dkt. No. 16).  That same day, Defendants James Wald and Natalie Wald also filed a Motion to Dismiss.  (Dkt. No. 17).  On May 12, 2026, Plaintiff filed an Opposition, (Opp'n., Dkt. No 30), and Defendants filed a Reply on May 21, 2026.  (Reply, Dkt. No 31).  On May 24, 2026, Plaintiff amended the Complaint alleging ten causes of action: (1) "declaratory relief"; (2) "breach of implied covenant"; (3) "civil RICO"; (4) "civil RICO conspiracy"; (5) "breach of fiduciary duty"; and (6) "voidable transaction"; (7) "restitution"; (8) "civil conspiracy"; and (9) "indemnity/exoneration;" (10) "declaratory relief re collateral, proceeds, and traceable property."  (FAC, Dkt. No. 33).

An "amended complaint supersedes the original, the latter being treated thereafter as non-existent."  *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citation omitted).  A motion that targets a complaint that is no longer in effect is generally denied.  *See Rodriguez v. Zenni Optical, Inc.*, 2023 WL 3612392, at *1 (S.D. Cal. May 23, 2023) (denying as moot motion to dismiss when, "in lieu of filing an opposition to the motion to dismiss, [the plaintiff] filed a first amended complaint"); *Frazier v. City of Fresno*, 2023 WL 1786228, at *1 (E.D. Cal. Feb. 6, 2023) ("Once an amended complaint is filed, the previous complaint becomes null and void, and generally any pending motion to dismiss that was directed at the previous pleading will be thus rendered moot.").

The Court finds that this instant Motion no longer pertains to an operative pleading, because Plaintiff filed his FAC on May 24, 2026—after the Motions were filed.  Because the Court concludes that Defendants' Motions pertain to the Complaint, which is no longer operative, the Motions (Dkt. No. 16, 17), are **DENIED** as **MOOT**.  Because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiff added additional causes of action, Defendants should file Motions to Dismiss based upon the operative iteration of the Complaint.

Further, upon review of the First Amended Complaint and the pending state court actions, *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821 and *Wald v. Martin, et. al*. Ventura County Superior Court Case No. 2023CUPP012195, it appears that the issues in this instant litigation may be pending before the state court. Accordingly, Plaintiff's claims may be barred for several reasons.  First, res judicata "bars litigation in a subsequent action of any claims that were raised *or could have been raised in the prior action*."  *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added).  Second, "collateral estoppel applies to 'all issues which were or could have been raised in the original suit.'"  *Farrace v. Massachusetts Mut. Life Ins. Co.*, 1996 WL 570488, at *3 (N.D. Cal. Sept. 25, 1996), aff'd, 156 F.3d 1236 (9th Cir. 1998) (*quoting Cal. State Auto. Assn. Inter-Ins. Bureau v. Superior Cour*t, 50 Cal. 3d 658, 6635 n.2 (1990)).  Finally, pursuant to *Younger v. Harris*, a federal court should abstain from exercising jurisdiction if the three requirements are met: (1) the state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceeding to raise federal questions.  401 U.S. 37 (1971).

//

//

//

//

//

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing **on a claim by claim basis**, no later than thirty (30) days after this Order is issued, as to why Plaintiff's claims should not be dismissed for lack of subject matter jurisdiction under the Younger doctrine of abstention and/or why Plaintiff's claims is not barred as res judicata and/or collateral estoppel (as applicable). The Court also **ORDERS** Defendants to file a response on a **claim by claim basis** no later than fourteen (14) days after Plaintiff files his response regarding whether the Court has subject matter jurisdiction.

**IT IS SO ORDERED.**