Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
06/09/2026
CENTRAL DISTRICT OF CALIFORNIA
BY_____GSA_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>    Defendants. | **Case No. 2:26-cv-03714-WLH-DFM**<br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE, OR ALTERNATIVELY TO STAY OSC DEADLINE AND REQUIRE DEFENDANTS TO PRESENT ANY ABSTENTION OR PRECLUSION CHALLENGE BY PROPER MOTION AGAINST THE FIRST AMENDED COMPLAINT**<br><br>Declaration of Travis Edward Martin Filed Concurrently<br><br>Proposed Order Lodged Concurrently<br><br>No Hearing Unless Ordered by the Court |

1

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO
DISCHARGE OR VACATE ORDER TO SHOW CAUSE

## <u>NOTICE OF EX PARTE APPLICATION</u>

**TO THE COURT, DEFENDANTS, AND THEIR COUNSEL OF RECORD:**

Plaintiff Travis Edward Martin, proceeding pro se and incarcerated, applies ex parte for an order discharging or vacating the portion of the Court's June 2, 2026 civil-minutes order that requires Plaintiff to show cause, claim-by-claim, why the operative First Amended Complaint should not be dismissed based on Younger abstention, res judicata, or collateral estoppel. In the alternative, Plaintiff requests an immediate stay of Plaintiff's OSC response deadline and an order requiring any defendant who wishes to rely on abstention or preclusion to present that contention by a proper response or motion directed to the First Amended Complaint.

The application is brought under C.D. Cal. Local Rules 7-18, 7-19, 7-19.1, 7-19.2, and 7-20; Federal Rules of Civil Procedure 1, 7, 8(c), 12, and 15(a)(3); and the Court's inherent authority to manage its docket while preserving the adversarial structure required by the Federal Rules.

Plaintiff seeks relief on an emergency basis because ordinary noticed-motion timing cannot provide meaningful relief before the OSC deadline. The order was entered on June 2, 2026 and requires a response within 30 days. A noticed motion ordinarily requires 28 days' notice, and a motion for reconsideration must be filed within 14 days absent good cause. C.D. Cal. L.R. 6-1, 7-18. Without immediate relief, Plaintiff will be forced to brief unasserted affirmative defenses and abstention theories against the Court itself before any defendant has answered or moved against the operative pleading.

Plaintiff does not seek immunity from properly raised defenses. If Defendants believe Younger, preclusion, or any other defense applies to the First Amended Complaint, they may bring that motion. But Defendants, not Plaintiff, must identify the defense, identify the claim, identify the state-court record, identify any final judgment or actually litigated issue, and carry the burden. The present OSC reverses that process.

Nor can Plaintiff meaningfully show cause against defenses he does not assert. The FAC pleads affirmative claims for relief. It does not allege that those claims are

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

barred by Younger, res judicata, or collateral estoppel. Those are dismissal theories for Defendants to invoke, not elements Plaintiff must plead or disprove before any Defendant responds.

Plaintiff has provided a courtesy copy of this application to counsel for the appearing private Defendants by overnight mail. Plaintiff does so to avoid any claim of lack of notice, not because Defendants can resolve the problem. The challenged OSC was issued by the Court, not by Defendants; no Defendant has filed a motion against the FAC; and no meet-and-confer with counsel can withdraw, discharge, or narrow a Court-issued OSC. Plaintiff therefore requests that the Court either waive or excuse any further oral-notice or conference requirement, or decide this application without waiting for Defendants to brief a court-created issue that Defendants have not themselves raised.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The OSC should be discharged. The Court already resolved the only motions before it: it held that Defendants' motions to dismiss were moot because they attacked the original complaint, while the First Amended Complaint ("FAC") superseded that pleading. The Court then stated the correct next step: because Plaintiff added new causes of action, "Defendants should file Motions to Dismiss based upon the operative iteration of the Complaint." Dkt. 40 at 2-3.

That should have ended the motion-to-dismiss proceeding. Instead, before any defendant responded to or moved against the FAC, the Court sua sponte converted its review of moot motions into a new claim-by-claim dismissal inquiry based on Younger, res judicata, and collateral estoppel. That procedure is backwards. It requires Plaintiff to litigate against the Court's own dismissal theory, then permits Defendants to answer Plaintiff's compelled showing. In practical effect, it orders Plaintiff to identify, frame, and disprove Defendants' unasserted affirmative defenses before Defendants have done the work the Federal Rules place on them.

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO
DISCHARGE OR VACATE ORDER TO SHOW CAUSE

Plaintiff should not be forced to litigate against the Court itself. In an adversarial system, defendants bring motions, identify the defenses they choose to assert, and carry the burden of showing how those defenses apply to the operative pleading. Plaintiff responds to a party's properly presented attack. Plaintiff should not be ordered to become the moving party against his own FAC, especially where he is incarcerated, pro se, and Defendants have not filed a Rule 12 motion or answer directed to the FAC.

That burden is not harmless. It gives Defendants a free, court-ordered preview of Plaintiff's claim-by-claim response before they have committed to any defense, identified any final judgment, selected any state-court record, or explained any Younger category. It also gives Defendants the last word after Plaintiff has been compelled to litigate against the Court's own hypothesis. For an incarcerated pro se litigant, that is concrete procedural prejudice: Plaintiff is required to do Defendants' work first, without knowing what Defendants actually contend.

Plaintiff cannot prepare a meaningful claim-by-claim rebuttal to a defense that no Defendant has chosen to assert. A plaintiff files a complaint because he alleges live, unbarred claims; he does not file a complaint by first conceding or litigating every possible defense against himself. The OSC therefore puts Plaintiff in the impossible position of guessing the defenses Defendants might raise, selecting the state-court materials they might rely on, and disproving a defense before the adverse parties have identified it.

The OSC also rests on a materially incomplete premise. The state cases identified in the minute order are not this federal case. Wald v. Martin, Ventura County Superior Court Case No. 2023CUPP012195, is a 2023 action by the Walds, P.W., and Elite alleging childhood sexual assault, sexual battery, emotional distress, negligence, defamation, and interference based largely on alleged abuse, post-conviction statements, and alleged business-interference communications. Martin v. Wald, Ventura County Superior Court Case No. 2024CUNP032821, is a state business dispute filed before the current 2026 SBA delinquency and collection facts pleaded in the FAC. Neither state

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO
DISCHARGE OR VACATE ORDER TO SHOW CAUSE

case is an SBA contract case. Neither has the SBA as a party. Neither pleads the current federal RICO claims. Neither adjudicates Martin's 2026 federal guarantor exposure, SBA collection risk, the SBA's post-notice inaction, or the declaratory relief sought under 15 U.S.C. § 634(b)(1), 28 U.S.C. §§ 1331, 1367, 2201, and 2202.

Most importantly, the state cases are pending, and the federal FAC pleads injuries and controversies that accrued after those actions were filed. **The 2023 and 2024 state complaints could not have adjudicated the SBA's 2026 delinquency, the returned 2026 payments, the May 2026 balance, or the current federal guaranty, discharge, exoneration, and RICO claims.** A preclusion theory built on pending actions and later-accruing federal injuries is not self-evident; it is unsupported on the face of the materials the OSC cites. The OSC identifies no final judgment, no identical issue actually litigated and necessarily decided, no claim-specific preclusion analysis, and no Younger category under Sprint.

## I. EX PARTE RELIEF IS WARRANTED BECAUSE A NOTICED MOTION CANNOT BE HEARD BEFORE THE OSC DEADLINE.

This application presents the type of emergency procedural problem for which ex parte relief is appropriate. Plaintiff is not seeking to bypass ordinary motion practice for tactical advantage. He seeks to avoid being forced into a claim-by-claim merits brief on unasserted defenses before a regularly noticed motion can be heard.

The Court's June 2, 2026 order gives Plaintiff 30 days to respond. Dkt. 40 at 4. Local Rule 6-1 generally requires a noticed motion to be filed at least 28 days before the hearing, and Local Rule 7-3 generally requires a conference at least 7 days before filing. C.D. Cal. L.R. 6-1, 7-3. Local Rule 7-18 further provides that a reconsideration motion must be filed within 14 days absent good cause. C.D. Cal. L.R. 7-18. Those combined deadlines make ordinary noticed motion practice inadequate unless the OSC deadline is stayed or the matter is addressed ex parte.

Judge Hsu's Standing Order recognizes ex parte applications but reserves them for extraordinary relief and requires compliance with Local Rule 7-19. Dkt. 13 at 17. This is

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO
DISCHARGE OR VACATE ORDER TO SHOW CAUSE

extraordinary. Plaintiff is incarcerated, proceeding without counsel, and is being required to litigate threshold dismissal theories that Defendants have not asserted against the operative pleading. The requested relief will not prejudice Defendants. It simply restores the ordinary order of litigation: Defendants may answer or move against the FAC, and Plaintiff may respond to an actual adversarial motion.

## II. THE COURT'S OWN ORDER CONFIRMS THAT THE OLD MOTIONS ARE MOOT AND THAT DEFENDANTS MUST MOVE AGAINST THE FAC IF THEY WANT DISMISSAL.

The Court correctly held that the FAC superseded the original complaint. Dkt. 40 at 2. The Court correctly held that Defendants' motions at Dkt. Nos. 16 and 17 no longer pertain to an operative pleading and denied those motions as moot. Id. The Court then correctly stated that Defendants "should file Motions to Dismiss based upon the operative iteration of the Complaint." Id. at 2-3.

That ruling matters. It means there is no pending Rule 12 motion directed to the FAC. It also means Defendants have not performed the basic work that the Federal Rules require: identifying the challenged claim, identifying the defense or defect, identifying the record, and explaining why dismissal is warranted. Under Rule 15(a)(3), a required response to an amended pleading is due within the remaining time to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later, unless the Court orders otherwise. Fed. R. Civ. P. 15(a)(3). The FAC was filed on May 24, 2026. Dkt. 33. The Court issued the OSC on June 2, 2026, before any defendant had filed a response or motion directed to the FAC and before the ordinary 14-day response period had even run.

The OSC thus gives Defendants a procedural windfall and shifts their burden to Plaintiff. Instead of requiring Defendants to file a motion against the operative pleading, **the OSC requires Plaintiff to file the first dismissal brief against himself.** Defendants then get 14 days to respond after Plaintiff has done their work. That is not ordinary Rule 12 practice. It is prejudicial burden-shifting: Plaintiff is ordered to assert Defendants'

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

affirmative defenses for them, guess what state-court materials they might rely on, and disprove those defenses claim by claim before Defendants have even committed to them.

**The Federal Rules do not require a plaintiff to plead around unasserted affirmative defenses or to brief dismissal against his own operative complaint before a defendant responds. That is the inverse of adversarial motion practice. If Defendants believe the FAC is barred, they must move against the FAC and identify the specific claim, defense, judgment, issue, party relationship, and record supporting dismissal. Plaintiff should not be forced to generate and then defeat Defendants' motion for them.**

**III. PLAINTIFF SHOULD NOT BE FORCED TO LITIGATE AGAINST THE COURT ITSELF ON AFFIRMATIVE DEFENSES THAT DEFENDANTS HAVE NOT ASSERTED.**

The adversarial system depends on party presentation. The Supreme Court has repeatedly emphasized that courts normally decide the case shaped by the parties, not the case designed by the court. United States v. Sineneng-Smith, 590 U.S. 371, 375-76 (2020); Greenlaw v. United States, 554 U.S. 237, 243-44 (2008). **Courts are not roving commissions to look for issues and then require one side to litigate against the court's own theory.** That principle is especially important when the plaintiff is incarcerated and pro se, and the opposing parties are available to file their own motion.

This application does not deny the Court's authority to police true Article III subject-matter jurisdiction. Rule 12(h)(3) provides that if the Court determines at any time that subject-matter jurisdiction is lacking, the Court must dismiss. Fed. R. Civ. P. 12(h)(3). But the OSC does not stay within that lane. It requires Plaintiff to brief res judicata and collateral estoppel, both affirmative defenses. Rule 8(c) expressly identifies estoppel and res judicata as affirmative defenses that a party must affirmatively state when responding to a pleading. Fed. R. Civ. P. 8(c)(1).

Those defenses belong to Defendants to raise and prove. The Supreme Court has stated the rule directly: claim preclusion, like issue preclusion, is an affirmative defense,

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

and ordinarily it is incumbent on the defendant to plead and prove it. Taylor v. Sturgell, 553 U.S. 880, 907 (2008). The required showing is party-specific and claim-specific, including the identity of parties or privies, the existence and finality of a prior judgment, the precise claim or primary right asserted, the precise issue actually litigated, and the relief sought. Ordering Plaintiff to brief those defenses before Defendants assert them reverses the burden, deprives Plaintiff of the target he must answer, and forces an incarcerated pro se litigant to perform adversarial work that belongs to represented Defendants.

Federal pleading law confirms the same point. A plaintiff ordinarily need not anticipate and plead around affirmative defenses. See Gomez v. Toledo, 446 U.S. 635, 640 (1980); Jones v. Bock, 549 U.S. 199, 215-16 (2007). A Rule 12 dismissal based on an affirmative defense is proper only when the defense is apparent from the face of the complaint. ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). That rule does not support this OSC: no defendant has moved against the FAC, and the face of the FAC does not establish Younger, claim preclusion, or issue preclusion.

**IV. THE STATE CASES IDENTIFIED BY THE OSC DO NOT JUSTIFY A SUA SPONTE CLAIM-BY-CLAIM DISMISSAL INQUIRY.**

The state pleadings demonstrate why the OSC should be discharged rather than expanded into claim-by-claim litigation.

First, Wald v. Martin, Ventura County Superior Court Case No. 2023CUPP012195, is not this case. The 2023 complaint was filed by James Wald, Natalie Wald, P.W., and Elite against Travis Martin, Donna Martin, and Airlink. It pleads claims for childhood sexual assault, sexual battery, emotional distress, negligence, defamation, intentional interference with prospective economic relations, and intentional interference with contractual relations. 2023 Complaint at 1, ¶¶ 22-101. It is not an SBA action. It does not sue the SBA. It does not adjudicate Martin's SBA guarantor exposure. It does not plead civil RICO claims against the private defendants. It

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

does not seek declaratory relief concerning federal SBA collateral, proceeds, guarantor discharge, exoneration, or the SBA's post-notice conduct.

Second, Martin v. Wald, Ventura County Superior Court Case No. 2024CUNP032821, also is not this case. The 2024 state complaint asserts state-law business claims, including breach of operating agreement, breach of fiduciary duty, fraud-based theories, accounting, declaratory relief, injunctive relief, unfair business practices, common counts, and negligence. 2024 Complaint at 1, ¶¶ 28-103. It was filed in October 2024. It does not include the SBA as a defendant. It does not plead the current federal SBA contract and guarantor claims. It does not plead civil RICO claims under 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c). It could not have adjudicated the 2026 SBA delinquency and collection facts that had not yet occurred when it was filed.

Third, the FAC alleges critical federal injuries and controversies arising after those state actions were filed. The FAC alleges the SBA's March 16, 2026 delinquency notice, returned payments reflected in April 2026, a May 15, 2026 SBA statement showing $5,472 due and a $267,022.99 outstanding ET loan balance, and current collection exposure. FAC ¶¶ 137-143. The FAC also alleges federal jurisdiction under the SBA sue-and-be-sued clause, federal RICO, declaratory-relief statutes, and supplemental jurisdiction. FAC ¶¶ 12-16. A 2023 or 2024 state complaint cannot be assumed, sua sponte, to bar later-accruing federal SBA injuries and current federal RICO/SBA controversies, particularly where the OSC identifies no final judgment at all.

The minute order states that the Court reviewed the FAC and the state actions and that the issues "may" be pending before the state court. Dkt. 40 at 3. **If that review was meaningful, the same materials should have foreclosed, not generated, the OSC**. The 2023 complaint is a tort, defamation, and interference action. The 2024 complaint is a state business dispute over the 2022 asset sale and related state-law theories. The FAC adds the SBA, pleads federal-question RICO claims, pleads SBA contract and guaranty controversies, and alleges concrete 2026 accrual facts, including the March 2026 delinquency notice, returned 2026 payments, the May 15, 2026 SBA statement, and

9

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

current collection exposure. Those are not technical distinctions. They are the record the OSC says the Court reviewed. On that record, the premise for a claim-by-claim sua sponte dismissal inquiry is not merely undeveloped; it is contradicted by the pleadings themselves.

Judicial notice does not cure the problem. A court may notice the existence and contents of public court filings, but it may not use judicial notice to accept disputed allegations in those filings as true or to supply a defendant's unbriefed, claim-specific preclusion showing. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-99 (9th Cir. 2018). Here, the state complaints show their own limited scope. They do not establish a final judgment, an actually litigated issue, or a bar to later-accruing 2026 federal SBA/RICO claims.

**At minimum, Defendants must make the first claim-by-claim showing. If Defendants contend a 2023 or 2024 state pleading somehow bars a 2026 SBA delinquency and default dispute, a federal guarantor controversy, or a federal RICO claim, they must identify the claim, the defense, the judgment, the privity, the actually litigated issue, and the relief sought. Plaintiff cannot be required to invent that theory and then disprove it. Nor should Plaintiff be required to brief a premise the cited pleadings themselves refute.**

### V. YOUNGER DOES NOT SUPPORT THE OSC AS WRITTEN.

The OSC frames Younger as a lack of subject-matter jurisdiction. Dkt. 40 at 4. But Younger is abstention, not an ordinary Article III jurisdictional defect. Sprint confirms that federal courts have a "virtually unflagging obligation" to exercise jurisdiction, and Younger applies only in narrow, exceptional categories. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73, 77-78 (2013); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

After Sprint, the mere existence of a related or overlapping state civil case is not enough. Younger is limited to ongoing state criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Sprint, 571 U.S. at 78. The two state actions identified by the OSC are private civil cases. The OSC identifies no criminal prosecution currently pending against Plaintiff that this federal case would enjoin, no state-initiated civil enforcement proceeding, and no state-court order whose enforcement this case would obstruct.

The FAC seeks damages and declaratory relief concerning federal SBA obligations, RICO injuries, collateral, proceeds, guarantor exposure, exoneration, reimbursement, subrogation, restitution, and tracing. FAC ¶¶ 176-254 and Prayer. Defendants may argue abstention if they choose. But the present OSC should be discharged because it places the Younger burden on Plaintiff before any defendant has identified a qualifying Younger proceeding or explained how this federal action would practically interfere with it.

## VI. RES JUDICATA AND COLLATERAL ESTOPPEL CANNOT BE PRESUMED FROM PENDING STATE CASES.

Preclusion cannot be presumed from pending litigation. Claim preclusion and issue preclusion require a final adjudication, and issue preclusion requires an identical issue actually litigated and necessarily decided. DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824-25 (2015); Lucido v. Superior Court, 51 Cal. 3d 335, 341-43 (1990). The OSC identifies no final judgment in either state action. It identifies no claim that reached judgment. It identifies no issue that was actually litigated and necessarily decided. And it identifies no basis for binding the SBA, which is not a party to either state action.

The OSC's collateral-estoppel formulation is also overbroad. The order quotes language suggesting collateral estoppel applies to all issues that "were or could have been raised." Dkt. 40 at 3. That is claim-preclusion language, not issue-preclusion law. Under California law, issue preclusion applies only to issues actually litigated and necessarily decided in a prior proceeding, among other requirements. DKN Holdings, 61 Cal. 4th at 824-25; Lucido, 51 Cal. 3d at 341.

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

The Court should not require Plaintiff to brief a claim-by-claim preclusion response before Defendants identify a final judgment or actually decided issue. Defendants have not identified such a judgment because, on the materials referenced in the OSC, there is none. Defendants have not identified a state-court adjudication of the 2026 SBA delinquency, the 2026 returned payments, the May 2026 balance, the SBA's post-notice inaction, the federal guarantor dispute, or the federal RICO claims because those matters were not adjudicated in the 2023 or 2024 complaints. If Defendants have a preclusion defense, Rule 8(c) and ordinary motion practice require them to present it. Plaintiff should not be made to supply both sides of a defense that Defendants have not asserted.

Put simply, Plaintiff has no claim-by-claim preclusion position to state because preclusion is not his claim. It is Defendants' affirmative defense. Plaintiff should not be required to draft Defendants' preclusion motion, identify the supposed judgment for them, assign it to particular claims, and then defeat the motion he was forced to construct.

## VII. THE COURT SHOULD VACATE THE OSC OR, AT MINIMUM, STAY AND NARROW IT.

The requested relief is modest and procedurally clean. Plaintiff asks the Court to discharge or vacate the OSC and require Defendants to respond to the FAC under the Federal Rules. That relief does not decide the merits. It does not prevent Defendants from raising Younger, res judicata, collateral estoppel, failure to state a claim, or any other defense in a proper Rule 12 motion or responsive pleading directed to the FAC. It merely requires the adverse parties to litigate their own defenses.

At minimum, the Court should stay Plaintiff's OSC deadline and set shortened briefing on whether the OSC should be discharged or narrowed. If the Court believes some jurisdictional issue must be addressed sua sponte, the Court should narrow the OSC to true Article III subject-matter jurisdiction only. Plaintiff should not be ordered to provide claim-by-claim briefing on unasserted affirmative defenses unless and until

12

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

Defendants first identify the challenged claims, the final judgment or actually litigated issue, the qualifying Younger proceeding, and the state-court record on which they rely.

**CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court grant this application and discharge or vacate the OSC portion of Dkt. 40. Alternatively, Plaintiff requests that the Court stay Plaintiff's OSC response deadline and require Defendants to present any abstention or preclusion challenge to the FAC through ordinary motion practice, with Defendants bearing the burden of identifying the specific defense, judgment, issue, and claim-by-claim application they contend supports dismissal.

Plaintiff also requests that the Court make clear that no claim-by-claim response is required unless and until Defendants first bring the defense they choose to assert against the operative FAC and identify the claim-specific grounds for it.

Dated: June 9, 2026

Respectfully submitted,

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

## <u>DECLARATION OF TRAVIS EDWARD MARTIN</u>

I, Travis Edward Martin, declare as follows:

1. I am the Plaintiff in this action. I am proceeding pro se and am incarcerated. I submit this declaration in support of my Ex Parte Application to Discharge or Vacate the Order to Show Cause, or alternatively to stay the OSC deadline.

2. On May 24, 2026, I filed the First Amended Complaint under Federal Rule of Civil Procedure 15(a)(1)(B). The FAC is the operative pleading.

3. On June 2, 2026, the Court entered a civil-minutes order denying Defendants' motions to dismiss at Dkt. Nos. 16 and 17 as moot because they challenged the original complaint, which was no longer operative. The order stated that Defendants should file motions to dismiss based on the operative complaint.

4. The same June 2, 2026 order also ordered me to show cause in writing, claim by claim, within 30 days, why my claims should not be dismissed based on Younger abstention, res judicata, or collateral estoppel. I understand that deadline to fall on or about July 2, 2026, subject to any applicable computation rules or Court order.

5. As of the filing of this application, no defendant has filed an answer or Rule 12 motion directed to the First Amended Complaint. I do not seek to prevent any defendant from filing such a motion. I object to being required to litigate defenses that defendants have not asserted against the operative pleading.

6. The state action Wald v. Martin, Ventura County Superior Court Case No. 2023CUPP012195, as reflected in the complaint filed in that action, is a case brought by the Walds, P.W., and Elite concerning alleged childhood sexual assault, sexual battery, emotional distress, negligence, defamation, and alleged interference with business relationships. The SBA is not a party to that case. That case does not plead claims under civil RICO or claims against the SBA.

7. The state action Martin v. Wald, Ventura County Superior Court Case No. 2024CUNP032821, as reflected in the complaint filed in that action, is a state-law business dispute involving alleged misrepresentations and transfer of Entertainment

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

Technology assets. The SBA is not a party to that case. That action was filed in October 2024, before the 2026 SBA delinquency and current collection-exposure facts alleged in the FAC.

8. The FAC alleges current 2026 SBA-related events and injuries, including the SBA's March 16, 2026 delinquency notice, returned payments in 2026, the May 15, 2026 outstanding loan balance and arrearage, and current collection exposure. Those facts were not adjudicated in the 2023 or 2024 state complaints, and many of them did not exist when those state actions were filed.

9. Preparing the claim-by-claim OSC response ordered by the Court would require me, as an incarcerated pro se litigant, to litigate against the Court's own sua sponte dismissal theory before Defendants have filed any motion against the FAC. It also requires me to identify and disprove affirmative defenses that Defendants have not asserted and to do so claim by claim without knowing what judgment, issue, party relationship, state-court record, or Younger category Defendants will rely on. That is harmful and prejudicial because I am incarcerated and proceeding pro se. I did not plead or assert any claim that my claims are barred by Younger, res judicata, or collateral estoppel. I filed the FAC because I allege live claims that have not been adjudicated. Without a motion from Defendants, I cannot know what claim, judgment, issue, party relationship, state-court record, or Younger proceeding I am supposed to answer.

10. A courtesy copy of this ex parte application was sent to counsel for the appearing private Defendants by overnight mail on June 9, 2026. Because I am incarcerated, proceeding pro se, and seeking relief from a Court-issued OSC rather than from an adversarial motion filed by Defendants, I cannot practically conduct ordinary oral notice or a meet-and-confer conference. More importantly, no meaningful meet-and-confer can resolve the problem: Defendants did not issue the OSC, have not moved against the FAC, and cannot stipulate away a Court order. I therefore request that the Court waive or excuse any further oral-notice or meet-and-confer requirement to the extent such a requirement would otherwise apply.

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE

11. I am not asking the Court to deprive Defendants of notice of this filing. I am asking the Court not to delay relief while Defendants decide whether to oppose a request directed to the Court's own OSC. If the Court wants Defendants' position, the Court can request it. But requiring me to wait for Defendants before seeking relief would deepen the same prejudice the application challenges: I would again be forced to litigate the Court's sua sponte theory first, before Defendants have filed any motion against the FAC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 9, 2026.

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the memorandum portion of this filing contains approximately 3400 words, excluding the caption, notice, declaration, signature block, certificate, proposed order, and proof of service. The document is typed in Times New Roman 14-point font and complies with the Court's word limits.

Dated: June 9, 2026

Respectfully submitted,

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

16

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO
DISCHARGE OR VACATE ORDER TO SHOW CAUSE

## PROOF OF SERVICE

1. I am a party to this action. My address of record is 1746-F South Victoria Ave., Suite #104, Ventura, California 93003. I am incarcerated and submit this proof of service to the extent required for this filing.

2. On June 9, 2026, I served the following document: PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE, OR ALTERNATIVELY TO STAY OSC DEADLINE AND REQUIRE DEFENDANTS TO PRESENT ANY ABSTENTION OR PRECLUSION CHALLENGE BY PROPER MOTION AGAINST THE FIRST AMENDED COMPLAINT.

3. Service/courtesy notice was made by overnight mail to counsel for the appearing private Defendants, and by any additional method available to Plaintiff from custody: [ ] CM/ECF/EDSS notice to all registered participants; [X] overnight mail; [ ] U.S. Mail; [ ] email; [ ] other: _____.

4. Persons served: counsel for the appearing private Defendants at their addresses of record, including counsel who filed or appeared for Defendants James Wald, Natalie Wald, Jayson Cohen, and Elite Sound Company LLC.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 9, 2026.

/S/ TYLER MARTIN

Declarant

17

PLAINTIFF TRAVIS EDWARD MARTIN'S EX PARTE APPLICATION TO DISCHARGE OR VACATE ORDER TO SHOW CAUSE