Allen R. Ball, Esq. (State Bar #124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com
chernandez@ballandyorkelaw.com

**Attorney for Defendants,**
**JAMES WALD; NATALIE WALD; JAYSON COHEN;**
**ELITE SOUND COMPANY, LLC and AMERICAN LEGACY SOLUTIONS, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual;<br><br>Defendants. | **Case No.: 2:26-cv-03714-WLH(DFMx)**<br>Complaint Filed:4/5/26<br>Judge: Hon. Wesley L. Hsu<br>**Magistrate Judge: Hon. Douglas F. McCormick**<br><br>**DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT PENDING RESOLUTION OF THE COURT'S ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALLEN R. BALL; DECLARATION OF CATHY HERNANDEZ**<br><br>**[(Proposed) Order filed concurrently]** |

## NOTICE OF EX PARTE APPLICATION AND NOTICE TO PLAINTIFF

1

TO PLAINTIFF TRAVIS EDWARD MARTIN, IN PRO PER, AND TO THE COURT:

PLEASE TAKE NOTICE that Defendants Jayson Cohen, American Legacy Solutions LLC, James Wald, Natalie Wald, and Elite Sound Company LLC ("Defendants") hereby apply ex parte for an order staying their obligation to answer or otherwise respond to Plaintiff's First Amended Complaint (Dkt. No. 33) pending the Court's resolution of its sua sponte Order to Show Cause ("OSC") issued June 2, 2026 (Dkt. No. 40).

Pursuant to Local Rule 7-19 and the Court's Standing Order, Defendants have provided notice of this ex parte application to Plaintiff Travis Edward Martin as set forth below. As Plaintiff acknowledges in the First Amended Complaint (FAC ¶ 23), he is currently incarcerated and serving a life sentence in state prison. Personal or verbal notice is therefore impracticable.  Accordingly, on June 18, 2026, Defendants provided notice by all available means:

1.  By email to Martin57290@gmail.com, the email address Plaintiff designated on the face of the First Amended Complaint; and

2.  By first class mail to a UPS Store at 1746-F South Victoria Ave., Suite #104, Ventura, CA 93003, the mailing address Plaintiff designated on the face of the First Amended Complaint.

Plaintiff was informed of the nature of the relief sought, that opposing papers must be filed not later than forty-eight (48) hours following service or by 3:00 p.m. on the first court day after service, whichever is later, and that Plaintiff should advise the Court's Courtroom Deputy (CRD) as soon as possible whether Plaintiff intends to oppose this application.

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

The grounds for this ex parte application are set forth in the accompanying Memorandum of Points and Authorities and the Declaration of Allen R. Ball, both of which are incorporated herein by this reference. A Mandatory Chambers Copy of this application and all supporting papers will be provided to the Court on the date of filing.

Dated: June 18, 2026                    LAW OFFICE OF BALL & YORKE


                                        ___/s/   Allen R. Ball_____
                                        Allen R. Ball, Esq.
                                        Attorney for Defendants,
                                        JAMES WALD; NATALIE WALD;
                                        JAYSON COHEN; ELITE SOUND COMPANY
                                        LLC. And AMERICAN LEGACY SOLUTIONS
                                        LLC

/ / /

/ / /

/ / /

/////

/ / /

/ / /

/ / /

/ / /

/ / /

3

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On June 2, 2026, this Court issued a sua sponte Order to Show Cause directing Plaintiff Travis Edward Martin to show cause in writing, on a claim by claim basis, as to why his claims should not be dismissed for lack of subject matter jurisdiction under the *Younger* doctrine of abstention and/or why his claims are not barred as res judicata and/or collateral estoppel (as applicable). (Dkt. No. 40, pgs. 3-4.)  Plaintiff's response is due no later than thirty (30) days from the date of the Order, i.e., by **July 2, 2026**.  Defendants are then directed to file their response within fourteen (14) days after Plaintiff files his response, placing Defendants' OSC response deadline on or about **July 16, 2026**.

The problem is that all five Defendants were served on June 9, 2026, making their answers due **June 30, 2026** under Federal Rule of Civil Procedure 12(a)(1)(A)(i), two days before Plaintiff must file his OSC response and more than two weeks before Defendants are due to respond to it:

June 30, 2026   —   All Defendants' answers due

July 2, 2026     —   Plaintiff's OSC claim-by-claim response due

July 16, 2026   —   Defendants' response to Plaintiff's OSC brief due

Defendants must answer before Plaintiff has filed his jurisdictional brief, before Defendants have had any opportunity to respond to it, and before the Court has ruled on whether it has jurisdiction over any of these claims.

American Legacy Solutions LLC was not named in the original Complaint. Plaintiff added it as a defendant for the first time in the First Amended Complaint. June 9, 2026 was the first time American Legacy had any notice of this action.  It had no involvement in the prior motions to dismiss and no part in the proceedings that led to the OSC.  It must now answer a ten count complaint, including Civil

4

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

RICO claims within 21 days of first learning it had been sued, and before the Court has determined whether it has jurisdiction over any of those claims.

| Defendant | Served | Answer Due |
| --- | --- | --- |
| Natalie Wald | June 9, 2026 | June 30, 2026 |
| James Wald | June 9, 2026 | June 30, 2026 |
| Jayson Cohen | June 9, 2026 | June 30, 2026 |
| Elite Sound Company LLC | June 9, 2026 | June 30, 2026 |
| American Legacy Solutions LLC | June 9, 2026 | June 30, 2026 |

Defendants request a stay of their obligation to answer or otherwise respond to the First Amended Complaint until twenty-one (21) days after the Court rules on the OSC, or such other date as the Court deems appropriate.

## II.  RELEVANT BACKGROUND

Plaintiff Travis Edward Martin, proceeding in pro per, filed the original Complaint in this action on April 5, 2026. (Dkt. No. 1.) On May 4, 2026, Defendants Jayson Cohen and Elite Sound Company LLC filed a Motion to Dismiss (Dkt. No. 16), and Defendants James Wald and Natalie Wald filed a separate Motion to Dismiss (Dkt. No. 17). American Legacy Solutions LLC was not named as a defendant in the original Complaint.

On May 24, 2026, Plaintiff filed the First Amended Complaint (Dkt. No. 33) as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), which permits a plaintiff to amend once as of right within 21 days after service of a Rule 12(b) motion.  The First Amended Complaint named American Legacy Solutions LLC as a defendant for the first time, expanded the claims from seven to ten causes of action, and added Civil RICO and Civil RICO Conspiracy claims.  On June 2,

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

2026, the Court denied the pending Motions to Dismiss as moot because they were directed at the now-superseded original Complaint. (Dkt. No. 40, pg. 2.)

In the same Order, upon reviewing the First Amended Complaint and the parallel state court proceedings, the Court issued a sua sponte OSC directing Plaintiff to show cause in writing on a claim by claim basis why his claims should not be dismissed for lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971), and/or why the claims are not barred as res judicata and/or collateral estoppel (as applicable), in light of the pending Ventura County Superior Court matters: *Martin v. Wald, et al,* Case No. 2024CUNP032821, and *Wald v. Martin, et al.*, Case No. 2023CUPP012195. (Dkt. No. 40, pgs. 3-4.)

Defendants were served with the First Amended Complaint as follows: all five Defendants, Natalie Wald, James Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC were served on June 9, 2026, making their answers due June 30, 2026.

## III.  ARGUMENT

**A.  Legal Standard for Ex Parte Relief.**

Judge Hsu's Standing Order directs that ex parte applications are solely for extraordinary relief and should be used with discretion, citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). Under *Mission Power*, the moving party must show: (1) that its cause will be irreparably prejudiced if the motion is heard on regular notice; and (2) that it is without fault in creating the need for ex parte relief, or that the situation resulted from excusable neglect. (*Id.* at 492.)  Both are satisfied here.

/ / /

/ / /

/ / /

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

### 1.   Irreparable Prejudice if Heard on Regular Notice.

All five answers are due on June 30, 2026.  A regularly noticed motion under Local Rule 7-9 requires 21 days' notice, so the answer deadlines cannot be addressed through the normal motion calendar.  The Anwer's deadline is prior to Plaintiff's OSC response due July 2, 2026, before Defendants' own OSC response is due on or about July 16, 2026; and, before any ruling by the Court on jurisdiction is made.  Defendants would have to answer a complaint the Court may dismiss in its entirety, without knowing what claims will survive or what jurisdictional arguments Plaintiff will make.  If answers are filed and the Court then dismisses some or all claims, those answers will have served no purpose.

### 2.   Defendants Did Not Create This Conflict.

Defendants did not create this conflict. The First Amended Complaint was filed on May 24, 2026, brought Defendant American Legacy Solutions LLC into the federal case.  The Court issued its OSC on June 2, 2026, before any Defendant had been served and before any answer deadline had begun to run. When Defendants were served on June 9, 2026, the OSC briefing schedule was already in place and the conflict with the answer deadlines was already established. There was nothing Defendants could have done to avoid it.  Defendants are filing this application promptly after service.

## B.  The Court's Authority to Stay Answer Deadlines.

District Courts have authority to stay proceedings, deadlines and control their dockets. (*Landis v. North American Co.*, 299 U.S. 248, 254 (1936); and see Fed. R. Civ. P. 6(b)(1).)

In evaluating whether to grant a stay, courts in the Ninth Circuit consider the following factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources that would be conserved, which may also include the extent, if any, to which a stay

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

would affect issues, proof, and/or questions of law. (*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Each factor supports a stay.

## C.  Application of the Stay Factors.

The Court's OSC raises threshold questions of subject matter jurisdiction and claim preclusion that could result in dismissal of some or all claims. Under *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007), and *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962), courts weigh three factors: (1) prejudice to the non-moving party; (2) hardship to the moving party if no stay is granted; and (3) conservation of judicial resources, including potential effects, if any, that a stay might have on issues, proof and/or questions of law.  Each factor supports a stay.

### 1.  No Prejudice to Plaintiff.

Plaintiff is incarcerated and proceeding in pro per.  He is not prejudiced by a stay of Defendants' answer deadlines pending the OSC he is required to respond to.  A stay does not affect his ability to pursue any claim or present any argument to the Court.

### 2.  Hardship to Defendants.

Defendants would be required to answer a complaint the Court has flagged for potential dismissal on jurisdictional grounds, before those questions are briefed or decided.

1.  The OSC was issued sua sponte by the Court itself not in response to any motion but based on the Court's own review of the First Amended Complaint and parallel state proceedings. Defendants had no opportunity to anticipate or plan around this scheduling conflict.

/ / /

/ / /

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

2.    All five Defendants' answer deadlines fall *before* Plaintiff's July 2, 2026 OSC response deadline and *before* Defendants' own OSC response deadline of on or about July 16, 2026.  Defendants are required to answer the First Amended Complaint before Plaintiff has filed his claim-by-claim jurisdictional brief, and before Defendants have had any opportunity to respond to that brief or learn which claims the Court intends to retain jurisdiction over.

3.    Defendant American Legacy Solutions LLC was not named in the original Complaint.  Plaintiff added it as a defendant for the first time in the First Amended Complaint.  American Legacy had no notice of this action prior to service on June 9, 2026, no opportunity to participate in any prior proceedings, and no involvement in the motions to dismiss that led to the Court's OSC.  American Legacy must now answer a ten count complaint including Civil RICO claims within 21 days of first learning it had been sued, before the Court has determined whether it has jurisdiction over any of those claims.

4.    If the *Younger* abstention doctrine applies, this Court would lack jurisdiction over some or all of Plaintiff's claims.  Requiring Defendants to answer before that question is resolved would require the parties to litigate in a forum that may lack subject matter jurisdiction.

### 3.  Conservation of Judicial Resources.

If the Court dismisses some or all claims on *Younger*, res judicata, or collateral estoppel grounds, any answers filed before that ruling will have been unnecessary.  Staying the answer deadlines until after the OSC is resolved avoids that outcome and allows responsive pleadings, if required, to be targeted to the claims that actually survive.  The brief stay requested will not affect any issues, questions of law, or affect proof.

/ / /

/ / /

9

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

## IV.  RELIEF REQUESTED

For the foregoing reasons, Defendants request an order staying the deadline for Defendants' answer or otherwise respond to the First Amended Complaint until twenty one (21) days after the Court rules on the OSC, or such other date as the Court deems appropriate.

Respectfully requested

Dated: June 18, 2026          LAW OFFICE OF BALL & YORKE


    /s/   Allen R. Ball
Allen R. Ball, Esq.

Attorney for Defendants,
JAMES WALD; NATALIE WALD;
JAYSON COHEN; ELITE SOUND COMPANY
LLC. And AMERICAN LEGACY SOLUTIONS
LLC

/ / /

/ / /

/ / /

10

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

## DECLARATION OF ALLEN R. BALL

I, Allen R. Ball, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am counsel of record for Defendants Jayson Cohen, American Legacy Solutions LLC, James Wald, Natalie Wald, and Elite Sound Company LLC in this action. I have personal knowledge of the facts set forth and could competently testify thereto if called upon to do so.

2. On May 24, 2026, Plaintiff filed the First Amended Complaint (Dkt. No. 33). On June 2, 2026, before any Defendant had been served, this Court issued its Order Re Defendants' Motions to Dismiss (Dkt. No. 40), which denied the pending Motions to Dismiss as moot and issued a sua sponte Order to Show Cause directing Plaintiff to show cause in writing, on a claim by claim basis, as to why his claims should not be dismissed for lack of subject matter jurisdiction under the *Younger* doctrine of abstention and/or why his claims are not barred as res judicata and/or collateral estoppel (as applicable). Plaintiff's response is due within thirty (30) days of the Order.

3. All five Defendants, Natalie Wald, James Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC were served with the First Amended Complaint on June 9, 2026. Their answers are due June 30, 2026.

4. The June 30, 2026 answer deadline for all five Defendants falls before Plaintiff's OSC response deadline of July 2, 2026, and before Defendants' own deadline to respond to Plaintiff's OSC brief on or about July 16, 2026. Therefore, Defendants are required to answer the First Amended Complaint before the Court has ruled on whether it has subject matter jurisdiction over any of Plaintiff's claims.

5. American Legacy Solutions LLC was not named as a defendant in the original Complaint. Plaintiff added American Legacy as a new defendant for the first time in the First Amended Complaint filed on May 24, 2026. American

11

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

Legacy had no notice of this action, no opportunity to participate in any prior proceedings, and no involvement in the motions to dismiss that prompted the Court's OSC.   June 9, 2026 was the first date American Legacy had any knowledge that it had been named as a defendant in this action.

6.    Defendants will suffer prejudice if required to expend the time and resources to answer or otherwise respond to a complaint that the Court itself has flagged for potential dismissal on subject matter jurisdiction grounds before the threshold jurisdictional question has been briefed or decided.

7.    On June 18, 2026, my office caused notice of Defendants' Ex Parte Application to be provided to Plaintiff Travis Edward Martin by the following means:

a.    By email to Martin57290@gmail.com, the email address Plaintiff designated on the face of the First Amended Complaint;

b.   By first class mail, postage prepaid, to 1746-F South Victoria Ave., Suite #104, Ventura, CA 93003, the mailing address Plaintiff designated on the face of the First Amended Complaint; and

4.    The notice informed Plaintiff of the nature of the relief sought, that opposing papers must be filed not later than forty-eight (48) hours following service or by 3:00 p.m. on the first court day after service, whichever is later, and that Plaintiff should advise the Court's Courtroom Deputy (CRD) as soon as possible whether Plaintiff intends to oppose the application.

5.    As of the date of this declaration, no response has been received from Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 18, 2026, at Ventura, California.

    /s/   Allen R. Ball

Allen R. Ball, Esq.

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

## DECLARATION OF CATHY HERNANDEZ

I, Cathy Hernandez, declare as follows:

1.    I am a legal secretary at the Law Office of Ball & Yorke, attorneys of record for Defendants Jayson Cohen, American Legacy Solutions LLC, James Wald, Natalie Wald, and Elite Sound Company LLC in this action.  I make this declaration in support of Defendants' Ex Parte Application to Stay Defendants' Obligation to Answer the First Amended Complaint Pending Resolution of the Court's Order to Show Cause.  I have personal knowledge of the facts set forth herein and could competently testify thereto if called upon to do so.

2.    Plaintiff Travis Edward Martin is proceeding in pro per and is currently incarcerated and serving a life sentence in state prison, as he acknowledges in the First Amended Complaint (¶ 23).  Personal or verbal notice of this ex parte application is therefore impracticable.

3.    On June 18, 2026, I caused notice of Defendants' Ex Parte Application to be provided to Plaintiff Travis Edward Martin by the following means:

a.    By email to Martin57290@gmail.com, the email address Plaintiff designated on the face of the First Amended Complaint;

b.    By first class mail, postage prepaid, to 1746-F South Victoria Ave., Suite #104, Ventura, CA 93003, the mailing address Plaintiff designated on the face of the First Amended Complaint; and

4.    The notice informed Plaintiff of the nature of the relief sought, that opposing papers must be filed not later than forty-eight (48) hours following service or by 3:00 p.m. on the first court day after service, whichever is later, and that Plaintiff should advise the Court's Courtroom Deputy (CRD) as soon as possible whether Plaintiff intends to oppose the application.

5.    As of the date of this declaration, no response has been received from Plaintiff.

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 18, 2026, at Ventura, California.


                        /s/   Cathy Hernandez
                        Cathy Hernandez

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of eighteen (18) years.  My business address is 1001 Partridge Drive, Suite 330, Ventura, California 93003.  I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **June 18, 2026**, I served ☐ the original ☒ a true copy of the following named document(s):

**DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT PENDING RESOLUTION OF THE COURT'S ORDER TO SHOW CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ALLEN R. BALL; DECLARATION OF CATHY HERNANDEZ** **[(Proposed) Order filed concurrently]**

☐    **BY MAIL (F.R.C.P. 5(b)(2)(C)):**  By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☒    **BY ELECTRONIC MAIL (F.R.C.P. 5(b)(2)(E)):**  By sending it via electronic mail, without transmission error or difficulty, to the e-mail address(es) provided by the party(ies) as identified herein below:

☒    **VIA CM/ECF (F.R.C.P. 5(b)(3)):**  By filing the document electronically and allowing the Notice of Electronic Filing to suffice as the proof of service to all parties/counsel registered for electronic service.

| | |
|---|---|
| Travis Edward Martin<br>1746 F South Avenue, Suite 104<br>Ventura, CA 93003<br>Martin57290@gmail.com | **Plaintiff in Pro Per** |

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed this **18th day of June, 2026**, at Ventura, California.

　　　/s/   Cathy Hernandez
Cathy Hernandez, Declarant

15

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**

**Defendants' Ex Parte Application To Stay Answers To First Amended Complaint**