Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

6/18/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

TRAVIS EDWARD MARTIN, an individual;

    Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,

    Defendants.

Case No. 2:26-cv-03714-WLH-DFM
Judge: Hon. Wesley L. Hsu
Magistrate Judge: Hon. Douglas F. McCormick

**PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT [Dkt. No. 45]**

**No Hearing Unless Ordered by the Court**

**Proposed Order Lodged Concurrently**

## OPPOSITION TO EX PARTE APPLICATION

Plaintiff Travis Edward Martin opposes Defendants' Ex Parte Application to Stay Defendants' Obligation to Answer or Otherwise Respond to the First Amended Complaint. The application should be denied.

Defendants ask for the one form of ex parte relief Mission Power does not permit: emergency treatment for ordinary litigation inconvenience. Their claimed emergency is that they must do what every served defendant must do under Rule 12, namely answer the operative complaint or file a proper Rule 12 motion before the responsive pleading deadline. That is not irreparable prejudice. It is the normal cost of being a defendant in federal court.

Meanwhile, Plaintiff's ex parte application addresses an immediate and prejudicial procedural defect: the Court's June 2, 2026 OSC requires an incarcerated pro se plaintiff to brief, claim by claim, why his own First Amended Complaint should not be dismissed based on unasserted abstention and preclusion theories before any Defendant has answered or moved against the operative pleading. Plaintiff's Ex Parte Application to Discharge or Vacate Order to Show Cause ("Plaintiff's OSC Application") at 2-4. Defendants' application does the opposite. It seeks to preserve that imbalance. Defendants want Plaintiff to continue briefing the Court's sua sponte dismissal theories while Defendants are excused from filing the answer or motion that the Federal Rules require.

Defendants also chose the wrong procedural path. If Defendants had anything to say about Plaintiff's June 9, 2026 ex parte application to discharge or vacate the OSC, they should have filed an opposition to that application. Instead, they filed a separate ex parte application nine days later, not to oppose Plaintiff's requested relief, but to obtain a private stay of their own Rule 12 obligations. That is not an opposition. It is an attempt to use the Court's already improper OSC as a shelter from ordinary pleading practice.

The Court should reject the tactic. If Defendants believe Younger, res judicata, collateral estoppel, failure to state a claim, or any other defense applies to the FAC, the

proper next step is exactly what the Court's June 2 order already stated: Defendants should file motions to dismiss based on the operative complaint, or they should answer. See Defendants' Ex Parte Application ("App.") at 6; Plaintiff's OSC Application at 3, 6.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. RELEVANT PROCEDURAL BACKGROUND

On May 24, 2026, Plaintiff filed the First Amended Complaint. Dkt. 33. On June 2, 2026, the Court denied Defendants' prior motions to dismiss as moot because they attacked the superseded original complaint. Dkt. 40 at 2; App. at 5-6. The same order stated that Defendants should file motions to dismiss directed to the operative complaint. Dkt. 40 at 2-3; Plaintiff's OSC Application at 3, 6. The order then issued a sua sponte OSC requiring Plaintiff to show cause, claim by claim, why the FAC should not be dismissed based on Younger abstention, res judicata, or collateral estoppel. App. at 4, 6. Defendants' application relies on that OSC as the reason to avoid their responsive pleading deadline.

On June 9, 2026, Plaintiff filed his ex parte application to discharge or vacate the OSC, or alternatively to stay the OSC deadline and require Defendants to present any abstention or preclusion challenge by proper motion against the FAC. Plaintiff's OSC Application at 2, 12-13. Plaintiff's proof of service states that the application was served or provided as a courtesy copy to counsel for the appearing private Defendants by overnight mail on June 9, 2026. Id. at 17.

Defendants did not file an opposition to Plaintiff's application. They did not file a Rule 12 motion against the FAC. They did not answer. Instead, on June 18, 2026, Defendants filed their own ex parte application seeking to stay their obligation to answer or otherwise respond until twenty-one days after the Court rules on the OSC. App. at 1, 5, 10. Defendants state that all five private Defendants were served on June 9, 2026 and that their responses are due June 30, 2026. App. at 4-5; Ball Decl. ¶¶ 3-4. Defendants also state that Plaintiff's OSC response is due July 2, 2026 and that Defendants' OSC response is due about July 16, 2026. App. at 4.

That timeline does not create an emergency. It creates ordinary Rule 12 practice. Defendants have a response deadline. They can answer. They can file a Rule 12(b) motion, which would trigger Rule 12(a)(4). They can plead affirmative defenses. They can present jurisdictional and preclusion arguments if they choose. What they cannot do is convert Plaintiff's challenge to a prejudicial OSC into a unilateral vacation from their own deadline.

## II. DEFENDANTS DO NOT SATISFY THE STRICT STANDARD FOR EX PARTE RELIEF.

Judge Hsu's Standing Order and Local Rule 7-19 reserve ex parte applications for extraordinary relief. Standing Order (Dkt. 13) § J; C.D. Cal. L.R. 7-19. Mission Power requires a showing of irreparable prejudice if the motion is heard on regular notice and a showing that the crisis was not created by the moving party's own conduct. Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Defendants satisfy neither requirement.

Their asserted prejudice is that they may have to answer a complaint that the Court could later narrow or dismiss. App. at 7-9. That is not irreparable harm. It is ordinary litigation burden. If that were enough, every defendant facing a motion to dismiss, an OSC, a jurisdictional issue, or a pending stay request could obtain ex parte relief from Rule 12. That is not the law. A stay requires a clear case of hardship or inequity, and being required to defend a lawsuit, without more, is not enough. Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005).

Defendants' own application proves the point. They do not identify any evidence that will be lost, any right that will be forfeited, any privilege that will be invaded, any jurisdictional defense that cannot be preserved, any claim that cannot be denied, or any affirmative defense that cannot be pleaded. They say only that an answer might later prove unnecessary. App. at 7-9. Filing a paper that might later prove unnecessary is not irreparable prejudice. It is the everyday risk of federal litigation.

Rule 12 already gives Defendants the tool they need. A defendant who wants to challenge the complaint before answering may file a Rule 12(b) motion. Fed. R. Civ. P. 12(b). If such a motion is filed, Rule 12(a)(4) changes the time to serve a responsive pleading. Fed. R. Civ. P. 12(a)(4). Defendants do not need an ex parte stay to avoid answering if they intend to file a proper Rule 12 motion. They need only file the motion. If they do not file a motion, they must answer.

Nor is an answer dangerous. Defendants can deny allegations, state that they lack knowledge or information where appropriate, preserve defenses that are not waived, and plead affirmative defenses under Rule 8(c). Subject matter jurisdiction can be raised at any time. Fed. R. Civ. P. 12(h)(3). Res judicata and estoppel are affirmative defenses. Fed. R. Civ. P. 8(c)(1). Younger is an abstention doctrine that Defendants can raise by proper motion if they contend the narrow Sprint categories apply. Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73, 77-78 (2013). None of that requires ex parte relief.

Defendants' position reduces to this: they want to see Plaintiff's claim-by-claim OSC brief before they decide what to say about the FAC. That is not emergency practice. That is tactical sequencing. The Federal Rules do not entitle Defendants to a free preview of Plaintiff's response to unasserted defenses before Defendants commit to an answer or motion.

**III. DEFENDANTS' APPLICATION IS AN IMPROPER SUBSTITUTE FOR AN OPPOSITION TO PLAINTIFF'S APPLICATION AND A RULE 12 RESPONSE TO THE FAC.**

Defendants' application is especially improper because it sidesteps Plaintiff's pending ex parte application. Plaintiff's application asks the Court to discharge or vacate the OSC because the OSC reverses the adversarial order of litigation. Plaintiff's OSC Application at 3-4, 12-13. Defendants' proper response, if they opposed that relief, was to file opposition papers. They did not do so.

Instead, Defendants filed a separate application that assumes the OSC will remain in place and asks the Court to excuse only Defendants' responsive pleading obligations

while Plaintiff remains bound by the OSC. App. at 1, 10. That is not neutrality. It deepens the prejudice Plaintiff identified. It leaves Plaintiff litigating the Court's sua sponte dismissal theory while the represented Defendants sit out the operative pleading.

The problem is not that Defendants need more time to oppose Plaintiff. The problem is that they do not want to do the work the Federal Rules place on them. The Court's June 2 order already gave Defendants the correct route: move against the FAC. Defendants now ask to avoid that route because the Court's OSC may do some or all of that work for them. Ex parte relief should not be used to convert a court-created procedural imbalance into a tactical advantage for the represented parties.

This matters because preclusion and estoppel are not Plaintiff's claims. They are Defendants' affirmative defenses. Taylor v. Sturgell, 553 U.S. 880, 907 (2008). A plaintiff ordinarily does not have to plead around affirmative defenses. Jones v. Bock, 549 U.S. 199, 215-16 (2007); Gomez v. Toledo, 446 U.S. 635, 640 (1980). A Rule 12 dismissal on an affirmative defense is proper only when the defense is apparent from the face of the complaint. ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). Defendants cannot use a stay application to avoid identifying the defense, the judgment, the issue, the state court record, and the claim-by-claim basis for dismissal.

If Defendants believe Plaintiff's FAC is barred, they should file a motion. If they do not file a motion, they should answer. Their refusal to do either confirms that the application is not about emergency relief. It is about minimizing Defendants' burden while maximizing Plaintiff's.

## IV. THE STAY FACTORS CONFIRM THAT DEFENDANTS SEEK CONVENIENCE, NOT EMERGENCY RELIEF.

The stay factors also defeat Defendants' request. A stay is not a matter of right, and the party requesting it bears the burden. Nken v. Holder, 556 U.S. 418, 433-34 (2009). The Court weighs prejudice to the nonmoving party, hardship to the moving party, and the orderly course of justice. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.

PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT
[Dkt. No. 45]

1962); Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). Those factors point in one direction: denial.

First, Plaintiff is prejudiced. Defendants say Plaintiff cannot be prejudiced because he is incarcerated and proceeding pro se. App. at 8. That is backwards. Plaintiff's incarceration makes the asymmetry worse, not harmless. Defendants are represented by counsel. Plaintiff is being forced to respond to an OSC that asks him to brief unasserted defenses against his own pleading. Defendants' requested stay would excuse them from answering while leaving Plaintiff to continue litigating that OSC alone. That is direct procedural prejudice.

Second, Defendants have not shown hardship. Four of the five moving Defendants were already in this case and had already filed motions to dismiss the original complaint. App. at 5. The Court denied those motions as moot and told Defendants to address the operative pleading. American Legacy Solutions LLC says it first learned of the case on June 9, 2026. Ball Decl. ¶ 5. Even accepting that assertion, Rule 12 gives a newly served defendant twenty-one days to respond. A ten-count complaint, even one including RICO claims, does not transform the normal Rule 12 period into an ex parte emergency.

Defendants' proposed order underscores the problem. It recites that Defendants seek a stay until fourteen days after the OSC ruling, but it then orders a twenty-one day stay after that ruling. Defendants' Proposed Order at 2. Defendants' application asks for twenty-one days. App. at 5, 10. The relief is internally inconsistent and overbroad. It also stays the obligation to answer or otherwise respond, meaning Defendants would be relieved not only from answering but also from filing the very Rule 12 motion the Court invited them to file. That is not a narrow case-management adjustment. It is a one-sided freeze of Defendants' obligations.

## V. DEFENDANTS' NOTICE AND SERVICE SHOWING DOES NOT SUPPORT EX PARTE RELIEF.

Defendants' use of ex parte practice is also unnecessary because their requested relief is essentially a deadline extension. Local Rule 8-3 addresses stipulations extending

PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT
[Dkt. No. 45]

response deadlines to initial complaints, and Rule 6(b) addresses extensions for good cause. Defendants did not present a stipulation, did not identify a genuine emergency, and did not explain why a proper Rule 12 motion could not have been filed. The ex parte label does not convert convenience into irreparable prejudice.

## VI. THE OSC DOES NOT JUSTIFY A PRIVATE STAY OF DEFENDANTS' RULE 12 OBLIGATIONS.

Defendants' application rests on the same premise Plaintiff has challenged: the June 2 OSC. The Court should not allow Defendants to use that OSC as a procedural weapon. The OSC itself requires Plaintiff to brief Younger, res judicata, and collateral estoppel before any Defendant has asserted those grounds against the operative pleading. App. at 4, 6; Plaintiff's OSC Application at 3-4. That is precisely why Plaintiff filed his application to discharge or vacate the OSC.

Younger does not automatically divest federal jurisdiction whenever a related state civil case exists. Sprint holds that Younger applies only in exceptional categories, not to every overlapping state proceeding. Sprint, 571 U.S. at 72-73, 77-78. Res judicata and collateral estoppel are affirmative defenses that require a party-specific, claim-specific, and record-specific showing. Taylor, 553 U.S. at 907. Defendants should make that showing if they want dismissal. Plaintiff should not be forced to make it for them, and Defendants should not receive a stay because the OSC may let them avoid doing so.

The cure is straightforward. The Court should deny Defendants' application, resolve Plaintiff's application first, and require Defendants to proceed under the Federal Rules. Defendants can answer. Defendants can file a Rule 12 motion directed to the FAC. Defendants can raise any properly preserved defense. What they cannot do is use ex parte practice to avoid responding while Plaintiff litigates a sua sponte dismissal framework that Defendants did not present.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Ex Parte Application in full.

PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT
[Dkt. No. 45]

Plaintiff further requests that the Court order Defendants to answer or file a proper Rule 12 motion directed to the First Amended Complaint by the existing deadline, or by such immediate date as the Court sets if the deadline has passed by the time this opposition is decided.

At minimum, if the Court is inclined to grant any stay, the stay should be reciprocal and should not reward Defendants' refusal to respond to the operative pleading. The Court should first stay Plaintiff's OSC deadline, decide Plaintiff's pending application to discharge or vacate the OSC, and require Defendants to present any abstention or preclusion challenge through an ordinary Rule 12 motion directed to the FAC, with Defendants bearing the burden.

Dated: June 18, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the memorandum portion of this filing contains approximately 2870 words, excluding the caption, signature block, declaration, certificate of compliance, proposed order, and proof of service. The document is typed in Times New Roman 14-point font and is intended to comply with the Court's word limits and Local Rule 11-6.2.

Dated: June 18, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT [Dkt. No. 45]

**PROOF OF SERVICE**

I, Tyler Martin, declare:

1. I am over the age of eighteen and am not a party to this action. I am competent to testify to the matters stated herein.

2. On June 18, 2026, I served the following document:

PLAINTIFF'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT PENDING RESOLUTION OF THE COURT'S ORDER TO SHOW CAUSE

3. I served the document on counsel for Defendants at the address of record as follows:

Allen R. Ball, Esq.
Law Office of Ball & Yorke
1001 Partridge Drive, Suite 330
Ventura, California 93003
aball@ballandyorkelaw.com
chernandez@ballandyorkelaw.com

Attorney for Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC.

4. Service was accomplished by the following method(s):

[X] U.S. Mail. I placed a true and correct copy of the document in a sealed envelope with postage fully prepaid and deposited it with the United States Postal Service for mailing.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026, at Ventura, California.
/S/ Tyler Martin
Declarant

PLAINTIFF TRAVIS EDWARD MARTIN'S OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDANTS' OBLIGATION TO ANSWER OR OTHERWISE RESPOND TO THE FIRST AMENDED COMPLAINT
[Dkt. No. 45]