UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03714-WLH-DFM | Date | June 25, 2026 |
| Title | *Travis Edward Martin v. United States Small Business Administration* | | |

Present: The Honorable   WESLEY L. HSU, United States District Judge

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S EX PARTE APPLICATION TO DISCHARGE OR VACATE OSC DEADLINE [41] AND DEFENDANTS' EX PARTE APPLICATION TO STAY DEFENDENTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT PENDING RESOLUTION OF THE COURTS' ORDER TO SHOW CAUSE [45]**

The Court is in receipt of Plaintiff's *Ex Parte* Application to Discharge or Vacate Order to Show Cause, or Alternatively to Stay OSC Deadline and Require Defendants to Present Any Abstention or Preclusion Challenge by Proper Motion against the First Amended Complaint (the "Plaintiff's Application") (Plaintiff's Application, Dkt. No. 41), and Defendants' *Ex Parte* Application to Stay Defendants' Obligation to Answer the First Amended Complaint Pending Resolution of the Court's Order to Show Cause ("Defendants' Application"), (Defendants' Application, Dkt. No. 45). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The Court addresses each *ex parte* application in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

On June 2, 2026, this Court issued an Order to Show Cause.  (Order to Show Cause, Dkt. No. 40).  The Court ordered **"**Plaintiff to show cause in writing on a claim-by-claim basis … why Plaintiff's claims should not be dismissed for lack of subject matter jurisdiction under the Younger doctrine of abstention and/or why Plaintiff's claims is not barred as res judicata and/or collateral estoppel (as applicable)."  (*Id*. at 4).  The Court also ordered Defendants to file a response on a claim-by-claim basis within fourteen (14) days of receiving Plaintiff's response.  (*Id*.).

Plaintiff's Application seeks to discharge or vacate the Order to Show Cause. (Plaintiff's Application at 2).  In the alternative, Plaintiff requests the Court stay the deadline of his Response to the Order to Show Cause and order "Defendants to present any abstention or preclusion challenge to the FAC through ordinary motion practice." (*Id*. at 13).  Plaintiff argues that he "should not be forced to litigate against the Court itself" and that "[i]n an adversarial system, defendants bring motions, identify the defenses they choose to assert, and carry the burden of showing how those defenses apply to the operative pleading."  (*Id*. at 4).

But Plaintiff fails to understand or acknowledge that district courts have limited jurisdiction.  As courts of limited jurisdiction, federal courts possess subject matter jurisdiction only over matters "authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  It is well-settled that courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Virgin v. County of San Luis Obispo*, 201 F.3d 1141, 1145 (9th Cir. 2000) (affirming dismissal of action pursuant to district court's "order to show cause why the action should not be dismissed for lack of subject matter jurisdiction"). Plaintiffs bear the burden of establishing subject matter jurisdiction.  *Ashoff v. City of*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997).  Accordingly, the Court **DENIES** Plaintiff's Application.

On June 18, 2026, Defendants' Application was filed requesting the Court stay their obligation to answer or otherwise respond to the First Amended Complaint until twenty-one (21) days after the Court rules on the Order to Show Cause.  (Defendants' Application at 5).  Defendants assert that without the stay, they would be "required to answer a complaint the Court has flagged for potential dismissal on jurisdictional grounds, before those questions are briefed or decided," because their Answers are due on June 30, 2026, two days before Plaintiff's Response to the Order to Show Cause is Due, i.e., July 2, 2026.  (Defendants' Application at 4, 8).  A court must examine "the competing interests which will be affected by the granting or refusal to grant a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (*citing CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).  The relevant interests are:  (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly cause of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Id.*  (*quoting CMAX*, 300 F.2d at 268).  Having considered these interests, the Court **GRANTS** Defendants' Application. Defendants' obligation to answer or otherwise respond to the First Amended Complaint is stayed until the Court discharges the Court's Order to Show Cause re Subject Matter Jurisdiction.  If any portion of the First Amended Complaint survives the Order to Show Cause, Defendants shall have twenty-one (21) days to respond.

**IT IS SO ORDERED.**