FILED

CLERK, U.S. DISTRICT COURT

6/18/26

CENTRAL DISTRICT OF CALIFORNIA

BY _____CS_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:26-cv-03714-WLH-DFM<br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**PLAINTIFF'S NOTICE OF RULE 26(a)(1)(B)(iv), RULE 26(f)(1), AND LOCAL RULE 16-12(c) EXEMPTION; OBJECTION TO DEFENDANTS' PROPOSED "JOINT" RULE 26(f) REPORT; NOTICE OF CDCR NO-CONTACT ORDER; NOTICE OF FORTHCOMING DISQUALIFICATION MOTION**<br><br>**Scheduling Conference:** July 10, 2026<br>**Time:** 1:00 p.m.<br>**Courtroom:** 9B |

1

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

Plaintiff Travis Edward Martin, appearing in propria persona, files this Notice and Objection to preserve his Rule 26 exemption, prevent any false characterization of participation or waiver, and give notice that Defendants' proposed Rule 26(f) report is not joint and is not Plaintiff's position.

This filing is a notice and objection. It is not an ex parte application and not a noticed motion. Plaintiff submits no proposed order with this Notice because Plaintiff is not asking the Court to adjudicate the forthcoming disqualification motion.

The Notice concerns the Scheduling Conference set for July 10, 2026, at 1:00 p.m. in Courtroom 9B, and the related Rule 26(f) report deadline of June 26, 2026. See ECF No. 32. Defendants, through attorney Allen R. Ball, circulated a proposed document titled "Joint Report Regarding Parties' Rule 26(f) Conference." That document is not joint. Plaintiff did not sign it, approve it, authorize it, or participate in any valid Rule 26(f) conference.

**I. Plaintiff is exempt from Rule 26(a)(1) initial disclosures and Rule 26(f) conference requirements.**

Federal Rule of Civil Procedure 26(a)(1)(B)(iv) exempts from initial disclosures "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." Plaintiff fits that rule exactly. He is proceeding without an attorney and is in state custody.

Federal Rule of Civil Procedure 26(f)(1) provides that the Rule 26(f) conference requirement does not apply in proceedings exempt from initial disclosure under Rule 26(a)(1)(B). Because this action falls within Rule 26(a)(1)(B)(iv), Plaintiff is exempt from the Rule 26(f) conference and discovery-plan process.

Central District Local Rule 16-12(c) independently confirms the same exemption. It identifies as exempt: "Any case in which the plaintiff is appearing pro se, is in custody, and is not an attorney."

Plaintiff therefore does not participate in Rule 26(a)(1) initial disclosures, a Rule 26(f) conference, a Rule 26(f) discovery plan, ADR selection, a Schedule of Pretrial and

Trial Dates Worksheet, or any proposed discovery, expert, motion, pretrial, or trial schedule at this stage.

**II. Plaintiff cannot communicate with Mr. Ball because CDCR imposed a no-contact order caused solely and directly by Mr. Ball's criminal misconduct.**

Plaintiff cannot communicate with defense counsel Allen R. Ball. CDCR imposed a no-contact order/restriction that prohibits Plaintiff from communicating with Mr. Ball. The CDCR no-contact order/restriction was caused solely and directly by Mr. Ball's prior criminal misconduct. Mr. Ball's criminal misconduct is the reason the restriction exists and the reason Plaintiff cannot meet and confer with him.

The CDCR no-contact order/restriction is unconstitutional. It prevents Plaintiff from communicating with opposing counsel while Defendants attempt to use that same communication bar to manufacture a false record of noncooperation. Defendants should not be permitted to exploit a restriction caused by Mr. Ball's criminal misconduct to impose Rule 26 obligations on Plaintiff or to mischaracterize Plaintiff's inability to communicate.

Plaintiff will file a separate motion to disqualify Mr. Ball and the Law Office of Ball & Yorke based on an extensive pattern of egregious misconduct, including the criminal misconduct that caused the unconstitutional CDCR no-contact order/restriction. That motion will present the supporting evidence in detail. Plaintiff raises these facts here because they directly affect case management and make any Rule 26(f) conference, joint discovery plan, ADR selection, trial worksheet, or scheduling collaboration with Mr. Ball impossible and improper.

Plaintiff is also pursuing criminal charges against Mr. Ball, a tort action in the San Diego County Superior Court, a civil harassment restraining order, and other legal actions against Mr. Ball arising from the same criminal misconduct that caused the unconstitutional CDCR no-contact order/restriction. Those proceedings are separate from this Notice. Plaintiff identifies them here because they confirm that Mr. Ball's

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

misconduct is an active and material case-management problem, not merely a discovery or scheduling inconvenience.

This is not a failure to cooperate. It is a legal exemption, physical incarceration, and a CDCR no-contact order/restriction caused by opposing counsel's criminal misconduct. Plaintiff cannot lawfully confer with Mr. Ball. Plaintiff cannot collaborate with Mr. Ball on a Rule 26(f) report. Plaintiff cannot select ADR or trial dates with Mr. Ball. Plaintiff cannot do what Defendants are demanding without violating the CDCR restriction and suffering further prejudice.

**III. Any application of the Scheduling Order that requires Plaintiff to communicate with Mr. Ball is impossible, unconstitutional as applied, and prejudicial.**

The Scheduling Order states that pro se litigants must comply with the order and participate in the scheduling conference, and it requires a Joint Rule 26(f) Report fourteen days before the conference. ECF No. 32. The Standing Order also warns that failure to file the required Joint Rule 26(f) Report, appear, or comply with Court orders can result in dismissal if the failure occurs on Plaintiff's part. ECF No. 13.

Plaintiff respectfully objects to any construction of those orders that would require an incarcerated pro se litigant, who is expressly exempt under Rule 26(a)(1)(B)(iv), Rule 26(f)(1), and Local Rule 16-12(c), to communicate with counsel he is prohibited from contacting and then face dismissal for failing to perform the impossible.

As applied here, such a requirement is improper, unconstitutional, and severely prejudicial. It would force Plaintiff to choose between violating a CDCR no-contact order/restriction that opposing counsel caused, and risking dismissal of his federal civil action. The Constitution does not permit case-management procedures to operate as a litigation trap created by opposing counsel's misconduct.

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

**IV. Defendants' proposed Rule 26(f) report is not joint and must not be treated as Plaintiff's position.**

Defendants' proposed report is false and improper if filed or characterized as joint. Plaintiff did not participate in a valid Rule 26(f) conference. Plaintiff did not agree to initial disclosures. Plaintiff did not agree to any discovery plan. Plaintiff did not agree to ADR. Plaintiff did not agree to any trial worksheet. Plaintiff did not agree to any expert, discovery, dispositive-motion, pretrial, or trial schedule. Plaintiff did not sign the report. Plaintiff did not authorize Defendants to file it as joint.

Any Rule 26(f) report filed by Defendants is unilateral. It should not be treated as Plaintiff's position, Plaintiff's waiver, Plaintiff's consent, Plaintiff's participation, or Plaintiff's compliance with Rule 26(f).

Plaintiff also objects to any assertion that the parties "conferred" by written correspondence. Written correspondence is not a valid substitute for a Rule 26(f) conference where Plaintiff is exempt from the process, incarcerated, unable to communicate with Mr. Ball, and has not agreed to any joint report or discovery plan.

**V. Local Rule 7-3 does not require Plaintiff to meet and confer with Mr. Ball before filing this Notice.**

Local Rule 7-3 applies only in cases not listed as exempt in Local Rule 16-12. This case is listed as exempt under Local Rule 16-12(c) because Plaintiff is appearing pro se, is in custody, and is not an attorney.

In any event, a Local Rule 7-3 conference is impossible because Plaintiff cannot communicate with Mr. Ball. CDCR imposed a no-contact order/restriction involving Mr. Ball, and that restriction was caused solely and directly by Mr. Ball's criminal misconduct. Plaintiff therefore objects to any argument that he was required to conduct a prefiling meet-and-confer with Mr. Ball before filing this Notice.

**VI. Scheduling is premature because the SBA has not appeared and defendants have not responded to the operative pleading.**

5

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

The operative First Amended Complaint was filed on May 24, 2026. ECF No. 33. The SBA has not appeared or responded. The private defendants have not responded to the operative First Amended Complaint. The pleadings are not framed.

The SBA is a central defendant. Its position is necessary to any meaningful case-management schedule addressing jurisdiction, sovereign immunity, SBA loan files, collateral, guaranty exposure, defenses, discovery scope, ADR, dispositive motions, and trial management.

Proceeding with a Rule 26(f) report, ADR selection, trial worksheet, and case schedule before the SBA appears and before defendants respond to the operative pleading would prejudice Plaintiff and produce an artificial schedule disconnected from the actual posture of the case.

**VII. Notice of non-waiver and objection.**

Plaintiff gives notice that he does not waive his Rule 26(a)(1)(B)(iv), Rule 26(f)(1), Local Rule 16-12(c), Local Rule 7-3, no-contact, due process, access-to-courts, disqualification, and case-management objections.

Plaintiff further gives notice that he does not authorize Defendants to file any Rule 26(f) report, ADR selection, trial worksheet, discovery plan, proposed schedule, or case-management statement as joint unless Plaintiff signs it or expressly authorizes it in writing.

Dated: June 18, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Pro Per

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

## DECLARATION OF TRAVIS EDWARD MARTIN

I, Travis Edward Martin, declare:

1. I am the Plaintiff in this action. I am proceeding without counsel.

2. I am currently in state custody.

3. The Scheduling Conference is currently set for July 10, 2026, at 1:00 p.m. in Courtroom 9B. The related Rule 26(f) report deadline is June 26, 2026.

4. I am subject to a CDCR no-contact order/restriction involving defense counsel Allen R. Ball.

5. The CDCR no-contact order/restriction prohibits me from communicating with Mr. Ball, including by mail, email, telephone, video conference, in-person conference, or other communication channel.

6. Mr. Ball's prior criminal misconduct was the sole and direct cause of the CDCR no-contact order/restriction.

7. The CDCR no-contact order/restriction is unconstitutional.

8. Because of the CDCR no-contact order/restriction, I cannot lawfully communicate with Mr. Ball, participate in a Rule 26(f) conference with him, collaborate with him on a joint report, select ADR with him, complete a trial worksheet with him, or discuss discovery scheduling with him.

9. I will file a separate motion to disqualify Mr. Ball and the Law Office of Ball & Yorke. That motion will address Mr. Ball's extensive pattern of egregious misconduct, including the criminal misconduct that caused the unconstitutional CDCR no-contact order/restriction.

10. I am also pursuing criminal charges against Mr. Ball, a tort action in the San Diego County Superior Court, a civil harassment restraining order, and other legal actions against Mr. Ball for the criminal misconduct that caused the unconstitutional CDCR no-contact order/restriction.

11. I have not participated in a Rule 26(f) conference. I have not agreed to initial disclosures. I have not agreed to any discovery plan. I have not agreed to any ADR

7

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

selection. I have not agreed to any trial worksheet. I have not agreed to any proposed expert, discovery, dispositive-motion, pretrial, or trial schedule.

12. I have not signed Defendants' proposed "Joint Report Regarding Parties' Rule 26(f) Conference." I have not authorized Defendants to file it as joint. I do not agree to its contents.

13. The SBA has not appeared or responded to the operative First Amended Complaint.

14. The private defendants have not responded to the operative First Amended Complaint.

15. Because the SBA has not appeared, the private defendants have not responded to the operative pleading, and I cannot communicate with Mr. Ball, the Rule 26(f) report, ADR selection, trial worksheet, and scheduling process are premature and impossible as applied to me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026, at San Diego, California

/S/ TRAVIS EDWARD MARTIN

Plaintiff In Pro Per

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT

**PROOF OF SERVICE**

I, Tyler Martin, declare:

1. I am over the age of 18 and am not a party to this action.

2. On June 18, 2026, I served the foregoing PLAINTIFF'S NOTICE OF RULE 26(a)(1)(B)(iv), RULE 26(f)(1), AND LOCAL RULE 16-12(c) EXEMPTION; OBJECTION TO DEFENDANTS' PROPOSED "JOINT" RULE 26(f) REPORT; NOTICE OF CDCR NO-CONTACT ORDER; NOTICE OF FORTHCOMING DISQUALIFICATION MOTION AND RELATED LEGAL ACTIONS AGAINST MR. BALL on Allen R. Ball, counsel for the private defendants, by placing a true and correct copy in a sealed envelope, with first-class postage fully prepaid, addressed as stated below, and depositing the envelope in the United States mail.

3. Service was made by U.S. mail only. Travis Edward Martin did not personally serve the document and did not communicate with Mr. Ball.

The envelope was addressed as follows:

Allen R. Ball, Esq.

LAW OFFICE OF BALL & YORKE

1001 Partridge Drive, Suite 330

Ventura, California 93003

Counsel for Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 18, 2026, at Ventura, California

/S/ TYLER MARTIN

NOTICE OF RULE 26 EXEMPTION AND OBJECTION TO PROPOSED JOINT REPORT