Allen R. Ball, Esq. (State Bar #124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com
chernandez@ballandyorkelaw.com

**Attorney for Defendants,**
**JAMES WALD; NATALIE WALD; JAYSON COHEN;**
**ELITE SOUND COMPANY, LLC and AMERICAN LEGACY SOLUTIONS,**
**LLC**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; | Case No.: **2:26-cv-03714-WLH(DFMx)** Judge: Hon. Wesley L. Hsu |
| Plaintiff, | |
| vs. | **DEFENDANTS REPORT REGARDING RULE 26(f) CONFERENCE** |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; | **Scheduling Conference: July 10, 2026** **Time: 1:00 p.m.** **Dept: 9B** |
| Defendants. | |

1

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy Solutions LLC, and Elite Sound Company LLC ("Defendants"), by and through counsel, submit this Report pursuant to the Court's May 26, 2026 Order Setting Scheduling Conference.

Plaintiff Travis Edward Martin is self-represented and currently incarcerated. On June 17, 2026, Defendants sent Plaintiff written correspondence by U.S. Mail and email initiating discussions regarding the matters ordinarily addressed in a Rule 26(f) conference and enclosing a proposed Joint Rule 26(f) Report. On June 23, 2026, Defendants sent follow-up correspondence requesting Plaintiff's participation and reminding him of the Court's deadlines. On June 24, 2026, Defendants transmitted a revised proposed report reflecting Plaintiff's asserted Rule 26 exemption and again invited Plaintiff to provide comments, revisions, or objections before the filing deadline. Plaintiff did not respond to any of Defendants' correspondence.

Defendants recognize that Plaintiff's incarcerated, self-represented status may affect both the timing of communications and the applicability of Federal Rule of Civil Procedure 26(a)(1)(B)(iv). Accordingly, although Defendants were unable to obtain Plaintiff's position despite repeated good-faith efforts, Defendants respectfully submit the following proposed case-management recommendations and scheduling dates for the Court's consideration.

**a.     Statement of the case:**

Plaintiff alleges that Defendants obtained money and property from him through threatened accusation and thereafter exploited his incarceration to seize and transfer assets of Entertainment Technology LLC ("ET") to Defendant Elite Sound Company LLC at a below-market price. Plaintiff further alleges that the United States Small Business Administration failed to protect collateral securing SBA EIDL Loan No. 5632277910 after receiving written notice of the transfer.

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

Plaintiff's claims include civil RICO, breach of fiduciary duty, voidable transaction, restitution, civil conspiracy, and declaratory relief.

Defendants deny all material allegations. They contend that the November 2022 asset sale was a legitimate transaction and that no wrongdoing occurred. Defendants reserve all affirmative defenses.

**b.     Legal issues: jurisdiction due to but not limited to separate action(s) pending;**

The parties anticipate disputes regarding: (1) whether Plaintiff's RICO claims are legally sufficient; (2) whether Plaintiff has individual standing; (3) whether the November 2022 asset transfer was a voidable transaction; (4) whether James Wald breached fiduciary duties to Plaintiff; (5) whether the Small Business Administration breached the implied covenant of good faith and fair dealing; (6) whether Plaintiff's guarantor liability is subject to discharge or reduction; and (7) whether Plaintiff's claims are barred in whole or in part by applicable statutes of limitations or other defenses.

**c.     Damages:**

Plaintiff seeks compensatory, punitive, and treble damages, as well as equitable and declaratory relief, in amounts to be determined at trial.

Defendants deny that Plaintiff is entitled to any damages and reserve all rights to contest Plaintiff's claims.

**d.     Insurance:**

Defendants are not insured against these allegations.

**e.     Motions:**

Defendants anticipate filing a motion to dismiss and/or motion for summary judgment.  Plaintiff has indicated in prior filings that he may seek leave to amend and a Motion to Disqualify attorney Allen R. Ball.

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

**f.**     **Complexity:**

This is not a complex case.

**g.**     **Status of Discovery:**

No discovery has been conducted to date. Plaintiff is self-represented and currently incarcerated. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(iv), initial disclosure requirements do not apply in this action. Defendants are prepared to proceed with discovery upon the Court's entry of a scheduling order.

**h.**     **Discovery Plan:**

Plaintiff is self-represented and currently incarcerated. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(iv), initial disclosure requirements do not apply to actions brought without an attorney by a person in state custody. Accordingly, no initial disclosures are required in this action. Defendants propose no changes to the timing or form of any other disclosures under Rule 26(a).

**i.**     **ESI**

Defendants propose production in searchable PDF format or native format where appropriate, with Bates numbering.

**j.**     **Privilege**

Defendants propose the entry of a Federal Rule of Evidence 502(d) order.

/ / /

/ / /

4

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

**k.     ADR**

Defendants propose that the Court direct the parties to a settlement conference before the assigned Magistrate Judge, Hon. Douglas F. McCormick, pursuant to Local Rule 16-15. Any ADR proceeding will need to accommodate Plaintiff's incarcerated status, including participation by video conference or telephone.

**l.     Trial Estimate**

Defendants estimate a one-day court trial.

**m.     Other Issues**

The following issues may affect case management:

1.     **Plaintiff's Rule 26 Exemption.** Plaintiff filed a notice on June 18, 2026 (ECF No. 50) asserting that he is exempt from the Rule 26(a)(1) initial disclosure and Rule 26(f) conference requirements pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(iv) and Local Rule 16-12(c), as a pro se litigant in state custody. Defendants take no position on Plaintiff's claimed exemption and defer to the Court's guidance.

2.     **Communication Restrictions.** CDCR imposed a no-contact order prohibiting Plaintiff from contacting defense counsel and Defendants following an investigation into Plaintiff's harassment of defense counsel and clients. By letter dated January 13, 2026, this office requested that the Warden modify the no-contact order for the limited purpose of allowing litigation-related contact, including serving papers, supporting or opposing motions, and propounding or responding to discovery. All Rule 26(f) conference efforts were conducted by written correspondence directed to Plaintiff at both his facility address, UPS address and email address. Plaintiff did not respond to written conference efforts made on June 17, June 23, and June 24, 2026.

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

3.    SBA Has Not Appeared. Defendant United States Small Business Administration has not yet appeared or responded to the operative First Amended Complaint.  Its participation may affect the scope of discovery, jurisdiction, and case management scheduling.

4.    Pending Disqualification Motion.  Plaintiff has indicated his intent to file a motion to disqualify defense counsel Allen R. Ball and the Law Office of Ball & Yorke.  Defendants anticipate opposing any such motion.

**n.    Trial counsel:**

For Plaintiff:      Travis Edward Martin, In Pro Per

For Defendants:   Allen R. Ball, Law Office of Ball & Yorke

Dated: June 26, 2026          LAW OFFICE OF BALL & YORKE

          /S/     Allen R. Ball

Allen R. Ball, Esq.
Attorney for Defendants,
JAMES WALD; NATALIE WALD;
JAYSON COHEN; ELITE SOUND COMPANY
LLC. And AMERICAN LEGACY SOLUTIONS
LLC

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of eighteen (18) years.  My business address is 1001 Partridge Drive, Suite 330, Ventura, California 93003.  I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **June 26, 2026**, I served ☐ the original ☒ a true copy of the following named document(s):

**DEFENDANTS REPORT REGARDING RULE 26(f) CONFERENCE**

☒    **BY MAIL (F.R.C.P. 5(b)(2)(C)):**  By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☒    **BY ELECTRONIC MAIL (F.R.C.P. 5(b)(2)(E)):**  By sending it via electronic mail, without transmission error or difficulty, to the e-mail address(es) provided by the party(ies) as identified herein below:

☒    **VIA CM/ECF (F.R.C.P. 5(b)(3)):**  By filing the document electronically and allowing the Notice of Electronic Filing to suffice as the proof of service to all parties/counsel registered for electronic service.

| | |
|---|---|
| Travis Edward Martin<br>1746 F South Victoria Avenue, Suite 104<br>Ventura, CA 93003<br>Martin57290@gmail.com | **Plaintiff in Pro Per** |

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed this **26th day of June, 2026**, at Ventura, California.

_____/s/ Cathy Hernandez_____
Cathy Hernandez, Declarant

7

**DEFENDANTS' REPORT REGARDING RULE 26(f) CONFERENCE**

## JUDGE WESLEY L. HSU
## SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

**Case No.** 2:26-cv-03714-WLH-DFM  **Case Name:** Martin v. United States SBA, et al.

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one: ☐ Jury Trial or ☒ Court Trial ☐ Magistrate Judge (***Monday*** at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 1 Days *Trial Subject to Trailing per Standing Order* | 07/12/2027 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (***Friday*** at 3:00 p.m., at least 18 days before trial) | 06/18/2027 | |

| Event [1] Note: Hearings shall be on ***Fridays*** at 1:30pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 11/20/2026 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 02/12/2027 | |
| Expert Disclosure (Initial) | 16 | 02/26/2027 | |
| Expert Disclosure (Rebuttal) | 14 | 03/12/2027 | |
| Expert Discovery Cut-Off | 14 | 03/12/2027 | |
| Last Date to Hear Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 03/26/2027 | |
| Last Date to Hear *Daubert* Motions | 8 | 04/23/2027 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☒ 1. Magistrate Judge (*with Court approval*) ☐ 2. Court's Mediation Panel ☐ 3. Private Mediation | 5 | 05/14/2027 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 05/21/2027 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 06/04/2027 | |

---

1 Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.