Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

6/26/2026

CENTRAL DISTRICT OF CALIFORNIA

BY _____jji_____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

TRAVIS EDWARD MARTIN, an individual;

     Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,

     Defendants.

Case No. 2:26-cv-03714-WLH-DFM
Judge: Hon. Wesley L. Hsu
Magistrate Judge: Hon. Douglas F. McCormick

**PLAINTIFF TRAVIS EDWARD MARTIN'S RESPONSE TO ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED UNDER YOUNGER ABSTENTION, RES JUDICATA, OR COLLATERAL ESTOPPEL**

Response to Civil Minutes Order, Dkt. No. 40

No Hearing Unless Ordered by the Court

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**PLAINTIFF TRAVIS EDWARD MARTIN'S RESPONSE TO ORDER TO SHOW
CAUSE**

### INTRODUCTION

Plaintiff Travis Edward Martin responds to the Court's June 2, 2026 Order to Show Cause (Dkt. No. 40). The OSC should be discharged immediately. Not one claim in the First Amended Complaint ("FAC") is subject to Younger abstention, res judicata, or collateral estoppel. The order requiring this response lacks a legal basis in the materials it cites, and its issuance under these circumstances is improper.

The two state cases identified in the OSC are pending private civil actions. They have not produced a final judgment. They have not produced a final adjudication of any issue identified by the OSC. They are not state criminal prosecutions, state-initiated quasi-criminal enforcement proceedings, or proceedings to enforce state-court orders uniquely necessary to a state court's judicial function. A passing familiarity with Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), the current governing authority, would have revealed as much before the OSC was issued. These facts defeat Younger, claim preclusion, and issue preclusion before any claim-specific merits comparison begins.

The procedural posture makes the OSC indefensible. The Court correctly denied Defendants' motions to dismiss as moot because those motions attacked a superseded complaint. Dkt. No. 40 at 2. The Court then identified the correct next step: because Plaintiff added causes of action, Defendants should file motions to dismiss directed to the operative complaint. Id. at 2-3. But instead of following its own stated procedure, the Court turned around in the same order and required Plaintiff to show cause, claim by claim, why the FAC should not be dismissed under doctrines that no Defendant had asserted, briefed, or supported with a single exhibit against the operative pleading. The Court thereby did for Defendants what Defendants had not done for themselves.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff promptly sought to avoid this unnecessary and prejudicial burden by filing an ex parte application on June 9, 2026 to discharge or vacate the OSC, or at least to stay the OSC deadline and require any abstention or preclusion challenge to be brought by Defendants through ordinary motion practice. On June 25, 2026, the Court denied that application while simultaneously granting Defendants' ex parte application to stay their obligation to answer the FAC until the OSC is resolved. Dkt. No. 48. The Court thereby refused to correct a legally deficient OSC while rewarding Defendants with a reprieve from their responsive obligation, obtained through an ex parte vehicle reserved for genuine emergencies, not scheduling convenience. Plaintiff therefore files this response under protest to comply with the Court's order and preserve his claims, while preserving in full his objection that this OSC reverses the ordinary burden of litigation and conscripts him into building and defeating dismissal theories that belong to Defendants, not to the Court.

That burden is not abstract. Plaintiff is incarcerated and proceeding pro se. The OSC forced him to expend scarce resources and obtain assistance to prepare a claim-by-claim rebuttal to defenses no adversary has raised, under the threat that his entire federal action could be terminated if he failed. Defendants did not impose that cost. The Court's sua sponte OSC did. Plaintiff does not seek a fee award in this response, and he does not ask the Court to adjudicate compensation for that expense here. But the point is immediate: the Court should stop compounding the prejudice by discharging the OSC at once and requiring Defendants to carry their own litigation burden if they choose to seek dismissal.

The Court's June 25, 2026 order (Dkt. No. 48) compounded the prejudice beyond repair. In that order, the Court denied Plaintiff's ex parte application to discharge the OSC without engaging with a single legal authority Plaintiff cited. Plaintiff's application identified, with precision, the specific legal errors infecting the OSC: that Sprint forecloses Younger for private civil actions, that pending litigation cannot support res judicata absent a final judgment, and that collateral estoppel requires actual litigation and

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

necessary decision, not pending cases. The Court's response addressed none of these arguments. Instead, the Court cited the general principle that plaintiffs bear the burden of establishing subject matter jurisdiction and treated that truism as dispositive of an entirely different question. The Court's refusal to engage with the substance of Plaintiff's legal arguments, while those arguments identify objectively correct applications of governing Supreme Court and Ninth Circuit authority, compels one of two conclusions: either this Court did not read or comprehend the analysis in Plaintiff's application, or it read the analysis, understood its implications, and chose to disregard it. Neither conclusion is consistent with the impartial administration of justice.

In the same order, the Court granted Defendants' ex parte application to stay their obligation to answer the FAC. That application sought routine scheduling relief: an extension of a responsive-pleading deadline. Staying a responsive-pleading deadline does not implicate irreparable harm, immediate danger, or any of the criteria that justify bypassing noticed-motion practice in favor of ex parte relief. The Central District's Local Rule 7-19 limits ex parte applications to circumstances involving irreparable harm and immediate necessity. Scheduling convenience is neither. Yet the Court granted Defendants' ex parte application without comment on the procedural propriety of the vehicle they chose, while denying Plaintiff's application that identified substantive legal errors in the Court's own order. The juxtaposition speaks for itself: an incarcerated pro se plaintiff who identified specific, demonstrable errors of law in the Court's order was denied all relief; represented defendants who sought nothing more than the scheduling convenience of not answering a complaint were granted everything they requested, through an improper procedural vehicle, without a noticed motion, without opposition briefing, and without any showing of irreparable harm. This Court is applying different procedural standards depending on which party stands before it, and the only distinguishing variable is that Plaintiff is incarcerated and proceeding without counsel.

Plaintiff raises the resulting appearance problem with the directness it requires. The legal predicates for every doctrine the OSC invokes are absent from the face of the

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

materials the OSC identifies. Pending private litigation is not preclusion. Pending private litigation is not Younger after Sprint. Any competent application of the governing authorities would have made both conclusions plain before this order issued. Ordering an incarcerated pro se plaintiff to disprove doctrines whose threshold requirements are plainly unmet, before any Defendant has moved against the FAC, and while giving Defendants the luxury of responding after Plaintiff has been forced to preview his arguments, creates far more than an appearance of prejudgment or disparate treatment. It creates the substance. The Court's June 25 order, which denied Plaintiff's well-supported application to correct these errors while granting Defendants' routine scheduling request by improper ex parte procedure, confirms that the appearance of prejudgment is not appearance at all. It is the reality. The appropriate remedy is not dismissal. The appropriate remedy is immediate discharge of the OSC.

<b>ARGUMENT</b>

## I. THE PROCEDURAL POSTURE ALONE COMPELS DISCHARGE OF THE OSC.

The Court's June 2, 2026 order first resolved the only motions then pending. The Court correctly held that the FAC superseded the original complaint, that the pending motions to dismiss no longer attacked an operative pleading, and that those motions were moot. Dkt. No. 40 at 2. The order then stated, also correctly, that Defendants should file motions to dismiss based on the operative complaint. Id. at 2-3. So far, the order tracked settled law.

That should have ended the matter. There was no pending Rule 12 motion directed to the FAC. There was no answer asserting preclusion. There was no Defendant-identified judgment, issue, party relationship, state-court record, Younger category, or claim-specific dismissal theory before the Court. The OSC was entered a mere nine days after the FAC was filed, before any Defendant responded to the operative pleading, and before any Defendant had carried the burden imposed by the Federal Rules. In short, the Court manufactured a contested dismissal proceeding where none existed.

<b>PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE</b>

Rule 8(c)(1) identifies estoppel and res judicata as affirmative defenses. Fed. R. Civ. P. 8(c)(1). Rule 12 provides the ordinary vehicle for a dismissal motion. Rule 15(a)(3) provides the response period after an amended pleading. Nothing in these Rules authorizes a court to require a plaintiff to file the first dismissal brief against his own complaint. Nothing in these Rules permits Defendants to sit back, study the pro se plaintiff's compelled claim-by-claim submission, and then craft a responsive brief with the benefit of a free preview of every argument. Yet that is exactly the procedural architecture the OSC creates.

The Court may raise genuine subject-matter jurisdiction concerns sua sponte. Fed. R. Civ. P. 12(h)(3). But the OSC does not confine itself to that narrow authority. Younger is abstention, not a defect in Article III power. Res judicata and collateral estoppel are affirmative defenses that require party-specific, claim-specific, record-specific showings by the party asserting them. No court has the authority to conscript a plaintiff into constructing, briefing, and then defeating those defenses on behalf of the parties who chose not to raise them.

The Court's June 25, 2026 order (Dkt. No. 48) worsened every aspect of this procedural defect. That order not only denied Plaintiff's application to correct the OSC's legal errors, but also granted Defendants' ex parte application to stay their answer to the FAC. Defendants' application sought routine scheduling relief through a procedural vehicle that the Central District's Local Rules reserve for genuine emergencies involving irreparable harm. The Court granted that relief without analysis or comment on its procedural propriety. The net result is that Defendants now have no obligation to respond to the FAC at all while the Court processes Plaintiff's compelled response to an OSC that no party requested. Defendants have been relieved of every litigation burden the Federal Rules impose, while the incarcerated pro se Plaintiff has been forced to carry burdens the Rules do not authorize. If this procedural architecture is not the product of bias, it is a remarkable coincidence that every deviation from standard procedure has operated to Defendants' benefit and to Plaintiff's detriment.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

## II. THE OSC RESTS ON A FUNDAMENTAL LEGAL ERROR THAT INFECTS EVERY CLAIM.

The OSC states that, upon review of the FAC and the pending Ventura County actions, "it appears that the issues in this instant litigation may be pending before the state court." Dkt. No. 40 at 3. That observation, even taken at face value, does not state a legal basis for dismissal. "May be pending" is not a jurisdictional defect. It is not claim preclusion. It is not issue preclusion. It is not Younger. At best, it describes the possibility of factual overlap. And factual overlap between private civil actions has never authorized the dismissal of a federal action properly within the Court's jurisdiction. If it did, federal courts across the country would be required to close their doors every time a state case touched on related facts.

The Supreme Court has said so in terms that should have foreclosed this OSC before it was drafted. The pendency of a state action is no bar to federal proceedings concerning the same matter in a federal court having jurisdiction. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Federal courts have a "virtually unflagging obligation" to exercise jurisdiction given them. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). If Defendants believe parallel litigation creates an exceptional case-management concern, they are free to raise a proper motion under whatever doctrine they choose. But the mere existence of pending state litigation does not create Younger abstention, res judicata, or collateral estoppel, and the Court's suggestion to the contrary reflects a misapprehension of all three doctrines.

Even a cursory comparison of the dockets would have revealed what the OSC overlooks. The state cases are not this federal case. Wald v. Martin, Ventura County Superior Court Case No. 2023CUPP012195, is a private tort, defamation, and interference action. Martin v. Wald, Ventura County Superior Court Case No. 2024CUNP032821, is a private state-law business dispute filed before the 2026 SBA delinquency and collection facts pleaded in the FAC. Neither state case is an SBA

7

contract case. Neither has the SBA as a party. Neither pleads federal civil RICO claims under 18 U.S.C. §§ 1962(c), 1962(d), and 1964(c). Neither adjudicates Martin's 2026 guarantor exposure, SBA collection risk, post-notice SBA inaction, returned 2026 payments, May 2026 SBA balance, or federal declaratory relief claims. The OSC treats these cases as interchangeable with the FAC. They are not.

The FAC pleads federal-question jurisdiction over civil RICO claims, jurisdiction over SBA-related claims under 15 U.S.C. § 634(b)(1), declaratory relief under 28 U.S.C. §§ 2201 and 2202, and supplemental jurisdiction under 28 U.S.C. § 1367. FAC ¶¶ 12-16. It also pleads 2026 SBA delinquency, returned-payment, balance, and collection-exposure facts that post-date the 2023 and 2024 state complaints. FAC ¶¶ 137-145. Those later-accruing facts could not have been adjudicated in state pleadings filed before they existed. The Court's order does not address this obvious temporal problem, because no analysis of the FAC's actual allegations appears to have preceded the OSC's issuance.

## III. YOUNGER DOES NOT APPLY BECAUSE THE STATE CASES ARE PRIVATE CIVIL ACTIONS OUTSIDE SPRINT.

The OSC cites the older three-factor Younger formulation: ongoing state proceeding, important state interests, and adequate opportunity to raise federal questions. Dkt. No. 40 at 3. That formulation has not been the law for over a decade. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), narrowed Younger to three exceptional categories, and only those three: ongoing state criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of state courts' ability to perform their judicial functions. Id. at 78. The Ninth Circuit has applied Sprint's categorical framework as the mandatory threshold inquiry for thirteen years. Cook v. Harding, 879 F.3d 1035, 1039 (9th Cir. 2018). The OSC's reliance on a pre-Sprint formulation is a legal error that this Court should acknowledge and correct.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The state cases identified by the OSC do not fit any Sprint category, and it is not a close question. Wald v. Martin is a private tort, defamation, and interference case. Martin v. Wald is a private state-law business dispute. Neither is a state criminal prosecution. Neither is a state-initiated civil enforcement action. Neither is a contempt, bond, receivership, or similar order-enforcement proceeding necessary to a state court's judicial function. The Court's own order answers the inquiry it raises: it describes Younger as requiring that a "state-initiated proceeding" be ongoing. Dkt. No. 40 at 3. These are private civil cases filed by private parties. That fact alone is dispositive.

The FAC does not seek to enjoin, stay, supervise, or nullify either state case. It seeks relief for federal SBA obligations, civil RICO injuries, collateral impairment, voidable transfers, restitution, indemnity, exoneration, subrogation, and traceable proceeds. The FAC expressly and repeatedly states that Plaintiff does not sue over any law-enforcement report, testimony, criminal conviction, or personal injury; he sues for business and property injuries. FAC ¶¶ 2-3, 11, 152-158, 175, 203, 205. Had the Court read those paragraphs before issuing the OSC, the Younger question would have answered itself.

Even if Younger could somehow apply to some form of equitable relief, which it cannot, dismissal of damages claims would remain legally impermissible. Younger is abstention, not the absence of subject-matter jurisdiction, and the Ninth Circuit has been unequivocal that damages claims must be stayed rather than dismissed when Younger applies. Gilbertson v. Albright, 381 F.3d 965, 968, 981-82 (9th Cir. 2004) (en banc). The OSC's proposed dismissal for lack of subject-matter jurisdiction therefore mischaracterizes the doctrine and overstates the available remedy. This Court cannot dismiss for want of jurisdiction what Younger, by definition, does not strip.

**IV. RES JUDICATA DOES NOT APPLY BECAUSE THERE IS NO FINAL JUDGMENT AND THE FAC INCLUDES LATER-ACCRUING FEDERAL CONTROVERSIES.**

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Claim preclusion requires a final judgment on the merits. This is not a nuance; it is the doctrine's foundational prerequisite. Under California law, claim preclusion applies only after a final judgment, between the same parties or their privies, involving the same cause of action. DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015); Samara v. Matar, 5 Cal. 5th 322, 326-27 (2018). The OSC identifies no final judgment for the simple reason that none exists. One cannot preclude claims using a judgment that has not been rendered.

Pending litigation is not res judicata. That principle is so basic that its statement ought to be unnecessary, yet the OSC compels it. A pending state case may, in extraordinary circumstances, create litigation-management questions under Colorado River. But it does not preclude a federal case. Exxon Mobil, 544 U.S. at 292. The state cases are ongoing and untried. They cannot bar claims that have never been finally adjudicated. The OSC invokes res judicata without a judgment, which is the doctrinal equivalent of citing a conviction without a verdict.

Nor is there identity of parties or claims. The SBA is not a party to either state action. The federal FAC pleads SBA contract, guarantor, exoneration, collateral-impairment, and federal RICO claims, along with 2026 events and current collection exposure. None of those claims has been adjudicated, let alone finally decided, in any state forum. The incidental presence of some overlapping factual background with a state business dispute is not preclusion, and no amount of judicial recharacterization can make it so.

The timing independently forecloses claim preclusion. A later claim is not barred where it rests on events that had not occurred and could not have been sued upon in the earlier action. Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 328 (1955). The FAC alleges the SBA's March 16, 2026 delinquency notice, 2026 returned payments, the May 15, 2026 outstanding balance and arrearage, and current federal collection exposure. FAC ¶¶ 137-145. These facts post-date the state complaints by years. They could not have been raised, let alone adjudicated, in state pleadings filed before they came into

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

existence. The OSC does not address this self-evident timing problem, because addressing it would require acknowledging that res judicata has no application here.

## V. COLLATERAL ESTOPPEL FAILS ON EVERY ELEMENT, AND THE OSC MISSTATES THE DOCTRINE.

The OSC's collateral-estoppel analysis is not merely unsupported; it misstates the law. The order quotes language suggesting collateral estoppel applies to issues that "were or could have been raised." Dkt. No. 40 at 3. That is claim-preclusion language, not issue-preclusion law. The distinction between the two doctrines is first-year civil procedure. Under California law, issue preclusion applies only to an identical issue that was actually litigated, necessarily decided, final, and asserted against a party or privy to the prior proceeding. DKN Holdings, 61 Cal. 4th at 824-25; Lucido v. Superior Court, 51 Cal. 3d 335, 341 (1990). The OSC collapses the two doctrines into one and misapplies the result.

No qualifying issue exists. The OSC identifies no state-court order deciding any issue, no final judgment, no finding necessary to any judgment, and no issue actually litigated and decided in either state case. Because both state cases are pending and untried, collateral estoppel is categorically inapplicable. The doctrine requires a prior adjudication, not a pending one. There is nothing to estop.

Judicial notice of the existence of state pleadings does not fill the gap, and the Court should not pretend otherwise. A court may notice that filings exist, but it may not treat disputed allegations in those filings as true or use them to construct an unbriefed, claim-specific preclusion case that no party has made. Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998-99 (9th Cir. 2018). The state pleadings prove, at most, that private cases exist. They do not prove a final judgment, a necessarily decided issue, or a bar to later-accruing federal SBA and RICO controversies. The Court cannot bootstrap the mere existence of state filings into the elements of a preclusion defense that no party has pled and no record supports.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

## VI. THE OSC UNLAWFULLY SHIFTS DEFENDANTS' BURDEN AND INFLICTS CONCRETE, UNRECOVERABLE PREJUDICE.

Res judicata and collateral estoppel are affirmative defenses. Fed. R. Civ. P. 8(c)(1). The Supreme Court has made the allocation of burden unmistakable: claim preclusion, like issue preclusion, is an affirmative defense, and it is incumbent on the defendant to plead and prove it. Taylor v. Sturgell, 553 U.S. 880, 907 (2008). A plaintiff is not required to anticipate and plead around affirmative defenses. Jones v. Bock, 549 U.S. 199, 215-16 (2007); Gomez v. Toledo, 446 U.S. 635, 640 (1980). The OSC inverts this allocation entirely.

A Rule 12 dismissal on an affirmative defense is proper only where the defense is apparent from the face of the complaint. ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014). That standard is not remotely satisfied here. The face of the FAC does not establish a qualifying Younger proceeding, a final judgment, or an issue actually litigated and necessarily decided. It pleads the opposite: current federal SBA and RICO controversies and 2026 injury facts that post-date every state-court filing. If the Court had applied the ASARCO standard before issuing the OSC, the OSC would never have been entered.

The Supreme Court has repeatedly warned against precisely this kind of judicial issue creation. The federal judiciary operates within a party-driven adversarial system, and courts are not to assume the role of advocates. United States v. Sineneng-Smith, 590 U.S. 371, 375-76 (2020); Greenlaw v. United States, 554 U.S. 237, 243-44 (2008). Plaintiff does not dispute that the Court may manage its docket or raise genuine jurisdictional defects. But where the doctrines at issue are affirmative defenses and narrow abstention rules, and where their required predicates are absent from the face of both the order and the complaint, the Court has no business forcing Plaintiff to become the moving party on a dismissal motion against his own FAC. That is advocacy for Defendants, not case management.

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

The prejudice is concrete and measurable. Plaintiff is incarcerated. He is proceeding without counsel. The OSC required him to identify and defeat Defendants' potential affirmative defenses before any Defendant identified a single final judgment, actually decided issue, party relationship, Younger proceeding, state-court record, or claim-specific theory. It then gave Defendants the last word after Plaintiff's compelled filing. The result is a procedural architecture designed to benefit one side: Defendants receive a free preview of every argument Plaintiff can make, while the Court's own unsupported hypothesis serves as the first dismissal brief against the operative pleading. Plaintiff is aware of no authority permitting this arrangement, and the Court has cited none.

The expense imposed by this process also matters, particularly because it is unrecoverable. Plaintiff had to expend limited resources to prepare this response to an OSC that no party requested and that no party's motion supports. Because Defendants did not bring the OSC, there is no ordinary adversarial fee-shifting mechanism by which Plaintiff can recoup the cost of this forced briefing. That is precisely why the OSC should be discharged now. The Federal Rules were not designed to impose unrecoverable litigation burdens on incarcerated pro se plaintiffs in defense of doctrines whose threshold predicates are absent from the record.

## VII. CLAIM-BY-CLAIM RESPONSE

The same threshold defects annihilate every doctrine the OSC invokes as to every claim: no qualifying Sprint proceeding, no final state judgment, and no issue actually litigated and necessarily decided. That Plaintiff must nonetheless spell this out claim by claim is itself evidence of the OSC's improvidence. To comply with the order, Plaintiff applies those defects below.

**First Cause of Action - Declaratory Relief Against SBA**

This claim concerns Plaintiff's guarantor discharge, exoneration, reduction, and obligations under the ET SBA loan after the SBA received notice of collateral diversion and failed to act. Younger is inapplicable on its face: this claim is against a federal

agency and does not seek to restrain any state proceeding. Res judicata cannot apply because the SBA is not a party to either state case and no final judgment exists in any forum. Collateral estoppel cannot apply because no state court has actually litigated or necessarily decided Plaintiff's SBA guarantor discharge, exoneration, or collateral-impairment rights. The OSC identifies no basis for dismissal of this claim because no basis exists.

**Second Cause of Action - Breach of Implied Covenant Against SBA**

This claim arises from the SBA's alleged contractual bad faith after actual notice of collateral diversion and Plaintiff's inability to protect the collateral. Younger is irrelevant: this is a federal contract claim against a federal agency, not a state criminal, quasi-criminal, or state-order-enforcement proceeding. Res judicata and collateral estoppel fail for the same independently dispositive reasons: no state judgment exists, the SBA is not a state-case party, and no identical SBA contract issue has been actually decided anywhere.

**Third Cause of Action - Civil RICO, 18 U.S.C. § 1962(c)**

This is a federal statutory claim for business and property injury under 18 U.S.C. § 1962(c), based on alleged extortionate conduct, business takeover, collateral diversion, and monetization of proceeds. Younger is categorically inapplicable: private pending civil cases are not Sprint proceedings, and the FAC does not seek to enjoin or interfere with the state cases in any way. Res judicata fails because there is no final state judgment and the RICO claim has never been adjudicated. Collateral estoppel fails because no state court has actually decided any RICO enterprise, pattern, predicate-act, causation, injury, or damages issue. This claim exists solely in federal law. No state proceeding has touched it.

**Fourth Cause of Action - Civil RICO Conspiracy, 18 U.S.C. § 1962(d)**

This federal conspiracy claim under 18 U.S.C. § 1962(d) is equally beyond the reach of every doctrine the OSC invokes. It does not interfere with any qualifying state proceeding. It is not barred by res judicata because there is no final judgment. It is not

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

barred by collateral estoppel because no identical RICO conspiracy issue has been actually litigated and necessarily decided in any forum.

**Fifth Cause of Action - Breach of Fiduciary Duty Against James Wald**

Even assuming some factual overlap with the 2024 state business case, overlap is not preclusion, and the Court's conflation of the two concepts is error. Younger is inapplicable because the 2024 case is a private civil dispute outside every Sprint category. Res judicata fails because the state case is pending and has produced no final judgment. Collateral estoppel fails because no identical fiduciary-duty issue has been actually litigated and necessarily decided in any final state adjudication. The law on this point could not be clearer.

**Sixth Cause of Action - Voidable Transaction**

This claim challenges transfers of collateral, proceeds, assets, and traceable property under the Uniform Voidable Transactions Act. Younger is inapplicable because adjudicating a UVTA claim does not enjoin a criminal prosecution, a state enforcement action, or state-court order enforcement. Res judicata cannot apply absent a final state judgment on any transfer claim. Collateral estoppel cannot apply absent an actual and necessary state-court decision on the challenged transfers, value, intent, insolvency, transferee liability, or remedies. No such decision exists.

**Seventh Cause of Action - Restitution, Disgorgement, and Money Had and Received**

This claim seeks return of money, benefits, collateral value, proceeds, and traceable substitutes retained by the private defendants. Younger is inapplicable because the state actions are private civil cases outside Sprint. Res judicata fails because there is no final judgment. Collateral estoppel fails because no state court has finally determined entitlement to restitution, disgorgement, accounting, tracing, constructive trust, equitable lien, or money had and received. The OSC points to nothing that would suggest otherwise.

**Eighth Cause of Action - Civil Conspiracy**

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

This claim is pleaded as a basis for joint liability for underlying wrongs, not as any attempt to interfere with a state proceeding. Younger is categorically inapplicable under Sprint. Res judicata cannot apply because no state case has reached final judgment. Collateral estoppel cannot apply because no state court has actually and necessarily decided the existence, scope, participants, overt acts, causation, damages, or liability of the alleged conspiracy.

**Ninth Cause of Action - Indemnity, Reimbursement, and Exoneration Against James Wald**

This claim concerns co-guarantor and surety-related relief tied to the ET SBA loan and Plaintiff's current federal exposure. Younger is inapplicable because the claim does not challenge any qualifying state proceeding. Res judicata fails because no final judgment has determined any indemnity, reimbursement, contribution, exoneration, or subrogation claim. Collateral estoppel fails because no identical co-guarantor or surety issue has been actually litigated and necessarily decided. These are federal loan obligations. No state case has adjudicated them.

**Tenth Cause of Action - Declaratory Relief Regarding Collateral, Proceeds, and Traceable Property**

This claim seeks a declaration of rights in collateral, proceeds, substitute proceeds, revenues, and traceable property. Younger is inapplicable because the claim does not seek to restrain any Sprint-qualifying state proceeding. Res judicata fails because there is no final judgment and because the claim encompasses current federal SBA-related collateral and collection controversies that no state case addresses. Collateral estoppel fails because no state court has actually and necessarily decided the parties' rights to the specific collateral, proceeds, tracing, constructive trust, equitable lien, exoneration, reimbursement, indemnity, or subrogation relief sought here. The answer is the same for every claim, because the legal deficiency is the same for every claim.

## VIII. THE COURT MUST DISCHARGE THE OSC AND RETURN THE BURDEN TO DEFENDANTS WHERE IT BELONGS.

16

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

The proper course is not dismissal. The proper course is not further sua sponte expansion of the OSC. The only proper course is to discharge the OSC and restore the normal operation of the Federal Rules. If Defendants believe Younger, claim preclusion, issue preclusion, Colorado River, failure to state a claim, or any other theory warrants dismissal, they may file a motion directed to the operative FAC and carry the burden that the law assigns to them.

Plaintiff does not seek immunity from proper defenses. He objects to being conscripted into disproving defenses that no party has asserted and that, on the face of the OSC itself, lack every essential legal prerequisite. This Court should not dismiss live federal claims against a federal agency and private defendants on the strength of pending private state litigation that has produced no final judgment, no actually decided issue, and no qualifying Sprint proceeding. To do so would be reversible error.

At minimum, the Court should deem this response sufficient, discharge the OSC, and make clear that no further claim-by-claim submission is required unless Defendants first carry their own burden by identifying the specific claim, judgment, issue, party relationship, record, and doctrine on which they rely. Plaintiff will not submit additional briefing against the Court's sua sponte theory in the absence of an adversarial motion. The Federal Rules do not contemplate an indefinite cycle in which the Court hypothesizes grounds for dismissal and the incarcerated pro se plaintiff disproves them.

## IX. THE CUMULATIVE RECORD REQUIRES VOLUNTARY RECUSAL OR COMPELS A FORMAL DISQUALIFICATION MOTION.

Plaintiff raises this issue directly because the record now compels it. Under 28 U.S.C. § 455(a), a judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Liteky v. United States, 510 U.S. 540, 548 (1994). The standard is objective: whether a reasonable, fully informed observer would harbor doubts about the judge's impartiality. United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008). The question is not whether the judge is actually biased, but whether

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

the circumstances create a reasonable appearance of bias. The cumulative record in this case satisfies that standard.

Consider what a reasonable observer would see. First, this Court sua sponte issued an OSC predicated on legal doctrines whose threshold requirements are facially absent from the record. Sprint categorically forecloses Younger for private civil actions. Pending litigation cannot support res judicata without a final judgment. Pending litigation cannot support collateral estoppel without actual litigation and necessary decision. These are not close questions. They are not matters of reasonable legal disagreement. They are settled law that any competent review of the governing authorities would have identified before this order issued. The issuance of the OSC on these grounds raises the question whether the Court examined the authorities at all before requiring an incarcerated pro se plaintiff to carry the burden of disproving legally inert doctrines under threat of dismissal of his entire federal case.

Second, Plaintiff's ex parte application identified these errors with specificity and cited the controlling authorities. The Court's response did not engage with a single one of those authorities. The Court did not distinguish Sprint. The Court did not explain how res judicata applies without a final judgment. The Court did not explain how collateral estoppel applies without actual litigation and necessary decision. Instead, the Court cited the unremarkable proposition that plaintiffs bear the burden of establishing subject matter jurisdiction, Dkt. No. 48 at 2, and treated that truism as if it answered the entirely different question Plaintiff raised: whether the specific doctrines the OSC invokes are legally applicable to the facts and procedural posture of this case. They are not. The Court's refusal to engage with the substance of the argument, after the argument was brought directly to the Court's attention with supporting authority, is not the hallmark of impartial adjudication. It is the hallmark of a Court that has reached its conclusion and will not be moved by law or logic.

Third, in that same order, the Court granted Defendants' ex parte application to stay their answer obligation. That application sought nothing that qualifies as emergency

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

relief. It sought an extension of a responsive-pleading deadline. That is ordinary scheduling relief, available by stipulation or noticed motion. Granting it through ex parte procedure, while denying the incarcerated pro se plaintiff's substantive application identifying specific legal errors, is precisely the kind of disparate treatment that a reasonable observer would view as outcome-driven rather than law-driven. The observable pattern is unmistakable: this Court has erected procedural barriers against the incarcerated pro se plaintiff at every turn while clearing the path for represented defendants who have not yet filed a single responsive pleading directed at the operative complaint.

Plaintiff affords this Court the courtesy of raising the issue here rather than proceeding directly to a formal motion under 28 U.S.C. § 455(a) or § 144. If the Court recognizes that its cumulative conduct in this case, including the issuance of a legally unsupported OSC, the refusal to engage with controlling authorities brought to its attention, and the grant of improper ex parte scheduling relief to represented defendants while denying substantive relief to an incarcerated pro se plaintiff, creates a reasonable question about its impartiality, voluntary recusal is the appropriate and dignified course. If the Court does not voluntarily recuse, Plaintiff will pursue formal disqualification through the proper procedural channels. The Court should understand that Plaintiff raises this issue not out of disrespect for the judiciary, but out of respect for the principle that every litigant, including an incarcerated one, is entitled to a fair and impartial tribunal. This Court's conduct to date has placed that entitlement in serious doubt.

## CONCLUSION

Plaintiff has shown cause, and has done so decisively. Younger abstention does not apply to any claim because the state cases are private civil actions outside every Sprint category and the FAC does not seek to interfere with any qualifying state proceeding. Res judicata does not apply to any claim because there is no final state judgment. Collateral estoppel does not apply to any claim because no identical issue has been actually litigated and necessarily decided. Each of these conclusions was apparent

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

from the face of the FAC before the OSC was entered. Each of these conclusions was also apparent from the face of Plaintiff's ex parte application, which identified the governing authorities with specificity, and which this Court denied without engaging with a single one of them. The Court's June 25, 2026 order (Dkt. No. 48) did not refute Plaintiff's legal analysis because Plaintiff's legal analysis is correct. The Court's order simply ignored it.

The Court should discharge the OSC immediately and allow the case to proceed under the Federal Rules as they are written. Alternatively, the Court should require Defendants to present any abstention or preclusion argument by proper motion directed to the FAC, with Defendants bearing the burden of identifying the specific claim, judgment, issue, party relationship, record, and doctrine on which they rely. Plaintiff has now expended significant resources disproving a theory that no party advanced and that the governing authorities foreclose. The Court should not require him to do so again.

Additionally, in light of the Court's June 25, 2026 order, the cumulative record now compels Plaintiff to place the question of judicial impartiality squarely before this Court. The issuance of a legally unsupported sua sponte OSC, the refusal to engage with controlling authority when the errors were identified, and the disparate procedural treatment of the parties' competing ex parte applications collectively create a reasonable question about this Court's impartiality under 28 U.S.C. § 455(a). If this Court cannot or will not apply the governing law impartially, Plaintiff is entitled to a tribunal that will. The Court should voluntarily recuse. Plaintiff will preserve the record of every procedural irregularity for appellate review.

Dated: June 26, 2026

Respectfully submitted,

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE**

**CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this response contains approximately 6,500 words, excluding the caption, signature block, and certificate. The document is typed in Times New Roman 14-point font and complies with the Court's formatting requirements.

Dated: June 26, 2026

Respectfully submitted,

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona


**PROOF OF SERVICE**

I, Tyler Martin, declare as follows:

I am over the age of eighteen years and am not a party to this action.

On June 25, 2026, I served the following document:

PLAINTIFF TRAVIS EDWARD MARTIN'S RESPONSE TO ORDER TO SHOW CAUSE WHY CLAIMS SHOULD NOT BE DISMISSED UNDER YOUNGER ABSTENTION, RES JUDICATA, OR COLLATERAL ESTOPPEL

To:

Law Office of Ball & Yorke

1001 Partridge Drive, Suite 330

Ventura, California 93003-0708

Service was made by mail to counsel of record for the appearing private Defendants at the address identified above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2026, at Ventura, California.

/S/ TYLER MARTIN

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE