Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED
CLERK, U.S. DISTRICT COURT

6/24/2026

CENTRAL DISTRICT OF CALIFORNIA
BY_____jji_____DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>    Defendants. | Case No. 2:26-cv-03714-WLH-DFM<br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' CONTINUED DEMAND FOR DIRECT COMMUNICATION**<br><br>**Scheduling Conference:** July 10, 2026<br>**Time:** 1:00 p.m.<br>**Courtroom:** 9B |

1

Plaintiff Travis Edward Martin, appearing in propria persona, files this Supplemental Notice to place on the record that defense counsel Allen R. Ball is deliberately exploiting a communication barrier that his own criminal misconduct created in order to manufacture a false record of noncooperation against Plaintiff.

On June 18, 2026, Plaintiff filed a Notice of Rule 26 Exemption and Objection with this Court. That filing established three facts: (1) Plaintiff is exempt from Rule 26(a)(1) initial disclosures, the Rule 26(f) conference, and the discovery-plan process under Federal Rule of Civil Procedure 26(a)(1)(B)(iv), Rule 26(f)(1), and Local Rule 16-12(c); (2) CDCR imposed a no-contact order prohibiting Plaintiff from communicating with Mr. Ball by any means; and (3) Mr. Ball's criminal misconduct was the sole and direct cause of that no-contact order. Plaintiff warned the Court that Defendants would attempt to use the communication bar to manufacture a false record of noncooperation.

Six days later, Mr. Ball did exactly that. On June 24, 2026, Mr. Ball sent Plaintiff a letter demanding a response "no later than June 25, 2026," directing Plaintiff to email him at "aball@ballandyorkelaw.com" and "chernandez@ballandyorkelaw.com," and threatening to tell the Court that Plaintiff "failed to respond" to three written "efforts to confer." A true and correct copy of that letter is attached as Exhibit A.

**I.      Mr. Ball Knows Plaintiff Cannot Communicate with Him Because Mr. Ball's Own Criminal Misconduct Created the Communication Bar.**

Mr. Ball's June 24 letter is not a good-faith effort to confer. Mr. Ball knows that CDCR imposed a no-contact order prohibiting Plaintiff from communicating with him. Mr. Ball knows why that order exists: his own criminal misconduct caused it. Mr. Ball knows Plaintiff filed a Notice with this Court on June 18, 2026, explaining these facts. Mr. Ball's letter acknowledges receiving that Notice. And yet Mr. Ball demands that Plaintiff email him anyway.

This is not a scheduling dispute. An attorney whose criminal misconduct caused a no-contact order is now demanding that the person he victimized violate that order to satisfy a litigation deadline the attorney himself set. The Court should not permit this.

2

## II.      Mr. Ball Cannot Even Argue That Plaintiff's Exemption Is Wrong.

Mr. Ball's letter states: "Defendants take no position on your claimed exemption at this time." This is a telling concession. Mr. Ball does not argue that Rule 26(a)(1)(B)(iv) is inapplicable. He does not argue that Rule 26(f)(1) does not exempt Plaintiff. He does not argue that Local Rule 16-12(c) does not apply. He cites no authority requiring Plaintiff to participate in the Rule 26(f) process despite the exemption. He offers no legal basis for the participation he demands.

Mr. Ball's position amounts to this: he acknowledges that the exemption exists, declines to challenge it, and then demands compliance with the very obligations the exemption eliminates. That is not a legal position. It is a litigation tactic designed to create a paper trail of unanswered correspondence that Defendants can later characterize as noncooperation.

## III.      Mr. Ball's Letter Executes the Exact Manufactured-Noncooperation Strategy Plaintiff Warned the Court About on June 18.

In his June 18 filing, Plaintiff warned the Court: "Defendants attempt to use that same communication bar to manufacture a false record of noncooperation." Plaintiff further warned: "The Constitution does not permit case-management procedures to operate as a litigation trap created by opposing counsel's misconduct."

Mr. Ball's June 24 letter is the execution of that strategy. The letter states that if Plaintiff does not respond, Defendants will:

(1) File the Rule 26(f) Report "reflecting Defendants' positions" on all issues without Plaintiff's input;

(2) "Notify the Court that written efforts to confer were made on June 17, June 23, and June 24, 2026, and that Plaintiff failed to respond."

The sequence is clear. Mr. Ball's criminal misconduct caused a no-contact order. That order prohibits Plaintiff from communicating with Mr. Ball. Mr. Ball then sends Plaintiff a series of letters demanding communication he knows Plaintiff cannot provide. When Plaintiff does not respond to correspondence he is legally prohibited from

3

PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' CONTINUED DEMAND FOR DIRECT COMMUNICATION

answering, Mr. Ball characterizes that silence as a "failure to respond" and asks the Court to proceed without Plaintiff's participation. The result is that Mr. Ball's misconduct produces a one-sided case-management process controlled entirely by the defense.

Plaintiff did not "fail to respond." Plaintiff filed a nine-page Notice and Declaration with this Court on June 18, 2026, explaining in detail why he is exempt from the Rule 26(f) process, why the CDCR no-contact order makes direct communication with Mr. Ball impossible, and why Defendants' proposed report is unilateral and must not be treated as Plaintiff's position. That filing was served on Mr. Ball. Mr. Ball received it. That filing was Plaintiff's response. The fact that it was filed with the Court rather than emailed to Mr. Ball does not make it a "failure to respond." It makes it a filing that Mr. Ball would prefer to ignore.

**IV.   Any Rule 26(f) Report Filed by Defendants Is Unilateral and Any Characterization of It as "Joint" Is False.**

Plaintiff reaffirms that he has not participated in a Rule 26(f) conference, has not agreed to any discovery plan, has not agreed to ADR selection, has not agreed to any pretrial or trial schedule, has not signed Defendants' proposed report, and has not authorized Defendants to file any document as joint.

Any Rule 26(f) report filed by Defendants is unilateral. If Defendants file a document titled "Joint Report" or otherwise characterize it as reflecting Plaintiff's participation, position, waiver, consent, or compliance, that characterization is false. Plaintiff has told Mr. Ball it is false. Plaintiff has told this Court it is false. If Mr. Ball files it as joint anyway, he does so with full knowledge that the characterization is inaccurate and that Plaintiff has objected to it on the record.

**V.   Reaffirmation of Prior Positions and Non-Waiver.**

Plaintiff reaffirms every position, objection, and non-waiver stated in his June 18, 2026 Notice of Rule 26 Exemption and Objection. Plaintiff does not waive his Rule

26(a)(1)(B)(iv), Rule 26(f)(1), Local Rule 16-12(c), no-contact, due process, access-to-courts, disqualification, or case-management objections.

**VI.    Request.**

Plaintiff respectfully requests that the Court:

(1) Take judicial notice that defense counsel is demanding direct communication with Plaintiff in deliberate disregard of a CDCR no-contact order that defense counsel's own criminal misconduct caused;

(2) Decline to treat any Rule 26(f) report filed by Defendants as joint, as reflecting Plaintiff's position, or as evidence of Plaintiff's noncooperation;

(3) Recognize that Plaintiff's June 18 filing and this Supplemental Notice constitute Plaintiff's good-faith response to the Rule 26(f) process, filed with the Court because direct communication with Mr. Ball is prohibited;

(4) Address these issues at the July 10, 2026 Scheduling Conference, including whether Mr. Ball's continued involvement in this case is appropriate given the CDCR no-contact order, the pending disqualification motion.

Dated: June 24, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Pro Per

PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' CONTINUED DEMAND FOR DIRECT COMMUNICATION

## PROOF OF SERVICE

I, Tyler Martin, declare:

1.    I am over the age of 18 and am not a party to this action.

2.    On June 24, 2026, I served the foregoing PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' CONTINUED DEMAND FOR DIRECT COMMUNICATION DESPITE CDCR NO-CONTACT ORDER on Allen R. Ball, counsel for the private defendants, by placing a true and correct copy in a sealed envelope, with first-class postage fully prepaid, addressed as stated below, and depositing the envelope in the United States mail.

3.    Service was made by U.S. mail only. Travis Edward Martin did not personally serve the document and did not communicate with Mr. Ball.

The envelope was addressed as follows:

Allen R. Ball, Esq.

LAW OFFICE OF BALL & YORKE

1001 Partridge Drive, Suite 330

Ventura, California 93003

Counsel for Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2026, at Ventura, California

/S/ TYLER MARTIN

PLAINTIFF'S SUPPLEMENTAL NOTICE REGARDING DEFENDANTS' CONTINUED DEMAND FOR DIRECT COMMUNICATION

# LAW OFFICE OF
# BALL & YORKE

**Allen R. Ball**
FOUNDING PARTNER

**Brian Yorke**
FOUNDING PARTNER

**Joseph Rocco Jones**
PARTNER

**Brett Yorke**
PARTNER

**Esther R. Sorkin**
ASSOCIATE

June 24, 2026

Via Email and US Mail
*martin57290@gmail.com*

Travis Martin
The UPS Store
1746 F South Victoria Avenue, Suite 104
Ventura, CA 93003

Travis Martin (CDCR# BU6031)
Richard J. Donovan Correctional Facility
480 Alta Road
San Diego, CA 92179

     Re:    *Martin v. United States Small Business Administration, et al.*, Case No. 2:26-cv-03714-WLH-DFM

## FOLLOW-UP REGARDING SCHEDULING CONFERENCE AND RULE 26 ISSUES

Mr. Martin:

On June 17, 2026, I sent you a letter initiating the Rule 26(f) conference of parties required by Federal Rule of Civil Procedure 26(f) and Central District Local Rule 26-1. Enclosed with that letter was a draft Joint Rule 26(f) Report for your review. On June 23, 2026, I sent you a follow-up letter again requesting your response and advising you of the urgency of the filing deadline. As of the date of this letter, I have not received any response from you.

I am writing to follow up and to advise you of the urgency of this matter. As stated in my June 17 letter, the Rule 26(f) conference must be completed no later than June 18, 2026, and the Joint Rule 26(f) Report must be filed with the Court no later than June 26, 2026. These are court-imposed deadlines that cannot be extended without Court approval.

I understand that your incarceration may create delays in receiving and responding to correspondence. If that is the reason for the absence of a response, please respond by the earliest available means by email to "aball@ballandyorkelaw.com" & "chernandez@ballandyorkelaw.com" as soon as you receive this letter.

1001 Partridge Drive Suite 330 Ventura, California 93003   ·   P 805.642.5177   ·   F 805.642.4622   ·   BallandYorke.com

Re: Martin v. Wald, et al.
June 24, 2026; Page -2-

We are in receipt of your notice dated June 18, 2026, in which you assert an exemption from the Rule 26(a)(1) initial disclosure and Rule 26(f) conference requirements pursuant to Federal Rule of Civil Procedure 26(a)(1)(B)(iv). Defendants take no position on your claimed exemption at this time. However, please be advised that the Court's May 26, 2026 Order Setting Scheduling Conference (ECF No. 32) expressly requires pro se litigants to comply with the Order and participate in the scheduling conference. Regardless of the applicability of the Rule 26 exemption, the Joint Rule 26(f) Report must be filed no later than June 26, 2026, and the Scheduling Conference is set for July 10, 2026. Defendants intend to file the report and appear at the conference as required.

Please be advised, however, that if your failure to respond reflects an unwillingness to participate in the conference process, Defendants will have no choice but to proceed as follows:

(1) File the Joint Rule 26(f) Report reflecting Defendants' positions on all issues, without your input;

(2) Notify the Court that written efforts to confer were made on June 17, June 23, and June 24, 2026, and that Plaintiff failed to respond; and

I urge you to respond immediately. The enclosed draft Joint Rule 26(f) Report remains available for your review and comment. If you agree with the report as drafted, please so advise me in writing and I will proceed to finalize and file it.

In addition to your general comments on the draft report, your input is specifically needed on the proposed pretrial and trial dates set forth in the schedule attached to the report. The Court requires that the parties make every effort to agree on dates before the Scheduling Conference on July 10, 2026. Please review the proposed schedule and advise whether you agree with the dates as proposed or have any objections or alternative dates to suggest. If we do not hear from you, Defendants will propose dates unilaterally and the Court will be advised that Plaintiff did not participate in the scheduling process.

**Time is of the essence. Please respond no later than June 25, 2026.**

Sincerely,

Law Office of BALL & YORKE

ALLEN R. BALL

ARB/ch
Enclosures