UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:26-cv-03714-WLH-DFM | | Date | July 2, 2026 |
|---|---|---|---|---|
| Title | *Travis Edward Martin v. United States Small Business Administration* | | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR VOLUNTARY RECUSAL OF THE HONORABLE WESLEY L. HSU UNDER 28 U.S.C. § 455(a) [53]**

The Court is in receipt of Plaintiff's *Ex Parte* Application for Voluntary Recusal of the Honorable Wesley L. Hsu Under 28 U.S.C. § 455(a) (Application, Dkt. No. 53). Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

A federal judge must disqualify themself from any proceeding in which their "impartiality might reasonably be questioned." 28 U.S.C. § 455(a).    The standard for recusal under 28 U.S.C. § 455 is:  "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quote omitted). "Ordinarily, the alleged bias must stem from an 'extrajudicial source.'" (citation omitted) (*quoting United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).

The Court finds that Plaintiff's Application for voluntary recusal lacks merit under Section 455(a).  Canon 3A(2) of the Code of Conduct for the United States Judges states

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

that judges have the duty to "hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings."  Code of Conduct for United States Judges § 3(A)(2).  Plaintiff nonetheless challenges this Court's order to show cause on subject matter jurisdiction and the Court's resolution of his prior *ex parte* application, (Dkt. No. 41).  (*See* Application at 6-12).  For example, Plaintiff contends that the Court "ignores controlling authority brought directly to its attention, and substitutes a non-responsive legal principle in its place, is not adjudicating."  (Application at 6).  Plaintiff also argues that there are "demonstrable errors of law in the Court's own order."  (*Id.* at 8).  It is, however, well-established that "a judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Liteky*, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion."); *see also F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) (explaining that "Judges are known to make procedural and even substantive errors on occasion" but that such errors "would be the basis for appeal, not recusal").

While Plaintiff states that he "recognizes that adverse rulings alone rarely support recusal," (Application at 11), Plaintiff's arguments merely challenge this Court's order to show cause on subject matter jurisdiction and the Court's resolution of his prior *ex parte* application.  (*See* Application at 6-12).  "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  L*iteky v. United States*, 510 U.S. 540, 555 (1994).  Plaintiff contends that the "cumulative record" shows that the Court "display[s] a deep-seated favoritism or antagonism," but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Plaintiff bases this conclusion entirely upon the Court's prior adverse rulings. (Application at 11).

Having reviewed Plaintiff's Application, the Court finds that Plaintiff fails to set forth sufficient factual allegations to require disqualification pursuant to 28 U.S.C. § 455, or any evidence tending to show any personal bias stemming from "deep-seated favoritism or antagonism." Accordingly, Plaintiff's Application is **DENIED**.

**IT IS SO ORDERED.**