UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Travis Edward Martin, et al.,<br><br>Plaintiff,<br><br>v.<br><br>United States Small Business Administration, et al.,<br><br>Defendant. | Case No. 2:26-cv-03714-WLH-DFM<br><br>**STANDING ORDER FOR MOTIONS FOR SUMMARY JUDGMENT** |

**READ THIS ORDER CAREFULLY. IT CONTROLS THIS CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

When filing or opposing a motion for summary judgment, a party must comply with Federal Rules of Civil Procedure Rule 56, Local Civil Rule 56 of the Central District of California, this Order, and the Court's Standing Order for Civil Cases. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that clearly identifies the facts material to the motion for summary judgment (e.g., generous use of tabs, tables of contents, headings, indices, etc.).

The Court sets forth the following requirements for all motions brought pursuant to Fed. R. of Civ. P. 56 (hereinafter referred to as "MSJ"), whether they are denominated as a motion for summary judgment or summary adjudication.

1.

## A.   GENERAL REQUIREMENTS

**1.   Meet and Confer.**  For an MSJ to be timely filed, the moving party must arrange for an in-person meeting or videoconference to take place no later than sixty (60) days before the motion hearing cutoff set forth in the case management order. The parties shall thoroughly discuss each issue to be raised and the law and evidence relevant to that issue.  A thorough discussion serves a critical function by often narrowing the issues to be adjudicated and allowing the parties to squarely and fully address the actual issues requiring resolution.

**2.   Joint Brief Required.**  The parties shall work cooperatively to submit a single joint brief, that is including moving and opposition papers, for any MSJ brought by any moving party(ies).  If multiple parties are moving for summary judgment, the parties should designate only one party as "the moving party" for purposes of the briefing schedule.  The Court expects the parties to work together professionally and agree on which party should be designated the moving party.  If the parties are unable to agree, the defendant(s) shall be deemed the moving party.  The parties may agree to modify the pre-filing deadlines in the briefing schedule without leave of Court only if: (1) all parties agree to the modifications; and (2) the MSJ is timely filed under the case management order.

**3.   Multiple Joint Motions are Highly Disfavored.**  No more than one joint motion may be filed under Fed. R. Civ. P. 56 without leave of court, regardless of whether such motion is denominated a motion for summary judgment or summary adjudication.  In the rare case in which leave of Court is sought, the parties shall file a joint noticed motion setting forth their respective positions on the existence of good cause for the filing of multiple motions.  If multiple motions for summary adjudication are filed by the same party without leave of court, the first filed motion will be considered and the subsequent motion(s) will be stricken.

**4.   Cross Motions on the Same Legal Issues are Highly Disfavored.**  The Court disfavors cross-motions that seek to adjudicate the same legal issues.  If a non-

moving party has a good faith belief that the undisputed material facts relied on by the moving party actually demonstrate that the opposing party is entitled to summary judgment on the same legal issue, the non-moving party should set forth its argument in its response to the moving party's argument and request summary judgment. Pursuant to Fed. R. Civ. P. P. 56(f), if appropriate based on undisputed facts and controlling principles of law, the Court may grant summary judgment for the non-moving party or *sua sponte* enter summary judgment in favor of the non-moving party. If each party is seeking to move for summary judgment on different claims or defenses, each party should meet and confer and follow the same procedures set forth in this Order.

**5.     Appropriate Timing.** Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. As a courtesy to both the Court and the opposing party, a moving party should not wait until the last possible day to initiate the filing of an MSJ. On the other hand, premature MSJs— e.g., motions claiming that the opposing party has insufficient evidence when discovery does not close for another six months—only waste time and money for the parties and the Court.

**6.     Page Limitation and Format.** Each separately represented party shall be limited to twenty-five (25) pages, exclusive of tables of contents and authorities. Replies shall not exceed ten (10) pages. Only rarely and for good cause shown will the Court grant an application to extend these page limitations. The parties should agree on the formatting to be used. Pursuant to Local Rule 11-3.1.1, either a proportionally spaced or monospaced face may be used. Typeface shall comply with Local Rule 11-3.1.1. Times New Roman font must be no less than fourteen (14) point; Courier font must be no less than twelve (12) point. Footnotes shall be in the same font and the same size as the body of the memorandum. Counsel shall adhere to Local Rule 5-4.3 with respect to the conversion of all documents to .pdf format so that when a document is electronically filed, it is in proper size and is .pdf searchable.

Further, all documents shall be filed in a format so that text can be selected, copied, and pasted directly from the document. *See* Local Rule 5-4.3.1.

**7. Scheduling a Hearing.** Counsel need not request a hearing date and may notice a MSJ hearing for any Friday (except holidays) at 11:00 a.m. Immediately before filing the motion, parties must check the closed motion dates column located on the right side of Judge Hsu's Procedures and Schedules Page on the Court's website to make sure the hearing date has not been closed. (https://www.cacd.uscourts.gov/honorable-wesley-l-hsu). The closed date column is typically updated on a weekly and sometimes daily basis. If a motion is calendared for a date that is closed or becomes unavailable on the Court's calendar, the Court will issue a minute order continuing the motion to a date that is available.

**8. Mandatory Chambers Copies**. Parties should submit one (1) paper copies of all MSJ filings to Judge Hsu's mailbox on the Fourth Floor of the First Street Courthouse. *Pro Se* litigants are exempt from this requirement.

**B. JOINT BRIEF**

**1. Content and Organization of Joint Brief**. The Joint Brief should contain the following: (1) a table of contents; (2) a table of authorities; (3) an optional brief introduction section stated jointly or, if stated separately by each party, stated under an appropriate subheading identifying the party (e.g., "ACME Co.'s Introduction" or "Defendant's Introduction"); (4) a statement of facts section stated jointly or, if stated separately by each party, stated under an appropriate subheading identifying the party (e.g., "ACME Co.'s Statement of Facts" or "Defendant's Statement of Facts"); (5) an analysis or argument section that sets forth the summary judgment standard, followed by arguments organized by issue that present the parties' competing positions on an issue-by-issue basis. For each issue, the moving party shall present legal argument, citation to authority where applicable, and citation to the Joint Appendix of Facts, see below, followed immediately by the opposing party's response that similarly must be supported by legal argument, citation to authority, and citation

4.

to the Joint Appendix of Facts.

To illustrate the foregoing, the following *suggested* organization is provided:

Table of Contents

Table of Authorities

I.      Introduction

        A. Moving Party's Introduction

        B. Opposing Party's Introduction

II.     Statement of Facts

        A. Moving Party's Statement of Facts

        B. Opposing Party's Statement of Facts

III.    Legal Standard

IV.     Analysis

        A. Moving Party's Argument 1

                1. Summary Judgment Should be Granted on Plaintiff's Breach of Contract Claim because….

                2. Opposing Party's Response

        B. Moving Party's Argument 2

                1. Summary Judgment Should be Granted on Plaintiff's Tort Claim because….

                2. Opposing Party's Response

V.      Conclusion

To illustrate a cross motion for summary judgment, the following *suggested* organization is provided:

Table of Contents

Table of Authorities

I.      Introduction

        A. Moving Party's Introduction

5.

B. Opposing Party's Introduction

II. Statement of Facts

A. Moving Party's Statement of Facts

B. Opposing Party's Statement of Facts

III. Legal Standard

IV. Defendant's Motion for Summary Judgment

A. Defendant's Argument 1

1. Summary Judgment Should be Granted on Plaintiff's Breach of Contract Claim because….

2. Opposing Party's Response

B. Defendant's Argument 2

1. Summary Judgment Should be Granted on Plaintiff's Tort Claim because….

2. Opposing Party's Response

V. Plaintiff's Motion for Summary Judgment

A. Plaintiff's Argument

1. Summary Judgment Should be Granted on Plaintiff's Employment Claim because….

2. Opposing Party's Response

VI. Conclusion

A. Plaintiff's Brief Conclusion

B. Defendant's Brief Conclusion

**2.** **Briefing Schedule.** The schedule for the Joint Brief shall be as follows:

**(a)** **Meet and Confer.** For an MSJ to be timely filed, the moving party must arrange for an in-person meeting or videoconference to take place no later than sixty (60) calendar days before the motion hearing cutoff set forth in the case management order. The parties, however, should make every effort to meet sooner than the sixtieth day to allow sufficient time to discuss the MSJ and for briefing.

**(b)      Moving Party's Portion of the Joint Brief.**  No later than fourteen (14) days after the meet and confer, the moving party shall personally deliver or email to the opposing party an electronic copy of the moving party's portion of the Joint Brief, together with the moving party's portion of the Joint Appendix of Facts and Joint Appendix of Evidence, see below.  These documents should allow the opposing party to integrate content without modifying the moving party's separate portions of the Joint Brief, Joint Appendix of Facts, and Joint Appendix of Evidence.

**(c)      Opposing Party's Portion of the Joint Brief.**  No later than fourteen (14) days after receiving the moving party's papers, the opposing party shall personally deliver or email to the moving party an electronic copy of the integrated motion, which shall include the opposing party's portion of the Joint Brief, Joint Appendix of Facts, and Joint Appendix of Evidence.  The opposing party shall not modify in any way the moving party's separate portions of the joint brief.  At this point, the opposing party should sign the Joint Brief.

**(d)      Filing of Joint Brief.**  After receiving the integrated version of the motion and related papers, the moving party shall finalize it for filing without making any further revisions to the Joint Brief and appendices, except to note in the Joint Appendix of Facts (in the format described in the instructions below) whether any facts added by the opposing party are disputed or undisputed.  Once finalized, the moving party's counsel shall sign and electronically file the Joint Brief, Joint Appendix of Facts, and Joint Appendix of Evidence no later than four (4) days after receiving the opposing party's signed copy.  The Joint Brief shall be accompanied by a Notice of Motion and Motion for Summary Judgment and shall be calendared pursuant to the Local Rules, Judge Hsu's Standing Orders, and Trial Dates Worksheet ("Worksheet") on an available date within the motion hearing cutoff.

**(e)      Reply Memorandum.**  No later than seven (7) days after the Joint Brief is filed and no later than twenty-one (21) days before the scheduled hearing date, the moving party may separately file a reply memorandum of points and authorities,

7.

not exceeding ten (10) pages in length.  The moving party may not use this filing to supplement the Joint Appendix of Facts or the Joint Appendix of Evidence in any way.  No additional briefing or filing in support of or in opposition to the MSJ is permitted.

**3.    Stipulations to Extend Briefing Schedule.**  The parties may stipulate to a lengthier briefing schedule that is reasonable for all parties.  If the parties are filing cross-motions for summary judgment on different claims, the briefing schedule will need to be adjusted to accommodate the cross-motions.  Any stipulation to a lengthier briefing schedule must provide the Court at least twenty-one (21) days between the reply deadline and the hearing date and comply with the motion hearing cut-off deadline referenced in the Court's Worksheet available on its website.

**C.    JOINT APPENDIX OF FACTS (JAF)**

The Joint Brief shall be accompanied by a single statement of undisputed and disputed facts contained in a Joint Appendix of Facts (JAF) presented in a table format.

**1.    Table Format.**  The JAF table shall contain four columns.

**(a)    Column No. 1.**  The first (far left) column shall contain the number of the fact alleged to be undisputed.  All asserted undisputed facts shall be sequentially numbered and divided into sections according to the element of proof to which the facts relate.

**(b)    Column No. 2.**  The second column shall contain a plain statement of the fact.  Facts shall not be compound (e.g., Mike and Jane signed a contract, and Jane mailed the contract in May 2017).  Each fact must be stated separately in its own row as shown below.  Neither legal arguments nor conclusions constitute facts.  Facts shall not be repeated if they relate to multiple claims for multiple elements of proof.  The first reference to a fact in the Joint Appendix of Facts shall serve and—through incorporation by reference—can be cited to support all subsequent claims (e.g., "See JAF 1–5").

(c) **Column No. 3.** The third column shall contain a citation to admissible evidence that supports the proffered fact; the evidence cited must be included in the Joint Appendix of Evidence.

(d) **Column No. 4.** The fourth column shall contain the opposing party's response to the fact alleged to be undisputed: (1) stating that the fact is undisputed or disputed, (2) briefly stating why the opposing party disputes the fact, (3) citing with specificity the evidence that refutes the fact, and (4) explaining how the cited evidence refutes the fact; the evidence cited must be included in the Joint Appendix of Evidence.

2. **Headers.** Where feasible, parties should use headers to group facts relevant to a particular issue. *See* Example below.

3. **Example.** The table below illustrates the format that must be used.

| No. | Fact | Supporting Evidence | Def's Response |
|---|---|---|---|
| **Plaintiff's Claim for Breach of Contract is Barred by the Statute of Limitations** | | | |
| 1. | Mike and Jane signed a contract for the sale and purchase of property. | Smith Decl. ¶ 5, Ex. 6. | Disputed. Jane testified that the contract was for a lease, not a purchase. Jane Depo. 29:4-16, Ex. 1. |
| 2. | Jane mailed the contract in May 2017. | Smith Decl. ¶ 8, Ex. 21. | Disputed in Part. Jane testified she mailed the contract in January 2017. Jane Depo. 3:4-10, Ex. 1. |
| **Plaintiff Concealed a Material Fact When Entering into the Contract** | | | |
| 3. | Jane stated the property was not located in a flood zone. | Smith Decl. ¶ 8, Ex. 6. | Disputed. Jane testified that she mailed Mike a FEMA risk map in February 2017. Jane Depo. 42:4-16, Ex. 1. |

9.

**4.**    **Good Faith Preparation.**  The parties shall cooperate to prepare the JAF in good faith.

(a)    The parties shall work cooperatively to identify a single set of facts alleged to be undisputed to avoid unnecessary duplication or confusion.

(b)    The parties shall provide only material facts, in a noncompound form, arranged according to their relevancy to a particular issue.  Do not rotely "cut and paste" from the "Statement of Facts" of the Joint Brief.

(c)    If a party disputes a fact in bad faith by offering evidence that does not contradict the proffered fact or by failing to provide a specific citation to the supporting evidence, the Court will deem the fact undisputed for purposes of the motion.  *See* Fed. R. Civ. P. 56(e)(2); L.R. 56-3.

(d)    If a party disputes a fact in part, the disputing party should state "Disputed in Part," highlight the disputed part in bold italics, and provide the specific evidentiary support for the dispute (see example above).  A party that lacks candor in failing to acknowledge the limited extent of the dispute forces the Court to expend needless resources discovering it itself.

(e)    The JAF should be as narrow and concise as the issues on summary judgment properly warrant.  If the Court determines that the JAF is unjustifiably long or unwieldy, the Court may strike the JAF and require the parties to refile it (and any document citing it) within two (2) business days.

(f)    The parties shall not engage in deliberate gamesmanship designed to abuse the process and should be prepared to justify each purportedly disputed fact at the hearing.  Abuses include, but are not limited to, the following tactics:

i.    Stating a fact is undisputed when it clearly is not;

ii.    Disputing a clearly undisputed fact in whole or part;

iii.    Manufacturing a dispute by mischaracterizing evidence, reframing the stated fact in order to dispute the fact as reframed, or using an evidentiary objection to dispute an undisputed fact;

10.

**iv.** Making legal argument in the JAF; and

**v.** Introducing clearly irrelevant or immaterial facts for the obvious purpose of obfuscation.

**D.      JOINT APPENDIX OF EVIDENCE (JAE)**

The Joint Brief shall be accompanied by a Joint Appendix of Evidence (JAE) (e.g., a separate, tabbed appendix of all evidence in support of or opposition to the MSJ, including declarations, deposition excerpts, documents, photographs, etc.). Physical evidence (e.g., video recordings) shall be lodged separately.  No evidence should be attached to a memorandum of points and authorities or included anywhere other than in the JAE.  The JAE shall include a table of contents.  The JAE shall be filed as a single, combined PDF; more than one PDF may be filed if file-size constraints preclude filing the JAE as a single PDF.  In the event multiple PDFs are necessary to file the JAE, each file shall be titled by part and exhibit series (e.g., JAE Part 1, Exhibits 1–50).  Each exhibit within the JAE must be bookmarked; the bookmark should include the exhibit number and a brief description of the exhibit (e.g., Ex. 1 – Jones Depo. Excerpts).

Declarations shall set out admissible facts without any argument, and evidence must be submitted either by stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and must not be attached to the Joint Brief.  No party shall submit evidence other than the specific evidence necessary to support or controvert a proposed statement of undisputed fact.  Do not, for example, submit the entire deposition transcripts or an entire set of interrogatory responses when relying on only a portion of such documents.  Documentary evidence for which there is no stipulation regarding authenticity must be accompanied by testimony, either by declaration or deposition transcript, of a witness who can establish authenticity.

**E.      JOINT APPENDIX OF OBJECTIONS (JAO)**

The Joint Brief shall be accompanied by a Joint Appendix of Objections (JAO)—i.e., evidentiary objections, if any, shall be made in a single, separate

11.

document presented in a four-column table as follows:

| Objector | Evidence | Objection (O)/Response (R) | Ruling |
|---|---|---|---|
| Plaintiff | 1. "Jane mailed the contract in May 2017." (Smith Decl. ¶ 8.) | O: Lacks foundation. R: Smith saw Mary mail it. (¶ 8.) | S/O |

Failure to comply with this formatting requirement will result in a waiver of the objections.  Blanket or boilerplate objections will be overruled and disregarded.  If any party has an objection to evidence that is claim- or case-dispositive, the party must state the objection in the appropriate section of the Joint Brief.

## F.    HEARING

**1.  Oral Argument Time Limits.**  If oral argument is permitted, each party will have 10 minutes, unless the Court states otherwise.  If the Court believes that the matter warrants less or more time, it will advise counsel at the hearing.

**2.  Submission Without Oral Argument.**  Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court may deem a matter appropriate for decision without oral argument.  If, however, a written request for oral argument is filed by any side before a ruling, stating that a lawyer of five or fewer years out of law school will conduct the oral argument or at least the lion's share, then the Court will hear oral argument, believing that young lawyers need more opportunities for appearances than they usually receive.

**3.  Remote Appearances.**  Remote appearances are not permitted absent good cause.  The Court strongly prefers counsel to appear in person for MSJ hearings.  If exceptional circumstances exist, counsel may file an application to appear remotely detailing such circumstance.

**4.  Settlement.**  Counsel must notify the Court at least two weeks before the scheduled hearing if the parties are conducting settlement discussions that may render the motion moot and must notify the Court immediately if a settlement is reached.  A belated notice of settlement wastes scarce judicial resources.

## G.    **FAILURE TO COMPLY**

If it appears that the parties have not met and conferred in good faith, have not worked to fully integrate the Joint Brief, JAF, JAE, or JAO, or have otherwise failed to fully comply with this Order, the motion may be stricken, and the parties may be required to repeat the process. The deadline for hearing the motion will not be continued for failure to comply with this Order, absent good cause.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE

13.