Allen R. Ball, Esq. (State Bar #124088)
**LAW OFFICE OF BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 93003
(805) 642-5177; (805) 642-4622 Fax
aball@ballandyorkelaw.com

**Attorney for Defendants,**
**JAMES WALD; NATALIE WALD; JAYSON COHEN; AMERICAN LEGACY SOLUTIONS LLC and ELITE SOUND COMPANY, LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; <br><br> Defendants. | Case No.: 2:26-cv-03714-WLH(DFMx) <br> Judge: Hon. Wesley L. Hsu <br><br> **RESPONSE OF OF DEFENDANTS WALD, COHEN, AMERICAN LEGACY, AND ELITE TO COURT'S ORDER OF JUNE 2, 2026 RE: RES JUDICATA, COLLATERAL ESTOPPEL; ABSTENTION; AND LACK OF SUBJECT MATTER JURISDICTION** <br><br> **[Request for Judicial Notice served and filed concurrently herewith]** |

**TO THE COURT AND TO ALL PARTIES:**

As ordered by this court on June 2, 2026, Defendants respectfully present the attached both to advise the court of recent developments in the pending state cases and to show reasons why each and every claim against any or all of these responding Defendants alleged in the First Amended Complaint should be dismissed.

### *Memorandum of Points and Authorities*

**I   Defendants' Response to Plaintiff's General Attacks on this Court and Its June 2, 2026 Order to Show Cause.**

As plaintiff correctly notes, res judicata and collateral estoppel are simply inapplicable because there is no final judgment in either of the state cases -- and in California, a judgment is not final if an appeal is pending or could still be taken. (*Riverside Cnty Transportation Comm. v. So. Calif. Gas Co.*, 54 Cal.App.5th 823, 838, 268 Cal.Rptr.3d 196, 208 (4th Dist, Div. 2, 2020).)

Abstention, however does not require a final judgment so it is the only doctrine that will be discussed here.  Issues relate to abstention are closely related to issues of subject matter jurisdiction, as it determines whether this court should exercise any such power that the court possesses. (*Bean v. Matteucci*, 986 F.3d 1128, 1132 (9th Cir., 2021).)

This close relationship is shown by the fact that dismissals or stays pursuant to abstention doctrines have been treated as properly requested in a motion to dismiss for lack of subject matter jurisdiction. (*Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145, 1149 (9th Cir., 20250 [affirming stay granted in response to request under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).)

Only if this court "exercises its discretion to retain jurisdiction over supplemental state law claims" is there "subject matter jurisdiction" over those claims. (*Ho v. Russi*, 45 F.4th 1083, 1085 (9th Cir., 2022).)  This court's "authority to hear ….`motions to dismiss because another action is pending' lies in the `inherent power … to regulate actions pending before it.' [Citations deleted]" (*Ellison Framing, Inc. v. Zurich Am. Ins. Co.* 805 F.Supp.2d 1006, 1012 (ED CA, 2011).)

Defendants will address only issues related to abstention on a claim by claim basis.  Each argument will be set out in full once, and, repeated in a shortened form for all remaining claims.

**II    *Events in State Court Proceedings Occurring After the Filing of the Original Motion to Dismiss and Supporting Request for Judicial Notice***

Defendants provide the following information about matters occurring in the two state court cases cited in this court's order after the May 4, 2026 filings, which are relevant to show a not-previously-existing reason for dismissing this action.

First, trial in the case of *Martin* v. *Wald*, Ventura Co. Sup. Court Case No. 2024CUNP03282 (hereafter, referred to as the "Martin state case") remains currently scheduled for November 30, 2026. (1 RJN[1], Ex. "D".)  However, he has responded to some adverse rulings by filing a motion to vacate following the striking of an attempt to disqualify the trial court, as authorized by law. (Cal.Code Civ.Proc. § 170.4, subd. (b).). (2 RJN, Exs. "A" and "B".)

Second and most important here are events occurring in the case of *Wald v. Martin, et. al.*, Ventura Co. Sup. Court Case No. 2023CUPP012195 (hereafter, the "state Wald case") where current plaintiff Martin alleged that his First Amended Cross-Complaint was filed as a matter of right. (1 RJN, Ex. "F", page ID 209.)

The state court disagreed.  By a tentative ruling issued May 18, 2026 and confirmed on May 21, 2026, the First Amended Cross-Complaint was stricken **without prejudice** to bringing a noticed motion for leave to file a first amended cross-complaint.   (2 RJN, Ex. "C", p. 2, lines 16 to 18; p. 4 and pp. 6-7.)

Current plaintiff responded to the tentative by attempting to disqualify the state court judge and to the order by filing both a motion to vacate it and another attempt at disqualification. (2 RJN, Ex. "D", p. 1 [post order]- p. 9, lines 6 to 15 [pre-order, post tentative]; Ex. "E".)

On May 24, 2026, he filed the First Amended Complaint (hereafter, "FAC") in this court.  Plaintiff Martin has **not** filed the motion in the state Wald case despite the court order. (2 RJN Ex "F".)

---

[1]   "1 RJN" refers to the Request for Judicial Notice filed May 4, 2026 "2 RJN" refers to the Request for Judicial Notice served and filed concurrently herewith.

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

## *II*      *Abstention or Dismissal of the Third Cause of Action for Civil RICO 18 U.S.C. § 1962(c) Is Warranted.*

Abstention does not require final judgment.  Instead, as stated in this court's order, "a federal court should abstain from exercising jurisdiction if the three requirements are met: (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin and implicates important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co. v. Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989), quoting *Kerr v. United States District Court* (1976) 426 U.S. 394, 403 [48 L.Ed.2d 725, 96 S.Ct. 2119].)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed.  The delay in obtaining a final judgment strongly favors abstention because it increases the risk of duplicative litigation and/or inconsistent results.  (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

For example, this cause of action accuses defendant Natalie of using threats to obtain funds from Martin. (FAC, paras. 197, 198, 200), and these accusations are also at issue in the state Wald case. The delay in obtaining a final judgment in the state Wald case means that, if this court does not abstain, the same claims will be litigated twice -- with possibly inconsistent results.

Any and all federal claims can be raised in the state court.  The Civil RICO claim alleged here may be filed in state court.  (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).)  Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)  Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court; that he could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.  Two, are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)   The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

Third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

Despite the permission to do so, current plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.  (2 RJN, Ex. "E").  Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) In what is now a pattern, he has also attempted to disqualify the other state court judge.  (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

## IV   Abstention or Dismissal of the Fourth Cause of Action for Civil RICO Conspiracy 18 U.S.C. § 1962(d) Is Warranted.

As stated in this court's order, "a federal court should abstain from exercising jurisdiction if …   (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin and implicates important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in both the state Wald action and

this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co. v. Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989), quoting *Kerr v. United States District Court* (1976) 426 U.S. 394, 403 [48 L.Ed.2d 725, 96 S.Ct. 2119].)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims can be raised in the state court.  The Civil RICO claims alleged here may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).)  Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)  Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court; that he could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.  Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)

The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.) The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.   (2 RJN, Ex. "E").  Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

*V       Abstention or Dismissal of the Fifth Cause of Action for Breach of Fiduciary Duty Is Warranted.*

This cause of action relies on California statutes. (FAC, para. 215.)  Where state issues predominate, dismissal and remand to state court are warranted. (*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966).)

Abstention is proper under other doctrines.   As stated in this court's order, "a federal court should abstain from exercising jurisdiction if …    (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin and implicates important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People* v. *Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co.* v. *Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989), quoting *Kerr* v. *United States District Court* (1976) 426 U.S. 394, 403 [48 L.Ed.2d 725, 96 S.Ct. 2119].)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp.* v. *Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims incorporated into this claim by reference can be raised in the state court.  The Civil RICO claim alleged here may be filed in state court. (*Lou* v. *Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).)  Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp.* v. *Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D.* v. *Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)

Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court; that he could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.   Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)   The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.  (2 RJN, Ex. "E").  Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court.  (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

***VI     Abstention or Dismissal of the Sixth Cause of Action for Voidable
Transactions Is Warranted.***

This cause of action relies on California statutes. (FAC, paras. 224, 225 and 228.)  The alleged "badges of fraud" such as inadequate consideration and pressure on Donna (FAC para. 224) are at issue in the state Martin case; Martin's removal (i.e., his own criminal misconduct) is at issue in both state cases.  Since state issues predominate, dismissal and remand are warranted. (*United Mine Workers* v. *Gibbs*, 383 U.S. 715, 726-727 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966).)

Abstention is proper under other doctrines.   "[A] federal court should abstain from exercising jurisdiction if …   (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin and implicates important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People* v. *Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in two forums thwarts this interest by doubling the time, trouble and expense involved in obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co.* v. *Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989), quoting *Kerr* v. *United States District Court* (1976) 426 U.S. 394, 403 [48 L.Ed.2d 725, 96 S.Ct. 2119].)

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims incorporated by reference in this claim can be raised in the state court.  The Civil RICO claim alleged here may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).)  Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)

Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court; that he could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.   Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)   The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.)  This is precisely what is occurring in this case.

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.   (2 RJN, Ex. "E").   Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (_Montanore Minerals Corp. v. Bakie_, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (_Hernandez v. City of El Monte_, 138 F.3d 393, 398-400 (9th Cir., 1998).)

## VII    Abstention or Dismissal of the Seventh Cause of Action for Restitution, Disgorgement, and Money Had and Received Is Warranted.

The alleged wrongdoing includes claims at issue in the state Wald case, such as money allegedly extracted by accusations and menace. (FAC, para. 231.) Claims of pressure and undervaluation (FAC, para. 232) are at issue in the state Martin case.  Where, as here, state issues predominate, dismissal and remand to state court are warranted. (_United Mine Workers v. Gibbs_, 383 U.S. 715, 726-727 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966).)

Abstention is proper under other doctrines.   As stated in this court's order, "a federal court should abstain from exercising jurisdiction if …   (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin.

As such, it implicates the important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution. Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co. v. Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989), quoting *Kerr v. United States District Court* (1976) 426 U.S. 394, 403 [48 L.Ed.2d 725, 96 S.Ct. 2119].)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims incorporated in this claim by reference can be raised in the state court. The Civil RICO claims may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).) Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).) Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court.

///

///

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re: Subject Matter Jurisdiction

That plaintiff could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.   Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)   The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.   (2 RJN, Ex. "E").  Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court.  (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

### VIII   Abstention or Dismissal of the Eighth Cause of Action for Civil Conspiracy Is Warranted.

The alleged wrongdoing includes claims at issue in the state Martin case, such as the pressure on Donna, misrepresentations about the value of the money, and the sale of the business are at issue in the pending state Martin case. (FAC, para. 239.)  Where, as here, state issues predominate, dismissal and remand to state court are warranted. (*United Mine Workers* v. *Gibbs*, 383 U.S. 715, 726-727 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966).)

Abstention is proper under other doctrines.   As stated in this court's order, "a federal court should abstain from exercising jurisdiction if … (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin.

As such, it implicates the important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co.* v. *Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989).)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp.* v. *Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims incorporated by reference into this claim can be raised in the state court.  The Civil RICO claims may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).)  Claims against the SBA and matters involving SBA loans also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)  Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court.

That plaintiff could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention.   Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).)   The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint.   (2 RJN, Ex. "E").   Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case.  (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible.  (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).)  This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

### IX    Abstention or Dismissal of the Ninrh Cause of Action for Indemnity, Reimbursement and Exoneration Is Warranted.

This claim alleges damages only "to the extent Martin must make any payment …." (FAC, para. 245)  As such, there is no standing because there is no concrete actual injury; there is only speculation that the SBA may try to collect the loan from plaintiff.  (*Clapper v. Amnesty International, USA*, 568 U.S. 398, 409, 414 and fn. 5; [133 S.Ct. 1138, 1147, 1150 and fn. 5; 185 L.Ed.2d 264, 275-276, 278-279 and fn. 5] (2012).)

Further, this cause of action relies on California statutes. (FAC, para. 244.) Where, as here, state issues predominate, dismissal and remand to state court are warranted. (*United Mine Workers v. Gibbs*, 383 U.S. 715, 726-727 [86 S.Ct. 1130, 16 L.Ed.2d 218] (1966).)

Abstention is proper under other doctrines.  As stated in this court's order, "a federal court should abstain from exercising jurisdiction if …  (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

The first two factors apply here. Both state court proceedings are on going and both implicate important state interests. The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin.

As such, it implicates the important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution. Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co. v. Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989).)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

Any and all federal claims can be raised in the state court. The Civil RICO claims, incorporated by reference, may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).) Also incorporated by reference are issues pertaining to the SBA loans and collateral, which also may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).)

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re: Subject Matter Jurisdiction

Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court. That plaintiff could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention. Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).) The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint. (2 RJN, Ex. "E"). Instead, he twice attempted to disqualify one state court judge and also filed the First Amended Complaint in this case. (2 RJN "B", "C" and "D".) He has also attempted to disqualify the other state court judge. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible. (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).) This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

///

***X      Abstention or Dismissal of the Tenth Cause of Action for Declaratory Relief Is Warranted.***

Abstention is proper under several doctrines.  As stated in this court's order, "a federal court should abstain from exercising jurisdiction if … (1) the state initiated proceeding is on going; (2) the proceeding implicates important state interests; and (3) there is an adequate opportunity in the state court proceedings to raise federal questions."

The first two factors apply here.  Both state court proceedings are on going and both implicate important state interests.  The state Wald case seeks damages for losses incurred as a result of crimes committed by plaintiff Martin.

As such, it implicates the important state interest of securing restitution from the convicted criminal to the victim of his crime and the victim's family. (*People v. Taylor* 197 Cal.App.4th 757, 760 [128 Cal.Rptr.3d 399, 401] (3rd Dist, 2011).)

*Taylor* holds that this state interest means that the amount due the victims should not be reduced by the cost of civil litigation necessary to secure such restitution.  Allowing the same claims to proceed in both the state Wald action and this federal case thwarts this interest by doubling the time, trouble and expense involved in (eventually) obtaining a judgment for restitution.

Both state cases implicate the important state interests of "the fair and prompt administration of justice", which also involves "discourage[ing] piecemeal litigation." (*Omaha Indemnity Co. v. Superior Court* 209 Cal.App.3d 1266, 1272, 258 Cal.Rptr. 66, 69 (2nd Dist., 1989).)

It is this interest in discouraging piecemeal litigation that would be thwarted if this case is allowed to proceed because the delay in obtaining a final judgment greatly increases the risk of duplicative litigation and/or inconsistent results. (*Morisada Corp. v. Beidas* 939 F.Supp. 732, 737 (D Ha., 1996).)

///

///

Any and all federal claims can be raised in the state court. The Civil RICO claims incorporated by reference here may be filed in state court. (*Lou v. Belzberg* 834 F.2d 730, 738-739 (9th Cir., 1986).) Claims against the SBA and matters involving SBA loans or collateral, also incorporated by reference, may be litigated in state court. (*A.L.T. Corp. v. Small Business Administration,* 801 F.2d 1451, 1457 (5th Cir, 1986).)

Federal district courts have "no subject matter jurisdiction over a pending … state court case." (*U. S. Bank Nat'l Assn. N.D. v. Strand,* 243 F.Supp.2d 1139, 1144 (D.Or., 2002).) Plaintiff originally tried to file the remaining claims alleged in the First Amended Complaint here in state court.

That plaintiff could litigate all claims in state court is not affected by any additional requirements such as filing a motion for leave to amend the cross complaint. That plaintiff may have to employ additional procedures does not prevent him from litigating his federal claims in state court. (*Gilbertson v. Albright* 381 F.3d 965, 983 (9th Cir, 2004))

In addition to the factors identified in the court's order, three other factors favor abstention. Two are the risk of piecemeal litigation (already discussed) and the order in which the forums obtained jurisdiction. (*Nakash v. Marciano*, 882 F.2d 1411, 1415 (9th Cir., 1989).) The two state court actions were filed between two and three years before this federal case; and both cases have "progressed far beyond this case, indicating that it would be highly inefficient to allow the federal litigation to proceed." (*Ibid*.)

The third and "final factor … is whether the [federal] suit by [plaintiff] is an attempt to forum shop or avoid adverse rulings by the state court." (*Id* at 1417.) This is precisely what is occurring in this case.

Despite the state court's order, plaintiff Martin has **not** filed the motion for leave to file an amended cross-complaint in the state Wald case. (2 RJN, Ex. "E").

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re: Subject Matter Jurisdiction

Instead, plaintiff twice attempted to disqualify the state court judge in that case and also filed the First Amended Complaint in this case. (2 RJN "B", "C" and "D".) He has also attempted to disqualify the state court judge presiding over the state Martin case. (2 RJN, Ex. "A".)

Filing the same claims in a new forum to evade unfavorable rulings is impermissible. (*Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1169-1170 (9th Cir, 2017).) This alone justifies dismissal, especially because doing so would not deprive Martin of the ability to litigate his claims by filing the appropriate motion in state court. (*Hernandez v. City of El Monte*, 138 F.3d 393, 398-400 (9th Cir., 1998).)

### *Conclusion*

This court should decline to exercise any existing basis for jurisdiction in this case because almost all alleged claims are currently hotly litigated in other pending state court actions, one of which was filed by plaintiff Martin and the other was initiated by him in attempting to file a cross-complaint.

The state court cases are both ongoing; they both implicate important state interests; and plaintiff can litigate all federal claims in state court. Other factors favor abstention, such as delay increasing the risk of piecemeal litigation, plaintiff's original choice of forum, and, apparent forum shopping.

For the foregoing reasons, this court should abstain from exercising jurisdiction in this case. All claims against each of these moving defendants should be dismissed, and plaintiff be permitted to proceed in state court.

Respectfully submitted,

Dated: July 7 2026       LAW OFFICE OF BALL & YORKE

_____/S/   Allen. R. Ball_____
Allen R. Ball, Esq.
Attorney for Defendants, JAMES WALD;
NATALIE WALD; JAYSON COHEN;
ELITE SOUND COMPANY LLC; AMERICAN
LEGACY SOLUTIONS, LLC

## **PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of eighteen (18) years.  My business address is 1001 Partridge Drive, Suite 330, Ventura, California 93003.  I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **July 7, 2026**, I served ☐ the original ☒ a true copy of the following named document(s):

**RESPONSE OF OF DEFENDANTS WALD, COHEN, AMERICAN LEGACY, AND ELITE TO COURT'S ORDER OF JUNE 2, 2026 RE:  RES JUDICATA, COLLATERAL ESTOPPEL; ABSTENTION; AND LACK OF SUBJECT MATTER JURISDICTION**

☒    **BY MAIL (F.R.C.P. 5(b)(2)(C)):**  By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☒    **BY ELECTRONIC MAIL (F.R.C.P. 5(b)(2)(E)):**  By sending it via electronic mail, without transmission error or difficulty, to the e-mail address(es) provided by the party(ies) as identified herein below:

☒    **VIA CM/ECF (F.R.C.P. 5(b)(3)):**    By filing the document electronically and allowing the Notice of Electronic Filing to suffice as the proof of service to all parties/counsel registered for electronic service.

### *** SEE THE ATTACHED SERVICE LIST***

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed this **7th day of July, 2026**, at Ventura, California.

_____/s/ Cathy Hernandez_____
Cathy Hernandez, Declarant

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction

SERVICE LIST

| | |
|---|---|
| Travis Edward Martin<br>1746 F South Avenue, Suite 104<br>Ventura, CA 93003<br>Martin57290@gmail.com<br><br>Travis Martin (CDCR# BU6031)<br>Richard J. Donovan Correctional Facility<br>480 Alta Road<br>San Diego, CA 92179 | **Plaintiff in Pro Per** |
| Paul B. La Scala<br>Assistant United States Attorney<br>United States Attorney's Office<br>Central District of California<br>300 N. Los Angeles Street, Room 7516<br>Los Angeles, California 90012<br>Office: 213-894-2467<br>Paul.LaScala@usdoj.gov | **Courtesy Copy** |

Responses of Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy & Elite to Court's OSC re:  Subject Matter Jurisdiction