# EXHIBIT "A"

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
06/26/2026
K. Bieker
Executive Officer and Clerk

By: _____ Deputy Clerk

Joan Foster

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; ENTERTAINMENT TECHNOLOGY, LLC, a California limited liability company; and AIRLINK INTERNET, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; and DOES 1 through 50,   inclusive,<br><br>        Defendants. | Case No.: **2024CUNP032821**<br><br>**NOTICE OF MOTION AND MOTION TO VACATE AND DECLARE VOID JUNE 15, 2026 MINUTE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: July 31, 2026<br>Time: 8:30 a.m.<br>Dept.: 43<br>Judge: Hon. Ben Coats<br>Complaint filed: October 29, 2024<br>Trial Date: November 30, 2026 |

1

Ventura Superior Court transmitted through eFiling 06/26/2026 03:53:38 PM

## NOTICE OF MOTION

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on July 31, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard, in Department 43 of the Ventura Superior Court, located at 800 South Victoria Avenue, Ventura, California, Plaintiff Travis Edward Martin will and hereby does move for an order vacating and declaring void the Court's June 15, 2026 minute order in its entirety.

The motion is made under Code of Civil Procedure sections 473(d), 170.3, and 170.4(d). The Third Verified Statement of Disqualification was filed on June 12, 2026. From that filing forward, section 170.4(d) stripped the challenged judge of power to act until the disqualification question was determined, except for the narrow acts section 170.4 itself permits. The Court was told that in writing before the June 15 hearing. It ruled anyway.

The June 15 minute order was entered without statutory power. It is void. It is unenforceable. It binds no one. Plaintiff seeks vacatur of every ruling in that order, including the three discovery-compulsion orders, the $4,500 in monetary sanctions, the denial of Plaintiff's motion to vacate the March 20 access order, the OSC, the service-address directive, and the notice directive. None of those rulings have any legal force, and this Court is obligated to say so.

This motion is based on this notice, the memorandum below, the concurrently filed request for judicial notice, the declaration and exhibits filed with this motion, all records in this action, and any argument the Court permits at hearing.

Dated: June 26, 2026

By: /s/ Travis Edward Martin

Plaintiff in Pro Per

NOTICE OF MOTION AND MOTION TO VACATE AND DECLARE VOID JUNE 15, 2026 MINUTE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This motion presents a jurisdictional defect so plain that it does not require briefing, only correction. On June 12, 2026, Plaintiff filed a conformed Third Verified Statement of Disqualification against Judge Benjamin F. Coats. That filing stripped the Court of power to act. On June 15, 2026, at 7:26 a.m., before the hearing began, Plaintiff emailed Department 43, attached the conformed disqualification statement, quoted the statute word for word, and told the Court in writing that it had no power to proceed and that any action it took would be void.

The Court had actual notice. It had the statute in front of it. It had the conformed filing in front of it. There was exactly one lawful path: stop. The Court did not stop. At 9:10 a.m., with Plaintiff absent for the stated reason that the Court lacked power to proceed, the Court submitted the matters without argument and entered contested discovery, sanctions, access, OSC, service, and notice rulings. Not one of those acts was authorized by section 170.4. Every one of them was void the moment the Court's pen hit the page.

Plaintiffs will not treat the June 15 minute order as enforceable, because it is not enforceable. That is not defiance of a lawful order. It is recognition of a legal nullity. No power means no order. No order means no enforceable deadline, no valid sanction, no contempt predicate, and no consequence of any kind. The order will be vacated in its entirety.

### II. THE COURT HAD NO POWER TO ENTER THE JUNE 15 ORDER

Section 170.4(d) leaves no room for interpretation: except as provided in section 170.4, a disqualified judge has no power to act after disqualification or after the filing of a statement of disqualification until the disqualification question has been determined. The statute does not say the judge has reduced power, discretionary power, or power to rule if the judge thinks the statement is frivolous. It says no power. That is a categorical command, not a suggestion.

The permitted acts are narrow. Section 170.4(a) allows acts such as maintaining jurisdiction, requesting another agreed judge, hearing default matters, setting proceedings for trial or hearing, and settlement conferences. Section 170.4(b) allows a facial strike only if the

3

statement is untimely or facially discloses no legal ground. None of those exceptions authorized the June 15 order. Granting discovery motions, imposing monetary sanctions, denying Plaintiff's access motion, setting an OSC, changing service obligations, and ordering notice are not emergency maintenance acts and are not a section 170.4(b) determination.

California authority confirms the same structure. Once a statement is filed, the judge has no power to act until the disqualification question is determined. The challenged judge may take one of the limited statutory steps, including a facial strike in a proper case, but contested rulings outside those steps are barred. PBA, LLC v. KPOD, LTD (2003) 112 Cal.App.4th 965, 971-973; Dumas v. Los Angeles County Bd. of Supervisors (2020) 45 Cal.App.5th 348, 356-357.

**III. THE JUNE 15 ORDER WAS ENTERED WHILE THE DISQUALIFICATION QUESTION WAS UNDETERMINED**

The sequence controls. The Third Statement was filed June 12. Department 43 received direct written notice at 7:26 a.m. on June 15. The Court convened at 9:10 a.m. The Court then ruled. At the moment it ruled, the disqualification question had not been determined. That is the only fact necessary under section 170.4(d).

Any later strike or later refusal to accept the challenge cannot retroactively create power that did not exist at 9:10 a.m. on June 15. The word "until" in section 170.4(d) is temporal and mandatory. The Court had to resolve the power problem first through a lawful section 170.4 act, or wait. It could not ignore the filed statement, decide contested matters, impose sanctions, and then claim authority later.

The minute order itself is the proof. It states Plaintiff was absent, counsel for Defendants was present, the matters were submitted without argument, and the Court then granted three discovery motions, imposed three $1,500 sanctions awards, denied Plaintiff's access-related motion, set an OSC for July 29, ordered a service address, and directed Mr. Ball to give notice. Every one of those rulings was entered while the statutory bar was in full force. The order is void on its face.

**IV. THE ORDER MUST BE VACATED AND DECLARED UNENFORCEABLE**

4

Code of Civil Procedure section 473(d) authorizes the Court, on motion, to set aside a void order. The June 15 minute order is void because the Court had no statutory power to issue it. Vacatur is not a matter of discretion. It is the only lawful response when a court acts in the absence of power. The Court has no choice here. The order must be set aside.

The Court must also stay all discovery and case-management obligations that require communication with defense counsel until both the disqualification issue and the meaningful-access barrier are lawfully resolved. This case cannot and will not move forward on void orders. It will move only after a judge with power to act enters lawful procedures that restore Plaintiff's constitutional right of meaningful access to the courts.

**V. THIS CASE IS NOW FROZEN UNTIL THE COURT RESTORES MEANINGFUL ACCESS**

Vacatur does not solve the larger problem. This case is frozen, and the Court bears direct responsibility for the freeze. Plaintiff cannot lawfully communicate with opposing counsel Allen R. Ball because Mr. Ball's own criminal misconduct procured the CDCR no-contact barrier and his continued presence as counsel of record preserves it. The Court knows this. The record says so. Mr. Ball filed a report against Plaintiff that CDCR's own disciplinary record confirms was not supported by evidence. The barrier that report created now blocks every litigation function in this case. Instead of addressing Mr. Ball's misconduct, this Court has decided to engage in misconduct of its own by protected it, facilitated it, and treating Plaintiff's repeated sworn objections as a nuisance. That ends here.

The barrier disables every core litigation function. Discovery cannot be propounded, answered, or met and conferred. Depositions cannot be noticed, scheduled, prepared, or taken. Dispositive motions cannot be prepared because the parties cannot conduct the discovery and communications required to develop the record. Nothing in this case can move. And no party, least of all the party whose counsel created the barrier, may convert this Court-created and Court-protected access failure into sanctions, waiver, forfeiture, contempt, or default against the Plaintiff who has been screaming for a remedy the Court refuses to provide.

The Court cannot solve this problem by issuing paper commands to CDCR while simultaneously disclaiming power over CDCR. The Court cannot solve it by ordering Plaintiff to use an electronic communication channel he has sworn under oath he does not possess. And it cannot solve it by telling an incarcerated indigent litigant to seek appellate review of real-time access destruction. As long as Mr. Ball remains counsel of record and the no-contact barrier his misconduct created remains in place, this action is functionally dead. The freeze ends only when the Court does its job: appoint counsel for Plaintiff, disqualify Mr. Ball, stay all discovery and case-management obligations, or enter another lawful procedure that permits litigation communication without exposing Plaintiff to CDCR discipline or criminal referral. Until that happens, Plaintiffs will not play-act compliance with discovery deadlines, deposition schedules, dispositive motion practice, or any other court-imposed obligation that this Court's own failures have made impossible to perform.

## VI. CONCLUSION

The Court knew it had no power. The Court was told, in writing, before the hearing, that it had no power. The Court chose to rule anyway. The June 15, 2026 minute order is a legal nullity. It will be vacated in its entirety. Every deadline, sanction, and directive it purports to create is unenforceable and will be treated as such. This action is frozen until this Court stops protecting the access barrier that Mr. Ball's criminal misconduct created and finally provides the meaningful access remedy that the law has required from the beginning and that the Court has refused at every turn to deliver.

Dated: June 26, 2026

By: /s/ Travis Edward Martin

Plaintiff in Pro Per

6

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

**ELECTRONICALLY FILED**
Superior Court of California
County of Ventura
06/26/2026
K. Bieker
Executive Officer and Clerk

By: _____ Deputy Clerk
Joan Foster

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; ENTERTAINMENT TECHNOLOGY, LLC, a California limited liability company; and AIRLINK INTERNET, INC., a California corporation, <br><br> Plaintiff, <br><br> v. <br><br> JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No.: **2024CUNP032821** <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO VACATE AND DECLARE VOID JUNE 15, 2026 MINUTE ORDER** <br><br> Date: July 31, 2026 <br> Time: 8:30 a.m. <br> Dept.: 43 <br> Judge: Hon. Ben Coats <br> Complaint filed: October 29, 2024 <br> Trial Date: November 30, 2026 |

1

Ventura Superior Court transmitted through eFiling 06/26/2026 03:53:38 PM

Plaintiff Travis Edward Martin requests judicial notice under Evidence Code sections 452(d) and 453 of the following court records in this action:

• Exhibit A: the June 15, 2026 minute order in Travis Edward Martin, et al. v. James Wald, et al., Ventura Superior Court Case No. 2024CUNP032821.

• Exhibit C: Plaintiff Travis Edward Martin's Third Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay, filed June 12, 2026.

Exhibit B, the June 15, 2026 email notice to Department 43, is submitted as an authenticated exhibit t. Plaintiff does not ask the Court to judicially notice the truth of any disputed factual assertions in Exhibit B, only that the notice was sent to Department 43 before the hearing.

Dated: June 26, 2026

By: /s/ Travis Edward Martin

Plaintiff in Pro Per

2

# EXHIBIT A

June 15, 2026 Minute Order

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

Superior Court of California, County of Ventura, Hall of Justice, Department 43

**2024CUNP032821**
**TRAVIS EDWARD MARTIN, et al. vs JAMES WALD, et al.**

June 15, 2026
8:20 AM

Judge: Honorable Ben Coats
Judicial Assistant: Marycela Clement
CSR: None

---

APPEARANCES:

Travis Edward Martin, Plaintiff, self represented, Appellant, is not present.

Allen Ball, counsel, present for Defendant(s).

Philip Charles Tencer, counsel, is not present.

---

**NATURE OF PROCEEDINGS:** Motion to Compel Responses to Demand for Production of Documents, Set One

**NATURE OF PROCEEDINGS:** Motion to Compel Responses to Form Interrogatories

**NATURE OF PROCEEDINGS:** Motion to Compel Responses to Special Interrogatories, Set One

**NATURE OF PROCEEDINGS:** Motion to Vacate MARCH 20, 2026 MINUTE ORDER, FOR SANCTIONS AGAINST DEFENDANTS' COUNSEL AND AN ORDER TO SHOW CAUSE RE: CONTEMPT

9:10 a.m. Court convenes in this matter.

Matter submitted to the Court without argument.

The Court finds/orders:

Defendant's Motion to Compel Responses to Demand for Production of Documents, Set One is granted. Responses are due on or before June 30, 2026.

Monetary sanctions are imposed against Plaintiffs Entertainment Technology, LLC, Airlink Internet, Inc and its counsel of record Phillip Tencer in the amount of $1,500.00 payable to Defendant's counsel Allen R. Ball by July 15, 2026.

Defendant's Motion to Compel Responses to Form Interrogatories is granted. Responses are due on or before June 30, 2026.

Monetary sanctions are imposed against Plaintiffs Entertainment Technology, LLC, Airlink Internet, Inc and its counsel of record Phillip Tencer in the amount of $1,500.00 payable to

Defendant's counsel Allen R. Ball by July 15, 2026.

Defendant's Motion to Compel Responses to Special Interrogatories, Set One is granted. Responses are due on or before June 30, 2026.

Monetary sanctions are imposed against Plaintiffs Entertainment Technology, LLC, Airlink Internet, Inc and its counsel of record Phillip Tencer in the amount of $1,500.00 payable to Defendant's counsel Allen R. Ball by July 15, 2026.

Plaintiff, Travis Edward Martin, Motion to Vacate the March 20, 2026 Minute Order, For Sanctions Against Defendants' Counsel and an Order to Show Cause Re: Contempt, for appointment of counsel or disqualification of Defendant's counsel is denied.

Order to Show Cause re: Why Monetary Sanctions Should Not Be Imposed against defense counsel for the Unauthorized commercial solicitation email from "Alignable" is scheduled for 07/29/2026 at 08:35 AM in Department 43 at Hall of Justice.

Mr. Ball is to file a declaration in response to the Order to Show Cause no later than 5 days before the hearing date.

The court orders that service to Plaintiff Travis Edward Martin be made at 1746-F South Victoria Ave, Suite #104, Ventura, CA 93003, instead of the prison; this order is only as to this case.

Notice to be given by Mr. Ball.

# EXHIBIT B

June 15, 2026 Gmail Notice of Non-Appearance Due to Pending Statement of Disqualification



# Notice of Non-Appearance Due to Pending Statement of Disqualification

1 message

**T, Martin** <martin57290@gmail.com>                          Mon, Jun 15, 2026 at 7:26 AM
To: courtroom43@ventura.courts.ca.gov

The Plaintiffs in Travis Edward Martin et al. v. James Wald et al. will not appear at this morning's hearing because Plaintiff has filed a verified statement of disqualification against the judicial officer. A conformed copy is attached for the Court's records.

Code of Civil Procedure section 170.4(d) provides that a judge has no power to act in any proceeding after the filing of a statement of disqualification until the question of disqualification has been determined. Any action, order, or ruling taken while the disqualification statement remains pending is void for lack of statutory power and will be vacated.

Plaintiffs' non-appearance is based solely on the Court's lack of statutory power to proceed and is not a waiver, failure to prosecute, or consent to the challenged judicial officer acting in this matter.

Best regards

> **Plaintiff Travis Edward Martin's Third Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay (CCP 170.1, 170.3(c), 170.4(d)).pdf**
> 2.8 MB

# EXHIBIT C

Conformed Third Verified Statement of Disqualification, Filed June 12, 2026

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
06/12/2026
K. Bieker
Executive Officer and Clerk
By: _____ Deputy Clerk
Hannah Cressy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual; ENTERTAINMENT TECHNOLOGY, LLC, a California limited liability company; and AIRLINK INTERNET, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2024CUNP032821<br><br>**PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY**<br><br>(CCP §§ 170.1, 170.3(c), 170.4(d))<br><br>Assigned to: Hon. Benjamin F. Coats<br>Dept: 43 |

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

Ventura Superior Court transmitted through eFiling 06/12/2026 08:39:57 AM

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

**I. INTRODUCTION: A CHALLENGED JUDGE MAY NOT PLACE HIMSELF ABOVE THE STATUTE THAT STRIPS HIM OF POWER TO JUDGE HIS OWN CHALLENGE**

1. This is what happens when a judicial officer decides that the statutes limiting his own power do not apply to him. Code of Civil Procedure section 170.3, subdivision (c)(5) commands that a judge who refuses to recuse himself "shall not pass upon his or her own disqualification or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification filed by a party." On May 27, 2026, Judge Benjamin F. Coats did precisely what that statute forbids. He read a timely, verified, record-cited statement of disqualification directed at his own conduct, weighed its allegations, recharacterized them, defended his prior rulings against them, declared them legally insufficient, and kept the case. He then swore out an alternative answer denying the allegations on the merits, knowing that his own strike order ensured no neutral judge would ever test those denials. Plaintiff Travis Edward Martin therefore submits this Third Verified Statement of Disqualification under Code of Civil Procedure sections 170.1, subdivision (a)(6)(A)(i) through (iii), 170.3, subdivision (c), and 170.4, subdivisions (c)(3) and (d). The May 27, 2026 order and alternative answer are attached as Exhibit I.

2. Judge Coats did not act in ignorance of the governing procedure. His own May 27 order recites the lawful path he followed just six months earlier. When Plaintiff filed his first verified statement of disqualification on November 3, 2025, Judge Coats answered it on November 14, 2025, the question was assigned to the Honorable Thomas P. Anderle of the Santa Barbara Superior Court, and Judge Anderle, a neutral judicial officer, decided it on December 16, 2025. (Ex. I at I-001.) Judge Coats knew exactly how the statute operates because he complied with it once. In May 2026 he abandoned that procedure and appointed himself the judge of the charges against himself.

3. The abandonment was willful, and it served exactly one beneficiary. By striking the Second Verified Statement himself, Judge Coats guaranteed that no neutral judicial officer would ever examine the verified allegations concerning his conduct. By simultaneously filing an alternative verified answer, he placed his own sworn defense into a record that his own strike order shields from scrutiny. The combination is self-adjudication in its purest form: the accused silenced the accusation, acquitted himself, and retained control over the accuser's case. A judicial officer who knowingly exceeds the limits the

Legislature placed on his power, in order to prevent any court from ruling on allegations of his own judicial misconduct, has placed himself above the law he is sworn to administer. The Code of Civil Procedure binds Department 43 no less than it binds every litigant who appears there.

4. This Third Statement is not an attack on adverse rulings, and it does not ask any court to revisit the merits of the underlying access orders. It challenges new, post-challenge conduct: Judge Coats's use of a purported facial strike to decide, in his own favor, the sufficiency in law and fact of verified allegations directed at himself, and his simultaneous filing of a sworn merits defense that his own order insulates from neutral review. Section 170.3(c)(5) categorically forbids the first act. Due process forbids the combination.

5. Section 170.4(b) is a **narrow** exception for facially defective papers, not a license for self-protection. It permits the challenged judge to strike a statement only where the statement is untimely or where, accepting its allegations as written, it discloses no legal ground for disqualification on its face. It does not permit a challenged judge to read a timely, verified, record-cited statement, identify the evidentiary and legal issues it raises, defend his own prior handling of those issues, recharacterize the allegations, weigh what the record does and does not show, declare the litigant merely wrong about the evidence and the law, direct the incarcerated litigant to seek appellate review later, and keep the case. That is not screening. That is the forbidden adjudication.

6. The May 27 order proves the statutory violation on its face. Judge Coats acknowledged that the Second Statement challenged his treatment of the access record, his refusal to receive the causation record, his application of controlling law concerning indigent, incarcerated litigants, his exclusion of evidence that defense counsel caused the no-contact restriction, and his entry of an access order that is dangerous, unconstitutional, and unworkable. (Ex. I at I-002:7-18.) **Those are precisely the issues that sections 170.3(c)(5) and 170.3(c)(6) reserve to a neutral judge.** Judge Coats decided them himself.

7. The alternative verified answer makes the misconduct worse, not better. In that answer, Judge Coats denied bias, denied improper conduct, denied denying meaningful access, denied that his March 20 order entrenched the access barrier, and asserted that the order continues to provide meaningful access. (Ex. I at I-005:14-28.) He also swore that, to any extent he refused additional evidence at the February 17 and March 19, 2026 hearings, he did so because he determined the existing evidence was sufficient or

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

the proffered evidence was inadmissible, irrelevant, or otherwise properly excluded. (Ex. I at I-006:1-7.) **Those are factual and legal defenses. They confirm the existence of disputed issues that only a neutral judge may resolve.**

8. There are only two explanations a reasonable person could accept. Either Judge Coats did not understand the basic statutory limit on his own power after a verified disqualification statement was filed, or he understood that limit and crossed it anyway to preserve control over this case. The first is not a harmless legal mistake. It means Judge Coats lacks competence in the core statutes governing his own authority. The second is bias, self-protection, and abuse of judicial power. The May 27 order forecloses the charitable explanation. Judge Coats recited the lawful November 2025 procedure in the order itself and cited the controlling authorities, including PBA, LLC v. KPOD, LTD (2003) 112 Cal.App.4th 965, in the very document in which he violated them. (Ex. I at I-001, I-004.) A judge who recites the rule and breaks it in the same filing is not confused. Either way, a reasonable person aware of the facts would doubt that Judge Coats can continue to preside neutrally over Plaintiff or over this case.

9. The Court's response to Plaintiff's access problem confirms the same incapacity. The May 27 order tells Plaintiff that if Judge Coats misread the evidence or the law, the remedy lies with the Court of Appeal. (Ex. I at I-003:1-8.) That is no remedy for an incarcerated, indigent civil litigant who must conduct live discovery, service, depositions, meet and confer efforts, litigation correspondence, motion practice, and evidentiary development now. Plaintiff cannot litigate by appeal. **A judge who treats real-time destruction of court access as routine appellate housekeeping has demonstrated that he is unable to govern this case neutrally, unwilling to do so, or both.**

## II. IMMEDIATE EFFECT OF FILING AND OBJECTION TO ANY FURTHER SELF-ADJUDICATION

10. Upon the filing of this Third Statement, section 170.4(d) controls: "Except as provided in this section, a disqualified judge shall have no power to act in any proceeding after his or her disqualification or after the filing of a statement of disqualification until the question of his or her disqualification has been determined." Any act taken in excess of that limitation is taken without power and is void.

11. Judge Coats has no lawful authority to strike this Third Statement. It is timely. It is verified. It alleges new facts arising from the May 27, 2026 strike order and alternative verified answer. It is not

repetitive, because the conduct it challenges did not exist when the Second Statement was filed. Section 170.4(c)(3) therefore permits this filing and bars any claim that it merely repeats prior grounds.

12. Plaintiff expressly objects to any attempt by Judge Coats to strike this Third Statement. A second strike would not be a neutral ruling. It would be a second act of self-adjudication by the very judge whose post-challenge conduct is now the central ground for disqualification. Plaintiff requests that any attempted strike be treated as void, in excess of statutory power, and as additional evidence supporting writ relief and judicial discipline.

13. If Judge Coats does not immediately consent to disqualification, the statutory path is straightforward: he may file a verified answer under section 170.3(c)(3), the clerk must forthwith transmit it to the parties, and the question of disqualification must be heard and determined by a judge other than Judge Coats, agreed upon by the parties or selected by the chairperson of the Judicial Council. (Code Civ. Proc., § 170.3, subd. (c)(5).) If good cause exists, the deciding judge may receive evidence on disputed factual issues. (Id., subd. (c)(6).)

### III. TIMELINESS AND NEW GROUNDS UNDER SECTION 170.4(c)(3)

14. Plaintiff presents this Third Statement at the earliest practicable opportunity after discovery of the new facts. The new facts arose on May 27, 2026, when Judge Coats filed the order striking Plaintiff's Second Verified Statement of Disqualification together with an alternative verified answer. Plaintiff received or learned of the May 27 filing on June 10, 2026.

15. Plaintiff could not have raised these facts in the Second Statement because they did not exist when that statement was filed. The Second Statement challenged the Court's handling of the meaningful-access record through April 2026. This Third Statement challenges the May 27, 2026 self-adjudication of that challenge and the alternative answer that confirms disputed factual issues.

16. The May 27 conduct is independently disqualifying. It shows that Judge Coats is no longer functioning as a neutral judicial officer in this case. He is defending his own record, deciding the sufficiency of allegations against himself, preventing neutral review, and maintaining control over the same litigant whose verified challenge he suppressed.

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

17. No factual investigation is required to confirm the new grounds. They appear on the face of a court-filed order bearing Judge Coats's signature. (Ex. I at I-001 to I-006.) The document that proves the violation is the Court's own.

18. The attached Commission on Judicial Performance complaint is not offered as a manufactured basis for recusal. Plaintiff recognizes that a litigant cannot create disqualification merely by filing a disciplinary complaint. The complaint is attached because the same facts supporting this Third Statement also constitute judicial misconduct, because Plaintiff is giving contemporaneous notice of that misconduct, and because the complaint summarizes the May 27 conduct in detail. (Ex. J.)

**IV. THE NEW FACTS: WHAT THE MAY 27 ORDER AND ALTERNATIVE ANSWER ACTUALLY DID**

**A. The order's own recitals establish that Judge Coats knew the lawful procedure and had followed it before.**

19. The May 27 filing states that Plaintiff filed the Second Verified Statement on April 28, 2026, served it on Court Administration on May 18, 2026, and that Judge Coats accepted service as of May 18, 2026. (Ex. I at I-001:19-23.) The order does not find the Second Statement untimely. The strike rests entirely on the asserted absence of legal grounds.

20. The order's first page then recites the history of the first challenge: a disqualification statement filed November 3, 2025, "answered by this court on November 14, 2025," assigned to the Honorable Thomas P. Anderle of the Santa Barbara Superior Court, and decided by Judge Anderle on December 16, 2025. (Ex. I at I-001.)

21. That recital is an admission. It establishes that Judge Coats knows the answer-and-refer procedure, has personally used it in this very case, and understands that the question of his disqualification belongs to another judge. The May 27 strike was not the product of unfamiliarity with the statute. It was a choice to avoid the neutral determination the statute requires.

**B. The strike was not facial screening. It was adjudication of contested allegations by the accused.**

22. The order opens its merits discussion by declaring that the Second Statement "discloses no legal grounds for disqualification on its face." (Ex. I at I-002:1-4.) It then immediately leaves the face of

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

the statement. It recites the February 23, 2026 access motion, the March 19, 2026 hearing, and the March 20, 2026 ruling, and it describes Judge Coats's own ruling approvingly as "a two-page ruling, discussing the record, and addressing the issues." (Ex. I at I-002:7-11.) A judge conducting a facial screen has no occasion to grade the quality of his own prior orders. A judge defending himself does.

23. The order then identifies four core contentions in the Second Statement: that the Court ignored or refused to receive the causation record showing Plaintiff's incarceration being used against him by opposing counsel; that the Court failed to properly consider controlling case law concerning indigent, incarcerated litigants; that the Court disallowed evidence that defense counsel caused the no-contact restriction; and that the Court issued a deficient meaningful-access order that failed to consider custodial risk and Plaintiff's lawful entitlement to court access. (Ex. I at I-002:11-18.)

24. Those contentions are not facially empty. They are the exact issues a neutral judge must decide: what the Second Statement alleged, whether the allegations were record-supported, whether they created an objective appearance of partiality, and whether disputed facts required an evidentiary determination under section 170.3(c)(6). Judge Coats decided them himself.

25. The order next recharacterized the verified allegations, declaring that an attack on prior adverse rulings "is precisely the basis for Mr. Martin's disqualification challenge" notwithstanding Plaintiff's express contention to the contrary, and it applied the adverse-rulings doctrine of Brown v. American Bicycle Group, LLC (2014) 224 Cal.App.4th 665 and Blakemore v. Superior Court (2005) 129 Cal.App.4th 36 to defeat the statement. (Ex. I at I-002.) **That recharacterization was the merits ruling. It resolved the central, contested sufficiency question in Judge Coats's own favor. Section 170.3(c)(5) assigns that question to a neutral judge.**

26. The order also weighed the record in a footnote. Addressing Plaintiff's allegation that the access issue was raised as early as November 2025, Judge Coats found that Plaintiff "does not cite any words or conduct reflecting this court's bias." (Ex. I at I-002, fn. 1.) Evaluating what a verified statement does or does not establish is the act of weighing. Weighing is adjudication, not facial screening, and the statute forbids the challenged judge from performing it.

27. The order acknowledged that Plaintiff alleged the Court "had before it a stark record" including the access cases, the sworn declaration of indigency and incarceration, the no-contact

---

7

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

restriction, CDCR's admission that proof of victim-family contact had not been submitted, Defendants' opposition, and Plaintiff's reply identifying the evidentiary void. (Ex. I at I-002:24-27, I-003:1-2.) Judge Coats then ruled that those statements "assert merely that the court was wrong about the evidence and the law," invoking McEwen v. Occidental Life Ins. Co. (1916) 172 Cal. 6. (Ex. I at I-003:1-6.) That is a judicial determination of what the factual allegations mean, how the record should be characterized, and whether the asserted facts are legally sufficient for disqualification. It is the forbidden sufficiency ruling, in law and in fact.

28. The order went further still and defended the procedural propriety of Judge Coats's own April 23, 2026 ex parte denial, citing Code of Civil Procedure section 166(a)(1), California Rules of Court, rule 3.1200 et seq., and Ventura County Local Rule 15.03(B) for the proposition that no hearing or detailed ruling was required. (Ex. I at I-003:16-19.) A facial screen of a disqualification statement does not require the challenged judge to brief the lawfulness of his own orders. Self-justification is advocacy, and advocacy is what the order contains.

29. The order then made findings. It found that "Mr. Martin has not identified any words or conduct that would show bias on the part of the court," dismissed Plaintiff's arguments "regardless of how vehemently phrased," and directed Plaintiff to the Court of Appeal. (Ex. I at I-003.) **These are findings about the accusation, made by the accused, in a proceeding the Legislature reserved to a neutral judge.**

**C. The alternative verified answer confirms disputed issues of fact that only a neutral judge may resolve.**

30. After striking the Second Statement, Judge Coats filed a verified answer "in the alternative in the event that the striking order should be determined to be invalid." (Ex. I at I-004:1-4, I-005:1-6.)

31. The answer denies prejudice, denies bias, denies improper acts and conduct, denies that Judge Coats denied Plaintiff meaningful access, denies that his conduct shows a fixed, pre-existing view that Plaintiff will not receive a meaningful-access remedy, denies that the March 20, 2026 order "entrenched [Plaintiff's] barrier" or "created an impossible access regime," and asserts that the order was "intended to provide meaningful access to Mr. Martin" and that Judge Coats "continue[s] to assert that it does so." (Ex. I at I-005:14-28.)

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

32. The answer then addresses the evidence issue under oath: "To any extent that I may have refused additional evidence on an issue from either party (including at hearings I conducted on February 17, 2026, and March 19, 2026), I did so because I determined that the evidence I had before me on the issue was sufficient and/or that the proffered evidence was inadmissible, irrelevant, or otherwise properly excluded within the scope of my judicial discretion." (Ex. I at I-006:1-7.)

33. That paragraph is a confession that the Second Statement presented disputed issues of law and fact. It admits that evidence may have been refused and supplies Judge Coats's own discretionary justification for the refusal. Whether that refusal, in context, creates a reasonable appearance of bias is a question for a neutral judge under sections 170.3(c)(5) and (c)(6). Judge Coats cannot answer that question for himself, and he certainly cannot answer it while simultaneously preventing anyone else from asking it.

34. The answer also denies, under oath, that a "reasonable observer" would see that Judge Coats has "committed [himself] to the premise that [Mr. Martin] will receive no effective remedy, no matter how developed the record becomes," and swears that "[a]ll of my rulings have been based on my impartial view of the evidence and my understanding of the applicable law before me." (Ex. I at I-006.) The reasonable-observer question is the precise objective inquiry that section 170.1(a)(6)(A)(iii) commits to a neutral decisionmaker. Judge Coats decided it, in his own favor, under penalty of perjury, in a record he sealed against review. He has made himself a sworn adverse witness against Plaintiff on the central disputed issue in the disqualification proceeding.

35. Finally, the answer disproves the strike. If the Second Statement truly disclosed no legal ground on its face, there would be nothing material to answer. The alternative answer exists because the Second Statement alleged concrete, verified facts that required an answer. Judge Coats cannot both declare the statement facially empty and file a verified merits answer denying its central allegations. The answer exposes the strike as unlawful self-adjudication.

**V. GOVERNING LAW**

36. Section 170.1, subdivision (a)(6)(A)(iii) requires disqualification when "[a] person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." The standard is objective and exists to protect public confidence in judicial neutrality, not merely the parties' private

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

interests. (Haworth v. Superior Court (2010) 50 Cal.4th 372, 389; Flier v. Superior Court (1994) 23 Cal.App.4th 165, 170-171.) The disqualification statutes receive a broad and liberal construction because they safeguard public trust in the judiciary. (People v. Freeman (2010) 47 Cal.4th 993, 1000-1001.)

37. Section 170.1, subdivision (a)(6)(A)(i) and (ii) independently require disqualification where the judge believes recusal would further the interests of justice or where the judge believes there is a substantial doubt as to his capacity to be impartial. Plaintiff invokes all three grounds.

38. Section 170.3, subdivision (c)(1) permits a party to file a verified statement setting forth the facts constituting grounds for disqualification at the earliest practicable opportunity after discovery of those facts. Subdivision (c)(3) permits the challenged judge, within 10 days after filing or service, whichever is later, to consent to disqualification or to file a verified answer, which the clerk must forthwith transmit to the parties. Subdivision (c)(5) then imposes the controlling limit: a judge who refuses to recuse himself "shall not pass upon his or her own disqualification or upon the sufficiency in law, fact, or otherwise, of the statement of disqualification filed by a party." The question must be heard and determined by another judge agreed upon by the parties or selected by the chairperson of the Judicial Council. Subdivision (c)(6) authorizes the deciding judge, on good cause, to receive evidence on disputed factual issues.

39. Section 170.4, subdivision (b) is a narrow exception. Notwithstanding section 170.3(c)(5), if a statement of disqualification is untimely or if on its face it discloses no legal grounds for disqualification, the challenged judge may order it stricken. The facial inquiry accepts the statement's allegations as written and asks only whether, so taken, they disclose any ground the law recognizes. The striking power is confined to the face of the statement; a judge who goes beyond the face and controverts or characterizes the allegations must instead answer, and another judge must decide. (PBA, LLC v. KPOD, LTD (2003) 112 Cal.App.4th 965, 971-972.) The exception screens facially defective papers. It does not authorize the challenged judge to weigh evidence, resolve disputed characterizations, defend the lawfulness of his own prior orders, or determine that allegations against him amount only to disagreement with rulings.

40. Section 170.4, subdivision (c)(3) permits more than one statement of disqualification where facts suggesting new grounds are first learned of or arise after the earlier statement was filed. Only

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

repetitive statements alleging no new grounds may be stricken. This Third Statement alleges new grounds arising entirely from the May 27, 2026 order and alternative answer. It is not repetitive.

41. Section 170.4, subdivision (d) confirms the loss of power triggered by the filing of a statement of disqualification: except as provided in section 170.4, a disqualified judge has no power to act after disqualification or after the filing of a statement until the question of disqualification has been determined. Acts taken in violation of that bar are taken without power.

42. Due process supplies the constitutional floor. "[N]o man can be a judge in his own case," and no man "is permitted to try cases where he has an interest in the outcome." (In re Murchison (1955) 349 U.S. 133, 136.) The United States Supreme Court applied that maxim in Williams v. Pennsylvania (2016) 579 U.S. 1, holding that due process forbids a judge from adjudicating a matter in which he previously had significant personal involvement in an accusatorial capacity, and in Caperton v. A.T. Massey Coal Co. (2009) 556 U.S. 868, holding that recusal is constitutionally compelled where the probability of actual bias is too high to be tolerable. California's disqualification statutes provide protection broader than that constitutional floor. (Freeman, supra, 47 Cal.4th at pp. 1000-1006.)

43. An indigent prisoner prosecuting a bona fide civil action threatening his personal or property interests holds a right of meaningful access to the courts. Where that access is impeded, the trial court must consider the available remedies and provide an effective measure; it may not choose to do nothing. (Smith v. Ogbuehi (2019) 38 Cal.App.5th 453, 458-459, 468; Apollo v. Gyaami (2008) 167 Cal.App.4th 1468, 1483-1484; Wantuch v. Davis (1995) 32 Cal.App.4th 786, 792-793; see Jameson v. Desta (2018) 5 Cal.5th 594 [courts may not administer procedures that effectively deny indigent litigants meaningful access].)

44. The Code of Judicial Ethics reinforces the statutory command. A judge must promote public confidence in the integrity and impartiality of the judiciary (canon 2A), must hear and decide all matters assigned except those in which he is disqualified (canon 3B(1)), must be faithful to the law and maintain professional competence in it (canon 3B(2)), must accord every person with a legal interest in a proceeding the full right to be heard according to law (canon 3B(7)), and must disqualify himself in any proceeding in which disqualification is required by law (canon 3E(1)). The May 27 order violates each

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

of these duties or, at minimum, creates the objective appearance that they no longer govern Department 43.

## VI. ARGUMENT

### A. Section 170.4(b) conferred no power to do what the May 27 order did.

45. The statutory line is bright. Section 170.4(b) permits a strike only when the statement is untimely or facially discloses no legal ground. Section 170.3(c)(5) otherwise forbids the challenged judge from passing on his own disqualification or on the sufficiency of the statement in law, fact, or otherwise. The order found no untimeliness. (Ex. I at I-001.) Everything therefore turns on whether the Second Statement, accepting its allegations as written, disclosed no recognized ground. It plainly did not fail that test.

46. The Second Statement was timely, verified, and fact-specific. It rested on new facts arising after the first statement: the February 17, 2026 access hearing, the February 23, 2026 access motion and supporting declaration, Defendants' March 6, 2026 opposition, Plaintiff's March 9, 2026 reply, the March 20, 2026 minute order, the April 21, 2026 ex parte application and declaration, and the April 27, 2026 minute order memorializing the April 23 denial. It cited a tabbed exhibit packet, Exhibits A through H, with page-stamped record citations. It expressly disclaimed reliance on adverse rulings alone and pleaded a documented pattern of conduct: refusal to receive causation evidence while crediting causation against Plaintiff, entry of an electronic-only access order against a prisoner who swore under oath that he had no direct electronic access, prohibition of all other communication, elimination of meet and confer obligations, and refusal to address sworn custodial-risk facts. No judge could treat that filing as facially empty without first interpreting it, weighing it, and arguing with it. The May 27 order did all three.

47. The order's text confirms that Judge Coats performed no facial screen. He recited months of motion practice, graded his own March 20 ruling as one "discussing the record, and addressing the issues," recharacterized the verified allegations as attacks on rulings over Plaintiff's express contrary pleading, weighed the record in a footnote, applied merits doctrine from Brown, Blakemore, and McEwen, briefed the procedural lawfulness of his own ex parte handling, and entered findings that Plaintiff identified no disqualifying words or conduct. (Ex. I at I-002 to I-003.) Each of those six acts is adjudication. Section 170.3(c)(5) prohibits every one of them.

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

48. Calling the decision a strike does not change its substance. The Legislature did not forbid self-adjudication only when the judge selects the wrong caption. A challenged judge violates section 170.3(c)(5) whenever he determines the legal and factual sufficiency of allegations against himself and prevents neutral review. That is what occurred on May 27, 2026.

**B. The authorities the May 27 order invoked condemn the order itself.**

49. McEwen, Brown, and Blakemore each state a merits standard, and each was applied by a tribunal other than the challenged judge. McEwen was decided by the Supreme Court of California. Brown was decided on appeal. Blakemore was decided on writ review. Not one of those decisions holds that the challenged judge may apply the adverse-rulings doctrine to the statement filed against him, resolve its contested characterizations, and strike it. The doctrine is an analytical tool for the neutral decisionmaker that section 170.3(c)(5) requires. It is not a screening weapon for the accused.

50. PBA confirms the point, and Judge Coats cited it. PBA confines the section 170.4(b) striking power to the face of the statement and holds that a judge who disputes the allegations must answer so that another judge may decide. (PBA, supra, 112 Cal.App.4th at pp. 971-972.) The May 27 order cites PBA, together with Fine v. Superior Court (2002) 97 Cal.App.4th 651, for the practice of filing a protective alternative answer. (Ex. I at I-004.) Those cases address what a judge may do alongside a lawful facial strike. They do not transform an unlawful merits adjudication into a facial strike, and they do not authorize a judge to use the answer as a substitute for the neutral determination the statute mandates. Judge Coats cited the rule and violated it in the same document.

**C. Even if the allegations could be characterized as disagreement with rulings, that characterization belonged to a neutral judge.**

51. Assume, counterfactually, that the May 27 characterization were debatable. The characterization itself was never Judge Coats's to make. The Second Statement expressly anticipated the adverse-rulings defense and expressly disclaimed reliance on adverse rulings alone. It alleged a pattern of words and conduct: the refusal at the February 17 hearing to receive evidence on the very causation issue the Court then used against Plaintiff, the March 20 order's command that no other communication was authorized, the elimination of meet and confer obligations, the warning against "creative attempts" to circumvent the order, the unsupported presumption that CDCR would read exceptions into its own

13

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

disciplinary restriction, and the April 23 refusal to address sworn custodial-risk facts. Whether that pattern amounts to mere disagreement with rulings or instead creates a reasonable doubt about impartiality is precisely the "sufficiency in law, fact, or otherwise" question that section 170.3(c)(5) strips from the challenged judge.

52. One judge does not get to decide his own disqualification challenge and the facts on which it rests. If Judge Coats believed the allegations failed, the statute gave him one lawful option: answer and let a neutral judge say so. That process works. A neutral judge decided the first challenge in December 2025. Judge Coats was unwilling to risk that process a second time, and the May 27 order is the proof.

53. The contrary reading nullifies the statute. If a challenged judge could recast every verified factual allegation as disagreement with a ruling, declare the allegations legally insignificant, and strike the statement himself, section 170.3(c)(5) would mean nothing and section 170.4(b) would swallow it whole. Statutes are not construed to nullify themselves, and a narrow exception is not read to consume the rule it qualifies.

**D. The order demonstrates either knowing defiance of the statute or incapacity to apply it. Both require disqualification.**

54. If Judge Coats believed section 170.4(b) allowed him to decide whether a detailed access-to-courts record amounted to nothing more than appellate error, then he misunderstands the basic statute that defines his own authority after his impartiality is challenged. That misunderstanding is not harmless. It concerns the power to keep or surrender control of a case in which he is the accused.

55. If Judge Coats understood the limit, the order is worse. It is a deliberate use of judicial power to shield himself from neutral review: the challenged judge made himself the gatekeeper of the challenge against himself, declared Plaintiff's record insufficient, kept the case in his department, and told the incarcerated litigant to seek appellate relief later. The November 2025 history recited in the order itself, and the order's own citation of PBA, eliminate any claim of ignorance. (Ex. I at I-001, I-004.)

56. Either branch satisfies section 170.1(a)(6)(A)(i) through (iii). A reasonable person aware of this sequence would not trust Judge Coats to rule neutrally on Plaintiff's access, discovery, evidentiary, sanctions, service, custody-risk, or case-management issues. The alternative answer compounds the appearance: Judge Coats is now personally and publicly invested, under oath, in the disputed premises

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

that his March 20 order provided meaningful access and that his refusals of evidence were proper. (Ex. I at I-005:23-28, I-006:1-7.) A judge defending those sworn positions cannot simultaneously serve as the neutral officer controlling the case.

### E. The strike and answer create structural bias and violate due process.

57. After May 27, Judge Coats occupies three roles that cannot coexist in one person. He is the subject of the verified allegations. He is a sworn adverse declarant who has denied those allegations under penalty of perjury. And he is the adjudicator who declared the allegations insufficient and barred any other judge from examining them. Every future credibility determination, evidentiary ruling, and discretionary call in this case now runs through a judge who has personally sworn, against this Plaintiff, that "[a]ll of my rulings have been based on my impartial view of the evidence." (Ex. I at I-006.) The disqualification proceeding has become a credibility contest between the judge and the litigant, refereed by the judge.

58. Due process does not tolerate that structure. (In re Murchison, supra, 349 U.S. at p. 136; Williams v. Pennsylvania, supra, 579 U.S. 1.) The constitutional defect in Williams was a judge's prior significant personal involvement in the matter in an accusatorial capacity. The defect here is more acute because the involvement is not historical. Judge Coats is litigating his own defense inside the case he refuses to surrender, in real time, against the party before him. The probability of bias is not merely too high to be tolerable. (Caperton, supra, 556 U.S. 868.) It is built into the architecture of the May 27 filing. And because section 170.1 sweeps more broadly than the due process floor (Freeman, supra, 47 Cal.4th at pp. 1000-1006), the statutory conclusion follows a fortiori: a person aware of these facts would reasonably entertain a doubt about Judge Coats's impartiality.

59. Nor is this the ordinary case of opinions formed in the discharge of judicial duty. Conduct that reveals a fixed commitment against a litigant's position, sustained after repeated sworn notice and culminating in suppression of the statutory mechanism for testing that commitment, displays the kind of deep-seated antagonism that makes fair judgment impossible. (Cf. Liteky v. United States (1994) 510 U.S. 540, 555.)

### F. The self-adjudication compounds the denial of meaningful access to an incarcerated indigent litigant.

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

60. The context aggravates the violation. Plaintiff is incarcerated and indigent, prosecuting a bona fide civil action involving substantial property and business interests. The Second Statement and its exhibit packet documented, under oath, that a CDCR no-contact restriction generated by defense counsel's evidence-deficient report blocked ordinary litigation functions; that CDCR's own disciplinary record admitted that proof of the alleged victim-family contact was not submitted into evidence; that the March 20 order made access depend on an electronic channel Plaintiff swore he did not personally possess while forbidding all other communication; and that the April 23 denial left sworn custodial-risk facts unaddressed. Controlling law required the Court to provide an effective access remedy and forbade it from choosing to do nothing. (Smith, supra, 38 Cal.App.5th at pp. 458-459, 468; Apollo, supra, 167 Cal.App.4th at pp. 1483-1484; Wantuch, supra, 32 Cal.App.4th at pp. 792-793.)

61. Plaintiff cannot litigate by appeal. He cannot conduct discovery by appeal, meet and confer by appeal, schedule depositions by appeal, serve or safely receive litigation documents by appeal, or build a trial record by appeal. Civil litigation is a live process requiring lawful access now. The May 27 order's instruction that "[t]he (potential) remedy for a court error is with the Court of Appeal" (Ex. I at I-003) treats the real-time destruction of a prisoner's court access as appellate housekeeping.

62. A trial judge who responds to active access deprivation with an instruction to appeal later demonstrates that he is unable or unwilling to administer the case in a way that affords an incarcerated indigent litigant a meaningful opportunity to prosecute it. That incapacity is itself a ground for disqualification under section 170.1(a)(6)(A)(iii), and it is new: it crystallized in the May 27 order.

63. The strike then sealed the last safety valve. The Legislature created the verified-statement procedure precisely so that a litigant who reasonably doubts the assigned judge's impartiality receives a decision from a judge with no stake in the outcome. Judge Coats closed that door too. An incarcerated litigant now faces an access order he swore he cannot use, a judge who has sworn the order works, and no neutral review except an appellate writ window measured in days. That is not the administration of justice. It is its obstruction.

**G. The alternative answer cannot cure the strike. It proves why neutral review is mandatory.**

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

64. Judge Coats filed the alternative answer for the contingency that an appellate court invalidates the strike. (Ex. I at I-004.) The contingency is not a cure. The strike already accomplished the statutory violation by preventing the neutral review that section 170.3(c)(5) requires, and the answer becomes operative only if a reviewing court intervenes. The statute contemplates answer first and neutral determination second. Judge Coats reversed the sequence: he struck first, answered second, and kept the case unless someone stops him. That sequence is the objective appearance of self-protection.

65. The answer also proves the existence of disputed issues. Judge Coats did not deny a bare conclusion of bias. He denied the specific access allegations, defended the March 20 order as meaningful access, denied mishandling evidence, and justified any refusal of evidence as a discretionary determination. (Ex. I at I-005 to I-006.) Those are merits defenses to the disqualification facts. Merits defenses belong before a neutral judge under sections 170.3(c)(5) and (c)(6). Their presence in the May 27 filing is dispositive proof that the Second Statement was never facially empty.

66. The answer creates one further problem the statute cannot abide. It is sworn testimony, by the trial judge, against the litigant appearing before him, on the central disputed questions in the collateral proceeding. No later ruling and no appellate disposition can restore the appearance of neutrality once the assigned judge has taken the role of adverse witness against a party and then barred any examination of his testimony by striking the proceeding in which he gave it.

**H.   A Commission on Judicial Performance complaint preserves Plaintiff's contemporaneous objection.**

67. Plaintiff is concurrently submitting a complaint to the Commission on Judicial Performance concerning the May 27 conduct and the related access-to-courts handling. The complaint is not a request that this Court discipline Judge Coats, and Plaintiff does not rely on the existence of the complaint as an independent ground for disqualification. The complaint shows that the May 27 order is judicial misconduct, not as a routine adverse ruling.

68. The misconduct is specific: use of a limited striking mechanism to decide the sufficiency of a verified statement directed at the judge himself; prevention of the neutral review the statute mandates; the filing of a sworn merits defense into a record sealed against scrutiny; and continued insistence, under oath, that the access order provides meaningful access despite the contrary record. Those facts fit

17

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

recognized categories of judicial misconduct, including failure to disqualify when the law requires, improper use of judicial authority, denial of the full right to be heard according to law, and failure to maintain professional competence in the law.

## VII. ANTICIPATED DEFENSES FAIL

69. Anticipated defense: section 170.4(b) authorized the strike. Response: section 170.4(b) authorizes a strike only where the statement is untimely or facially discloses no legal ground. The Second Statement was timely, verified, record-cited, and pleaded new grounds. Judge Coats did not screen an empty paper. He interpreted the access record, weighed the allegations, defended his own orders, and decided that the allegations were legally insufficient. **Section 170.3(c)(5) forbids each of those acts,** and PBA confines the striking power to the face of the statement.

70. Anticipated defense: Plaintiff merely attacks adverse rulings. Response: the new ground is the May 27 self-adjudication and sworn alternative answer, which are conduct, not rulings on the merits of the case. The Second Statement, moreover, expressly disclaimed reliance on adverse rulings alone and pleaded a pattern of words and conduct. Whether that pattern is mere disagreement or disqualifying conduct is the contested sufficiency question, and the statute assigns it to a neutral judge, not to the accused.

71. Anticipated defense: the alternative answer preserved the statutory process. Response: PBA and Fine permit a protective alternative answer where a lawful facial strike has occurred. They do not convert an unlawful merits adjudication into a facial strike, and an answer that becomes operative only upon appellate intervention is not the neutral determination the statute commands. The answer is the contingency plan, not the cure, and its merits content proves the disputed issues that required neutral review in the first place.

72. Anticipated defense: a judge has a duty to decide assigned cases. Response: section 170 imposes that duty only where the judge is not disqualified, and canon 3B(1) states the same limitation. Section 170.4(d) strips the judge of power upon the filing of a statement except as section 170.4 narrowly provides. A duty to sit is not a license to suppress the lawful procedure for determining whether the judge may sit at all.

73. Anticipated defense: the prior November 2025 challenge was denied. Response: the December 2025 denial of an earlier challenge by a neutral judge proves the process Judge Coats abandoned, and it did not authorize him to adjudicate the sufficiency of later, fact-specific allegations against himself. This Third Statement rests entirely on facts arising on May 27, 2026.

74. Anticipated defense: review of the May 27 determination lies only by writ. Response: this Third Statement does not seek review of the May 27 determination. It asserts new grounds arising from new conduct, as section 170.4(c)(3) expressly permits. A writ challenging the unlawful strike and a new verified statement based on the new disqualifying conduct are independent statutory tracks, and Plaintiff has waived neither.

75. Anticipated defense: this statement is repetitive. Response: repetition requires the absence of new grounds. The grounds here did not exist before May 27, 2026. The Court's own order and sworn answer are the new facts. A statement built on the challenged judge's newest conduct is, by definition, not repetitive.

## VIII. REQUEST FOR DISQUALIFICATION, IMMEDIATE STAY, AND NEUTRAL DETERMINATION

76. Plaintiff requests that Judge Benjamin F. Coats immediately disqualify himself under Code of Civil Procedure section 170.1, subdivision (a)(6)(A)(i) through (iii).

77. Plaintiff requests that, upon the filing of this statement, Judge Coats take no further action in this matter except as expressly permitted by Code of Civil Procedure section 170.4 until the disqualification question is determined by a neutral judge.

78. If Judge Coats does not consent to disqualification, Plaintiff requests that any verified answer be filed in strict compliance with section 170.3(c)(3), that the clerk forthwith transmit the answer to each party or attorney who has appeared, and that the question of disqualification be heard and determined by a judge other than Judge Coats, agreed upon by the parties or selected by the chairperson of the Judicial Council under section 170.3(c)(5).

79. Plaintiff requests that the neutral deciding judge consider the May 27, 2026 order and alternative answer (Ex. I), the Commission on Judicial Performance complaint, the Second Verified Statement and its Exhibit Packet (Exhibits A through H thereto), the March 20 and April 27, 2026 minute

orders, Plaintiff's access motion papers, and any other record necessary to resolve disputed issues, with evidence received on good cause under section 170.3(c)(6).

80. Plaintiff requests that any attempted strike of this Third Statement by Judge Coats be treated as void, in excess of statutory power under sections 170.3(c)(5) and 170.4(d), and as further evidence of the objective appearance of bias and self-protection.

81. Plaintiff reserves all rights to seek writ relief under section 170.3(d) from the May 27, 2026 order and from any order entered on or after the filing of this Third Statement, all rights to seek review of any unlawful post-filing act, and all rights to pursue his judicial misconduct complaint before the Commission on Judicial Performance. Nothing in this Third Statement waives any of those rights.

82. Plaintiff asks for nothing extraordinary. He asks for the process the Legislature mandated and that this Court itself followed in November 2025: an answer, a transmittal, and a decision by a judge with no stake in the outcome.

Dated: June 12, 2026

By: /s/ Travis Edward Martin

Plaintiff in Pro Per

## VERIFICATION

I, Travis Edward Martin, declare as follows:

I am Plaintiff in this action. I have read the foregoing Third Verified Statement of Disqualification of Hon. Benjamin F. Coats and know its contents. The facts stated in it are true of my own personal knowledge except as to matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 12, 2026 at San Diego, California.

By: /s/ Travis Edward Martin

Plaintiff in Pro Per

20

PLAINTIFF TRAVIS EDWARD MARTIN'S THIRD VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY

# EXHIBIT I

May 27, 2026 Order Striking Plaintiff Travis Edward Martin's Second Verified Statement of Disqualification of Hon. Benjamin F. Coats; Alternative Answer of Honorable Benjamin F. Coats

VENTURA
SUPERIOR COURT
**FILED**

MAY 27 2026

K. BIEKER
Executive Officer and Clerk
By: Tammy Brantner, Deputy
TAMMY BRANTNER

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

TRAVIS EDWARD MARTIN, et al.,

    Plaintiffs,

vs.

JAMES WALD, et al.,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2024CUNP032821

ORDER STRIKING *PLAINTIFF TRAVIS EDWARD MARTIN'S SECOND VERIFIED STATEMENT OF DISQUALIFICATION OF HON. BENJAMIN F. COATS; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR IMMEDIATE STAY; ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS*

On April 28, 2026, Plaintiff Travis Edward Martin filed *"Plaintiff Travis Edward Martin's Second Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay"* ("Second Statement of Disqualification"). Plaintiff served the *Second Statement of Disqualification* on Court Administration on May 18, 2026, and I accept service as of that date.

Previously, on November 3, 2025, Mr. Martin filed a disqualification challenge answered by this court on November 14, 2025. The matter was assigned to Hon. Thomas P. Anderle of the Santa Barbara Superior Court, who denied Mr. Martin's challenge on December 16, 2025.

///

-1-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-001

**The *Second Statement of Disqualification* Discloses No Legal Grounds for Disqualification on its Face**

Where a disqualification challenge discloses on its face no legal grounds for the judge's disqualification, it is properly stricken from the record of the case. (Code Civ. Proc., §170.4(b).) Despite Mr. Martin's contention that his *Second Statement of Disqualification* is not an "attack on prior adverse rulings", that is precisely the basis for Mr. Martin's disqualification challenge.

On February 23, 2026, Mr. Martin filed a "*Motion for Protective Order and Relief to Restore Meaningful Access to the Courts for Indigent Prisoner Plaintiff*" ("*Motion*"). The court heard the *Motion* on March 19, 2026; took it under submission for further consideration; and then issued on March 20, 2026, a two-page ruling, discussing the record, and addressing the issues. In his *Second Statement of Disqualification*, Mr. Martin contends that the court with respect to his *Motion* (and his requests made therein) has: 1) "ignored the record"/"refused to receive the causation record" showing that his incarceration is being used against him by opposing counsel; 2) failed to properly consider controlling case law concerning indigent, incarcerated litigants; 3) disallowed evidence that the Defendants counsel caused the 'no-contact' restriction imposed on him; and 4) issued a deficient meaningful access order (the March 20, 2026, order) that fails to properly consider the custodial risk that Mr. Martin faces and his lawful entitlement to court access. Each of these contentions relates directly to the *Motion* and the court's ruling thereon.[1] But rulings that are adverse to party are not, standing alone, indicia of bias against that party. (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674; *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36 [despite adverse rulings nothing in the transcript of the hearings or elsewhere reflected comments or conduct by the trial judge suggesting bias].)

Mr. Martin adds that that the court has "had before it a stark record" (*Second Statement of Disqualification* at ¶14) and that it "had been given the access cases, the sworn declaration of indigency and incarceration, the no-contact restriction, CDCR's admission that proof of victim-

---

[1] To the extent that Mr. Martin asserts that the access issue was raised to the court as early as November 2025 (*Second Statement of Disqualification* at ¶6), he does not cite any words or conduct reflecting this court's bias against him as a result of or related to this issue.

-2-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-002

family contact had not been submitted, Defendants' opposition, and Plaintiff's reply identifying the evidentiary void" (*Second Statement of Disqualification* at ¶21).   Again, such statements assert merely that the court was wrong about the evidence and the law.  (*McEwen v. Occidental Life Ins. Co.* (1916) 172 Cal. 6, 11 (erroneous rulings, even when numerous and continuous, are not grounds for bias or prejudice, nor are 'judges' expressions of opinion uttered in what he conceives to be the discharge of his judicial duty.").)   The (potential) remedy for a court error is with the Court of Appeal, not through a disqualification challenge seeking a judge who the litigant believes will rule differently.

To the extent that the *Second Statement of Disqualification* relates to the February 17, 2026, hearing, on Mr. Martin's "*Motion to Enforce Court Order*", it is also directed at the court's alleged failure to properly consider the evidence.  In other words, Mr. Martin contends the court erred in its ruling. (See *McEwen supra.*)  Similarly, with respect to his April 21, 2026, ex parte application Mr. Martin asserts that he "supplied sworn proof that the March 20 order was unconstitutional, unworkable, and dangerous." Here too, Mr. Martin contends the court's April 23, 2026, order denying his ex parte relief was deficient: it lacked "finding[s]", "analysis", and "modification" of the existing communication protocol.   The court need not hold a hearing on an ex parte application or issue a detailed ruling thereon. (Code Civ. Proc. §166(a)(1); Cal. Rules of Court, rule 3.1200 et seq.; Super. Ct Ventura County, Local Rules, rule 15.03(B) (ex parte orders are approved, approved as modified or denied).)

Mr. Martin has not identified any words or conduct that would show bias on the part of the court.  His arguments as to how the court has failed to address his request for court access to litigate his case – regardless of how vehemently phrased – are not a legal basis for disqualification.

Because Mr. Martin's *Second Statement of Disqualification* discloses no legal ground for disqualification, it is ordered STRICKEN pursuant to section 170.4 subdivision (b).   The parties are advised that the determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice of the court's order determining the question of disqualification.

-3-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-003

(Code Civ. Proc. §170.3(d)). In the event that a timely writ is sought, and an appellate court determines that an answer should have been timely filed, such an answer is filed herewith. (See *PBA, LLC v. KPOD*, LTD (2003) 112 Cal.App.4th 965,972; *accord, Fine v. Superior Court* (2002) 97 Cal.App.4th 651, fn. 3 at 658.)

Dated: May 27, 2026

Hon. Benjamin F. Coats
Judge of the Superior Court,
County of Ventura

- 4 -

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-004

## ANSWER OF HONORABLE BENJAMIN F. COATS

I, THE HONORABLE BENJAMIN F. COATS, Judge of the Superior Court, County of Ventura, State of California, hereby declare under penalty of perjury as follows:

1. I am a Judge of the Superior Court of the State of California, County of Ventura. I am currently assigned to the Civil Department. I make this verified answer in the alternative in the event that the striking order should be determined to be invalid.

2. I have personal knowledge of the facts stated herein, and I am competent to testify concerning the same. As to any matters stated upon information and belief, I believe them to be true. On Apil 28, 2026, Plaintiff Travis Edward Martin filed *"Plaintiff Travis Edward Martin's Second Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay"* ("Second Verified Statement of Disqualification"). I am informed and believe that Mr. Martin had the document served on Court Administration on May 18, 2026, and I accept service as of that date.

3. I am not prejudiced against or biased against or in favor of any party to this proceeding or their counsel.

4. I deny each and every one of Mr. Martin's allegations of any improper acts or conduct, and I deny that my acts and conduct have been improper.

5. I deny that I have demonstrated bias against Mr. Martin through my written or verbal words or my conduct in any case(s) in which Mr. Martin has appeared before me, and I deny that I am biased against him.

6. I deny that I am unaware that Mr. Martin is incarcerated or that he asserts that he is unable to afford counsel to litigate this case on his behalf. I deny that I have denied him meaningful access to the court to litigate this case. I deny that my "conduct shows a fixed, pre-existing view that [Mr. Martin] will not receive a meaningful-access remedy." I deny that my March 20, 2026, ruling on his *"Motion for Protective Order and Relief to Restore Meaningful Access to the Courts for Indigent Prisoner Plaintiff."* "entrenched [his] barrier" or "created an impossible access regime." As stated therein, my March 20, 2026, order was "intended to provide meaningful access to Mr. Martin" and I continue to assert that it does so.

- 5 -

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-005

7.     I deny that my rulings have been evidence-deficient and I deny that I have not considered the evidence Mr. Martin has submitted in support of his motions and ex parte applications.  To any extent that I may have refused additional evidence on an issue from either party (including at hearings I conducted on February 17, 2026, and March 19, 2026), I did so because I determined that the evidence I had before me on the issue was sufficient and/or that the proffered evidence was inadmissible, irrelevant, or otherwise properly excluded within the scope of my judicial discretion.  I deny that I have improperly favored defense counsel or that I have "accommodated" their "manufactured communication barrier."  I deny that a "reasonable observer" would see that I have "committed myself to the premise that [Mr. Martin] will receive no effective remedy, no matter how developed the record becomes."

8.     I also deny that my decision to deny Mr. Martin's April 21, 2026, *Ex Parte Application for Protective Order* was based on any improper motive or prejudgment.

9.     Mr. Martin has not identified any words or conduct that reflect that I am biased against him, because I have not spoken or acted in such fashion.  All of my rulings have been based on my impartial view of the evidence and my understanding of the applicable law before me (including case law concerning access to courts for incarcerated individuals), and not on any improper basis.

10.     I have a duty to decide any case assigned to me and in which I am not disqualified.  I know of no facts or circumstances which would require my disqualification or recusal in this case.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.  As to those matters stated upon information and belief, I believe they are true.

This affidavit was executed at Ventura, California, on May 27, 2026.

Hon. Benjamin F. Coats
Judge of the Superior Court
County of Ventura

-6-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

EXHIBIT I | I-006

# EXHIBIT "B"

VENTURA
SUPERIOR COURT
**FILED**

**JUN 2 2 2026**

**K. BIEKER**
Executive Officer and Clerk
By: *Tammy Brantner* Deputy
**TAMMY BRANTNER**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, et al. | ) Case No.: 2024CUNP032821 |
| Plaintiffs, | ) |
| vs. | ) ORDER STRIKING *PLAINTIFF TRAVIS* |
| | ) *EDWARD MARTIN'S THIRD VERIFIED* |
| JAMES WALD, et al. | ) *STATEMENT OF DISQUALIFICATION OF* |
| | ) *HON. BENJAMIN F. COATS;* |
| Defendants. | ) *MEMORANDUM OF POINTS AND* |
| | ) *AUTHORITIES; REQUEST FOR* |
| | ) *IMMEDIATE STAY* |
| | ) |

On June 12, 2026, Plaintiff Travis Edward Martin filed *"Plaintiff Travis Edward Martin's Third Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay"* (*"Third Statement of Disqualification"*). Mr. Martin has not personally served the *Third Statement of Disqualification* on the court as required by statute; however, I accept service as of the date of this striking order. (Code Civ. Proc., §170.3(c)(1).)[1]

Previously in this case, on November 3, 2025, Mr. Martin filed a disqualification challenge answered by this court on November 14, 2025. The matter was assigned to Hon. Thomas P. Anderle of the Santa Barbara Superior Court, who denied Mr. Martin's challenge on December 16, 2025. On April 28, 2026, Mr. Martin filed a second verified statement of

---

[1] All statutory citations to Code of Civil Procedure.

- 1-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

disqualification. Because the second verified statement of disqualification disclosed on its face no legal basis for disqualification, it was ordered stricken on May 27, 2026.

**The *Third Statement of Disqualification* Discloses No Legal Grounds for Disqualification on its Face**

Where a disqualification challenge discloses on its face no legal grounds for the judge's disqualification, it is properly stricken from the record of the case. (§170.4(b).) Mr. Martin's *Third Statement of Disqualification* is based on his contention that the court's May 27, 2026, striking order was procedurally improper. As stated in the May 27th striking order, the order is not appealable but is subject to review on a petition for writ of mandate. If Mr. Martin believed the striking order was improper, his remedy was with the Court of Appeal, not through the filing of a subsequent disqualification challenge.

The law is clear that where a disqualification challenge is baseless, the judge subject to the challenge has the authority to strike it. (§170.4(b).) Notwithstanding §170.3(c)(5)[2], the Legislature gave judges the authority to strike baseless disqualification challenges. Because there were no allegations in the *Second Statement of Disqualification* that necessitated review by a neutral (typically, out of county) judge, the second challenge was stricken.

Mr. Martin was careful to point out that the *Second Statement of Disqualification* was not an attack on "prior adverse rulings". Instead, the "new grounds", he claimed, were the February 17, 2026, access hearing, the February 23, 2026, access motion and declaration, Defendant's March 6, 2026, opposition, Plaintiff's March 9, 2026, reply, the March 20, 2026 minute order, Plaintiff's April 21, 2026, ex parte application and declaration, and the April 27, 2026, minute order memorializing the April 23, 2026, denial. (*Second Statement of Disqualification* at ¶2). In other words, the "new grounds" were law and motion filings and the court's responsive orders thereto, despite the controlling authority that such grounds standing alone are insufficient for a disqualification challenge. (*Brown v. American Bicycle Group, LLC* (2014) 224 Cal.App.4th 665, 674; *Blakemore v. Superior Court* (2005) 129 Cal.App.4th 36 [despite adverse rulings nothing in the transcript of the hearings or elsewhere reflected comments or conduct by the trial judge suggesting bias].) With respect to these filings, hearings, and orders, Mr. Martin argued in the *Second Statement of Disqualification* that the court had: 1) "ignored the record"/"refused to receive

---

[2] A judge "shall not pass upon his or her own disqualification or upon the sufficiency in law, fact or otherwise, of the statement filed by a party."

-2-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

the causation record" showing that his incarceration is being used against him by opposing counsel; 2) failed to properly consider controlling case law concerning indigent, incarcerated litigants; 3) disallowed evidence that the Defendants counsel caused the 'no-contact' restriction imposed on him; and 4) issued a deficient meaningful access order (the March 20, 2026, order) that fails to properly consider the custodial risk that Mr. Martin faces and his lawful entitlement to court access. In other words, Mr. Martin contended, the court issued orders that were allegedly wrong on the facts and law. The court was within its authority to strike the *Second Statement of Disqualification* because erroneous rulings, even when numerous and continuous, are not grounds for bias or prejudice. (*McEwen v. Occidental Life Ins. Co.* (1916) 172 Cal. 6, 11.)

If Mr. Martin believed that the court followed the wrong procedure – and could not as a legal matter strike the *Second Statement of Disqualification* – he was entitled to seek relief from the Court of Appeal. He was not authorized, however, to try to disqualify the court because any alleged procedural failure concerning the disqualification challenge is an alleged error of law and not a new ground for the court's disqualification.

Because Mr. Martin's *Third Statement of Disqualification* discloses no legal ground for disqualification, it is ordered STRICKEN pursuant to section 170.4 subdivision (b). To the extent that it also criticizes the court on the merits of his requests for relief, it is duplicative of the *Second Statement of Disqualification* and also stricken on that ground pursuant to section 170.4 subdivision (c)(4). The parties are advised that the determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice of the court's order determining the question of disqualification. (Code Civ. Proc. §170.3(d)). In the event that a timely writ is sought, and an appellate court determines that an answer should have been timely filed, such an answer is filed herewith. (See *PBA, LLC v. KPOD, LTD* (2003) 112 Cal.App.4th 965,972; *accord, Fine v. Superior Court* (2002) 97 Cal.App.4th 651, fn. 3 at 658.)

June **22** 2026

Hon. Benjamin F. Coats
Judge of the Superior Court,
County of Ventura

-3-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

## ANSWER OF HONORABLE BENJAMIN F. COATS

I, THE HONORABLE BENJAMIN F. COATS, Judge of the Superior Court, County of Ventura, State of California, hereby declare under penalty of perjury as follows:

1.      I am a Judge of the Superior Court of the State of California, County of Ventura. I am currently assigned to the Civil Department. I make this verified answer in the alternative in the event that the striking order should be determined to be invalid.

2.      I have personal knowledge of the facts stated herein, and I am competent to testify concerning the same. As to any matters stated upon information and belief, I believe them to be true. On June 12, 2026, Plaintiff Travis Edward Martin filed *"Plaintiff Travis Edward Martin's Third Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay"* ("*Third Statement of Disqualification*"). Mr. Martin has not personally served the *Third Statement of Disqualification* on me as required by statute, however, I accept service as of the date of this order. (Code Civ. Proc., §170.3(c)(1).)

3.      I am not prejudiced against or biased against or in favor of any party to this proceeding or their counsel.

4.      I deny each and every one of Mr. Martin's allegations of any improper acts or conduct, and I deny that my acts and conduct have been improper.

5.      I deny that I have demonstrated bias against Mr. Martin through my written or verbal words or my conduct in any case(s) in which Mr. Martin has appeared before me, and I deny that I am biased against him. I deny that a person aware of the facts of this case; Mr. Martin's disqualification challenges; and my responses thereto, would reasonably entertain a doubt as to my impartiality.

6.      I deny that my May 27, 2026, order – striking Mr. Martin's April 28, 2026, *Second Verified Statement of Disqualification of Hon. Benjamin F. Coats; Memorandum of Points and Authorities; Request for Immediate Stay* ("*Second Statement of Disqualification*") - was procedurally improper. I deny that I do not understand, lack competence concerning, or "abandoned" the proper statutory authority for such a striking order. I deny that I "weighed" or "recharacterized" Mr. Martin's allegations in his *Second Statement of Disqualification*. I deny

-4-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE BENJAMIN F. COATS

that "due process forbids" the striking order, and I deny that I engaged in improper "self-adjudication" in issuing the order. I deny that I "knowingly exceed[ed]" legislative authority, including with any purpose to "prevent any [other] court from ruling on allegations of ...judicial misconduct." I struck Mr. Martin's *Second Statement of Disqualification* because his allegations of bias were based solely on filings and hearings, and my corresponding orders for which he strongly disagrees. I deny that such disqualification allegations alone— regardless of how egregiously the litigant asserts the court erred - require referral to a neutral judge for review and decision.

7. To the extent that Mr. Martin's *Third Statement of Disqualification* also concerns the underlying merits of his requests for relief, I restate herein paragraphs 6-8 of my May 27, 2026, alternative answer, including, that I deny having denied Mr. Martin meaningful access to the court to litigate this case.

8. Mr. Martin has not identified any words or conduct that reflect that I am biased against him, because I have not spoken or acted in such fashion. All of my rulings have been based on my impartial view of the evidence and my understanding of the applicable law before me (including case law concerning access to courts for incarcerated individuals), and not on any improper basis.

9. I have a duty to decide any case assigned to me and in which I am not disqualified. I know of no facts or circumstances which would require my disqualification or recusal in this case.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. As to those matters stated upon information and belief, I believe they are true.

This affidavit was executed at Ventura, California, on June 22, 2026.

_____

Hon. Benjamin F. Coats
Judge of the Superior Court
County of Ventura

- 5 -

# EXHIBIT "C"

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
05/22/2026
K. Bieker
Executive Officer and Clerk
By: _____ Deputy Clerk
Stephanie Moss

RON BAMIEH (SBN 159413)
   rbamieh@bamiehdesmeth.com
DANIELLE DE SMETH (SBN 263309)
   ddesmeth@bamiehdesmeth.com
CHARLOTTE E. KREM (SBN 326450)
   ckrem@bamiehdesmeth.com
**BAMIEH & DE SMETH, PLC**
692 E. THOMPSON BOULEVARD
VENTURA, CA  93001
T: (805) 643-5555 | F: (805) 643-5558

Attorneys for Plaintiffs,
JAMES WALD, et al.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF VENTURA

| | |
|---|---|
| JAMES WALD, an individual; NATALIE WALD, an individual; P.W., a minor individual through her Guardian ad Litem, James Wald; ELITE SOUNDS COMPANY, LLC, a California Limited Liability Corporation,<br><br>       Plaintiffs,<br><br>v.<br><br>TRAVIS EDWARD MARTIN, an individual; DONNA MARTIN, an individual; AIRLINK INTERNET, INC., a California Corporation; and DOES 1 through 100, Inclusive,<br><br>       Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 2023CUPP012195<br><br>*Assigned to: Hon. Dana K. Caudill, Dept. 21*<br><br>**NOTICE OF COURT'S RULING AT HEARING ON MAY 21, 2026**<br><br>Complaint filed: August 08, 2023<br>Trial date: None set<br><br>**Hearing:**<br>  **Date:** May 21, 2026<br>  **Time:** 8:30 a.m.<br>  **Dept.:** 21 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 21, 2026, this matter came on calendar for hearing, in Department 21 of the above-entitled Court, the Honorable Dana K. Caudill presiding.

///

-1-

Ventura Superior Court transmitted through eFiling 05/22/2026 03:21:06 PM

Charlotte E. Krem of Bamieh & De Smeth, PLC, appeared in person on behalf of Plaintiffs. Allen Ball of Ball & Yorke appeared remotely via Zoom for Cross-Defendant Jayson Cohen and specially appearing for Cross-Defendant American Legacy Solutions LLC. A court reporter was present. No other appearances were made.

The Court lifted the stay and proceeded on the matters on calendar as noticed.

Having considered the papers submitted on the matters on calendar, the COURT RULED AS FOLLOWS:

## I.  MOTIONS — TENTATIVE RULINGS ADOPTED

The Court adopted its Tentative Ruling as the order of the Court as to the following matters:

1.  Plaintiffs' Motion to Deem Service Complete on Defendant Airlink Internet, Inc. is GRANTED. Plaintiffs' request for costs and fees against Airlink, Travis Martin, or both is GRANTED IN PART in the reduced amount of $60.00, payable within 30 days to Plaintiffs' counsel by Airlink, Travis Martin, or both.

2.  Defendant Travis Martin's Motion to Dismiss for Failure to Prosecute, or in the Alternative to Disqualify Plaintiffs' Counsel, is DENIED.

3.  Plaintiffs'/Cross-Defendants' Motion to Strike Travis Martin's First Amended Cross-Complaint in its entirety is GRANTED without leave to amend. This ruling is without prejudice to Travis Martin's ability to file a noticed motion for leave to amend.

4.  Plaintiffs'/Cross-Defendants' Demurrer to Travis Martin's First Amended Cross-Complaint is rendered moot by the Court's order granting the Motion to Strike and is therefore taken off calendar.

The above-referenced Tentative Ruling is attached hereto.

## II.  CONTINUED MATTERS

The following hearings were continued to June 5, 2026, at 8:30 a.m. in Department 21:

1.  Plaintiff/Cross-Defendant Natalie Wald's Demurrer to Travis Martin's Cross-Complaint; and

2.  Plaintiffs'/Cross-Defendants' Motion to Strike Exemplary Damages from Travis Martin's Cross-Complaint.

///

-2-

NOTICE OF COURT'S RULING AT HEARING ON MAY 21, 2026

Plaintiffs/Cross-Defendants may file and serve supplemental declaration(s) regarding timeliness no later than May 29, 2026.

III.    **ORAL MOTION BY CROSS-DEFENDANTS COHEN AND AMERICAN LEGACY**

Cross-Defendants Jayson Cohen and American Legacy Solutions LLC, through counsel, made an oral motion to set aside the default as to Travis Martin's now-inoperative First Amended Cross-Complaint. The Court directed that the relief be sought by noticed motion.

Plaintiffs' counsel to give notice.

**Dated:** May 22, 2026                                   **BAMIEH & DE SMETH, PLC**

RON BAMIEH
CHARLOTTE E. KREM

*Attorneys for Plaintiffs*

NOTICE OF COURT'S RULING AT HEARING ON MAY 21, 2026

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF VENTURA

### Tentative Ruling

---

### 2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.
### 05/18/2026 in Department 21
**Plaintiffs' Motion to Deem Service Complete on Defendant Airlink Internet Inc; Defendant Travis Martin's Motion to Dismiss; Cross-Defendant Natalie Wald's Demurrer to Cross-Complaint; Cross-Defendants' Motion to Strike Travis Martin's First Amended Cross-Complaint**

**Tentative Rulings. Parties and counsel appearing for oral argument should address the tentative decision. Parties may submit on the tentative decision by email, with a copy to all other parties in the matter, to courtroom21@ventura.courts.ca.gov before 8:00 a.m. on the day set for the hearing, with a subject line that includes "SUBMISSION ON TENTATIVE", Case Number, Title and Party. If fewer than all parties submit on the tentative, the hearing will proceed, and the tentative ruling is subject to change. The clerk cannot advise if you should still appear or not. The decision of whether to appear for a hearing is to be made by the parties and their counsel. (Dept. 21 Rules & Procedures, p. 4, § II.I.)**

**The following is a statement of the Court's tentative ruling. The Court may adopt, modify or reject the tentative ruling after hearing. The tentative ruling has no legal effect unless and until adopted by the Court.**

**Motions:**

(1) Motion by Plaintiffs James Wald, et al. (collectively, "Plaintiffs") to deem service complete on Defendant Airlink Internet, Inc. ("Airlink") and for $4,715 in fees and costs (*opposed*).

(2) Motion by Defendant/Cross-Complainant Travis Edward Martin ("Defendant," "Cross-Complainant," "Martin," or "Travis" [1]), pro per, to dismiss for failure to prosecute (*opposed*);

(3) Demurrer by Plaintiffs/Cross-Defendants Natalie Wald ("Natalie"), James Wald ("James"), and Elite Sound Company, LLC ("ESC") (collectively, "Cross-Defendants") to the first amended cross-complaint ("FACC") of Defendant/Cross-Complainant Travis, pro per (*opposed*).

(4) Motion by Cross-Defendants to strike Travis's FACC (*opposed*)

**Tentative Ruling:**

(1) Plaintiffs' motion to deem service complete on Airlink is GRANTED. Plaintiffs' request for an award of $4,715 in costs and fees against Airlink, Travis Martin, or both is

---

[1] First names are used for clarity; no disrespect is intended. (See, e.g., *In re Marriage of Ruelas* (2007) 154 Cal.App.4th 339, 341, fn.2.)

1

**2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

GRANTED in PART in the reduced amount of $60.00. The award of costs is payable to Plaintiffs' counsel by Airlink, Travis, or both, within 30 days.

(2) Travis's motion to dismiss is DENIED.

(3) Cross-Defendants' motion to strike the FACC in its entirety is GRANTED, without leave to amend. This is without prejudice to Travis's ability to file a noticed motion for leave to amend.

(4) Cross-Defendants' demurrer to the FACC has been rendered moot by the order granting the motion to strike. Therefore, the demurrer will be taken off-calendar.

Plaintiff is to give notice within two (2) court days.

**Discussion:**

### I.    Plaintiffs Motion to Deem Service Complete on Defendant Airlink

To begin, Plaintiffs' request for contempt sanctions is summarily denied for failure to file a separate noticed motion for contempt sanctions. (See CCP, § 128.7, subd. (c).) This does not affect their request for an award of fees and costs under CCP section 415.30.

Next, the Court will deem service complete on Airlink if Plaintiffs show substantial compliance with the service by mail statute, and actual notice to Airlink.

Substantial compliance—not strict compliance—with the service statutes is required, and the provisions should be liberally construed to uphold jurisdiction if the defendant received actual notice. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544–545.) "[A] finding of substantial compliance can only be sustained where (1) the record shows partial or colorable compliance with the requirement on which the objection is predicated; (2) the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend; and (3) the manner and objective circumstances of service were such as to make it highly likely that it would impart such notice." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 391.)

When the defendant is a business entity, substantial compliance requires evidence of actual delivery to or receipt by the person(s) who may accept service for the entity under CCP sections 416.10-416.40. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1437.)

Service has been found to be proper and in substantial compliance—despite a refusal to accept service—when the process server identified himself/herself, informed the person to be served that he/she is being served with process, and left the papers as close as possible to the person. (See *Trujillo v. Trujillo* (1945) 71 Cal.App.2d 257, 260-61.)

Substantial Compliance: Here, the record shows partial or colorable compliance with the requirements of the service by mail statute. The only errors with the service are limited to immaterial errors by prison staff. The first element has been met.

**2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

<u>Actual Notice</u>: Plaintiffs have shown that Airlink has actual notice of the action and the pleadings. This is readily apparent by the fact that its agent for service of process has participated in two motions involving efforts to serve Airlink, as well as Travis's own involvement in the case as a whole.

The service relied on did result in actual notice to Airlink, via its agent for service of process, as stated above. The second element has been met.

<u>The Manner and Objective Circumstances of Service</u>: The manner and objective circumstances of service were such as to make it highly likely that it would impart such notice, especially given Plaintiffs' counsel's correspondence with the prison Litigation Coordinator. The third element has been met.

In sum, Plaintiffs have shown substantial compliance with the service by mail statute. It would be unjust to allow Travis's failure (or refusal) to return the notice and acknowledgment of receipt form—despite discussions and his representations to the Court at the prior hearing on 12/16/25, and the fact that he received all of the papers being served on Airlink—to prevent service on Airlink. The Court therefore will exercise its inherent, equitable powers to deem complete service by mail on Airlink. (CCP, § 128, subd. (a)(3)-(5).)

<u>Travis's Other Arguments:</u> Travis's ongoing assertion that CDCR regulations and a "no-contact order" prevent him from participating in litigation lacks merit. This issue has previously been raised and rejected and, as is discussed below, is no longer an issue. More importantly, this assertion does not justify Travis's failure to accept service as ordered—and as he agreed he would on the Court record at the hearing on 12/16/25—after the Court denied his motion for a protective order. Specifically, at the hearing on 12/16/25 regarding Travis's motion for a protective order prohibiting Plaintiffs from serving Airlink by delivering papers to him, as the self-designated agent for service of process on Airlink, while incarcerated, Travis stated on the record, he agreed to accept service on behalf of Airlink at the mailing address of 1746-F S. Victoria Avenue, Unit 104, Ventura, CA 93003.

<u>Fees & Costs</u>: The Court finds that Plaintiffs are entitled to recover their costs pursuant to CCP section 415.30, subdivision (d). Airlink (via its agent for service of process, Travis) failed to timely return the notice and acknowledgement of receipt form. As a result, Plaintiffs needed to file this motion—which is an attempt to serve Airlink by mail, by virtue of substantial compliance with the mailing statutes and actual notice to Airlink—and incurred fees and costs. CCP section 415.30 allows for the recovery of reasonable expenses incurred in serving or attempting to serve by another method. However, there is no provision for attorney fees under this section. Here, the Declaration of Ms. Krem states Plaintiffs incurred a filing fee of $60.00 for bringing this motion. No other expenses or costs are listed. The Court will award the $60.00 in costs as reasonable expenses incurred in conjunction with attempting service via an alternative method, by having to bring this motion.

## II. <u>Motion by Defendant/Cross-Complainant Travis Martin to Dismiss for Failure to Prosecute</u>

3

2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.

Travis seeks to either dismiss Plaintiffs' case, order Plaintiffs to direct CDCR to lift communication restrictions, or disqualify Plaintiffs' counsel. The basis for the motion is that an unconstitutional no contact order imposed by CDCR has thwarted his efforts to participate in litigation and pre-trial discovery, and neither Plaintiffs nor the Court have directed CDCR to lift the restriction.

Travis's motion lacks merit. The CDCR has confirmed that the communications restrictions expired on 10/17/25. In the reply, Travis insists that the 30-day suspension of privileges was only one of two restrictions imposed, and the second restriction was an ongoing no contact directive. Travis's evidence in reply does not show that he received two separate categories of consequences. The CDCR document only includes the suspension of privileges in the "disposition" section. The additional information is simply repeating an admonishment that was delivered to Travis at the hearing. The admonishment was to cease contact with the attorneys and the victim's family, and if the behavior continues, "he will be held accountable for his options." The document further states that the attorneys did not agree to receive electronic service, and Travis was instructed to communicate through the court personnel. The communication from CDCR dated 3/17/26 clearly states that counsel is free "to communicate with MARTIN, TRAVIS at your discretion." As such, his ability to participate in litigation and discovery has not been limited.

Second, Travis cites no legal authority to support the proposition that a trial court properly exercises its discretion to dismiss a case under the 2-year statute under the facts presented here. To the extent he complains that Plaintiffs and the Court did not intervene to require CDCR to lift the restrictions, Travis submits no evidence that Plaintiffs (or, for that matter, the Court) have such authority over CDCR. Travis's failure to prosecute arguments lack merit.

Third, some of the requested relief is an attempt to seek reconsideration of his prior motions to disqualify counsel and order CDCR to lift the restrictions, which were denied in December 2025. Such motions must comply with CCP section 1008. (CCP, § 1008, subd. (e).) That statute requires, amongst other things, a declaration showing new or different facts circumstances or law, and for the motion to be filed within 10 days of service of the notice of entry of order. (CCP, § 1008, subd. (a).) Travis's motion was untimely filed, and it is not supported by a declaration of new or different facts, circumstances, or law.

In sum, Travis's motion is DENIED.

### III.    Motion by Cross-Defendants to Strike Travis's FACC

Pursuant to CCP section 472, subdivision (a), Cross-Defendants move to strike the FACC that was filed on 4/7/26, on the grounds that it was improperly filed without leave to amend, and Travis failed to file a noticed motion for leave to amend as ordered by the Court on 2/2/26.

The Court will consider any untimely papers.

Cross-Defendants argue that the FACC should be stricken in its entirety because the time for Travis to amend once as a matter of right expired, and Travis did not obtain leave to amend by following the Court's order on 2/2/26, which required a noticed motion.

4

**2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

CCP Section 472:

> A party may amend its pleading once without leave of the court at any time before the answer, demurrer, or motion to strike is filed, or after a demurrer or motion to strike is filed but before the demurrer or motion to strike is heard if the amended pleading is filed and served no later than the date for filing an opposition to the demurrer or motion to strike. A party may amend the pleading after the date for filing an opposition to the demurrer or motion to strike, upon stipulation by the parties. The time for responding to an amended pleading shall be computed from the date of service of the amended pleading.

(CCP, § 472, subd. (a).)

In other words, a party may amend its pleading once as a matter of right, without leave of court, under three circumstances:

(1) No answer, demurrer, or motion to strike has been filed.
(2) A demurrer or motion to strike has been filed, but the amended pleading is filed before the date when the opposition to the demurrer or motion to strike is due.
(3) By stipulation of the parties.

Cross-Defendants are correct Travis cannot rely on CCP 472 to amend without first obtaining leave because none of these three circumstances exist. Cross-Defendants filed a demurrer and other motions challenging the original cross-complaint on 12/13/23. This precludes Travis from relying on the first circumstance listed above. The time for Travis to file an opposition to the demurrer passed in January 2023. This precludes Travis from relying on the second circumstance listed above. There is no stipulation between the parties. This precludes Travis from relying on the third circumstance listed above.

In sum, Travis could not file the FACC without first obtaining an order granting leave to amend.

2/2/26 Order & 2/4/26: The 2/2/26 order vacated the prior order allowing an oral request for leave to amend, without prejudice to Travis's ability to file a noticed motion. The Court need not rely on its inherent authority to make this order; the Court is simply stating the law with respect to seeking leave to amend. (See CCP, § 426.50.)

Contrary to Travis's assertion, the 2/4/26 order did not somehow allow him to file the FACC. The 2/4/26 order states that the original cross-complaint is the operative cross-complaint.

Conclusion: Travis filed the FACC without first filing successful noticed motion for leave to amend. It follows that the entire FACC is not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court. (See CCP, § 436, subd. (b).) An order striking the FACC is warranted.

The Court will not grant leave to amend at this time. This is without prejudice to Travis's ability to file a noticed motion for leave to amend.

5

**2023CUPP012195: JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

### IV.    Cross-Defendants' Demurrer

Since the FACC is not the operative pleading, Cross-Defendants' demurrer to the FACC has been rendered moot by the ruling on the motion to strike.

### IV.    Conclusion

Plaintiffs' motion to deem service complete on Airlink is GRANTED. Plaintiffs' request for an award of costs and fees against Airlink, Travis Martin, or both is GRANTED in PART in the reduced amount of $60.00. The award of costs is payable to Plaintiffs' counsel by Airlink, Travis, or both, within 30 days.

Travis's motion to dismiss is DENIED.

Cross-Defendants' motion to strike the FACC in its entirety is GRANTED, without leave to amend. This is without prejudice to Travis's ability to file a noticed motion for leave to amend.

Cross-Defendants' demurrer to the FACC has been rendered moot by the order granting the motion to strike. Therefore, the demurrer will be taken off-calendar.

6

**PROOF OF SERVICE**

I, the undersigned, certify and declare that I am over the age of eighteen (18) years.  My business address is 692 E. Thompson Blvd., Ventura, California 93001.  I am employed in the County of Ventura, State of California, and am not a party to the above-entitled action.

On **May 22, 2026**, I served ☐ the original ☒ a true copy of the following named document(s):

**NOTICE OF COURT'S RULING AT HEARING ON MAY 21, 2026**

☒       **BY MAIL (C.C.P. §1013(a)):**  By causing such documents(s) to be deposited in the United Stated Mail at Ventura, California, in regular business fashion with which I am readily familiar, sealed in an envelope with postage thereon, fully prepaid, addressed as follows:

☐       **BY OVERNIGHT DELIVERY (C.C.P. §1013(c)):**  By sending it via overnight courier service addressed as follows:

☐       **BY PERSONAL SERVICE (C.C.P. §1011):**  By causing such envelope(s) to be delivered by hand this date to the offices of the addressee(s):

☒       **BY ELECTRONIC MAIL (C.C.P. § 1010.6 and C.R.C. Rule 2.251):**  By sending it via electronic mail to the email addresses identified below.  I did not receive, within a reasonable time after the transmission, any electronic message, notification, or other indication that the transmission was unsuccessful.

| ELECTRONIC SERVICE | ELECTRONIC SERVICE | MAIL SERVICE | ELECTRONIC SERVICE |
|---|---|---|---|
| Donna Martin 1746F S Victoria Ave #104 Ventura, CA 93003  donna@donnabear.com  *Defendant In Pro Per* | Travis Martin (CDCR #BU6031) Richard J. Donovan Correctional Facility 480 Alta Road San Diego, CA 92179  martin57290@gmail.com  *Defendant In Pro Per* | Airlink Internet, Inc. Attn: Travis E Martin, *Agent for Service of Process* 1746F S Victoria Ave #104 Ventura, CA 93003  *Defendant, Airlink Internet, Inc.* | Allen Ball BALL & YORKE 1001 Partridge Dr Ste 330 Ventura, CA 93003  aball@ballandyorkelaw.com  *Attorneys for Cross-Defendants Jayson Cohen and American Legacy Solutions LLC* |

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.  Executed **May 22, 2026**, at Ventura, California.

*Leala Sparks*
_____
Leala Sparks

PROOF OF SERVICE

NOTICE OF COURT'S RULING AT HEARING ON MAY 21, 2026

# EXHIBIT "D"

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
05/26/2026
K. Bieker
Executive Officer and Clerk

By: _____ Deputy Clerk
Nina Lemos

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF VENTURA**

| | |
|---|---|
| JAMES WALD, an individual; NATALIE WALD, an individual; P.W., a minor, by and through Guardian ad Litem JAMES WALD; and ELITE SOUNDS COMPANY, LLC<br><br>Plaintiffs,<br><br>v.<br><br>TRAVIS EDWARD MARTIN, an individual; DONNA MARTIN, an individual; AIRLINK INTERNET, INC., a California corporation; and DOES 1–100,<br><br>Defendants. | Case No.: **2023CUPP012195**<br><br>**DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT**<br><br>[Code Civ. Proc., §§ 170.4(d), 473(d), 128(a)(8); Cal. Const., art. VI, § 1]<br><br>**Hearing:**<br>**Date: July 22, 2026**<br>**Time: 8:30 a.m.**<br>**Dept.: 21**<br><br>**Complaint Filed: August 8, 2023**<br>**Trial Date: None Set** |

Ventura Superior Court transmitted through eFiling 05/26/2026 02:09:52 PM

1

DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT

## NOTICE OF MOTION AND MOTION

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on July 22, 2026, at 8:30 a.m., or as soon thereafter as the matter may be heard in Department 21 of the above-entitled Court, Defendant and Cross-Complainant Travis Edward Martin will and hereby does move for an order vacating the May 21, 2026 order granting Cross-Defendants' motion to strike Mr. Martin's First Amended Cross-Complaint in its entirety without leave to amend.

This motion is brought under Code of Civil Procedure sections 170.4(d), 473(d), and 128(a)(8), Article VI, section 1 of the California Constitution, and the Court's inherent authority to vacate orders entered without power. The motion is made on the ground that the challenged order was entered after Mr. Martin filed a verified statement of disqualification against Hon. Dana K. Caudill and before the disqualification question was determined.

This motion is not a motion for reconsideration and does not ask the Court to revisit the merits of the motion to strike the First Amended Cross-Complaint. It asks for the only relief permitted after a court acts without statutory power: vacatur of the void order and restoration of the status quo that existed immediately before the unauthorized May 21, 2026 adjudication.

The motion is based on this notice, the attached memorandum of points and authorities, the declaration of Travis Edward Martin and attached exhibits, the pleadings and records on file, all matters of which the Court may take judicial notice, and any argument permitted at hearing by a judicial officer legally empowered to hear this motion.

Dated: May 26, 2026

Respectfully submitted,

/s/ TRAVIS EDWARD MARTIN

Travis Edward Martin

Defendant and Cross-Complainant, In Pro Per

DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The May 21, 2026 order granting Cross-Defendants' motion to strike the First Amended Cross-Complaint must be vacated because it was entered by a judicial officer who had already lost the statutory power to act. This is not a close procedural question. The record establishes the sequence with precision.

At 7:33:12 a.m. on May 21, 2026, Mr. Martin filed the Seventh Verified Statement of Disqualification for Cause against Hon. Dana K. Caudill. At 8:02 a.m., Mr. Martin sent written notice to Department 21's law-and-motion email address, courtroom21@ventura.courts.ca.gov, advising that the statement had been filed, attaching the conformed copy, and expressly stating that section 170.4(d) deprived Judge Caudill of power to hear, rule on, adopt tentative rulings, modify tentative rulings, issue orders, or adjudicate the contested law motions on that morning's calendar. The minute order then states that the Court convened at 9:23 a.m., lifted the stay, and proceeded to adjudicate the contested motions anyway.

The timing matters because section 170.4(d) is not advisory. It is a statutory command. Except as expressly permitted by section 170.4, a disqualified judge has no power to act after the filing of a statement of disqualification until the disqualification question is determined. The Court therefore had no lawful power at 9:23 a.m. to lift the stay, adopt tentative rulings, decide contested motions, impose costs, strike pleadings, deny motions, deem service complete, or otherwise move the merits of the case forward.

The Court did exactly what the statute forbids. It had actual written notice before the hearing commenced. It had the conformed statement. It knew Mr. Martin was invoking section 170.4(d) as an immediate bar to further contested action. Yet it proceeded to rule. That is not an ordinary legal error. It is an order entered in the absence of statutory power. The Court had zero lawful power to enter the order granting Cross-Defendants' motion to strike the First Amended Cross-Complaint. It is void and must be vacated.

The broader disqualification record includes a continuing course of self-protective orders, refusal to allow neutral review, and statutory violations by the same judicial officer. This motion does not require

DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT

the Court to adjudicate that entire course of conduct. The May 21 record alone is enough. A verified statement was filed, the Court was explicitly notified, and the Court ruled anyway.

## II. RELEVANT RECORD FACTS

On May 21, 2026, the Court's law and motion calendar included Plaintiffs' motion to deem service complete on Defendant Airlink Internet, Inc., Mr. Martin's motion to dismiss for failure to prosecute, Cross-Defendants' motion to strike Mr. Martin's First Amended Cross-Complaint, and additional contested matters.

At 7:33:12 a.m., before the hearing commenced, Mr. Martin filed the Seventh Verified Statement of Disqualification for Cause against Hon. Dana K. Caudill. The conformed first page shows electronic filing on May 21, 2026 and transmission through eFiling at 7:33:12 a.m.

At 8:02 a.m., before the hearing commenced, Mr. Martin emailed courtroom21@ventura.courts.ca.gov. The email identified the filing, attached the conformed copy, cited section 170.4(d), and expressly warned that Judge Caudill had no power to hear, rule on, adopt tentative rulings, modify tentative rulings, issue orders, or adjudicate any contested law motions then on calendar until the disqualification challenge was resolved.

The Court's own minute order states that the Court convened at 9:23 a.m. The minute order further states that no defendants appeared, the Court ordered the stay lifted, provided oral tentative rulings on the contested matters, and adopted the tentative ruling as the Court's ruling.

The Court then entered the specific ruling challenged by this motion: Cross-Defendants' motion to strike Mr. Martin's First Amended Cross-Complaint was granted in its entirety without leave to amend, with the Court stating the ruling was without prejudice to a noticed motion for leave to amend. That ruling was made after the filing of the disqualification statement, after written notice to the Court, and before any determination of the disqualification question appears in the record provided with this motion.

## III. GOVERNING LAW

Code of Civil Procedure section 170.3(c)(1) permits a party to file a verified statement setting forth the facts constituting grounds for judicial disqualification at the earliest practicable opportunity after discovery of those facts. Section 170.3(c)(3) provides the challenged judge with the statutory choice to consent or file a verified answer. Section 170.3(c)(5) then provides the critical protection: a judge who

4

refuses to recuse shall not pass on the judge's own disqualification or on the sufficiency in law, fact, or otherwise of the statement of disqualification. That question must be determined by another judge.

Section 170.4(d) supplies the immediate consequence of filing. Except as provided in section 170.4, a disqualified judge has no power to act in any proceeding after disqualification or after the filing of a statement of disqualification until the disqualification question is determined.

The statutory exceptions do not authorize the May 21 orders. Section 170.4(a) permits only limited acts such as preserving jurisdiction, setting matters, or handling certain uncontested or default matters. Section 170.4(b) permits a judge to strike a statement only if it is untimely or discloses no legal grounds on its face. Section 170.4(c)(1) addresses statements filed after a trial or hearing has commenced, and even then provides that if the judge is later found disqualified, all rulings after the filing must be vacated. None of those provisions authorized contested merits rulings here.

Code of Civil Procedure section 473(d) authorizes the Court to set aside a void judgment or order. A void order includes an order entered when the court lacked jurisdiction or exceeded its jurisdiction by granting relief it had no power to grant. See Sindler v. Brennan (2003) 105 Cal.App.4th 1350, 1353. Because the May 21 ruling was entered after section 170.4(d) stripped Judge Caudill of power to act, vacatur is required.

## IV. ARGUMENT

### A. Section 170.4(d) removed the Court's power before the hearing commenced.

The Court's power to proceed ended when Mr. Martin filed the Seventh Statement of Disqualification. The filing occurred at 7:33:12 a.m. That was before the 8:20 a.m. time appearing on the minute order, before the 8:30 a.m. time used in the notice of ruling, and before the minute order's stated 9:23 a.m. convening time. Under any possible characterization of the calendar time, the filing came first.

The written email notice eliminates any claim of inadvertence. By 8:02 a.m., the Department 21 email account used for tentative ruling and law-and-motion communications had received a direct warning that a conformed disqualification statement had been filed and that section 170.4(d) barred any hearing, ruling, adoption of tentative rulings, modification of tentative rulings, issuance of orders, or adjudication of contested law motions. The Court then waited until 9:23 a.m. to convene and ruled anyway.

A court cannot preserve a ruling entered in the face of that statutory bar by labeling the act as adoption of a tentative ruling. A tentative ruling expressly has no legal effect until adopted. Adoption is an act. Issuing an order is an act. Denying a motion is an act. Granting a motion is an act. Imposing costs is an act. Striking a pleading is an act. Section 170.4(d) prohibited those acts until the disqualification question was determined.

**B. No statutory exception authorized the Court to adjudicate the contested motion.**

The challenged May 21 ruling was not an administrative act to preserve jurisdiction. It was not a default or uncontested matter within section 170.4(a). It was not merely the setting of a date. It was not a permissible settlement conference or ministerial scheduling act. It was a contested adjudication on a law-and-motion calendar.

Nor can the ruling be justified by section 170.4(b). The Court did not strike the Seventh Statement before ruling. The minute order does not show any pre-ruling determination that the Seventh Statement was untimely or facially insufficient. More fundamentally, section 170.4(b) is not a license to continue ruling on contested motions after a disqualification statement has been filed. It is a narrow strike mechanism directed at the statement itself. It does not convert a pending disqualification challenge into judicial power over the merits.

Section 170.4(c)(1) also does not save the ruling. The statement was filed before the hearing commenced. The minute order states that the Court convened at 9:23 a.m. By then the statement had been on file for nearly two hours, and the Court had received written notice more than an hour earlier. The statute therefore required the Court to stop. It did not permit the Court to proceed through the calendar and decide the contested motions first.

**C. The Court's actual notice makes the May 21 ruling especially indefensible.**

This record is not merely a technical filing sequence. The Court had actual notice before it acted. The May 21 email told the Court exactly what had been filed, attached the conformed statement, identified the governing statute, and identified the exact category of acts that were prohibited. The Court nevertheless lifted the stay and ruled on the contested matters. That sequence is the problem this motion asks the Court to correct.

DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT

The Court cannot convert a knowing statutory violation into a valid order by announcing a ruling from the bench. Once section 170.4(d) applied, there was no judicial power to spend. A ruling entered after that point is not merely vulnerable. It is a legal nullity.

The Court should not reward the disregard of section 170.4(d) by leaving the resulting order in place. The disqualification statutes protect both the litigant and public confidence in judicial neutrality. They are defeated if a challenged judge can receive a verified statement, receive explicit written notice of the statutory no-power rule, proceed with the hearing anyway, and leave the resulting orders intact unless the party proves additional prejudice. The prejudice is the unauthorized exercise of judicial power itself.

**D. Vacatur is required without reaching the merits of the underlying motion.**

The merits of the underlying motion are not before the Court on this motion to vacate. The issue is power. A court that has no power to act cannot create a valid order by reaching what it believes is the correct merits result. The appropriate remedy is to vacate the order and return the matter to the posture it occupied before the unauthorized ruling.

Vacatur restores the First Amended Cross-Complaint and all pleading issues to the posture they occupied immediately before May 21, 2026. If Cross-Defendants contend the First Amended Cross-Complaint is improper, they may present that position to a judicial officer with power to act after the disqualification issue is resolved. They do not get the benefit of a pleading-strike order entered while section 170.4(d) barred the Court from acting.

The Court's merits explanation for striking the First Amended Cross-Complaint does not matter for this motion. Whether the Court believed amendment required a noticed motion, whether Cross-Defendants believed section 472 barred amendment, and whether leave to amend should eventually be required are all questions for a lawful hearing. They are not reasons to preserve a void order.

Leaving the strike order intact would give Cross-Defendants a pleading victory obtained from a court that had already been stripped of power. It would also create derivative procedural consequences, including the purported mootness of the demurrer and the claimed inoperative status of the First Amended Cross-Complaint, all flowing from an order the Court had no authority to enter.

**V. REQUESTED RELIEF**

7

Mr. Martin respectfully requests an order vacating the May 21, 2026 order granting Cross-Defendants' motion to strike the First Amended Cross-Complaint in full, including all findings, conclusions, directives, cost awards, derivative consequences, and any portion of the May 21 minute order necessary to give practical effect to the vacatur.

Mr. Martin further requests an order restoring the matter to the status quo existing immediately before the unauthorized May 21 ruling, preserving all objections under Code of Civil Procedure sections 170.3 and 170.4, and directing that any further contested adjudication occur only after the disqualification question is resolved by a judicial officer with lawful power to act.

Dated: May 26, 2026

Respectfully submitted,

/s/ TRAVIS EDWARD MARTIN

Travis Edward Martin

Defendant and Cross-Complainant, In Pro Per

DEFENDANT AND CROSS-COMPLAINANT TRAVIS EDWARD MARTIN'S NOTICE OF MOTION AND MOTION TO VACATE VOID MAY 21, 2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT

**DECLARATION OF TRAVIS EDWARD MARTIN**

I, Travis Edward Martin, declare:

1. I am Defendant and Cross-Complainant in this action. I make this declaration from my own personal knowledge, except as to matters stated on information and belief, and if called as a witness I could and would testify competently to the facts stated here.

2. On May 21, 2026, at 7:33:12 a.m., I filed my Seventh Verified Statement of Disqualification for Cause against Hon. Dana K. Caudill in this action. A true and correct copy of the conformed first page of that filing is attached as Exhibit A.

3. On May 21, 2026, at 8:02 a.m., I sent an email to courtroom21@ventura.courts.ca.gov with the subject line "Notice of Filed Statement of Disqualification Court Has No Power to Act." In that email, I advised the Court that I had filed a verified statement of disqualification, attached the conformed copy, and stated that under Code of Civil Procedure section 170.4(d), Judge Caudill had no power to hear, rule on, adopt tentative rulings, modify tentative rulings, issue orders, or adjudicate the contested law motions on calendar until the disqualification challenge was resolved. A true and correct copy of that email is attached as Exhibit B.

4. The Court's May 21, 2026 minute order states that the Court convened at 9:23 a.m., that no defendants appeared, that the Court lifted the stay, and that the Court ruled on the contested motions. A true and correct copy of the first three pages of that minute order is attached as Exhibit C.

5. When the Court ruled on the contested motions on May 21, 2026, the disqualification question raised by my Seventh Verified Statement had not been determined.

6. I bring this motion to vacate because the May 21, 2026 order was entered after the filing of my disqualification statement, after actual notice to the Court, and before resolution of the disqualification question.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 26, 2026, at San Diego, California.

/S/ TRAVIS EDWARD MARTIN

9

# TABLE OF CONTENTS

## Motion to Vacate Order

| Exhibit | Description | Packet Pages |
|---------|-------------|--------------|
| A | **Conformed First Page of Seventh Verified Statement of Disqualification, Filed May 21, 2026 at 7:33:12 a.m.**<br>Conformed first page showing the May 21, 2026 electronic filing timestamp of 7:33:12 a.m. | Divider: 3<br>Document: 4 |
| B | **May 21, 2026 Email Notice to Department 21 at 8:02 a.m.**<br>Email notice to courtroom21@ventura.courts.ca.gov stating that the verified statement had been filed and that the court had no power to act until the disqualification challenge was resolved. | Divider: 5<br>Document: 6 |
| C | **May 21, 2026 Minute Order, Pages 1-3**<br>Minute order pages showing the 9:23 a.m. convening of the hearing, lifting of the stay, and the contested rulings on Airlink service, failure to prosecute, and the FACC motion to strike. | Divider: 7<br>Document: 8-10 |

# EXHIBIT A

## Conformed First Page of Seventh Verified Statement of Disqualification, Filed May 21, 2026 at 7:33:12 a.m.

Document: 1 page follows.

ELECTRONICALLY FILED
Superior Court of California
County of Ventura
05/21/2026
K. Bieker
Executive Officer and Clerk

By: _____ Deputy Clerk
Joan Foster

Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

SUPERIOR COURT OF CALIFORNIA

COUNTY OF VENTURA

| | |
|---|---|
| JAMES WALD, an individual; NATALIE WALD, an individual; P.W., a minor, by and through Guardian ad Litem JAMES WALD; and ELITE SOUNDS COMPANY, LLC | Case No.: 2023CUPP012195 |
| Plaintiffs, | **SEVENTH VERIFIED STATEMENT OF DISQUALIFICATION FOR CAUSE AGAINST HON. DANA K. CAUDILL** |
| v. | **(Code Civ. Proc., §§ 170.1(a)(6)(A)(iii), 170.3(c))** |
| TRAVIS EDWARD MARTIN, an individual; DONNA MARTIN, an individual; AIRLINK INTERNET, INC., a California corporation; and DOES 1–100, | Judge: Hon. Dana K. Caudill<br>Dept.: 21<br>Complaint Filed: August 8, 2023<br>Trial Date: None Set |
| Defendants. | |

Ventura Superior Court transmitted through eFiling 05/21/2026 07:33:12 AM

1

SEVENTH VERIFIED STATEMENT OF DISQUALIFICATION FOR CAUSE AGAINST HON. DANA K. CAUDILL

# EXHIBIT B

## May 21, 2026 Email Notice to Department 21 at 8:02 a.m.

Document: 1 page follows.



# Notice of Filed Statement of Disqualification Court Has No Power to Act

1 message

**T, Martin** <martin57290@gmail.com>                                    Thu, May 21, 2026 at 8:02 AM
To: courtroom21@ventura.courts.ca.gov

Please be advised that Defendant/Cross-Complainant Travis Edward Martin has filed a Verified Statement of Disqualification for Cause against Hon. Dana K. Caudill. The conformed copy is attached.

Under section 170.4(d), a disqualified judge has no power to act after the filing of a statement of disqualification until the question of disqualification has been determined. Accordingly, Judge Caudill has no power to hear, rule on, adopt tentative rulings, modify tentative rulings, issue orders, or otherwise adjudicate any of the contested law motions presently on calendar until the disqualification challenge is resolved.

Any substantive action taken while the disqualification challenge is pending is unauthorized and subject to vacatur under the disqualification statutes.

Numerous other legal actions regarding Judge Caudill's violations of law and judicial misconduct are being actively pursued in higher courts, including the Court of Appeals, the California Supreme Court, the Federal District Court, and a writ mandamus compelling the Commission on Judicial Performance to investigate and discipline Judge Caudill. This case should be stayed pending the resolution of the ongoing misconduct.

Best Regards

**SeventhVerifiedStatementofDisqualificationforCauseAgainstHonDanaKCaudill_5de1bf3b_async.pdf**
23.2 MB

# EXHIBIT C

## May 21, 2026 Minute Order, Pages 1-3

Document: 3 pages follows.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA

Superior Court of California, County of Ventura, Hall of Justice, Department 21

**2023CUPP012195**
**JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

May 21, 2026
8:20 AM

Judge: Honorable Dana K. Caudill
Judicial Assistant: Grace Powell
CSR: Mary Wu

APPEARANCES:

Charlotte Krem appearing on behalf of Ron S Bamieh, present for Plaintiff(s), Respondent(s),

Cross-Defendant(s), Cross-Complainant(s) .

**NATURE OF PROCEEDINGS:** Demurrer to Cross Complaint

**NATURE OF PROCEEDINGS:** Motion to Strike Exemplary Damages from Cross-Complaint

**NATURE OF PROCEEDINGS:** Demurrer as to Cross-Defs James Wald, Natalie Wald and Elite Sound Co

**NATURE OF PROCEEDINGS:** Motion to Deem Service Complete on Defendant Airlink Internet Inc

**NATURE OF PROCEEDINGS:** Motion to Dismiss for Failure to Prosecute

**NATURE OF PROCEEDINGS:** Motion to Strike Travis Martin's First Amended Cross-Complaint

Allen Ball specially appearing, remotely via video, on behalf of defaulted defendants, Jayson Cohen and American Legacy Solutions LLC.

9:23 a.m. Court convenes in this matter.

There are no appearances by the defendant(s).

The Court orders the stay lifted from this case.

The Court provides it oral tentative ruling to grant the Motion to Deem Service Complete on Defendant Airlink Internet, Inc.

Matter submitted to Court without argument.

The Court provides it oral tentative ruling to deny the Motion to Dismiss for Failure to Prosecute.

Matter submitted to Court without argument.

The Court provides it oral tentative ruling to grant the Motion to Strike Travis Martin's First Amended Cross-Complaint.

Matter submitted to Court without argument.

The Court notes the Demurrer as to the First Amended Cross-Complaint is moot and states its intention to take the matter off-calendar.

Matter submitted to Court without argument.

The Court provides its oral tentative ruling to deny the Motion to Strike Exemplary Damages from Cross-Complaint and the Demurrer to Cross Complaint.

Matter submitted to Court with argument.

Mr. Ball sets forth his oral motion for relief from default on the 1st Amended Cross-Complaint.

The Court finds/orders:

The Court's tentative is adopted as the Court's ruling as follows:

**Motions:**

(1) Motion by Plaintiffs James Wald, et al. (collectively, "Plaintiffs") to deem service complete on Defendant Airlink Internet, Inc. ("Airlink") and for $4,715 in fees and costs (*opposed*).

(2) Motion by Defendant/Cross-Complainant Travis Edward Martin ("Defendant," "Cross-Complainant," "Martin," or "Travis" [1]), pro per, to dismiss for failure to prosecute (*opposed*);

(3) Demurrer by Plaintiffs/Cross-Defendants Natalie Wald ("Natalie"), James Wald ("James"), and Elite Sound Company, LLC ("ESC") (collectively, "Cross-Defendants") to the first amended cross-complaint ("FACC") of Defendant/Cross-Complainant Travis, pro per (*opposed*).

(4) Motion by Cross-Defendants to strike Travis's FACC (*opposed*)

**Ruling:**

(1) Plaintiffs' motion to deem service complete on Airlink is GRANTED. Plaintiffs' request for an award of $4,715 in costs and fees against Airlink, Travis Martin, or both is GRANTED in PART in the reduced amount of $60.00. The award of costs is payable to

Plaintiffs' counsel by Airlink, Travis, or both, within 30 days.

(2)  Travis's motion to dismiss is DENIED.

(3)  Cross-Defendants' motion to strike the FACC in its entirety is GRANTED, without leave to amend. This is without prejudice to Travis's ability to file a noticed motion for leave to amend.

(4)  Cross-Defendants' demurrer to the FACC has been rendered moot by the order granting the motion to strike. Therefore, the demurrer will be taken off-calendar.

Plaintiff is to give notice within two (2) court days.

**Discussion:**

### I.           Plaintiffs Motion to Deem Service Complete on Defendant Airlink

To begin, Plaintiffs' request for contempt sanctions is summarily denied for failure to file a separate noticed motion for contempt sanctions. (See CCP, § 128.7, subd. (c).) This does not affect their request for an award of fees and costs under CCP section 415.30.

Next, the Court will deem service complete on Airlink if Plaintiffs show substantial compliance with the service by mail statute, and actual notice to Airlink.

Substantial compliance—not strict compliance—with the service statutes is required, and the provisions should be liberally construed to uphold jurisdiction if the defendant received actual notice. (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544–545.) "[A] finding of substantial compliance can only be sustained where (1) the record shows partial or colorable compliance with the requirement on which the objection is predicated; (2) the service relied upon by the plaintiff imparted actual notice to the defendant that the suit was pending and that he was bound to defend; and (3) the manner and objective circumstances of service were such as to make it highly likely that it would impart such notice." (*American Express Centurion Bank v. Zara* (2011) 199 Cal.App.4th 383, 391.)

When the defendant is a business entity, substantial compliance requires evidence of actual delivery to or receipt by the person(s) who may accept service for the entity under CCP sections 416.10-416.40. (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1437.)

Service has been found to be proper and in substantial compliance—despite a refusal to accept service—when the process server identified himself/herself, informed the person to be served that he/she is being served with process, and left the papers as close as possible to the person. (See *Trujillo v. Trujillo* (1945) 71 Cal.App.2d 257, 260-61.)

Substantial Compliance: Here, the record shows partial or colorable compliance with the requirements of the service by mail statute. The only errors with the service are limited to immaterial errors by prison staff. The first element has been met.

Actual Notice: Plaintiffs have shown that Airlink has actual notice of the action and the

# EXHIBIT "E"

VENTURA
SUPERIOR COURT
**FILED**

MAY 29 2026

K. BIEKER
Executive Officer and Clerk
BY: _____, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF VENTURA

JAMES WALD, an individual; NATALIE WALD, an individual; P.W., a minor, by and through Guardian ad Litem JAMES WALD; and ELITE SOUNDS COMPANY, LLC,

Plaintiffs,

vs.

TRAVIS EDWARD MARTIN, an individual; DONNA MARTIN, an individual; AIRLINK INTERNET, INC., a California corporation; and DOES 1-100,

Defendants.

Case No.: 2023CUPP012195

ORDER STRIKING TRAVIS EDWARD MARTIN'S EIGHTH STATEMENT OF DISQUALIFICATION AGAINST HON. DANA K. CAUDILL

On May 22, 2026, Defendant Travis Edward Martin filed his eighth disqualification challenge against this court: "*Eighth Verified Statement of Disqualification for Cause Against Hon. Dana K. Caudill*" ("*Eighth Statement of Disqualification*"). Although Mr. Martin has not served this court as required by Code of Civil Procedure, section 170.3, subdivision (c)(1), the court accepts service as of the date of this striking order.

Seeking to disqualify this court, Mr. Martin filed two motions to recuse (February 2, 2026, and February 11, 2026) and three disqualification challenges (February 27, 2026, March 16, 2026, and March 30, 2026). This court answered each on March 13, 2026[1], March 19, 2026, and April 13, 2026. By order of the Chief Justice, the matters were assigned to Hon. Thomas P. Anderle of

---

[1] This court's first answer was also responsive to the February 2nd and 11th motions to recuse.

- 1 -

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE DANA K. CAUDILL

the Santa Barbara Superior Court for review and determination. (April 13, 2026, Minute Order.) On April 21, 2026, Judge Anderle denied Mr. Martin's disqualification challenge. On April 23, 2026, Mr. Martin filed a Petition for Writ of Mandate challenging: 1) the manner in which this court's answers were served upon him; 2) the sufficiency of this court's second and third answers; and 3) Judge Anderle's decision to deny the disqualification challenge. On April 30, 2026, the Court of Appeal denied Mr. Martin's petition for writ of mandate on April 30, 2026.

On April 20, 2027, Mr. Martin filed a fourth disqualification challenge which, because it disclosed no legal grounds on its face, was ordered stricken on April 28, 2026. On April 30, 2026, Mr. Martin filed his fifth disqualification challenge, which this court also struck on May 7, 2026, because it had no legal basis. On May 18, 2026, Mr. Martin filed his sixth disqualification challenge, which this court struck on May 20, 2026, because it had no legal basis. On May 21, 2026, Mr. Martin filed his seventh disqualification challenge, which this court struck on May 29, 2026, because it had no legal basis

### On its Face, the *Eighth Statement of Disqualification* Discloses

### No Legal Grounds for Disqualification

Where a disqualification challenge discloses on its face no legal grounds for the disqualification, it is properly stricken from the record of the case. (Code Civ. Proc., §170.4, subd. (b).) In his *Eighth Statement of Disqualification,* Mr. Martin contends that the court could not issue substantive rulings in this case after he filed the *Seventh Statement of Disqualification* on May 21, 2026. Accordingly, he alleges, the court's May 21, 2026, Minute Order ruling (concerning six law and motion matters) must be set aside. Mr. Martin did not serve the *Seventh of Disqualification Statement* prior to the court hearing the matters on May 21, 2026. As of the date of this striking order, Mr. Martin has not served the *Eighth Statement of Disqualification* on the court. A disqualification challenge must be filed and "personally served" on the judge (or on the judge's clerk when the judge is in the courthouse) pursuant to Code of Civil Procedure, section

- 2 -

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE DANA K. CAUDILL

170.3, subdivision (c)(1).[2] Where the disqualification statement has not been served on the judge, the court can "properly refuse to consider the statement until it [is] served." (*Urias v. Harris Farms, Inc.* (1991) 234 Cal.App.3d 415, 421; see *Hayward v. Superior Court* (2016) 2 Cal. App. 5th 10, 39 citing *Urias* at 422 ("While the challenged judge and all the parties must be served with the statement of disqualification...") (emphasis added).)

As Mr. Martin's *Eighth Statement of Disqualification* discloses no legal grounds for disqualification, it is ordered STRICKEN pursuant to Code of Civil Procedure, section 170.4, subdivisions (b). Mr. Martin is advised that the determination of the question of the disqualification is not an appealable order and may be reviewed only by a writ of mandate from the Court of Appeal sought within 10 days of notice of the court's order determining the question of disqualification. (Code Civ. Proc. §170.3, subd. (d)). In the event that a timely writ is sought, and an appellate court determines that an answer should have been timely filed, the court provides an answer in the alternative. (See *PBA, LLC v. KPOD, LTD* (2003) 112 Cal.App.4th 965,972; accord, *Fine v. Superior Court* (2002) 97 Cal.App.4th 651, fn. 3 at 658.)

May 29 2026

Hon. Dana K. Caudill
Judge of the Superior Court,
County of Ventura

---

[2] Mr. Martin served prior disqualification challenges in this case on the court through Court Administration, for which the court has accepted (and will continue to accept) service.

-3-

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE DANA K. CAUDILL

## ANSWER OF HONORABLE DANA K. CAUDILL

I, THE HONORABLE DANA K. CAUDILL, Judge of the Superior Court, County of Ventura, State of California, hereby declare under penalty of perjury as follows:

1.    I am a Judge of the Superior Court of the State of California, County of Ventura. I am currently assigned to the Civil Department.

2.    I have personal knowledge of the facts stated herein, and I am competent to testify concerning the same. As to any matters stated upon information and belief, I believe them to be true.

3.    On May 22, 2026, Defendant Travis Edward Martin filed his eighth disqualification challenge against this court: *"Eighth Verified Statement of Disqualification for Cause Against Hon. Dana K. Caudill"* (*"Eighth Statement of Disqualification"*).   Although Mr. Martin has not served this court as required by Code of Civil Procedure, section 170.3, subdivision (c)(1), I accept service as of the date of this striking order.

4.    I am not prejudiced against or biased against or in favor of any party to this proceeding or their counsel.  I deny each and every one of Mr. Martin's allegations of any improper acts or conduct, and I deny that my acts and conduct have been improper.

5.    I deny that I have demonstrated bias against Mr. Martin through my written or verbal words or my conduct in any case(s) in which Mr. Martin has appeared before me, and I deny that I am biased against him.  I deny that I have prejudged this case against Mr. Martin.

6.    Seeking to disqualify me, Mr. Martin filed two motions to recuse (February 2, 2026, and February 11, 2026) and three disqualification challenges (February 27, 2026, March 16, 2026, and March 30, 2026).  I answered each on March 13, 2026[3], March 19, 2026, and April 13, 2026. By order of the Chief Justice, the matters were assigned to Hon. Thomas P. Anderle of the Santa Barbara Superior Court for review and determination. (April 13, 2026, Minute Order.)  On April 21, 2026, Judge Anderle denied Mr. Martin's disqualification challenge.  On April 23, 2026, Mr. Martin filed a Petition for Writ of Mandate challenging: 1) the manner in which my answers were served upon him; 2) the sufficiency of my second and third answers; and 3) Judge Anderle's

---

[3] My first answer was also responsive to the February 2nd and 11th motions to recuse.

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE DANA K. CAUDILL

decision to deny the disqualification challenge. On April 30, 2026, the Court of Appeal denied Mr. Martin's petition for writ of mandate. On April 20, 2027, Mr. Martin filed a fourth disqualification challenge, which I struck on April 28, 2026, because it disclosed on its face no legal grounds for my disqualification. On April 30, 2026, Mr. Martin filed his fifth disqualification challenge, which I struck on May 7, 2026, because it also had no legal basis. On May 18, 2026, Mr. Martin filed his sixth disqualification challenge, which I struck on May 20, 2026, because it had no legal basis. On May 21, 2026, Mr. Martin filed his seventh disqualification challenge, which I struck on May 29, 2026, because it had no legal basis

7.   Mr. Martin has not personally served the *Seventh Statement of Disqualification* on me or on my courtroom clerk while I have been in the courthouse. Also, I am informed and believe that he did not personally serve the *Seventh Statement of Disqualification* through Court Administration as he has done previously with prior challenges. Therefore, I deny that I lacked the authority to conduct the hearings on May 21, 2026, and issue substantive rulings thereon.

8.   I have a duty to decide any case assigned to me and in which I am not disqualified. I know of no facts or circumstances which would require my disqualification or recusal in this case.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct. As to those matters stated upon information and belief, I believe they are true.

This affidavit was executed at Ventura, California, on May ___, 2026.

Hon. Dana K. Caudill
Judge of the Superior Court
County of Ventura

- 5 -

STRIKING ORDER AND ALTERNATIVE ANSWER OF HONORABLE DANA K. CAUDILL

**PROOF OF SERVICE**
*CCP § 1012, 1013a (1), (3) & (4)*

STATE OF CALIFORNIA    )
COUNTY OF VENTURA    )  ss.
                          )

**Case No:** 2023CUPP012195
**Case Title:** JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.

I am employed at the County of Ventura, State of California. I am over the age of 18 years and not a party to the above-entitled action. My business address is 800 S. Victoria Avenue, Ventura, CA 93009.

On the date set forth below, I served the within:

**ORDER STRIKING TRAVIS EDWARD MARTIN'S EIGHTH STATEMENT OF DISQUALIFICATION AGAINST HON. DANA K. CAUDILL**

on the following named parties:

  ****SEE ATTACHED SERVICE LIST****

☒  **BY MAIL:** I caused such envelope to be deposited in the mail at Ventura, California. I am readily familiar with the court's practice for collection and processing of mail. It is deposited with the U.S. Postal Service on the dated listed below.

☐  **BY FACSIMILE:** I caused said document(s) to be sent via facsimile to the interested party at the facsimile number set forth above from telephone number (805) _____.

☒  **BY ELECTRONIC MAIL:** I caused said document(s) to be sent via email to the interested parties at the email addresses set for above.

I declare under penalty of perjury that the foregoing is true and correct and that this document is executed on _5/29/26_ , at Ventura, California.

By:   *T. Sedillos*
           T. Sedillos
           Judicial Secretary

**PROOF OF SERVICE**

SERVICE LIST

Case No. **2023CUPP012195**
**JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.**

Attorney for Plaintiffs
Danielle DeSmeth
Bamieh & DeSmeth PLC
ddesmeth@bamiehdesmeth.com

In Pro Per
Travis Martin
1746-F S. Victoria Avenue, #104
Ventura, CA 93003

Janeen Carlberg-Yoshida
State of CA – Victim Compensation Board
liens@victims.ca.gov

In Pro Per
Donna Martin
1746-F S. Victoria Avenue, #104
Ventura, CA 93003

**PROOF OF SERVICE**

# EXHIBIT "F"

# THE SUPERIOR COURT OF CALIFORNIA
# COUNTY OF VENTURA

## 2023CUPP012195 JAMES WALD, et al. vs TRAVIS EDWARD MARTIN, et al.

**Civil Unlimited** PI/PD/WD - Other

Filed: 08/02/2023

### Case Summary

CASE & COMPLAINT / PETITION INFORMATION     PARTIES     FUTURE HEARINGS

ALL HEARINGS     REGISTER

Chat

REGISTER

Search

| Date | | |
|------|-----|---|
| 06/30/2026 | Motion for Protective Order <br/> Filed by: W, P (Plaintiff) | 🔍 |
| 06/30/2026 | Motion to Strike RESERVED airlink scheduled for 09/09/2026 at 08:20 AM in Hall of Justice at Department 21 | |
| 06/29/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Airlink Internet, Inc. (Defendant) | 🔍 |
| 06/29/2026 | Challenge To Judicial Officer (170.6) <br/> Filed by: Airlink Internet, Inc. (Defendant) <br/>As to: W, P (Plaintiff) | 🔍 |
| 06/29/2026 | Demurrer - with Motion to Strike (CCP 430.10) <br/> Filed by: Airlink Internet, Inc. (Defendant) | 🔍 |
| 06/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) <br/>Service Date: 06/26/2026 | 🔍 |
| 06/26/2026 | Request for Judicial Notice <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | 🔍 |
| 06/26/2026 | Demurrer - with Motion to Strike (CCP 430.10) <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 06/23/2026 | Declaration of Donna Martin Regarding Meet and Confer <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) | 🔍 |
| 06/23/2026 | Request for Judicial Notice <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) | 🔍 |
| 06/23/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) <br/>Service Date: 06/23/2026 | 🔍 |
| 06/23/2026 | Demurrer and Motion to Strike Portions of First Amended Complaint <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 06/22/2026 | Notice of Ruling <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |

| 06/22/2026 | Minute Order (Motion to Compel Further Responses to Special Interrogatories...) | 🔍 |
| 06/18/2026 | Copy of Order from District Court of Appeal (Petition for writ of mandate, or alternatively, prohibition and request for an immediate stay is denied.) <br/> Filed by: Clerk | 🔍 |
| 06/17/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 06/17/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 06/16/2026 | Updated -- Certificate of Clerk's Service for Minute Order (Court Order) of 06/16/2026: <br/> Status Date changed from 06/16/2026 to 06/16/2026 | 🔍 |
| 06/16/2026 | Certificate of Clerk's Service for Minute Order (Court Order) of 06/16/2026 <br/> Filed by: Clerk | 🔍 |
| 06/16/2026 | Minute Order (Court Order) | 🔍 |
| 06/15/2026 | Updated -- Amended Cross-Complaint: <br/> Status Date changed from 06/17/2026 to 06/15/2026 <br/> Status changed from Received to Filed | 🔍 |
| 06/15/2026 | Updated -- Amended Complaint (1st): <br/> Name Extension changed from (1st) to (1st) <br/> Filed By Parties changed from Wald, James (Plaintiff), Wald, Natalie (Plaintiff) to W, P (Plaintiff), Wald, James (Plaintiff), Wald, Natalie (Plaintiff), Elite Sounds Company LLC (Plaintiff) | 🔍 |
| 06/15/2026 | Updated -- Amended Complaint (1st): <br/> Status changed from Received to Filed | 🔍 |
| 06/15/2026 | DECLARATION OF DONNA MARTIN IN SUPPORT OF MOTION TO REMOVE JAMES WALD AS GAURDIAN AD LITEM <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 06/15/2026 | Request for Judicial Notice <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 06/15/2026 | Motion TO REMOVE JAMES WALD AS GUARDIAN AD LITEM FOR MINOR PLAINTIFF P.W.; MEMORANDUM OF POINTS AND AUTHORITIES <br/> Filed by: Martin, Donna (Defendant) | 🔍 |

| Date | | |
|---|---|---|
| 06/15/2026 | Updated -- Motion for Reconsideration of June 5, 2026 Orders; Motion to Vacate Orders Entered After Known CourtCall Disconnection; Request to Strike False Penal Code 288.7(b) Conviction Finding; Memorandum of Points and Authorities; Declarations: <br/> Name Extension: of June 5, 2026 Orders; Motion to Vacate Orders Entered After Known CourtCall Disconnection; Request to Strike False Penal Code 288.7(b) Conviction Finding; Memorandum of Points and Authorities; Declarations <br/> Exact Name: blank | Q |
| 06/15/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Donna (Defendant) | Q |
| 06/12/2026 | Declaration in Support Krem Declaration ISO Plaintiffs' Oppositions to Motions to Compel <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 06/10/2026 | Request for Judicial Notice <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: W, P (Plaintiff) | Q |
| 06/10/2026 | of June 5, 2026 Orders; Motion to Vacate Orders Entered After Known CourtCall Disconnection; Request to Strike False Penal Code 288.7(b) Conviction Finding; Memorandum of Points and Authorities; Declarations <br/> Filed by: Martin, Travis E (Defendant) | Q |
| 06/08/2026 | Notice of Ruling <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant); Martin, Travis E (Defendant) | Q |
| 06/05/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 06/05/2026 | Q |
| 06/05/2026 | Declaration OF TRAVIS EDWARD MARTIN RE: OBJECTION TO JUNE 5, 2026 ORDERS ENTERED IN VIOLATION OF MEANINGFUL ACCESS TO COURTS, SMITH, WANTUCH, PAYNE, AND THE STATE AND FEDERAL CONSTITUTIONS <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. | Q |
| 06/05/2026 | Copy of Order from District Court of Appeal (Petitioner for a writ of mandate or, alternatively, prohibition and request for immediate stay is denied.) <br/> Filed by: Clerk | Q |
| 06/05/2026 | Case Management Conference scheduled for 08/25/2026 at 08:35 AM in Hall of Justice at Department 21 | |
| 06/05/2026 | Order to Show Cause re: Imposition of Sanctions Against Plaintiff's Counsel for Failure to Enter Default as to Defendant Airlink Internet, Inc scheduled for 08/25/2026 at 08:35 AM in Hall of Justice at Department 21 | |

| | |
|---|---|
| 06/05/2026 | Minute Order (Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL; Motion...) |
| 06/04/2026 | Notice of Ruling <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Donna (Defendant) |
| 06/03/2026 | Motion to Compel Responses to Form Interrogatories (Set One) From Cross-Defendant Natalie Wald scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Motion to Compel Further Responses to Form Interrogatories (Set One) From Plaintiff P.W., A Minor by and Through Guardian Ad Litem James Wald scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Motion to Compel Further Responses to Form Interrogatories (Set One) From Cross-Defendant James Wald scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant Natalie Wald scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Plaintiff P.W scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant James Wald scheduled for 06/22/2026 at 08:20 AM in Hall of Justice at Department 21 |
| 06/03/2026 | Minute Order (Motion to Compel Further Responses to Special Interrogatories...) |
| 06/02/2026 | Updated -- 2026.06.02 Notice of Continued Hearings FINAL: <br/> As To Parties changed from Martin, Donna (Defendant) to Martin, Donna (Defendant), Martin, Travis E (Defendant) |
| 06/02/2026 | 2026.06.02 Notice of Continued Hearings FINAL <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Donna (Defendant) |
| 06/02/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission as to P.W. scheduled for 06/03/2026 at 08:20 AM in Hall of Justice at Department 21 |

| Date | | |
|---|---|---|
| 06/02/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission as to Natalie Wald scheduled for 06/03/2026 at 08:20 AM in Hall of Justice at Department 21 | |
| 06/02/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission as to James Wald scheduled for 06/03/2026 at 08:20 AM in Hall of Justice at Department 21 | |
| 06/02/2026 | Minute Order () | 🔍 |
| 06/01/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 05/30/2026 | 🔍 |
| 06/01/2026 | Declaration DECLARATION OF TRAVIS EDWARD MARTIN RE: CCP SECTION 170.4(d), VOID MAY 21 ORDERS, OPERATIVE FIRST AMENDED CROSS-COMPLAINT, AIRLINK SERVICE, AND OBJECTION TO JUNE 5 TRIAL-SETTING ACTION <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. | 🔍 |
| 06/01/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff); Wald, James (Plaintiff); Wald, Natalie (Plaintiff) <br/>Service Date: 06/01/2026 | 🔍 |
| 06/01/2026 | SUPPLEMENTAL DECLARATION OF DONNA MARTIN REGARDING NONRECEIPT OF PROMISED AMENDED RFA RESPONSES <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff); Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | 🔍 |
| 05/29/2026 | Declaration 2026.05.29 Krem Decl Re Timeliness of Demurrer and MTS FINAL <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/29/2026 | Declaration 2026.05.29 Declaration of LS re Timeliness of Demurrer and Motion to Strik Cross Complaint <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/29/2026 | Order Striking Travis Edward Martin's Eighth Statement of Disqualification Against Hon. Dana K. Caudill <br/> Filed by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/29/2026 | Order Striking Travis Edward Martin's Seventh Statement of Disqualification Against Hon. Dana K. Caudill <br/> Filed by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |

| Date | | |
|---|---|---|
| 05/28/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) <br/>Service Date: 05/28/2026 | 🔍 |
| 05/28/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE, FROM PLAINTIFF P.W. BY AND THROUGH GUARDIAN AD LITEM JAMES WALD; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) | 🔍 |
| 05/28/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) <br/>Service Date: 05/28/2026 | 🔍 |
| 05/28/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE, FROM PLAINTIFF AND CROSS- DEFENDANT NATALIE WALD; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) | 🔍 |
| 05/28/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 05/28/2026 | 🔍 |
| 05/28/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO FORM INTERROGATORIES, SET ONE, FROM PLAINTIFF AND CROSS- DEFENDANT JAMES WALD; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff) <br/>Service Date: 05/26/2026 | 🔍 |
| 05/26/2026 | Motion to Vacate VOID MAY 21,2026 ORDER GRANTING CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff) <br/>Service Date: 05/26/2026 | 🔍 |
| 05/26/2026 | Motion to Vacate VOID MAY 21, 2026 ORDER DENYING MOTION TO DISMISS FOR FAILURE TO PROSECUTE <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff) <br/>Service Date: 05/26/2026 | 🔍 |

| Date | | |
|------|---|---|
| 05/26/2026 | Motion to Vacate VOID MAY 21, 2026 ORDER GRANTING PLAINTIFFS' MOTION TO DEEM SERVICE COMPLETE ON DEFENDANT AIRLINK INTERNET, INC. <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 05/26/2026 | 🔍 |
| 05/26/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) FROM CROSS-DEFENDANT JAMES WALD; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>Service Date: 05/26/2026 | 🔍 |
| 05/26/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) FROM CROSS-DEFENDANT NATALIE WALD; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>Service Date: 05/26/2026 | 🔍 |
| 05/26/2026 | DEFENDANT AND CROSS-COMPLAINANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES (SET ONE) FROM PLAINTIFF P.W.; SUPPLEMENTAL DECLARATION OF DONNA MARTIN <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 05/26/2026 | Updated -- Proof of Electronic Service: <br/> <br/>Service Date: 05/25/2026 | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 05/25/2026 | 🔍 |
| 05/26/2026 | DEFENDANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED THE TRUTH OF MATTERS SPECIFIED IN REQUESTS FOR ADMISSION, SET ONE; OR, IN THE ALTERNATIVE, TO COMPEL FURTHER RESPONSES; AND REQUEST FOR MONETARY SANCTIONS <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) <br/>Service Date: 05/25/2026 | 🔍 |

| Date | | |
|---|---|---|
| 05/26/2026 | DEFENDANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED THE TRUTH OF MATTERS SPECIFIED IN REQUESTS FOR ADMISSION, SET ONE; OR, IN THE ALTERNATIVE, TO COMPEL FURTHER RESPONSES; AND REQUEST FOR MONETARY SANCTIONS <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) | 🔍 |
| 05/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) <br/>Service Date: 05/25/2026 | 🔍 |
| 05/26/2026 | Reply to Opposition DEFENDANT DONNA MARTIN'S REPLY IN SUPPORT OF MOTION TO DEEM ADMITTED THE TRUTH OF MATTERS SPECIFIED IN REQUESTS FOR ADMISSION, SET ONE; OR, IN THE ALTERNATIVE, TO COMPEL FURTHER RESPONSES; AND REQUEST FOR MONETARY SANCTIONS <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) | 🔍 |
| 05/22/2026 | Notice of Ruling <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant); Martin, Travis E (Defendant) | 🔍 |
| 05/22/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 05/22/2026 | 🔍 |
| 05/22/2026 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 05/21/2026 | Separate Statement <br/> Filed by: W, P (Plaintiff) | 🔍 |
| 05/21/2026 | Opposition to Motion to Compel <br/> Filed by: W, P (Plaintiff) | 🔍 |
| 05/21/2026 | Separate Statement <br/> Filed by: Wald, Natalie (Plaintiff) | 🔍 |
| 05/21/2026 | Opposition to Motion to Compel <br/> Filed by: Wald, Natalie (Plaintiff) | 🔍 |
| 05/21/2026 | Separate Statement <br/> Filed by: Wald, James (Plaintiff) | 🔍 |
| 05/21/2026 | Opposition to Motion to Compel <br/> Filed by: Wald, James (Plaintiff) | 🔍 |
| 05/21/2026 | Minute Order (Demurrer to Cross Complaint; Motion to Strike Exemplary Damag...) | 🔍 |
| 05/21/2026 | Updated -- P.W.'S SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE: <br/> Name Extension: blank | 🔍 |

| | |
|---|---|
| 05/21/2026 | Updated -- NATALIE WALDS SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE: <br/> Name Extension: blank | 🔍 |
| 05/21/2026 | Updated -- JAMES WALDS SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE: <br/> Name Extension: blank | 🔍 |
| 05/21/2026 | Updated -- P.W.'S SEPARATE STATEMENT OPPOSITION TO DONNA MARTIN'S MOTION TO DEEM FACTS ADMITTED: <br/> Name Extension: blank | 🔍 |
| 05/21/2026 | Updated -- James Walds Opposition to Donna Martin's Motion to Deem Facts Admitted or in the Alternative to Compel Further Responses to Request for Admission Set One: <br/> Name Extension: blank <br/> Exact Name: James Walds Opposition to Donna Martin's Motion to Deem Facts Admitted or in the Alternative to Compel Further Responses to Request for Admission Set One | 🔍 |
| 05/21/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant); ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) et al. <br/>Service Date: 05/21/2026 | 🔍 |
| 05/20/2026 | P.W.'S SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: W, P (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |
| 05/20/2026 | P.W.'S OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: W, P (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |
| 05/20/2026 | NATALIE WALDS SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: Wald, Natalie (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |
| 05/20/2026 | NATALIE WALDS OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: Wald, Natalie (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |
| 05/20/2026 | JAMES WALDS SEPARATE STATEMENT IN OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: Wald, James (Plaintiff) <br/>As to: Martin, Donna (Defendant) | 🔍 |

| Date | | |
|---|---|---|
| 05/20/2026 | JAMES WALDS OPPOSITION TO DONNA MARTIN'S MOTION TO COMPEL FURTHER RESPONSES TO SPECIAL INTERROGATORIES SET ONE <br/> Filed by: Wald, James (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/20/2026 | Order Striking Travis Edward Martin's Sixth Statement of Disqualification Against Hon. Dana K. Caudill <br/> Filed by: Court | Q |
| 05/19/2026 | P.W.'S SEPARATE STATEMENT OPPOSITION TO DONNA MARTIN'S MOTION TO DEEM FACTS ADMITTED <br/> Filed by: W, P (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | P.W.'S OPPOSITION TO DONNA MARTIN'S MOTION TO DEEM FACTS ADMITTED <br/> Filed by: W, P (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | NATALIE WALD'S SEPARATE STATEMENT IN OPPOSITON TO DONNA MARTINS MOTION TO DEEM FACTS ADMITTED <br/> Filed by: Wald, Natalie (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | NATALIE WALD'S OPPOSITION TO DONNA MARTIN'S MOTION TO DEEM FACTS ADMITTED <br/> Filed by: Wald, Natalie (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | Separate Statement in Opposition to Donna Martin's Motion to Deem Facts Admitted <br/> Filed by: Wald, James (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | Opposition to Donna Martin's Motion to Deem Facts Admitted or in the Alternative to Compel Further Responses to Request for Admission Set One <br/> Filed by: Wald, James (Plaintiff) <br/>As to: Martin, Donna (Defendant) | Q |
| 05/19/2026 | Updated -- Request for Entry of Default: <br/> <br/>Requested Judgment Type: Request for Entry of Default | Q |
| 05/18/2026 | Notice of Continued Hearings <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant); Martin, Travis E (Defendant) | Q |
| 05/18/2026 | Amended Minute Order (Demurrer as to Cross-Defs James Wald, Natalie Wald and Elite ...) | Q |
| 05/18/2026 | Motion to Strike Travis Martin's First Amended Cross-Complaint scheduled for 05/21/2026 at 08:20 AM in Hall of Justice at Department 21 | |

| Date | | |
|---|---|---|
| 05/18/2026 | Demurrer as to Cross-Defs James Wald, Natalie Wald and Elite Sound Co scheduled for 05/21/2026 at 08:20 AM in Hall of Justice at Department 21 | |
| 05/18/2026 | Default entered as to AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation; Cohen, Jayson <br/>On the Amended Cross-Complaint (1st) filed by Travis E Martin on 04/07/2026 | |
| 05/18/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant) <br/>Service Date: 05/17/2026 | 🔍 |
| 05/18/2026 | Request for Entry of Default <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant) <br/>Requested Judgment Type: Request for Entry of Default | 🔍 |
| 05/18/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant); ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) et al. <br/>Service Date: 05/17/2026 | 🔍 |
| 05/13/2026 | Certificate of Clerk's Service for [Court Order - Rescheduled Hearings] <br/> Generated by: Court | 🔍 |
| 05/13/2026 | Updated -- Court Order - Rescheduled Hearings: <br/> Status Date changed from 05/13/2026 to 05/13/2026 <br/> Name Extension changed from () to () <br/> Exact Name: Court Order - Rescheduled Hearings | 🔍 |
| 05/13/2026 | Minute Order () | 🔍 |
| 05/12/2026 | Reply Reply ISO Motion to Strike FACC <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/12/2026 | Reply Reply ISO Demurrer to FACC <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/11/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant); ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) et al. <br/>Service Date: 05/10/2026 | 🔍 |

| Date | | |
|---|---|---|
| 05/11/2026 | REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL CHARLOTTE E. KREM AND BAMIEH DE SMETH, PLC RE: MOTION FILED APRIL 27, 2026 <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 05/11/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant); ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) et al. <br/>Service Date: 05/10/2026 | 🔍 |
| 05/11/2026 | REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL CHARLOTTE E. KREM AND BAMIEH DE SMETH, PLC RE: MOTION FILED APRIL 3, 2026 <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 05/11/2026 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 05/08/2026 | Minute Order (Motion to Dismiss for Failure to Prosecute; Motion to Strike ...) | 🔍 |
| 05/08/2026 | Notice of Continued Hearings FINAL <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant); Martin, Travis E (Defendant) | 🔍 |
| 05/07/2026 | Order Striking Travis Edward Martin's Fifth Statement of Disqualification Against Hon. Dana K. Caudill <br/> Filed by: Court | 🔍 |
| 05/06/2026 | Opposition to Motion for Sanctions Against Plaintiffs Counsel (Filed April 3, 2026) <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) | 🔍 |
| 05/06/2026 | Opposition to Motion for Sanctions Against Charlotte E. Krem (Filed April 27m 2026) <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 05/06/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 05/06/2026 | 🔍 |
| 05/06/2026 | Opposition TO PLAINTIFFS'/CROSS-DEFENDANTS' DEMURRER TO FIRST AMENDED CROSS- COMPLAINT <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |

| Date | | |
|------|---|---|
| 05/06/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 05/06/2026 | 🔍 |
| 05/06/2026 | Opposition OF DEFENDANT AND CROSS- COMPLAINANT TRAVIS EDWARD MARTIN TO PLAINTIFFS'/CROSS-DEFENDANTS' MOTION TO STRIKE FIRST AMENDED CROSS-COMPLAINT <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 04/30/2026 | Copy of Order from District Court of Appeal (The petition for a writ of mandate is denied.) <br/> Filed by: Clerk | 🔍 |
| 04/30/2026 | Reply in Support of Motion to Deem Service Complete on Def Airlink Internet Inc <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant) | 🔍 |
| 04/30/2026 | Certificate of Clerk's Service for [Court Order - Rescheduled Hearings] <br/> Generated by: Court | 🔍 |
| 04/30/2026 | Updated -- Court Order - Rescheduled Hearings: <br/> Status Date changed from 04/30/2026 to 04/30/2026 <br/> Name Extension changed from () to () <br/> Exact Name: Court Order - Rescheduled Hearings | 🔍 |
| 04/30/2026 | Minute Order () | 🔍 |
| 04/30/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 04/30/2026 | 🔍 |
| 04/29/2026 | Certificate of Clerk's Service for [Notice of Rejection] <br/> Generated by: Court | 🔍 |
| 04/29/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 04/29/2026 | Updated -- Proof of Personal Service (General): <br/> <br/>Service Date: 04/23/2026 <br/>Service Cost: 0.00 <br/>Service Cost Waived: Yes | 🔍 |
| 04/28/2026 | Order Striking Travis Edward Martin's Fourth Statement of Disqualification Against Hon. Dana K. Caudill <br/> Filed by: Court | 🔍 |

| Date | | |
|---|---|---|
| 04/27/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 04/25/2026 | Q |
| 04/27/2026 | Motion for Sanctions Against Attorney Charlotte E. Krem Pursuant to Code of Civil Procedure Section 128.7 <br/> Filed by: Martin, Travis E (Defendant) | Q |
| 04/27/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 04/26/2026 | Q |
| 04/27/2026 | Declaration OF TRAVIS EDWARD MARTIN IN SUPPORT OF REQUEST TO CONTINUE MAY 1, 2026 CASE MANAGEMENT CONFERENCE AND DEFER ANY TRIAL SETTING <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. | Q |
| 04/27/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant) <br/>Service Date: 04/15/2026 <br/>Service Cost: 50.00 | Q |
| 04/27/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Cohen, Jayson (Cross-Defendant) <br/>Service Date: 04/15/2026 <br/>Service Cost: 50.00 | Q |
| 04/27/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) <br/>Service Date: 04/15/2026 <br/>Service Cost: 50.00 | Q |
| 04/25/2026 | Updated -- Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission: <br/> As To Parties: W, P (Plaintiff) | Q |
| 04/25/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Donna (Defendant) | Q |
| 04/25/2026 | Updated -- Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission: <br/> As To Parties: Wald, Natalie (Plaintiff) | Q |
| 04/25/2026 | Updated -- Separate Statement of Disputed Discovery ISO Motion to Deem Admitted: <br/> As To Parties: Wald, James (Plaintiff) | Q |
| 04/25/2026 | Updated -- Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission: <br/> As To Parties: Wald, James (Plaintiff) | Q |

| Date | | |
|---|---|---|
| 04/24/2026 | Proof of Personal Service (General) <br/> Filed by: Martin, Travis E (Defendant) <br/>Service Date: 04/23/2026 <br/>Service Cost: 0.00 <br/>Service Cost Waived: Yes | Q |
| 04/24/2026 | Proof of Personal Service (General) <br/> Filed by: Martin, Travis E (Defendant) <br/>Service Date: 04/23/2026 <br/>Service Cost: 0.00 <br/>Service Cost Waived: Yes | Q |
| 04/24/2026 | Declaration of Charlotte E. Krem Regarding Service Efforts for Defendant Airlink Internet Inc <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); Elite Sounds Company LLC (Plaintiff) <br/>As to: Airlink Internet, Inc. (Defendant) | Q |
| 04/24/2026 | Updated -- Demurrer: <br/> Name Extension: blank <br/> Filed By Parties changed from Wald, James (Cross-Defendant), Wald, Natalie (Cross-Defendant) to Wald, James (Cross-Defendant), Wald, Natalie (Cross-Defendant), ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) | Q |
| 04/24/2026 | Updated -- Motion to Strike Travis Martin's First Amended Cross-Complaint: <br/> Name Extension: blank <br/> Filed By Parties changed from Wald, James (Cross-Defendant), Wald, Natalie (Cross-Defendant) to ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant), Wald, James (Cross-Defendant), Wald, Natalie (Cross-Defendant) | Q |
| 04/21/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) <br/>Service Date: 04/21/2026 | Q |
| 04/21/2026 | Separate Statement of Disputed Discovery ISO Motion to Deem Admitted <br/> Filed by: Martin, Donna (Defendant) <br/>As to: W, P (Plaintiff) | Q |
| 04/21/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission <br/> Filed by: Martin, Donna (Defendant) | Q |
| 04/21/2026 | Separate Statement of Disputed Discovery ISO Motion to Deem Admitted <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) | Q |
| 04/21/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) <br/>Service Date: 04/21/2026 | Q |
| 04/21/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission <br/> Filed by: Martin, Donna (Defendant) | Q |
| 04/21/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 04/21/2026 | Q |

| Date | | |
|---|---|---|
| 04/21/2026 | Separate Statement of Disputed Discovery ISO Motion to Deem Admitted <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/21/2026 | Motion to Deem Admitted the Truth of Matters Specified in Requests for Admission <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/21/2026 | Demurrer <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 04/21/2026 | Motion to Strike Travis Martin's First Amended Cross-Complaint <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 04/21/2026 | Certificate of Clerk's Service for [Decision on the Motion for Challenge for Cause and Recusal of Judge Dana K. Caudill CCP §170.1(a)(6)(A(iii)] <br/> Generated by: Court | 🔍 |
| 04/21/2026 | Decision on the Motion for Challenge for Cause and Recusal of Judge Dana K. Caudill CCP §170.1(a)(6)(A(iii) <br/> Filed by: Court | 🔍 |
| 04/20/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>Service Date: 04/20/2026 | 🔍 |
| 04/20/2026 | Separate Statement ISO Motion to Compel Further Responses to Form Interrogatories (Set One) From Plaintiff P.W., A Minor by and Through Guardian Ad Litem James Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/20/2026 | Motion to Compel Further Responses to Form Interrogatories (Set One) From Plaintiff P.W., A Minor by and Through Guardian Ad Litem James Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/20/2026 | Separate Statement ISo Motion to Compel Further Responses to Form Interrogatories (Set One) From Cross-Defendant Natalie Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/20/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>Service Date: 04/20/2026 | 🔍 |
| 04/20/2026 | Motion to Compel Responses to Form Interrogatories (Set One) From Cross-Defendant Natalie Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/20/2026 | Separate Statement ISO Motion to Compel Further Responses to Form Interrogatories (Set One) From Cross-Defendant James Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |

| Date | | |
|---|---|---|
| 04/20/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 04/20/2026 | 🔍 |
| 04/20/2026 | Motion to Compel Further Responses to Form Interrogatories (Set One) From Cross-Defendant James Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/20/2026 | Notice of Rejection <br/> Generated by: Court | 🔍 |
| 04/20/2026 | Notice of Rejection <br/> Generated by: Court | 🔍 |
| 04/20/2026 | Notice of Rejection <br/> Generated by: Court | 🔍 |
| 04/20/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 04/19/2026 | 🔍 |
| 04/17/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant) <br/>Service Date: 04/15/2026 <br/>Service Cost: 0.00 | 🔍 |
| 04/17/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) <br/>Service Date: 04/15/2026 <br/>Service Cost: 0.00 | 🔍 |
| 04/17/2026 | Separate Statement ISO Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant Natalie Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/17/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, Natalie (Plaintiff) <br/>Service Date: 04/17/2026 | 🔍 |
| 04/17/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant Natalie Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/17/2026 | Separate Statement ISO Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant James Wald <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 04/17/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>Service Date: 04/17/2026 | 🔍 |

| Date | | |
|---|---|---|
| 04/17/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Cross-Defendant James Wald <br/> Filed by: Martin, Donna (Defendant) | [Q] |
| 04/17/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Defendant) <br/>As to: Wald, James (Plaintiff) <br/>Service Date: 04/17/2026 | [Q] |
| 04/17/2026 | Separate Statement ISO Motion to Compel Further Responses to Special Interrogatories (Set One) From Plaintiff P.W. <br/> Filed by: Martin, Donna (Defendant) | [Q] |
| 04/17/2026 | Motion to Compel Further Responses to Special Interrogatories (Set One) From Plaintiff P.W. <br/> Filed by: Martin, Donna (Defendant) | [Q] |
| 04/14/2026 | Certificate of Clerk's Service for [Minute Order (Disqualification Challenge)] <br/> Generated by: Court | [Q] |
| 04/13/2026 | Certificate of Clerk's Service for [Minute Order (Disqualification Challenge)] <br/> Generated by: Court | [Q] |
| 04/13/2026 | Minute Order (Disqualification Challenge) | [Q] |
| 04/13/2026 | Verified Answer of Hon. Dana K. Caudill in Response to Third Statement of Disqualification <br/> Filed by: Court | [Q] |
| 04/13/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 04/06/2026 | [Q] |
| 04/07/2026 | Summons on Cross Complaint (1st) <br/> Issued and Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: AMERICAN LEGACY SOLUTIONS LLC, a California Limited Liability Corporation (Cross-Defendant); Cohen, Jayson (Cross-Defendant); ELITE SOUND COMPANY LLC, a California Limited Liability Corporation (Cross-Defendant) et al. | [Q] |
| 04/07/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/19/2026 | [Q] |
| 04/07/2026 | Proof of Service (General) <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 04/06/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | [Q] |

| Date | | |
|---|---|---|
| 04/03/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 04/03/2026 | 🔍 |
| 04/03/2026 | Motion for Sanctions Against Plaintiffs' Counsel <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 04/02/2026 | Notice of Rejection <br/> Generated by: Court | 🔍 |
| 03/30/2026 | Notice of Rescheduled Hearing <br/> Generated by: Court | 🔍 |
| 03/30/2026 | Notice of Rescheduled Hearing <br/> Generated by: Court | 🔍 |
| 03/30/2026 | Notice of Rescheduled Hearing <br/> Generated by: Court | 🔍 |
| 03/30/2026 | Notice of Rescheduled Hearing <br/> Generated by: Court | 🔍 |
| 03/30/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/29/2026 | 🔍 |
| 03/30/2026 | Challenge To Judicial Officer 170.1(a)(6)(A)(iii), 170.3(c),170.4(c)(3)) <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/27/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 03/26/2026 | 🔍 |
| 03/26/2026 | Response TO PLAINTIFFS' NOTICE OF NON-OPPOSITION AND REQUEST FOR RULING; REQUEST TO STRIKE UNAUTHORIZED AMENDED CROSS-COMPLAINT <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/26/2026 | Notice of Rejection <br/> Generated by: Court | 🔍 |
| 03/26/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/26/2026 | 🔍 |

03/26/2026  REPLY IN SUPPORT OF DEFENDANT TRAVIS MARTIN'S MOTION TO DISMISS
FOR FAILURE TO PROSECUTE; OR, IN THE ALTERNATIVE, MOTION FOR
SANCTIONS; OR, IN THE ALTERNATIVE, MOTION TO DISQUALIFY PLAINTIFFS'
COUNSEL <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to:
Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant)

03/25/2026  Notice of Non-Opposition and Request for Ruling <br/> Filed by: Wald, James
(Cross-Defendant); Wald, Natalie (Cross-Defendant)

03/20/2026  Notice of Stay and Courts March 18, 2026, Hearing <br/> Filed by: Wald,
James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff)

03/19/2026  Opp to Travis Martins Motion to Dismiss for Sanction and Disqualification of
Counsel <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P
(Plaintiff)

03/19/2026  Status Conference re Status of Stay Pending Resolution of CCP § 170.1
Challenge scheduled for 05/01/2026 at 08:30 AM in Hall of Justice at
Department 21

03/19/2026  Order to Show Cause re: Imposition of Sanctions Against Counsel for Plaintiff
for Failing to Timely File Proof of Service/Enter Default, and Obtain Default
Judgment as to Defendant, Airlink Internet Inc. scheduled for 05/01/2026 at
08:30 AM in Hall of Justice at Department 21

03/19/2026  Trial Setting Conference scheduled for 05/01/2026 at 08:30 AM in Hall of
Justice at Department 21

03/19/2026  Case Management Conference scheduled for 05/01/2026 at 08:30 AM in Hall
of Justice at Department 21

03/19/2026  Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL (RE:
JANUARY 22, 2026 MINUTE ORDER) scheduled for 05/01/2026 at 08:30 AM in
Hall of Justice at Department 21

03/19/2026  Motion for Judgment on the Pleadings scheduled for 05/01/2026 at 08:30 AM
in Hall of Justice at Department 21

03/19/2026  Motion for Reconsideration of January 22, 2026 Minute Order Denying
Defendant's Motion for Reconsideration CCP 1008(a) scheduled for
05/01/2026 at 08:30 AM in Hall of Justice at Department 21

03/19/2026  Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL scheduled for
05/01/2026 at 08:30 AM in Hall of Justice at Department 21

| Date | | |
|---|---|---|
| 03/19/2026 | Verified Answer of Hon. Dana K. Caudill in Response to Second Statement of Disqualification <br/> Filed by: Court | 🔍 |
| 03/18/2026 | Minute Order (Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL; Motion...) | 🔍 |
| 03/18/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/18/2026 | 🔍 |
| 03/18/2026 | Case Management Statement <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/18/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/17/2026 | DECLARATION OF TYLER MARTIN IN SUPPORT OF DEFENDANT TRAVIS MARTINS OPPOSITION TO PLAINTIFFS MOTION TO DEEM SERVICE COMPLETE ON AIRLINK INTERNET INC. <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/17/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/17/2026 | 🔍 |
| 03/17/2026 | DEFENDANT TRAVIS EDWARD MARTIN'S OPPOSITION TO PLAINTIFFS' MOTION TO DEEM SERVICE COMPLETE ON DEFENDANT AIRLINK INTERNET, INC.; REQUEST FOR ATTORNEYS' FEES AND COSTS <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/16/2026 | Proof of Electronic Service of Challenge to Judicial Officer (170.1) <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/16/2026 | 🔍 |
| 03/16/2026 | Challenge To Judicial Officer (170.1) Second Verified Statement of Disqualification for Cause Against Hon. Dana K Caudill Based on New Facts Revealed in Verified Answer <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 03/13/2026 | Proof of Personal Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 03/03/2026 | 🔍 |
| 03/13/2026 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff) | 🔍 |

| Date | | |
|---|---|---|
| 03/13/2026 | Verified Answer of Hon. Dana K. Caudill in Response to Statement of Disqualification and Motions for Judicial Recusal with Exhibits <br/> Filed by: Court | 🔍 |
| 03/12/2026 | Proof of Electronic Service <br/> Filed by: Martin, Donna (Cross-Complainant) <br/>As to: Martin, Travis Edward (Appellant) <br/>Service Date: 03/12/2026 | 🔍 |
| 03/12/2026 | Case Management Statement <br/> Filed by: Martin, Donna (Cross-Complainant) | 🔍 |
| 03/10/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/10/2026 | 🔍 |
| 03/10/2026 | REPLY IN SUPPORT OF MOTION TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/10/2026 | Plaintiff's Opposition to Defendant Travis Martin's Motion to 'Correct the Record' and Request for Judicial Recusal <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | 🔍 |
| 03/09/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/09/2026 | 🔍 |
| 03/09/2026 | DEFENDANT TRAVIS MARTIN'S REPLY IN SUPPORT OF MOTION TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/09/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/09/2026 | 🔍 |
| 03/09/2026 | DEFENDANT TRAVIS EDWARD MARTIN'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF JANUARY 22, 2026 MINUTE ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (CCP 1008(a)); ALTERNATIVE REQUEST FOR VACATUR UNDER CCP 473(d), 128(a)(8), AND THE <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 03/09/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 03/09/2026 | 🔍 |

| Date | | |
|------|---|---|
| 03/09/2026 | DEFENDANT TRAVIS EDWARD MARTIN'S REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF ELITE SOUNDS COMPANY, LLC, AND MOTION TO STRIKE <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |
| 03/05/2026 | Plaintiffs' Opposition to Defendant Travis Martin's Motion to for Judgment on the Motion to Strike <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | Q |
| 03/05/2026 | Opposition Plaintiffs' Opposition to Defendant Travis Martin's Motion to for Reconsideration <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | Q |
| 03/05/2026 | Opposition Plaintiff's Opposition to Defendant Travis Martin's Motion to 'Correct the Record' and Request for Judicial Recusal <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | Q |
| 03/04/2026 | Demurrer to Cross-Complaint <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>As to: Martin, Travis E (Cross-Complainant) | Q |
| 03/04/2026 | Motion to Strike Exemplary Damages from Cross-Complaint <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>As to: Martin, Travis E (Cross-Complainant) | Q |
| 02/27/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 02/27/2026 | Q |
| 02/27/2026 | Challenge To Judicial Officer (170.1) <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |
| 02/26/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, Natalie (Cross-Defendant) | Q |
| 02/26/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, Natalie (Cross-Defendant) | Q |
| 02/24/2026 | Motion to Deem Service Complete on Defendant Airlink Internet, Inc <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | Q |
| 02/20/2026 | Order to Show Cause re: Imposition of Sanctions Against Counsel for Plaintiff for Failing to Timely File Proof of Service/Enter Default, and Obtain Default Judgment as to Defendant, Airlink Internet Inc. scheduled for 03/27/2026 at 08:35 AM in Hall of Justice at Department 21 | |

| Date | | |
|---|---|---|
| 02/20/2026 | Trial Setting Conference scheduled for 03/27/2026 at 08:35 AM in Hall of Justice at Department 21 | |
| 02/20/2026 | Case Management Conference scheduled for 03/27/2026 at 08:35 AM in Hall of Justice at Department 21 | |
| 02/17/2026 | DECLARATION OF TRAVIS EDWARD MARTIN IN SUPPORT OF MOTION TO DISMISS <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 02/17/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 02/17/2026 | [Q] |
| 02/17/2026 | Motion to Dismiss for Failure to Prosecute <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 02/11/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 02/11/2026 | [Q] |
| 02/11/2026 | Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL (RE: JANUARY 22, 2026 MINUTE ORDER); AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 02/11/2026 | Request for Judicial Notice <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 02/11/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant) <br/>Service Date: 02/03/2026 | [Q] |
| 02/11/2026 | Motion for Judgment on the Pleadings <br/> Filed by: Martin, Travis E (Cross-Complainant) | [Q] |
| 02/05/2026 | Notice of Ruling <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff) | [Q] |
| 02/04/2026 | Minute Order () | [Q] |
| 02/03/2026 | Notice of Court Ruling <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>As to: Martin, Travis E (Cross-Complainant) | [Q] |

| Date | | |
|---|---|---|
| 02/03/2026 | Updated -- Copy of Order from District Court of Appeal (Writ of mandate and request for immediate stay filed by Travis Edward Martin on 1/29/26 are denied.): <br/> Exact Name changed from Copy of Order from District Court of Appeal to Copy of Order from District Court of Appeal (Writ of mandate and request for immediate stay filed by Travis Edward Martin on 1/29/26 are denied.) | ⒬ |
| 02/02/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 02/01/2026 | ⒬ |
| 02/02/2026 | Request for Judicial Notice ISO Motion to Correct the Record and for Judicial Recusal <br/> Filed by: Martin, Travis E (Cross-Complainant) | ⒬ |
| 02/02/2026 | Motion TO CORRECT THE RECORD AND FOR JUDICIAL RECUSAL; MEMORANDUM OF POINTS AND AUTHORITIES <br/> Filed by: Martin, Travis E (Cross-Complainant) | ⒬ |
| 02/02/2026 | Minute Order (Motion TO: (1) CORRECT THE RECORD REGARDING THE OCTOBER 8, 20...) | ⒬ |
| 01/30/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 01/30/2026 | ⒬ |
| 01/30/2026 | Motion for Reconsideration of January 22, 2026 Minute Order Denying Defendant's Motion for Reconsideration CCP 1008(a) <br/> Filed by: Martin, Travis E (Cross-Complainant) | ⒬ |
| 01/30/2026 | Copy of Order from District Court of Appeal <br/> Filed by: Clerk | ⒬ |
| 01/28/2026 | Substitution of Attorney <br/> Filed by: Martin, Donna (Defendant) | ⒬ |
| 01/27/2026 | PLAINTIFFS'/CROSS-DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | ⒬ |
| 01/27/2026 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Donna (Defendant) | ⒬ |
| 01/23/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 01/23/2026 | ⒬ |
| 01/23/2026 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | ⒬ |

**Date**

| 01/23/2026 | DEFENDANTCROSS-COMPLAINANT TRAVIS EDWARD MARTINS REPLY IN SUPPORT OF MOTION TO: (1) CORRECT THE RECORD REGARDING THE OCTOBER 8, 2025 LEAVE-TO-AMEND ORDER; AND (2) FOR SANCTIONS AGAINST ATTORNEY CHARLOTTE E. KREM AND BAMIEH DE SMETH, PLC <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |

01/23/2026  Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant)  🔍

01/22/2026  Notice of Ruling <br/> Filed by: Wald, James (Plaintiff)  🔍

01/22/2026  Minute Order (Motion for Reconsideration by Travis E Martin)  🔍

01/20/2026  Plaintiff's Opposition to Defendant Travis Martin's Motion to Correct the Record and for Sanctions; Request for Attorneys' Fees and Costs in the Amount of $2,972.50 <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff)  🔍

01/15/2026  Updated -- Order on Motions: 1. Travis Martin's Motion to Disqualify Plaintiff's Counsel 2. Travis Martin's Motion for Protective Order. 3. Plaintiffs' Motion for Attorneys' Fees and Costs: <br/> Status changed from Received to Filed  🔍

01/14/2026  DEFENDANT TRAVIS EDWARD MARTIN'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO REMOVE GUARDIAN AD LITEM JAMES WALD <br/> Filed by: Martin, Travis E (Cross-Complainant)  🔍

01/12/2026  Notice of Continued Case Management Conference and Trial Setting (Including OSC Re: Sanctions) <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff)  🔍

01/08/2026  Minute Order (Trial Setting Conference; Case Management Conference)  🔍

01/08/2026  Declaration of Josie Centeno in Support <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff)  🔍

01/08/2026  Declaration of Natalie Wald in Support <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff)  🔍

01/08/2026  Opposition to Defendant Travis Martin's Motion for Reconsideration of Order Denying Guardian Ad Litem Removal <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff)  🔍

01/08/2026  Updated -- Request for Judicial Notice ISO Motion to Correct the Record and for Sanctions: <br/> Name Extension: ISO Motion to Correct the Record and for Sanctions <br/> Exact Name: blank  🔍

| Date | | |
|---|---|---|
| 01/08/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 01/08/2026 | 🔍 |
| 01/08/2026 | DEFENDANTCROSS-COMPLAINANT TRAVIS EDWARD MARTINS OPPOSITION TO PLAINTIFFSCROSS-DEFENDANTS MOTION TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/05/2026 | ISO Motion to Correct the Record and for Sanctions <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/05/2026 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 01/03/2026 | 🔍 |
| 01/05/2026 | Motion TO: (1) CORRECT THE RECORD REGARDING THE OCTOBER 8, 2025 LEAVE-TO-AMEND ORDER; AND (2) FOR SANCTIONS AGAINST ATTORNEY CHARLOTTE E. KREM AND BAMIEH DE SMETH, PLC FOR FILING <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/02/2026 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/02/2026 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/29/2025 | Declaration of Charlotte E. Krem ISO Motion to Set Aside Entry of Default <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 12/29/2025 | Declaration in Support Declaration of Leala Sparks ISO Motion to Set Aside Entry of Default <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 12/29/2025 | Motion to Set Aside/Vacate Default and Default Judgment <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 12/24/2025 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 12/22/2025 | Case Management Statement <br/> Filed by: Martin, Donna (Cross-Complainant) | 🔍 |

| Date | | |
|---|---|---|
| 12/22/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 12/22/2025 | 🔍 |
| 12/22/2025 | Case Management Statement <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/19/2025 | Updated -- Notice of Rejection: <br/> As To Parties changed from Wald, Natalie (Cross-Defendant) to Wald, James (Cross-Defendant), Wald, Natalie (Cross-Defendant) | 🔍 |
| 12/19/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, Natalie (Cross-Defendant) | 🔍 |
| 12/19/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, James (Cross-Defendant) | 🔍 |
| 12/19/2025 | Certificate of Mailing - UD <br/> Generated by: Court | 🔍 |
| 12/19/2025 | Updated -- Certificate of Clerk and Order to Vacate: <br/> Status Date changed from 12/08/2025 to 12/19/2025 <br/> Status changed from Generated to Filed | 🔍 |
| 12/16/2025 | Minute Order (Motion to Disqualify Attorney Ron Bamieh and Bamieh & De Smet...) | 🔍 |
| 12/09/2025 | Reply in Support of Motion for Attorneys' Fees and Costs on Special Motion to Strike and Related Appeal <br/> Filed by: Wald, James (Plaintiff) | 🔍 |
| 12/08/2025 | Request for Judicial Notice <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Wald, James (Respondent); Wald, Natalie (Respondent) | 🔍 |
| 12/08/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Wald, James (Respondent); Wald, Natalie (Respondent) <br/>Service Date: 12/08/2025 | 🔍 |
| 12/08/2025 | DECLARATION OF SAMVEL POGHOSYAN REGARDING SERVICE EFFORTS ON JAMES WALD <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Wald, James (Respondent); Wald, Natalie (Respondent) | 🔍 |
| 12/08/2025 | Motion for Reconsideration <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |

| Date | | |
|---|---|---|
| 12/08/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 12/07/2025 | 🔍 |
| 12/08/2025 | DEFENDANT TRAVIS EDWARD MARTIN'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PREVENTING ATTEMPTS TO SERVE AIRLINK INTERNET, INC. BY DELIVERING PROCESS TO INMATE TRAVIS EDWARD MARTIN IN CDCR CUSTODY <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/08/2025 | Certificate of Clerk and Order to Vacate <br/> Generated by: Court | 🔍 |
| 12/04/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, James (Cross-Defendant) | 🔍 |
| 12/03/2025 | Opposition to Mx for PO re Airlink Service <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | 🔍 |
| 12/02/2025 | Updated -- Minute Order (Motion for Judgment on the Pleadings, Motion to Remove GAL): <br/> Status Date changed from 12/02/2025 to 12/02/2025 <br/> Name Extension changed from () to (Motion for Judgment on the Pleadings, Motion to Remove GAL) | 🔍 |
| 12/02/2025 | Minute Order () | 🔍 |
| 12/02/2025 | Notice of Ruling <br/> Filed by: Wald, James (Respondent); Wald, Natalie (Respondent); W, P (Respondent) | 🔍 |
| 12/01/2025 | DECLARATION OF TRAVIS EDWARD MARTIN IN SUPPORT OF OPPOSITION TO PLAINTIFFSCROSS-DEFENDANTS MOTION FOR ATTORNEYS FEES AND COSTS ON SPECIAL MOTION TO STRIKE AND RELATED APPEAL <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/01/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 12/01/2025 | 🔍 |
| 12/01/2025 | Opposition TO PLAINTIFFS CROSS-DEFENDANTS MOTION FOR ATTORNEYS FEES AND COSTS ON SPECIAL MOTION TO STRIKE AND RELATED APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/01/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 12/01/2025 | Updated -- Request for Entry of Default: <br/> <br/>Requested Judgment Type: Request for Entry of Default | 🔍 |

| Date | | |
|---|---|---|
| 12/01/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Wald, James (Cross-Defendant) | Q |
| 11/26/2025 | Default entered as to Wald, James; Wald, Natalie <br/>On the Amended Cross-Complaint (1st) filed by Travis E Martin on 10/24/2025 | |
| 11/26/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 11/26/2025 | Q |
| 11/26/2025 | Request for Entry of Default <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Requested Judgment Type: Request for Entry of Default | Q |
| 11/21/2025 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |
| 11/21/2025 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |
| 11/20/2025 | Motion for Attorney Fees and Costs on Special Motion to Strike and Related Appeal <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | Q |
| 11/19/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Bamieh, Ron S (Attorney) | Q |
| 11/13/2025 | Notice of Rescheduled Hearing <br/> Generated by: Court | Q |
| 11/13/2025 | Notice of Rescheduled Hearing <br/> Generated by: Court | Q |
| 11/13/2025 | Notice of Rescheduled Hearing <br/> Generated by: Court | Q |
| 11/13/2025 | Notice of Rescheduled Hearing <br/> Generated by: Court | Q |
| 11/13/2025 | Notice of Rescheduled Hearing <br/> Generated by: Court | Q |
| 11/10/2025 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |
| 11/10/2025 | Notice of Court Orders from Ex Parte Hearing <br/> Filed by: Wald, James (Plaintiff) | Q |

| Date | | |
|---|---|---|
| 11/10/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, Natalie (Cross-Defendant) <br/>Service Date: 11/08/2025 | 🔍 |
| 11/10/2025 | REPLY IN SUPPORT OF MOTION TO DISQUALIFY RON BAMIEH AND BAMIEH & DE SMETH, PLC <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 11/05/2025 | Plaintiffs' Opposition to Defendant Travis Martin's Motion to Disqualify Attorney Ron Bamieh and Bamieh & De Smeth, PLC <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | 🔍 |
| 10/31/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 10/31/2025 | 🔍 |
| 10/31/2025 | DECLARATION OF TRAVIS EDWARD MARTIN IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER PREVENTING ATTEMPTS TO SERVE AIRLINK INTERNET, INC. BY DELIVERING PROCESS TO INMATE TRAVIS EDWARD MARTIN IN CDCR CUSTODY <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/31/2025 | Motion for Protective Order Preventing Attempts to Serve Airlink Internet Inc. By delivering Process to Inmate Travis Edward Martin in CDCR Custody <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/31/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 10/31/2025 | 🔍 |
| 10/31/2025 | DEFENDANT TRAVIS EDWARD MARTIN'S REPLY IN SUPPORT OF (1) MOTION TO REMOVE GUARDIAN AD LITEM JAMES WALD AND (2) REQUEST FOR JUDICIAL NOTICE <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/31/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 10/31/2025 | 🔍 |
| 10/31/2025 | DEFENDANT TRAVIS EDWARD MARTINS REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/29/2025 | Minute Order (Ex Parte Application for Protective Order Prohibiting Service...) | 🔍 |
| 10/29/2025 | Opposition to Defendant Travis Martin's Request for Judicial Notice <br/> Filed by: Wald, James (Plaintiff) | 🔍 |

| Date | | |
|------|---|---|
| 10/29/2025 | Opposition to Defendant Travis Martin's Motion to Remove James Wald as GAL <br/> Filed by: Wald, James (Plaintiff) | 🔍 |
| 10/29/2025 | Opposition to Defendant Travis Martin's Motion for Judgment on the Pleadings <br/> Filed by: Wald, James (Plaintiff) | 🔍 |
| 10/27/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, Natalie (Cross-Defendant) <br/>Service Date: 10/27/2025 | 🔍 |
| 10/27/2025 | Declaration of Travis Edward Martin ISO Ex Parte Application <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/27/2025 | Ex Parte Application FOR PROTECTIVE ORDER PREVENTING ATTEMPTS TO SERVE AIRLINK INTERNET, INC. BY DELIVERING PROCESS TO INMATE TRAVIS EDWARD MARTIN IN CDCR CUSTODY <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/24/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 10/24/2025 | 🔍 |
| 10/24/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/15/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: W, P (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) <br/>Service Date: 10/15/2025 | 🔍 |
| 10/15/2025 | Declaration OF TRAVIS E MARTIN IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY RON BAMIEH AND BAMIEH & DE SMETH, PLC <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/15/2025 | Motion to Disqualify Attorney Ron Bamieh and Bamieh & De Smeth, PLC <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/08/2025 | Notice of Court Orders from Case Management Conference <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | 🔍 |
| 10/08/2025 | Case Management Conference scheduled for 01/08/2026 at 08:35 AM in Hall of Justice at Department 21 | |
| 10/08/2025 | Trial Setting Conference scheduled for 01/08/2026 at 08:30 AM in Hall of Justice at Department 21 | |

Date

| 10/08/2025 | Hearing re: Attorney Fees and Costs scheduled for 12/10/2025 at 08:20 AM in Hall of Justice at Department 21 | |
| 10/08/2025 | Minute Order (Case Management Conference Status of Appeal) | 🔍 |
| 10/07/2025 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) | 🔍 |
| 10/06/2025 | Declaration OF TRAVIS EDWARD MARTIN RE: STATUTORY EXEMPTION FROM MEET-AND-CONFER REQUIREMENTS <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/06/2025 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/06/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>Service Date: 10/06/2025 | 🔍 |
| 10/06/2025 | Motion for Judgment on the Pleadings <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/06/2025 | DECLARATION OF TRAVIS EDWARD MARTIN AUTHENTICATING JULY 5, 2023 EMAIL (EXHIBIT E) <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/06/2025 | Request for Judicial Notice ISO Motion to Remove GAL <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/06/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant) <br/>Service Date: 10/06/2025 | 🔍 |
| 10/06/2025 | Motion TO REMOVE GUARDIAN AD LITEM JAMES WALD FOR CONFLICT; MEMORANDUM OF POINTS ANppD AUTHORITIES IN SUPPORT THEREOF <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 10/03/2025 | Notice of Court Hearing (Civil) <br/> Generated by: Court | 🔍 |
| 10/03/2025 | Status Conference re Remittitur Ruling scheduled for 11/06/2025 at 08:30 AM in Hall of Justice at Department 21 | |
| 09/29/2025 | Request by Party with Fee Waiver for a Court Reporter for Hearing/Trial <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |

**Date**

| 09/24/2025 | Proof of Electronic Service <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant) <br/>Service Date: 09/24/2025 | Q |

09/24/2025 Case Management Statement <br/> Filed by: Martin, Travis E (Cross-Complainant)

09/23/2025 Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.

09/23/2025 Case Management Statement <br/> Filed by: Martin, Donna (Cross-Complainant)

09/22/2025 Proof of Electronic Service <br/> Filed by: Martin, Travis E (Defendant) <br/>As to: Elite Sounds Company LLC (Plaintiff); W, P (Plaintiff); Wald, James (Plaintiff) et al. <br/>Service Date: 09/22/2025

08/27/2025 Remittitur Processing Form <br/> Generated by: Court

08/27/2025 Remittitur (Order is reversed in part.) <br/> Filed by: Clerk

08/25/2025 Substitution of Attorney <br/> Filed by: <br/>As to: Martin, Travis Edward (Defendant)

08/14/2025 Updated -- Substitution of Attorney: <br/> Status Date changed from 08/25/2025 to 08/14/2025

08/11/2025 Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Appellant)

08/06/2025 Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Defendant)

07/31/2025 Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Appellant)

06/16/2025 Opinion and Judgment <br/> Filed by: Clerk

06/02/2025 Case reassigned to Hall of Justice in Department 21

04/08/2025 The case is placed in special status of: Stay - Other

| Date | | |
|---|---|---|
| 04/08/2025 | Case Management Conference Status of Appeal scheduled for 10/08/2025 at 08:30 AM in Hall of Justice at Department 21 | |
| 04/08/2025 | Minute Order (Case Management Conference Re: Status of Writ and Setting of TSC) | Q |
| 04/04/2025 | Substitution of Attorney <br/> Filed by: Martin, Travis E (Defendant) | Q |
| 04/04/2025 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis Edward (Defendant) | Q |
| 03/25/2025 | Case Management Statement <br/> Filed by: Martin, Donna (Defendant) | Q |
| 03/24/2025 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | Q |
| 03/10/2025 | Declaration in Support of Attorney's Motion to Be Relieved as Counsel-Civil <br/> Filed by: Kasendorf, Alexander (Attorney) <br/>As to: Martin, Travis Edward (Appellant); 2nd District Court of Appeal (District Court of Appeal) | Q |
| 03/10/2025 | Motion to Be Relieved as Counsel Counsel for Plaintiff Travis Edward Martin <br/> Filed by: Attorney <br/>As to: Martin, Travis Edward (Appellant); 2nd District Court of Appeal (District Court of Appeal) | Q |
| 01/01/2025 | Case reassigned to Hall of Justice in Department 21 | |
| 12/12/2024 | Abstract of Judgment <br/> Issued by: Court <br/>As to: Martin, Travis Edward (Defendant) | Q |
| 11/12/2024 | Notice of Continued Case Management Conference <br/> Filed by: Wald, James (Respondent) | Q |
| 10/28/2024 | Case Management Conference Re: Status of Writ and Setting of TSC scheduled for 04/08/2025 at 08:35 AM in Hall of Justice at Department 21 | |
| 10/25/2024 | Minute Order (Case Management Conference / OSC re: Dismissal for Plaintiff'...) | Q |
| 10/14/2024 | Case Management Statement <br/> Filed by: Martin, Travis E (Defendant) | Q |
| 10/10/2024 | Declaration of Danielle De Smeth Re: Order to Show Cause Re: Failure to Appear at August 22, 2024 Case Management Conference <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | Q |

| Date | | |
|---|---|---|
| 10/10/2024 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 09/20/2024 | Notice of Completion of Record on Appeal <br/> Generated by: Court | 🔍 |
| 09/10/2024 | Copy of Order from District Court of Appeal re: The Appeals are consolidated for purposes of record, briefing, oral argument, and decision. All future filings are to be made under appellate case number B335960. <br/> Filed by: Court | 🔍 |
| 09/05/2024 | Notice of Election to Proceed <br/> Generated by: Court | 🔍 |
| 09/04/2024 | Appellant's Notice Designating Record on Appeal (Appendix Only) <br/> Filed by: Martin, Travis E (Appellant) <br/>Appendix: Yes | 🔍 |
| 09/04/2024 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis Edward (Appellant) | 🔍 |
| 08/29/2024 | Notice of Filing Notice of Appeal / Cross Appeal <br/> Generated by: Court | 🔍 |
| 08/29/2024 | Updated -- Notice of Appeal: <br/> <br/>With Deposit: Yes | 🔍 |
| 08/28/2024 | Notice of Appeal <br/> Filed by: Martin, Travis E (Appellant) <br/>As to: Wald, James (Respondent) <br/>With Deposit: Yes | 🔍 |
| 08/26/2024 | Notice of Ruling RE Case Management Conference <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 08/22/2024 | Case Management Conference / OSC re: Dismissal for Plaintiff's Counsel's Failure to Appear at the 08/22/2024 CMC scheduled for 10/25/2024 at 08:35 AM in Hall of Justice at Department 21 | |
| 08/22/2024 | Minute Order (Case Management Conference) | 🔍 |
| 08/20/2024 | Notice of Entry of Judgment or Order <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 08/16/2024 | Notice of Lien <br/> Filed by: State of California/California Victim Compensation Board (Non-Party) | 🔍 |
| 07/24/2024 | Case Management Conference scheduled for 08/22/2024 at 08:35 AM in Hall of Justice at Department 21 | |

**Date**

| 07/23/2024 | Minute Order (Case Management Conference; Motion for Attorney Fees/Costs an...) | 🔍 |

| 07/22/2024 | Notice of Posting of Jury Fees <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |

| 07/16/2024 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |

| 07/16/2024 | Reply in Support of Motion for Attorneys' Fees and Costs on Special Motion to Strike <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |

| 07/10/2024 | Opposition to Plaintiffs' Motion for Attorneys' Fees and Costs on Special Motion to Strike <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |

| 05/31/2024 | Receipt for Record on Appeal <br/> Filed by: Non-Party | 🔍 |

| 05/31/2024 | Receipt for Record on Appeal <br/> Generated by: Court | 🔍 |

| 05/31/2024 | Receipt for Record on Appeal <br/> Generated by: Court | 🔍 |

| 05/31/2024 | Notice of Completion of Record on Appeal <br/> Generated by: Court | 🔍 |

| 05/29/2024 | Clerk's Transcript Complete 1 Vol (O+1) <br/> Lodged by: Clerk | |

| 05/13/2024 | Notice of Cost of Preparing Clerk's Transcript on Appeal <br/> Generated by: Court | 🔍 |

| 05/02/2024 | Notice to Court Reporter to Prepare Transcript <br/> Generated by: Court | 🔍 |

| 04/22/2024 | Notice of Continued Case Management Conference and Motion for Attorneys' Fees and Costs on Special Motion to Strike <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |

| 04/19/2024 | Notice of Rescinding Default <br/> Generated by: Court | 🔍 |

| 04/16/2024 | Notice of Default on Appeal (Limited/Unlimited) <br/> Generated by: Court | 🔍 |

| 04/16/2024 | Notice of Rescinding Default <br/> Generated by: Court | 🔍 |

| Date | | |
|------|---|---|
| 04/16/2024 | Appellant's Notice Designating Record on Appeal (Clerk's and Reporter's Transcript) <br/> Filed by: Martin, Travis Edward (Appellant) <br/>Clerk's Transcript: Yes <br/>Reporter's Transcript: Yes | 🔍 |
| 04/10/2024 | Motion for Attorney Fees/Costs and Costs on Special Motion to Strike scheduled for 07/23/2024 at 08:20 AM in Hall of Justice at Department 21 | |
| 04/10/2024 | Case Management Conference scheduled for 07/23/2024 at 08:35 AM in Hall of Justice at Department 21 | |
| 04/10/2024 | Minute Order (MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dis...) | 🔍 |
| 04/02/2024 | Notice of Remote Appearance - Throughout the Case <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 04/02/2024 | Notice of Default on Appeal (Limited/Unlimited) <br/> Generated by: Court | 🔍 |
| 03/26/2024 | Notice of Posting of Jury Fees <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 03/26/2024 | Case Management Statement <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 03/22/2024 | Motion for Attorney Fees and Costs on Special Motion to Strike; Memorandum of Points and Authorities; Declaration of Danielle De Smeth Ini Support Thereof <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 03/22/2024 | Case Management Statement <br/> Filed by: Martin, Donna (Defendant) | 🔍 |
| 03/19/2024 | Notice of Filing Notice of Appeal / Cross Appeal <br/> Generated by: Court | 🔍 |
| 03/19/2024 | Updated -- Notice of Appeal: <br/> <br/>With Deposit: Yes | 🔍 |
| 03/19/2024 | Notice of Appeal <br/> Filed by: Martin, Travis Edward (Appellant) <br/>As to: Wald, James (Respondent) <br/>With Deposit: Yes | 🔍 |
| 03/06/2024 | Case Management Statement <br/> Filed by: Martin, Travis E (Defendant) | 🔍 |
| 03/04/2024 | Notice of Continuance <br/> Generated by: Court | 🔍 |

Date

02/01/2024    Minute Order (Motion to Strike Exemplary Damages of Cross-Complaint of Trav...)     🔍

02/01/2024    Agreement and Order Re Appointment of Official Reporter Pro Tempore Mary E. Ferreira, CSR # 10553 <br/> Filed by: Martin, Travis E (Defendant)     🔍

01/25/2024    Response to Defendant's Evidentiary Objections to Plaintiff's Request for Judicial Notice in Support of Plaintiffs' Demurrer and Motion to Strike Cross-Complaint <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Response to Defendant Travis Martin's Objections to Declaration of Ron Bamieh in Support of Plaintiffs' Motion to Strike and Demurrer on Defendant's Cross-Complaint <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Response to Defendant's Objections to Declaration of Natalie Wald in Support of Plaintiffs' Demurrer and Motion to Strike Defendant's Cross-Complaint <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Reply to Defendant's Opposition to Special Motion to Strike; Memorandum of Points and Authorities in Support <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Reply to Defendant Travis Martin's Opposition to Plaintiffs' Motion to Strike Defendant's Cross-Complaint <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Reply to Defendant's Opposition to Demurrer to Cross-Complaint; Memorandum of Points and Authorities in Support <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al.     🔍

01/25/2024    Updated -- Objection to Plaintiffs' Declaration of Natalie Wald: <br/> Filed By Parties: Martin, Travis E (Cross-Complainant)     🔍

01/25/2024    Objection to Plaintiffs' Request for Judicial Notice <br/> Filed by: Martin, Travis E (Cross-Complainant)     🔍

01/23/2024    Objection to Plaintiffs' Declaration of Natalie Wald <br/> Filed by: Martin, Travis E (Cross-Complainant)     🔍

01/23/2024    Objection to Plaintiffs' Declaration of Natalie Wald <br/> Filed by:     🔍

| | | |
|---|---|---|
| 01/23/2024 | Objection to Plaintiffs' Declaration of Ron Banieh <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/23/2024 | Declaration of Travis E Martin in Support of Opposition to Plaintiff's Special Motion to Strike <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/23/2024 | Opposition to Demurrer; Memorandum of Points and Authorities in Support Thereof <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/23/2024 | Opposition to Special Motion to Strike; Memorandum of Points and Authorities in Support Thereof <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/23/2024 | Opposition to Motion to Strike; Memorandum of Points and Authorities in Support Thereof <br/> Filed by: Martin, Travis E (Cross-Complainant) | 🔍 |
| 01/22/2024 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 12/26/2023 | Notice of Continuance <br/> Generated by: Court | 🔍 |
| 12/26/2023 | Notice of Continuance <br/> Generated by: Court | 🔍 |
| 12/26/2023 | Notice of Continuance <br/> Generated by: Court | 🔍 |
| 12/20/2023 | Notice of Rescheduled Hearing <br/> Generated by: Court | 🔍 |
| 12/13/2023 | Request for Judicial Notice in Support of Plaintiffs'/Cross-Defendants' Demurrer, Motion to Strike and Special Motions to Strike to Travis Edward Martin's Cross-Complaint <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | 🔍 |
| 12/13/2023 | Declaration of Ron Bamieh in Support of Plaintiffs'/Cross-Defendants' Demurrer to Travis Edward Martin's Cross-Complaint.. Motion to Strike Exemplary Damages, and Special Motion to Strike Pursuant to Code of Civil Procedure 425.16 <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | 🔍 |
| 12/13/2023 | Declaration of Natalie Wald in Support of Plaintiffs'/Cross-Defendants' Demurrer to Travis Edward Martin's Cross-Complaint.. Motion to Strike Exemplary Damages, and Special Motion to Strike Pursuant to Code of Civil Procedure 425.16 <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | 🔍 |

**Date**

| 12/13/2023 | Special Motion to Strike Pursuant to Code of Civil Procedure 425.16; Memorandum of Points and Authorities <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | Q |

| 12/13/2023 | Motion to Strike Exemplary Damages; Memorandum of Points and Authorities in Support <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | Q |

| 12/13/2023 | Demurrer to Travis Edward Martin's Cross-Complaint; Memorandum of Points and Authorities in Support <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | Q |

| 12/11/2023 | Substitution of Attorney <br/> Filed by: Kasendorf, Alexander Samuel (Attorney) <br/>As to: Martin, Travis Edward (Defendant) | Q |

| 12/08/2023 | Declaration <br/> Filed by: Martin, Travis E (Cross-Complainant) | Q |

| 12/05/2023 | Answer to Cross Complaint <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | Q |

| 11/13/2023 | Declaration in Support of Automatic Extension <br/> Filed by: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant); W, P (Cross-Defendant) | Q |

| 11/03/2023 | Case reassigned to Hall of Justice in Department 21 <br/>Reason: | |

| 11/03/2023 | Certificate of Mailing for Minute Order (Court Order) of 11/03/2023 <br/> Filed by: Clerk | Q |

| 11/03/2023 | Minute Order (Court Order) | Q |

| 10/31/2023 | Challenge To Judicial Officer (170.6) <br/> Filed by: Martin, Donna (Defendant) | Q |

| 10/31/2023 | Cross-Complaint <br/> Filed by: Martin, Donna (Cross-Complainant) <br/>As to: Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | Q |

| 10/31/2023 | Answer <br/> Filed by: Martin, Donna (Defendant) | Q |

| 10/26/2023 | Proof of Personal Service (General) Answer of Travis E Martin, Cross-Complaint <br/> Filed by: Martin, Travis E (Defendant) <br/>Service Date: 10/19/23 <br/>Service Cost Waived: No | Q |

| 10/19/2023 | Answer <br/> Filed by: Martin, Travis E (Defendant) | Q |

| Date | | |
|---|---|---|
| 10/18/2023 | Cross-Complaint <br/> Filed by: Martin, Travis E (Cross-Complainant) <br/>As to: W, P (Cross-Defendant); Wald, James (Cross-Defendant); Wald, Natalie (Cross-Defendant) | 🔍 |
| 10/18/2023 | Updated -- Answer: <br/> Status Date changed from 10/19/2023 to 10/18/2023 | 🔍 |
| 10/18/2023 | Certificate of Mailing for [Order on Court Fee Waiver (Superior Court)] <br/> Generated by: Court | 🔍 |
| 10/18/2023 | Notice of Rejection <br/> Generated by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 10/18/2023 | Order on Court Fee Waiver (Superior Court) <br/> Filed by: Court <br/>As to: Martin, Travis E (Defendant) | 🔍 |
| 10/17/2023 | Request to Waive Court Fees <br/> Filed by: Martin, Travis E (Defendant) | |
| 10/09/2023 | Proof of Service by Notice and Acknowledgment of Receipt - STATEMENT OF DAMAGES <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. <br/>As to: Martin, Travis Edward (Defendant) <br/>Service Date: 09/19/2023 | 🔍 |
| 10/05/2023 | Updated -- Proof of Service by Notice and Acknowledgment of Receipt - STATEMENT OF DAMAGES: <br/> Status Date changed from 10/09/2023 to 10/05/2023 <br/> <br/>Service Date: 09/19/2023 | 🔍 |
| 09/29/2023 | Notice of Rejection <br/> Generated by: Court <br/>As to: Elite Sounds Company LLC (Plaintiff) | 🔍 |
| 09/28/2023 | Proof of Personal Service (Statement of Damages) <br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. <br/>As to: Martin, Donna (Defendant) <br/>Service Date: 09/27/2023 <br/>Service Cost: 100.00 | 🔍 |
| 08/08/2023 | Updated -- Summons on Complaint: <br/> Status Date changed from 08/02/2023 to 08/08/2023 <br/> Status changed from Received to Issued and Filed | 🔍 |
| 08/08/2023 | Updated -- Application And Order For Appointment of Guardian Ad Litem: <br/> Status Date changed from 08/02/2023 to 08/08/2023 <br/> Status changed from Received to Filed | 🔍 |

| Date | | |
|------|---|---|
| 08/04/2023 | MANDATORY APPEARANCE CMC/Order to Show Cause Re Sanctions/Dismissal for Failure to File Proof of Service/Default scheduled for 04/26/2024 at 08:15 AM in Hall of Justice at Department 22B | |
| 08/02/2023 | Updated -- Summons on Complaint: \<br/> Name Extension changed from on Complaint to on Complaint \<br/> Status changed from Issued and Filed to Received | 🔍 |
| 08/02/2023 | Case assigned to Hon. Ben Coats in Department 43 Hall of Justice | |
| 08/02/2023 | Notice of Case Assignment and Mandatory Appearance \<br/> Generated by: Court | 🔍 |
| 08/02/2023 | Summons on Complaint \<br/> Issued and Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 08/02/2023 | Civil Case Cover Sheet \<br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. | 🔍 |
| 08/02/2023 | Complaint \<br/> Filed by: Wald, James (Plaintiff); Wald, Natalie (Plaintiff); W, P (Plaintiff) et al. \<br/>As to: Airlink Internet, Inc. (Defendant); Martin, Donna (Defendant); Martin, Travis Edward (Defendant) | 🔍 |

Go Back

Copyright © Journal Technologies, USA. All rights reserved.