TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL B. LA SCALA (Cal. Bar No. 186939)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2467
    E-mail: Paul.LaScala@usdoj.gov

Attorneys for Defendant U.S. Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN,<br><br>    Plaintiff,<br><br>      v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION; *et al.*,<br><br>    Defendants. | No. 2:26-cv-03714-WLH-DFM<br><br>**NOTION OF MOTION AND MOTION TO DISMISS CLAIMS AGAINST DEFENDANT UNITED STATES SMALL BUSINESS ADMINSTRATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Hearing Date:   September 4, 2026<br>Hearing Time:   1:30 p.m.<br>Ctrm:          9B<br><br>Honorable Wesley L. Hsu<br>United States District Judge |

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

PLEASE TAKE NOTICE that, on September 4, 2026 at 1:30 p.m., or as soon thereafter as it may be heard, defendant United States Small Business Administration ("SBA") will, and hereby does, move this Court for an order to dismiss the action with prejudice against the SBA under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(b)(4) and 12(b)(5). This motion will be made in the Felicitas and Gonzalo Mendez United States Courthouse before the Honorable Wesley L. Hsu, United States District Judge, located at 350 W. 1st Street, Los Angeles, CA 90012.

Dismissal of the SBA from the action with prejudice is warranted because:

- The First Amended Complaint does not identify a waiver of sovereign immunity for Plaintiff's claims against the SBA. *See*, *e.g.*, *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

- Plaintiff brings a declaratory relief "cause of action" against the SBA that is not a standalone cause of action and does not establish jurisdiction.

- The Court does not have jurisdiction over Plaintiff's cause of action based on an alleged breach of an implied covenant of good faith and fair dealing sounding in contract. *See* 28 U.S.C.A. § 1346(a)(2).

- Even if there were jurisdiction, Plaintiff fails to state a claim against the SBA. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

- Plaintiff failed to effect service of process on the SBA.

This motion is made upon this Notice, the attached Memorandum of Points and Authorities, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at the hearing of this motion.

This motion is exempt from Local Rules 7-3 and 16-12 because Plaintiff is appearing pro se, is in custody, and is not an attorney. *See* Dkt. 50.

Dated: July 13, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation
Section


   */s/ Paul B. La Scala*
PAUL B. LA SCALA
Assistant United States Attorney

Attorneys for Attorneys for Defendant United
States Small Business Administration

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This case involves a commercial dispute brought by plaintiff Travis Edward Martin against his former business partner and employees relating to SBA loans to two companies owned by Plaintiff. In his First Amended Complaint ("FAC;" Dkt. 33), Plaintiffs asserts two causes of action against SBA, for declaratory relief and breach of the implied covenant of good faith and fair dealing. Plaintiff alleges that his former business partner and employees diminished the assets securing SBA loans to Plaintiff's companies and that, assuming this is true, the SBA should have somehow prevented Plaintiff's former business partner and employees from doing so.

The Court should dismiss Plaintiff's two claims against the SBA on several independent grounds. First, the Court lacks subject matter jurisdiction over Plaintiff's "cause of action" against the SBA for declaratory relief because the FAC does not identify a waiver of sovereign immunity applicable to this claim and because it is not a cognizable cause of action in federal court against the SBA and is not a basis to assert jurisdiction over the SBA. Second, the Court does not have jurisdiction over Plaintiff's cause of action based on an alleged breach of an implied covenant of good faith and fair dealing because it is a contract-based claim precluded by 28 U.S.C. § 1346(a)(2). Third, even if the Court had jurisdiction, Plaintiff fails to state a claim against the SBA under Federal Rule of Civil Procedure 12(b)(6). Lastly, Plaintiff failed to effect service of process on the SBA.

For these reasons, the Court should dismiss the SBA from the action with prejudice and without leave to amend.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his FAC, the operative pleading, on May 24, 2026. *See generally* FAC. He asserts two causes of action against SBA: (1) declaratory relief and (2) breach of the implied covenant of good faith and fair dealing. FAC at 34-37. Plaintiff also asserts several causes of action against other defendants, namely Plaintiff's business

1

partner, employees, and other co-conspirators, for allegedly leaving him "personally exposed on federal SBA debt secured by the collateral they took or impaired." FAC ¶ 1.

Plaintiff alleges that he was a personal guarantor on a SBA loan to Entertainment Technology LLC and that he is the owner of Airlink Internet, Inc., which obtained a loan from SBA. FAC ¶¶ 5-6, 20-2243-44, 51. He further alleges that, between 2019 and 2021, co-defendants James Wald, Natalie Wald, and Jayson Cohen coerced money and property from him, and in 2021 and 2022, they impaired or liquidated the assets securing his SBA loans. FAC ¶¶ 7-9, 23-27, 34-42, 59-126. Plaintiff also alleges that he sent written notice SBA on June 28, 2023 and asked SBA "to secure and pursue the identified collateral" because he was incarcerated. FAC ¶¶ 10, 131. He does not allege what remained of that collateral as of June 2023 or what legal duties or obligations required SBA to pursue the alleged co-conspirators.

III.    STANDARD OF REVIEW

A.    Dismissal Under Federal Rule of Civil Procedure 12(b)(1).

Dismissal under Federal Rule of Civil Procedure ("FRCP") 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate a party's claims. Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Importantly, the burden of proof on a FRCP 12(b)(1) motion is on the party invoking the Court's jurisdiction. *Sopcak v. No. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, in this case, Plaintiff bears the burden of establishing that the Court has jurisdiction over his claims.

B.    Dismissal Under Federal Rule of Civil Procedure 12(b)(6).

A motion under FRCP 12(b)(6) tests the legal sufficiency of a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief'

2

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Rather, the allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Id*. To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly* at 556).

## IV.   ARGUMENT

### A.   Plaintiff Has Not Identified Any Applicable Waiver Of Sovereign Immunity.

The United States is immune from suit unless it consents to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The SBA, a non-incorporated federal agency, is an integral part of the United States government and has the full sovereign immunity of the United States unless such immunity has been waived by congressional action. *vonLusch v. Hoffmaster*, 253 F. Supp. 633, 634 (D. Md. 1966); *see also United States v. Mel's Lockers, Inc.*, 346 F.2d 168, 169 (10th Cir. 1965) (same). As such, a party cannot bring any claim against the SBA unless Congress has "unequivocally" waived sovereign immunity by statute. *Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011); *see also U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 743 (2004). The burden is on the party asserting jurisdiction to show such a waiver. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Unless the plaintiff can point to such a waiver, a district court lacks jurisdiction to hear a case. *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982).

Here, because Plaintiff fails to identify any "unequivocal waiver of immunity" allowing his lawsuit against the SBA, this action should be dismissed for lack of subject matter jurisdiction.

**B.     The Court Lacks Jurisdiction Over Plaintiff's Claim for Declaratory Relief.**

The FAC asserts a claim against the SBA for "declaratory relief" under 28 U.S.C. §§ 2201-2201, the Declaratory Judgment Act. *See* FAC at 34:11. Declaratory relief is not a cause of action in and of itself, but instead a type of relief. *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, before declaratory relief can be granted, federal jurisdiction requirements must be satisfied. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

As the Supreme Court has held, "[t]he operation of the Declaratory Judgment Act is procedural only"; specifically, it "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction." *Id*. (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937)). Thus, the Declaratory Judgment Act "does not confer jurisdiction where none otherwise exists." *Benson v. State Bd. Of Parole and Probation*, 384 F.2d 238, 239 (9th Cir. 1967); *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983) ("The Declaratory Judgment Act does not provide an independent jurisdictional basis for suits in federal court. . . . It only permits the district court to adopt a specific remedy when jurisdiction exists.").

Therefore, Plaintiff's request for declaratory relief against the SBA must be dismissed because it is not a standalone cause of action and does not establish jurisdiction.

**C.     The Court Lacks Jurisdiction Over Plaintiff's Breach of Implied Covenant Cause Of Action Against SBA.**

In his second cause of action against SBA for breach of the implied covenant of good faith and fair dealing, Plaintiff alleges that this claim "arises from" his contractual relationship with SBA and that this claim "sounds in contract, not tort." FAC ¶ 186. But

4

28 U.S.C. § 1346(a)(2) states that "the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort ...". Thus, the Court does not have jurisdiction over this contract-based claim.[1]

**D.      Plaintiff Fails To State A Claim Against The SBA.**

Even if the Court had jurisdiction, which it does not, the FAC fails to allege facts to state a claim for relief against the SBA. The crux of Plaintiff's claims against the SBA is that the SBA failed to preserve the assets securing Plaintiff's SBA loans. *See* FAC ¶¶ 1-2, 176-191. Plaintiff alleges that Plaintiff's former business partner and employees impaired or liquidated these assets in 2021 and 2022. *See* FAC ¶¶ 3-9. But by Plaintiff's own account, SBA did not have notice of the alleged impairment or liquidation of these assets until June 28, 2023. *See* FAC ¶ 10. He does not allege what remained of that collateral as of June 2023 or what legal duties or obligations required SBA to pursue the alleged co-conspirators. Therefore, there is no plausible right to relief against the SBA under FRCP 12(b)(6). *See Twombly*, 550 U.S. at 555 (2007); *Iqbal*, 556 U.S. at 678.

**E.      Dismissal Is Warranted Because Plaintiff Has Not Shown That He Effected Service Of Process On The SBA.**

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. *See, e.g.*, *Omni Capital Int'l, Ltd. V. Wolff & Co.*, 484 U.S. 97, 104 (1987). There is no evidence that Plaintiff served the SBA or the United States Attorney General in compliance with FRCP 4(i). *See* FRCP 4(i) (requiring service of process on the agency and the Attorney General of the United States); *id*. 4(l) (requiring proof of service to be filed with the court); *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of

---

[1] Even if Plaintiff had alleged that this claim is tort-based, the Court would lack jurisdiction because the Federal Tort Claims Act requires the exhaustion of administrative remedies prior to commencement of any tort suit. *See* 28 U.S.C. § 2675(a).

establishing that service was valid under Rule 4."). Accordingly, dismissal is also warranted under FRCP 12(b)(4) and (5).[2]

## V.    CONCLUSION

For these reasons, the SBA's motion should be granted without leave to amend.

Dated: July 13, 2026                     Respectfully submitted,

                                         TODD BLANCHE
                                         Acting Attorney General
                                         BILAL A. ESSAYLI
                                         First Assistant United States Attorney
                                         DANIEL A. BECK
                                         Assistant United States Attorney
                                         Acting Chief, Civil Division
                                         ALARICE M. MEDRANO
                                         Assistant United States Attorney
                                         Acting Chief, Complex and Defensive Litigation
                                         Section


                                         _/s/ Paul B. La Scala*_
                                         PAUL B. LA SCALA
                                         Assistant United States Attorney

                                         Attorneys for Defendant United States Small Business
                                         Administration

* The undersigned, counsel of record for defendant United States Small Business Administration, certifies that this submission does not use generative artificial intelligence and certifies that this brief contains 1,835 words, which complies with the word limit of L.R. 11-6.1

---

[2] A defendant may move under FRCP 12(b)(4) and (5) to challenge the form and method of a plaintiff's service, respectively. _See_ 5B Charles Alan Wright, Arthur R. Miller, _et al._, Federal Practice and Procedure § 1353 (3d ed. 2014). The distinction between the two Rules is often blurred, and it is appropriate to present and analyze service issues under both. _Id._

6