Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
7/7/2026
CENTRAL DISTRICT OF CALIFORNIA
BY ___ANG___ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual;<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>    Defendants. | Case No. 2:26-cv-03714-WLH-DFM<br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 60); OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. NO. 61)**<br><br>**No Hearing Unless Ordered by the Court**<br><br>**Response to Civil Minutes Order, Dkt. No. 40** |

1

## **INTRODUCTION**

Defendants' response to the Order to Show Cause (Dkt. No. 60) concedes two of the three grounds on which the OSC issued. Defendants admit, in their opening paragraph of argument, that res judicata and collateral estoppel "are simply inapplicable because there is no final judgment in either of the state cases." Dkt. No. 60 at 2. That is a party admission by the only defendants who have appeared against the operative pleading, and it ends the inquiry on two of the OSC's three grounds. The OSC must be discharged as to res judicata and collateral estoppel by concession.

What remains is a response that never identifies the doctrine it invokes. Defendants recite the pre-2013 three-factor *Younger* formulation, graft onto it factors drawn from *Colorado River* cases, add a supplemental-jurisdiction argument under *United Mine Workers v. Gibbs*, sprinkle in an unnoticed standing challenge, and label the mixture "abstention." The word *Sprint* appears nowhere in the response. Neither does *Quackenbush*. Neither does *Moses H. Cone*. Defendants have not engaged the controlling law because the controlling law forecloses every form of relief they request.

Whatever label is applied, the response fails four independent threshold requirements, each dispositive on its own. *First*, no *Sprint* category is satisfied, so *Younger* is categorically unavailable, and defendants' silence on *Sprint* concedes the point. *Second*, the proceedings are not parallel, so *Colorado River* is unavailable: by defendants' own judicial notice exhibits, Plaintiff's state cross-complaint has been stricken and is not pending, the SBA is not a party to either state case, and the federal RICO claims are pending in no forum but this one. *Third*, abstention is not a defect of subject-matter jurisdiction, so Rule 12(h)(3) dismissal is legally unavailable no matter how the doctrines are shuffled. *Fourth*, even where abstention validly applies, which it does not here, the Supreme Court and the Ninth Circuit command a stay of damages claims, never dismissal. Every Ninth Circuit abstention case defendants cite resulted in a stay.

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

Unable to satisfy any doctrine, the response substitutes invective for law. Defendants describe Plaintiff as a "convicted criminal" and recast a private civil tort action for compensatory damages, brought on behalf of a minor through a guardian ad litem and prosecuted through retained private counsel, as a state "restitution" proceeding for "victims." There is no criminal restitution order anywhere in this record. Defendants cite none, attach none, and request judicial notice of none, because none exists. The rhetoric is addressed, and disposed of, in Section III below.

Finally, the response says nothing about the First and Second Causes of Action against the SBA, and could not. The SBA has not appeared in this action. No party has offered this Court any ground to dismiss any claim against the SBA, and private co-defendants cannot procure the dismissal of claims against an absent federal agency. The OSC should be discharged in full, and any abstention theory defendants wish to pursue should be presented by noticed motion, where the only relief even theoretically available is a stay that the absence of parallel proceedings independently forecloses.

## ARGUMENT

**I. DEFENDANTS CONCEDE THAT RES JUDICATA AND COLLATERAL ESTOPPEL ARE INAPPLICABLE. THE OSC MUST BE DISCHARGED ON THOSE GROUNDS.**

Defendants state that "res judicata and collateral estoppel are simply inapplicable because there is no final judgment in either of the state cases." Dkt. No. 60 at 2. Plaintiff agrees, and said so first. Dkt. No. 52 at 9-11. The concession is complete and binding. The only parties who have appeared against the First Amended Complaint have now confirmed, in a filed response the Court ordered, that two of the three doctrines identified in the OSC lack their foundational prerequisite.

The entire weight of the OSC therefore rests on "abstention," a doctrine the response invokes without naming, supports with inapposite authority, and deploys toward a remedy the law prohibits.

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

## II. DEFENDANTS' SILENCE ON SPRINT CONCEDES THAT YOUNGER ABSTENTION IS CATEGORICALLY UNAVAILABLE.

Plaintiff's OSC response demonstrated that *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), confines *Younger* to three exceptional categories: ongoing state criminal prosecutions, state-initiated civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions. Dkt. No. 52 at 8-9. Defendants' response does not cite *Sprint*. It does not distinguish *Sprint*. It does not mention *Sprint*. Instead, it recites the same superseded three-factor formulation the OSC quoted, as if the last thirteen years of Supreme Court and Ninth Circuit law did not exist. Failure to respond to a dispositive threshold argument concedes it.

The Ninth Circuit has held, repeatedly and without exception, that *Sprint*'s categories are the mandatory threshold and that the factors defendants recite are never reached unless a category is first satisfied. *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758-59 (9th Cir. 2014) (*Sprint* "squarely h[eld] that *Younger* abstention is limited to the three exceptional categories"); *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579 (9th Cir. 2022) (only "[i]f a state proceeding falls into one of the three categories" does the court proceed to the additional factors); *Bristol-Myers Squibb Co. v. Connors*, 979 F.3d 732 (9th Cir. 2020) (applying *Younger* only because the State itself, through its Attorney General, was the prosecuting party); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018). The "important state interest" and "adequate opportunity" factors on which the entire response is built are elements three and four of a test whose element two defendants never attempt to satisfy, because they cannot.

They cannot because the state cases are private civil actions filed by private parties. *Wald v. Martin* is a private tort suit. *Martin v. Wald* is a private business dispute. Neither is a criminal prosecution. Neither was initiated by the State or its agents to sanction the federal plaintiff. Neither involves contempt, bond, receivership, or any order-enforcement mechanism unique to the state courts' judicial function. *ReadyLink*

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

rejected *Younger* abstention for a private-party dispute in terms that control here: extending *Younger* to parallel private litigation "would render meaningless the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." 754 F.3d at 759 (quoting *Sprint*, 571 U.S. at 77). Defendants' own quotation of the OSC defeats them: the test they recite requires a "state initiated proceeding." Dkt. No. 60 at 4. James and Natalie Wald are not the State of California. That fact alone disposes of *Younger* as to every claim, and the response never confronts it.

## III. THE "IMPORTANT STATE INTEREST" THEORY IS MANUFACTURED FROM AN INAPPLICABLE CRIMINAL RESTITUTION CASE AND INFLAMMATORY CHARACTERIZATIONS UNSUPPORTED BY ANY RECORD.

Even if the Court could reach the state-interest factor, which *Sprint* forbids, defendants' showing consists of a single criminal case and a false premise. *People v. Taylor*, 197 Cal. App. 4th 757 (2011), is a criminal appeal addressing victim restitution awards under the Penal Code following a conviction. It holds that a criminal restitution award should not be offset by the victim's civil litigation costs. It says nothing about federal abstention, nothing about private civil damages actions, and nothing that converts a private tort suit into a state enforcement proceeding.

The premise is false because there is no criminal restitution order in this record and the state *Wald* case is not a restitution proceeding of any kind. It is a private civil tort action for compensatory damages, brought on behalf of a minor through a guardian ad litem and prosecuted through retained private counsel, asserting common law tort claims. Defendants cite no restitution order, attach none, and their two Requests for Judicial Notice identify none, because none exists. *Taylor* itself refutes the conflation defendants attempt. Its holding rests entirely on the premise that criminal restitution under the Penal Code and civil tort recovery are separate systems, which is why the court there refused to reduce a criminal restitution award by the victim's civil litigation costs. A civil damages complaint is not restitution, does not become restitution because

5

defendants repeat the word eight times, and carries no state enforcement interest cognizable under any abstention doctrine. The same is true of *Omaha Indemnity Co. v. Superior Court*, 209 Cal. App. 3d 1266 (1989), a California writ decision about state appellate practice, whose quotation of Kerr v. United States District Court, 426 U.S. 394 (1976), borrows from a federal mandamus case about writ standards. A state court's interest in managing its own writ docket is not a *Younger* interest, and no federal court has ever held otherwise.

One more thing must be said about this section of the response, because Mr. Ball has made character assassination the signature of his advocacy in this case. In filing after filing, Plaintiff is a "convicted criminal." His clients are "victims." Defendants chose to make identity, rather than doctrine, the load-bearing element of a jurisdictional argument, and this Court is entitled to know that the record defendants themselves invoke does not say what Mr. Ball says. In the criminal trial defendants brandish, the People's prosecutor, Deputy District Attorney Rafael Orellana, stood before the jury in closing argument and described defendants James Wald and Natalie Wald, the same James Wald and Natalie Wald who appear before this Court as purported "victims" seeking "restitution," in these words:

> "Payton's selfish parents ignored her cry for help. They put their own needs ahead of hers. She told them. When she was four or five years old, she told them what was going on. And instead of doing what they should have done and doing what Natalie had been trained to do and reporting it, they put their own wants and desires first. Their friendship with the defendant, they put that ahead of their daughter. The things they enjoyed doing with the defendant, the babysitting, the trips they couldn't afford, the fun side job running the sound company, they put all those things ahead of their own child, and they let the defendant continue to molest Payton for years more."
> *People v. Martin*, Ventura County Superior Court Case No. 2021029627, Certified Rep. Tr. Vol. 13, Sept. 29, 2022, at 1727:14-25.

Read the second half of that passage. The People of the State of California told the jury, on the record, after a month-long trial, that James Wald and Natalie Wald

knowingly permitted the continued sexual abuse of their own daughter in exchange for the things they wanted and could not afford for themselves: the trips, the sound company job. That is not the People describing victims. That is the People describing parents who sold their own child's innocence for money and benefits, for years. The Walds' sworn testimony confirmed the People's assessment. Natalie Wald admitted that contact was never actually cut off after her daughter's repeated disclosures of sexual abuse. *Id.*, Rep. Tr. Vol. 9, Sept. 21, 2022, at 968:22-969:6. **She admitted she asked her daughter about the "licking" of her vagina twice a month for approximately two years, roughly 48 times; admitted that some of the times the child answered no, Natalie believed the answer was actually yes; and admitted she confronted Travis about sexually touching her daughter at least seven times, all while his weekly access to her continued for years .** *Id.* at 965:10-16, 966:6-967:7, 1057:24-1058:13. Within two days of one such report of abuse, on July 30, 2020, the family was vacationing with him the next day, spending the week in the same house in Anaheim with the children present. *Id.* at 1038:12-1041:23. In rebuttal, the prosecutor returned to the point: "You don't need to know why her parents failed her so bad." *Id.*, Rep. Tr. Vol. 13 at 1804:26-27. These are the "victims" on whose behalf Mr. Ball asks this Court to surrender its jurisdiction.

The exchange the People described is not background color in this case. It is the subject matter of this case. The "fun side job running the sound company" that the prosecutor identified as part of the price of the Walds' silence was the position with Entertainment Technology ("ET"), the sound-production business Martin capitalized, whose equipment, receivables, and goodwill are the very collateral securing SBA EIDL Loan No. 5632277910 at the center of this action. The FAC alleges that after Martin's removal, all or substantially all of those collateral assets were diverted to Elite Sound Company LLC, a defendant here, where the private defendants possess, operate, and monetize them today, "running a revenue-generating sound-production business on the very collateral that secures the loan" while the federal debt goes unpaid and Martin's guarantor exposure grows. FAC ¶¶ 110-112, 140, 221-224. The benefits-for-access

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

exchange the People described to the jury and the extortion, takeover, and monetization scheme the FAC pleads as the predicate conduct for its RICO claims, FAC ¶ 175, are one continuous course of dealing with one set of assets at the end of it: the SBA's collateral, now in the hands of the Walds and Elite. When defendants ask this Court to send Plaintiff's claims to the state case they control as plaintiffs, they are asking the Court to consign the dispute over that collateral to the parties who, in the People's own words, obtained the those assets by selling their daughter's innocence.

Defendants built their only state-interest argument on a label that the sponsoring prosecutor contradicted to the jury's face and that the Walds' own testimony refutes. Either way the argument collapses, and what remains is what the FAC actually pleads: business and property injuries only, with an express disclaimer of any challenge to any conviction, testimony, or law-enforcement report. FAC ¶¶ 2-3, 11. Mr. Ball injected the criminal case into a jurisdictional briefing to inflame. Having injected it, his clients are not entitled to the sanitized version.

**IV. RECAST AS COLORADO RIVER, WHICH IS THE ONLY DOCTRINE DEFENDANTS' AUTHORITIES ACTUALLY ADDRESS, THE RESPONSE FAILS AT THE PARALLELISM THRESHOLD AND AT EVERY FACTOR.**

Because defendants never name their doctrine, Plaintiff will name it for them. *Nakash*, *Montanore*, *Morisada*, the piecemeal-litigation factor, the order-of-filing factor, and the forum-shopping factor are all creatures of *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Colorado River* deference is available only in "exceptional" circumstances, *id.* at 818, with "the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). The Ninth Circuit applies a "strong presumption against federal abstention." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023). Defendants' response acknowledges none of this and satisfies none of it.

The doctrine fails at its threshold. Before any factor is weighed, the proceedings must be substantially similar, and "the existence of a substantial doubt as to whether the

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

state proceedings will resolve the federal action precludes" a *Colorado River* stay or dismissal. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017); *R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011); *Ernest Bock*, 76 F.4th 827 (deference is available only where "the state court will necessarily resolve all issues between parties in the federal action"). Here there is not substantial doubt; there is certainty. Defendants' own judicial notice exhibits establish that the state court struck Plaintiff's First Amended Cross-Complaint, so Plaintiff's affirmative claims are pending in no state forum at all. Dkt. No. 60 at 3. The SBA is a party to neither state case, and no state court can adjudicate the guarantor discharge, exoneration, and collateral-impairment claims against a federal agency that has never appeared there. The civil RICO claims under 18 U.S.C. §§ 1962(c) and (d) are pleaded nowhere but in this Court. A state proceeding cannot "necessarily resolve" claims it does not contain, against a party it does not include, on pleadings that do not exist. Parallelism fails as a matter of law, and with it every factor defendants brief.

Even if the Court reached the factors, they run against abstention. The presence of federal-law issues "must always be a major consideration weighing against surrender" of jurisdiction. *Moses H. Cone*, 460 U.S. at 26; *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989). Defendants' citation of *Lou v. Belzberg* for state-court concurrent RICO jurisdiction proves only that the factor becomes "less significant," not that it disappears, *Nakash*, 882 F.2d at 1416, and it is meaningless where no RICO claim is pending in any state court. The order-of-filing factor is measured by relative progress toward resolving the claims at issue, and the state cases, however long pending, have made zero progress toward resolving claims they do not contain. The "adequate state forum" factor collapses on defendants' own exhibits: the forum they tout is one that struck Plaintiff's pleading and in which Plaintiff currently has no operative affirmative claims. A forum that does not presently exist is not an adequate alternative forum. And *A.L.T. Corp. v. Small Business Administration*, 801 F.2d 1451 (5th Cir. 1986), an out-of-circuit decision, does not make a stricken state cross-complaint an available vehicle for claims against a

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

federal agency that is not a party there and that would hold removal rights if it were. *Morisada Corp. v. Beidas*, 939 F. Supp. 732 (D. Haw. 1996), an out-of-circuit district court decision, adds nothing; a district court in Hawaii cannot supply the exceptional circumstances that binding Ninth Circuit law forecloses.

The forum-shopping accusation collapses on defendants' own description of the state record. Defendants tell this Court that Plaintiff filed federally "to evade unfavorable rulings." Their brief then identifies the only "ruling" at issue: an order striking the First Amended Cross-Complaint "without prejudice to bringing a noticed motion for leave to file a first amended cross-complaint." Dkt. No. 60 at 3. That is defendants' own admission that the order was purely procedural. It adjudicated no claim, resolved no issue, and rejected no theory. It addressed the vehicle, not the merits. There is no merits ruling in either state case for Plaintiff to evade, and defendants identify none. In *Nakash*, the federal plaintiffs had litigated the same claims against the same parties in state court for three and a half years, through extensive discovery and substantive rulings, and then refiled the identical dispute federally. 882 F.2d at 1413-14, 1417. A without-prejudice procedural strike is not an adverse substantive ruling, and refiling federal claims in a federal forum after such an order evades nothing.

Nor is there anything improper, or even unusual, about a litigant concluding that federal claims belong in federal court. Civil RICO is among the most doctrinally demanding causes of action in federal law, with enterprise, pattern, predicate-act, distinctness, and proximate-cause requirements developed almost entirely in the federal courts. That state courts hold concurrent jurisdiction does not make them the more appropriate forum; the governing presumption runs precisely the other way, because "the presence of federal-law issues must always be a major consideration weighing against surrender" of the federal forum. *Moses H. Cone*, 460 U.S. at 26. And the SBA claims could never have been litigated in state court in any practical sense: the SBA is a party to neither state case, appears in neither, and no cross-complaint between private parties could adjudicate a federal guarantor's rights against a federal agency that has never been

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

named there. And the operative pleading rests on 2026 SBA delinquency and collection-exposure facts that post-date both state complaints. FAC ¶¶ 137-145. Choosing the federal forum for federal claims against a federal agency is not evasion. It is the ordinary exercise of jurisdiction that the Supreme Court has held pending state litigation cannot bar. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160 (9th Cir. 2017), defendants' own evasion authority, did not approve a dismissal at all: the Ninth Circuit remanded with instructions to enter a stay, not a dismissal. And *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998), is not an abstention case at all. It addressed claim-splitting between two duplicative federal actions and the dismissal of a second-filed federal case after judge-shopping between federal courthouses. It has no application to the relationship between a federal action and state proceedings, and its citation three times per cause of action does not change what it holds.

Defendants' own description of the state record destroys the premise of their forum-shopping theory. They report that the state court struck the First Amended Cross-Complaint "without prejudice to bringing a noticed motion for leave to file a first amended cross-complaint." Dkt. No. 60 at 3. That is a ruling about pleading procedure, not the merits. No claim was rejected. No issue was decided against Plaintiff. The state court held only that amendment required a noticed motion rather than filing as of right. The forum-shopping cases defendants invoke involve litigants fleeing adverse *substantive* rulings after years of merits litigation. *Nakash*, 882 F.2d at 1417; *Montanore*, 867 F.3d 1160. A without-prejudice procedural order specifying the vehicle for amendment is not an unfavorable ruling, and there is nothing to "evade" in an order that expressly leaves the door open. Defendants' theory reduces to the proposition that a litigant "shops" whenever he files federal claims in federal court instead of pursuing leave to plead them as a cross-complaint in someone else's state tort suit. That is not forum shopping. That is forum selection, and it is rational on its face: civil RICO is a complex federal statutory regime that federal courts construe daily, the claims against

the SBA arise under federal law and involve a federal agency that is a party to no state case, and Congress created federal-question jurisdiction precisely so that federal claims may be heard in a federal forum. Choosing the forum with the greatest institutional competence over the governing law, and the only forum containing all necessary parties, is the opposite of manipulation.

**V. ABSTENTION IS NOT SUBJECT-MATTER JURISDICTION, AND DEFENDANTS' CONTRARY ARGUMENT MISREADS EVERY CASE IT CITES.**

Defendants argue that abstention is "closely related" to subject-matter jurisdiction and may therefore support dismissal for want of it. Dkt. No. 60 at 2. The Supreme Court and the Ninth Circuit have held the opposite in terms. *Younger* abstention "does not arise from lack of jurisdiction in the District Court, but from strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986). "*Younger* abstention is not jurisdictional, but reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses." *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994); accord *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791 (9th Cir. 2001) (courts are "not required to raise *Younger* sua sponte because the doctrine does not implicate our subject matter jurisdiction"). Abstention presupposes jurisdiction. A doctrine that presupposes jurisdiction cannot supply the jurisdictional defect that Rule 12(h)(3) requires.

Defendants' authorities do not hold otherwise; they hold nothing defendants need. *Bean v. Matteucci*, 986 F.3d 1128 (9th Cir. 2021), held that *Younger* abstention did *not* apply; it addresses procedural vehicles, not the jurisdictional character of abstention. *Rajabian v. Mercedes-Benz USA, LLC*, 154 F.4th 1145 (9th Cir. 2025), affirmed a *stay*, which is exactly the disposition Plaintiff has explained is the ceiling of any abstention doctrine and which defendants do not request. *U.S. Bank National Ass'n N.D. v. Strand*, 243 F. Supp. 2d 1139 (D. Or. 2002), observed that a federal court cannot exercise jurisdiction over a pending state case. No one has asked this Court to exercise

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

jurisdiction over the state cases. *Ho v. Russi*, 45 F.4th 1083 (9th Cir. 2022), and *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), concern discretion over supplemental state-law claims under what is now 28 U.S.C. § 1367(c). That discretion has no application to the RICO claims, the SBA claims, or the declaratory relief claims, all of which invoke original federal jurisdiction that § 1367(c) cannot touch. No case, anywhere, permits a court to dismiss original federal-question claims because appended state issues "predominate." Defendants' repeated *Gibbs* citation inverts the statute. And *Ellison Framing, Inc. v. Zurich American Insurance Co.*, 805 F. Supp. 2d 1006 (E.D. Cal. 2011), invoking a district court's inherent power to manage its docket, proves Plaintiff's point: inherent docket-management power presupposes jurisdiction and operates within the abstention doctrines the Supreme Court has defined. It is not a jurisdictional defect, and it is not a license to dismiss.

## VI. EVEN WHERE ABSTENTION APPLIES, DISMISSAL OF DAMAGES CLAIMS IS PROHIBITED. DEFENDANTS' OWN CASES ORDERED STAYS.

The response asks for dismissal of every claim. The Supreme Court has held that in damages actions, federal courts applying abstention principles "can[not] invoke abstention to dismiss the suit altogether" and may at most enter a stay. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 719-23 (1996). The Ninth Circuit, sitting en banc, held the same for *Younger*: "the correct disposition is to defer, not to dismiss, when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 981-82 (9th Cir. 2004) (en banc). For *Colorado River*, the Ninth Circuit "generally require[s] a stay rather than a dismissal," *R.R. Street*, 656 F.3d at 978 n.8, because a stay "ensures that the federal forum will remain open if for some unexpected reason the state forum does turn out to be inadequate." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989); *United States v. State Water Resources Control Board*, 988 F.3d 1194 (9th Cir. 2021).

Defendants cite *Gilbertson* three separate ways and never once acknowledge its holding. They cite *Rajabian*, a stay. They cite *Montanore*, a stay. The FAC seeks

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

substantial damages. Under *Quackenbush* and *Gilbertson*, the dismissal defendants request is unavailable as a matter of law even in the counterfactual world where some abstention doctrine applied. A response that demands a remedy prohibited by its own authorities is not a basis for dismissing anything.

**VII. THE UNNOTICED STANDING ATTACK ON THE NINTH CAUSE OF ACTION IS OUTSIDE THE OSC AND WRONG ON THE LAW.**

Buried in Section IX of the response is a standing challenge to the indemnity and exoneration claim under *Clapper v. Amnesty International USA*, 568 U.S. 398 (2013). The OSC directed briefing on *Younger*, res judicata, and collateral estoppel. Dkt. No. 40. A response to an OSC is not a vehicle for new, unnoticed Rule 12(b)(1) theories, and the Court should disregard the argument for that reason alone.

It also fails on its merits. *Clapper* rejected standing built on a speculative chain of contingencies about possible future government surveillance. Plaintiff's exposure is neither speculative nor future. The SBA issued a delinquency notice on March 16, 2026, returned Plaintiff's 2026 payments, and holds Plaintiff to a present, existing guaranty with a stated outstanding balance and arrearage as of May 15, 2026. FAC ¶¶ 137-145. A guarantor facing an accrued delinquency on an obligation he presently owes has suffered concrete injury, and California law entitles a surety to compel exoneration *before* payment, not after. Cal. Civ. Code § 2846. Nor must a declaratory plaintiff await enforcement before a live controversy exists over his contractual obligations. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007). The Ninth Cause of Action is ripe, concrete, and untouched by *Clapper*.

**VIII. OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE.**

Plaintiff objects to defendants' Request for Judicial Notice (Dkt. No. 61) to the extent it is offered for anything beyond the existence and filing dates of the identified documents. A court may notice that state filings exist; it may not accept disputed characterizations of their contents, the truth of allegations within them, or inferences

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

about a litigant's motives. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

The defect appears on the face of the Request itself. Defendants do not ask the Court to notice documents. They ask the Court to notice their characterizations of documents. The Request seeks notice of Exhibit A as "showing that a response to an adverse ruling is an attempt to disqualify the state court judge," and of Exhibit B as "showing the use of meritless disqualification attempts to evade adverse rulings." Dkt. No. 61 at 2. Whether a filing was "meritless," what a document "shows," and what motivated a litigant are contested characterizations and inferences, not facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). A request that embeds counsel's argument in the very object of notice must be denied as to the argument even if granted as to the documents' existence. The carelessness of the exercise is confirmed by the response's own record citations, which repeatedly cite Exhibit E for the register of actions that the Ball declaration identifies as Exhibit F. Compare Dkt. No. 60 at 6 with Dkt. No. 61 at 3. Defendants' own judicial notice authorities go no further: *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992), and *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002), permit notice of the existence of related proceedings. Neither permits notice of counsel's characterizations of them.

Plaintiff specifically objects to the following characterizations, none of which is a noticeable fact: (1) that the state Wald case "seeks damages for losses incurred as a result of crimes committed by plaintiff Martin" and secures "restitution from the convicted criminal to the victim of his crime," a description of a private tort complaint's disputed allegations as established fact, tethered to no restitution order; (2) that Plaintiff's state-court filings were made "to evade unfavorable rulings," an inference about motive that no document can establish; (3) that disqualification filings in the state courts reflect a "pattern," another motive inference; and (4) that "the same claims" are pending in both forums, a legal conclusion refuted by defendants' own exhibits showing

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

the cross-complaint was stricken and by the face of the FAC, which pleads federal claims and a federal party absent from both state cases. The Court may notice that the exhibits exist. It may notice nothing defendants actually need.

## CONCLUSION

Defendants were ordered to show why Plaintiff's claims should be dismissed under three doctrines. They conceded two and never named the third. The doctrine their authorities actually invoke, *Colorado River*, fails at the parallelism threshold on defendants' own exhibits, and the remedy they request, dismissal, is prohibited by *Quackenbush* and *Gilbertson* even where abstention applies. *Younger* is categorically foreclosed by *Sprint*, which defendants do not cite. Abstention is not subject-matter jurisdiction, so Rule 12(h)(3) supplies no vehicle. The standing attack is unnoticed and wrong. The judicial notice request smuggles disputed characterizations past the limits of *Lee* and *Khoja*. And the claims against the SBA stand entirely unopposed.

The Court should discharge the Order to Show Cause in its entirety, overrule or strictly limit the Request for Judicial Notice, and direct that any abstention argument defendants wish to pursue be presented by properly noticed motion, where the only conceivable relief is a stay that the absence of any parallel proceeding forecloses. Plaintiff's federal claims belong in federal court, and this Court's virtually unflagging obligation is to hear them.

Dated: July 8, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

Case 2:26-cv-03714-WLH-DFM   Document 64   Filed 07/07/26   Page 17 of 18   Page ID #:937

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the memorandum portion of this filing contains approximately 5,178 words, excluding the caption, signature block, certificate of compliance, and proof of service. The document is typed in Times New Roman 14-point font and is intended to comply with the Court's word limits and Local Rule 11-6.2.

Dated: July 8, 2026

Respectfully submitted,

By: /s/ TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE

# PROOF OF SERVICE

I, Tyler Martin, declare:

1. I am over the age of eighteen and am not a party to this action. I am competent to testify to the matters stated herein.

2. On July 8, 2026, I served the following document:

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE (DKT. NO. 60); OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE (DKT. NO. 61)

3. I served the document on counsel for Defendants at the address of record as follows:

Allen R. Ball, Esq.
Law Office of Ball & Yorke
1001 Partridge Drive, Suite 330
Ventura, California 93003
aball@ballandyorkelaw.com
chernandez@ballandyorkelaw.com

Attorney for Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC.

4. Service was accomplished by the following method(s):

[X] U.S. Mail. I placed a true and correct copy of the document in a sealed envelope with postage fully prepaid and deposited it with the United States Postal Service for mailing.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 8, 2026, at Ventura, California.
/S/ Tyler Martin
Declarant

PLAINTIFF TRAVIS EDWARD MARTIN'S OBJECTIONS AND REPLY TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE; OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE