Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED

CLERK, U.S. DISTRICT COURT

7/15/2026

CENTRAL DISTRICT OF CALIFORNIA

BY_____jb_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

TRAVIS EDWARD MARTIN, an individual;

      Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,
      Defendants.

**Case No.: 2:26-cv-03714-WLH-DFM**

**PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS (DKT. 63); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRAVIS EDWARD MARTIN IN SUPPORT**

Hearing Date:  September 4, 2026
Hearing Time:  1:30 p.m.
Courtroom:  9B
Judge:  Hon. Wesley L. Hsu

1

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Travis Edward Martin ("Martin") submits this Opposition to the motion to dismiss filed by Defendant United States Small Business Administration ("SBA") (Dkt. 63, the "Motion"). This Opposition is based on the following Memorandum of Points and Authorities, the Declaration of Travis Edward Martin and Exhibits 1 through 5 filed herewith, the complete files and records of this action, and any argument the Court may permit at the hearing.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

The Motion's lead argument is that the First Amended Complaint "does not identify a waiver of sovereign immunity" for Martin's claims against the SBA. Mot. at 1. That statement is false. Paragraph 12 of the FAC identifies the waiver by name and section: 15 U.S.C. § 634(b)(1), which authorizes the SBA to "sue and be sued" in any United States district court and confers jurisdiction on this Court without regard to the amount in controversy. FAC ¶ 12. Paragraph 13 then disclaims the only relief the statute's proviso withholds: attachment, injunction, and garnishment. FAC ¶ 13. The Motion never mentions section 634(b)(1). It never mentions *Munoz v. Small Business Administration*, 644 F.2d 1361 (9th Cir. 1981), or *In re Liberty Construction*, 9 F.3d 800 (9th Cir. 1993) (per curiam), the controlling Ninth Circuit decisions holding that section 634(b)(1) waives the SBA's immunity and independently vests jurisdiction in the district courts. A motion that demands dismissal with prejudice while ignoring both the pleaded waiver and the binding authority construing it is not analysis. It is misdirection.

The Motion's centerpiece jurisdictional argument rests on a misquotation of a federal statute. The Motion quotes 28 U.S.C. § 1346(a)(2) as though it stripped this Court of jurisdiction over every contract claim against the United States, ending its quotation with an ellipsis. Mot. at 5. The ellipsis conceals the words that confine the quoted clause to contract claims "which are subject to sections 7104(b)(1) and

2

7107(a)(1) of title 41," that is, to claims governed by the Contract Disputes Act's procurement regime. Martin's claims arise from an SBA COVID EIDL disaster loan and his Unconditional Guarantee, not from a procurement contract. And the Ninth Circuit rejected the government's identical jurisdictional theory in *Munoz* in 1981, reaffirmed that holding after the Contract Disputes Act in *Liberty Construction*, and has applied it since. *Wright v. U.S. Postal Service*, 29 F.3d 1426 (9th Cir. 1994); *Tritz v. U.S. Postal Service*, 721 F.3d 1133 (9th Cir. 2013).

The service argument is refuted by the record. United States Postal Service records confirm certified mail delivery of the Clerk-issued summons and the Complaint to the Civil Process Clerk of the United States Attorney's Office at Suite 7516, 300 North Los Angeles Street, the same suite printed on the Motion's caption, on May 14, 2026, and to the Attorney General and the SBA's Office of General Counsel on May 18, 2026. Martin Decl. ¶¶ 3-7, Exs. 1-4. After the Motion was filed, Martin advised counsel of these records and asked that the "no evidence" assertion be withdrawn. Counsel refused to respond. Martin Decl. ¶ 9. On July 14, 2026, Martin sent counsel a written demand identifying each false statement described in this Opposition, transmitting the Opposition itself, and requesting that the SBA withdraw or correct the Motion. Counsel did not respond. Martin Decl. ¶ 10, Ex. 5. The Motion's misstatements now stand as a considered choice, not an oversight.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Martin is the guarantor, under an SBA Unconditional Guarantee, of SBA COVID EIDL Loan No. 5632277910 to Entertainment Technology LLC ("ET") in the amount of $270,600.00. FAC ¶¶ 128, 177. On June 28, 2023, the SBA received written notice at its COVID EIDL servicing address identifying the loan, the defaults, the diversion of ET's collateral to Elite Sound Company LLC ("Elite"), Elite's operating address at 5808 Telephone Road, Suite 200, Ventura, California, the individuals responsible, and Martin's inability, while incarcerated, to repossess, preserve, market, sell, or liquidate the collateral himself. FAC ¶¶ 128-131. The notice asked the SBA to act at once and

3

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

offered an inventory of the equipment securing the loan. FAC ¶¶ 131-132. The SBA acknowledged receipt the same day, assigning CSH Email ID 0008002363897, and then took no meaningful collateral-protection action for nearly three years while Defendants operated a revenue-generating business on the very equipment securing the loan. FAC ¶¶ 133-136. In March 2026, the SBA issued a delinquency notice on the loan, mailing it to the same Ventura address the SBA had been told was Elite's, and the SBA's own records reflected borrower payments returned in February and March 2026. FAC ¶¶ 137-140.

Martin filed the Complaint on April 5, 2026, asserting against the SBA the same two causes of action the FAC now asserts: declaratory relief seeking exoneration, discharge, or reduction of his guarantor liability, and breach of the implied covenant of good faith and fair dealing. Dkt. 1. The Clerk issued a summons directed to the SBA on May 4, 2026. Dkt. 24; Martin Decl. ¶ 3, Ex. 1. Certified mail service of the summons and Complaint on the United States Attorney's civil process clerk, the Attorney General, and the SBA was completed on May 14 and May 18, 2026. Martin Decl. ¶¶ 4-7, Exs. 2-4. Martin filed the FAC on May 24, 2026, asserting the identical claims against the SBA. Dkt. 33; FAC ¶¶ 176-191. The SBA filed the Motion on July 13, 2026. Dkt. 63.

## III.    LEGAL STANDARDS

The Motion mounts a facial attack under Rule 12(b)(1): it argues from the face of the FAC and submits no evidence. On a facial attack, the Court accepts the complaint's allegations as true and draws all reasonable inferences in the plaintiff's favor. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Under Rule 12(b)(6), a complaint need only state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And a pro se pleading "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## IV.    ARGUMENT

**A.    Congress Waived the SBA's Immunity in 15 U.S.C. § 634(b)(1), and the FAC**

**Pleads That Waiver on Its Face.**

Section 634(b)(1) of the Small Business Act provides that, in the performance of the functions vested by the Act, the Administrator may:

> sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property . . . .

15 U.S.C. § 634(b)(1). The FAC pleads this waiver expressly. FAC ¶ 12. It then pleads around the proviso: Martin "seeks no attachment, garnishment, injunction, or similar process against the SBA or SBA property." FAC ¶ 13. The Motion's assertions that the FAC "does not identify a waiver of sovereign immunity," Mot. at 1, and that Martin "fails to identify any 'unequivocal waiver of immunity,'" Mot. at 4, are therefore not contested legal characterizations. They are false descriptions of the operative pleading.

Sue-and-be-sued clauses are "liberally construed," and restrictions on them cannot be "lightly assumed." *FHA v. Burr*, 309 U.S. 242, 245 (1940); *accord FDIC v. Meyer*, 510 U.S. 471, 480 (1994); *Thacker v. TVA*, 587 U.S. 218 (2019). The Motion's own authorities confirm the waiver the Motion claims does not exist. *vonLusch v. Hoffmaster* quotes section 634(b)(1) in full and dismissed only because those plaintiffs demanded a mandatory injunction, the precise remedy the proviso forbids and the precise remedy Martin disclaims. 253 F. Supp. 633, 634-35 (D. Md. 1966). *United States v. Mel's Lockers, Inc.*, a state tax immunity case, likewise quotes the sue-and-be-sued clause it purportedly supports ignoring. 346 F.2d 168, 169 (10th Cir. 1965). And in the Motion's own Supreme Court citation, *U.S. Postal Service v. Flamingo Industries*, the Court held that a sue-and-be-sued clause waived the agency's immunity. 540 U.S. 736 (2004). The general propositions in *Mitchell*, *Jachetta*, *Holloman*, and *Hutchinson* require only that a plaintiff point to an unequivocal statutory waiver. Martin pointed to it, by section

number, in the pleading the Motion purports to describe. The argument fails on the face of the FAC.

**B.        Section 634(b)(1) Independently Vests This Court With Jurisdiction Over Martin's Contract Claim; the Motion's Section 1346(a)(2) Argument Misquotes the Statute and Is Foreclosed by Forty-Five Years of Binding Precedent.**

The Motion misquotes the statute. The Motion's entire jurisdictional argument against the Second Cause of Action is a single quotation: 28 U.S.C. § 1346(a)(2) "states that 'the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort ...'". Mot. at 5. Here is the same provision as Congress wrote it, with the language the Motion's ellipsis removed emphasized:

> Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort ***which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41.***

28 U.S.C. § 1346(a)(2) (emphasis added). Section 1346(a)(2) is the Little Tucker Act. It is a grant of district court jurisdiction, not a bar, and its "except" clause withdraws jurisdiction over exactly one category of contract claims: those subject to the Contract Disputes Act, 41 U.S.C. §§ 7104(b)(1), 7107(a)(1), which governs procurement contracts for property, services, and construction. *See* 41 U.S.C. § 7102(a). An SBA COVID EIDL disaster loan and an Unconditional Guarantee are federal lending

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

instruments, not procurement contracts. The clause the Motion quotes has no application to this case, and the Motion reaches the opposite conclusion only by deleting the words that say so.

Binding precedent forecloses the argument. The Ninth Circuit rejected this exact theory in *Munoz*. There, the district court dismissed contract claims against the SBA on the reasoning the Motion now advances: that contract claims against the United States belong in the Court of Claims. The Ninth Circuit reversed and held that "in actions against the SBA for money damages in excess of $10,000, jurisdiction properly lies in the district court under 15 U.S.C. § 634(b)(1)." *Munoz*, 644 F.2d at 1364. The court joined two other circuits, *Expedient Services, Inc. v. Weaver*, 614 F.2d 56 (5th Cir. 1980), and *Mar v. Kleppe*, 520 F.2d 867 (10th Cir. 1975), and called it "a bizarre result to preclude suits for over $10,000 against the SBA in federal district court when the same suit may be brought in any state court of general jurisdiction." *Munoz*, 644 F.2d at 1364.

After the Contract Disputes Act amended the Tucker Act, the government argued that *Munoz* had been implicitly overruled. The Ninth Circuit rejected that argument too, holding that "claims against the United States may be entertained by the district courts, regardless of the amount sought, so long as there exists a basis for jurisdiction independent of the Tucker Act." *In re Liberty Constr.*, 9 F.3d 800, 801-02 (9th Cir. 1993) (per curiam). *Liberty Construction* relied on *North Side Lumber Co. v. Block*, 753 F.2d 1482, 1486 (9th Cir. 1985), which construed the CDA amendment narrowly as one that "withdrew district court jurisdiction under the Tucker Act over contract claims for damages not exceeding $10,000, but otherwise left existing jurisdiction intact." *Liberty Constr.*, 9 F.3d at 802. The next year, *Wright* reaffirmed that *Liberty Construction* "concluded that the CDA did not preempt a contractor from bringing an indemnification action against the Small Business Administration ('SBA') under the 'sue and be sued' provision of the Small Business Act." 29 F.3d at 1429-30. And in *Tritz*, the Ninth Circuit explained that in *Liberty Construction*, "after noting that the Small Business Act's 'sue

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

and be sued' provision, 15 U.S.C. § 634(b)(1), independently vested jurisdiction in the district courts over claims against the Small Business Administration, we upheld the district court's jurisdiction to hear an action against the Small Business Administration despite the Tucker Act's grant of jurisdiction to the Court of Federal Claims." 721 F.3d at 1137-38. Four published Ninth Circuit decisions decide the question presented. The Motion cites none of them.

The FTCA footnote is irrelevant. The Second Cause of Action pleads that it "sounds in contract, not tort." FAC ¶ 186. The Motion acknowledges as much. Mot. at 4-5. The Federal Tort Claims Act and its exhaustion requirement have nothing to do with a contract claim, and in *Liberty Construction* the Ninth Circuit found it unnecessary even to reach the FTCA once section 634(b)(1) supplied jurisdiction. 9 F.3d at 800-02 & n.3.

Federal question jurisdiction independently exists. The rights and obligations of the United States under its nationwide lending programs are governed by federal law. *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979). Applying *Kimbell Foods*, the Ninth Circuit has adopted the impairment-of-collateral rule as the federal rule for SBA loan transactions. *Great Sw. Life Ins. Co. v. Frazier*, 860 F.2d 896 (9th Cir. 1988). Claims arising under federal common law arise under 28 U.S.C. § 1331. *Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972). So even apart from section 634(b)(1)'s express jurisdictional grant, Martin's claims present federal questions within this Court's original jurisdiction.

**C.      The First Cause of Action Seeks a Declaration of Substantive Federal Rights; the Motion Attacks a Label, Not a Claim.**

Martin does not quarrel with *Skelly Oil* or *Stock West*: the Declaratory Judgment Act supplies a remedy, not jurisdiction. Those cases defeat a declaratory claim only where no independent basis for jurisdiction exists. Two exist here: section 634(b)(1), an express grant of district court jurisdiction over controversies involving the SBA, and section 1331, because the underlying rights arise under the federal common law governing SBA instruments. *See supra* Parts IV.A-B.

Nor is the First Cause of Action an empty request for relief floating free of substantive rights. It seeks a declaration that Martin is exonerated, discharged, or entitled to a reduction of guarantor liability because the SBA, after actual written notice and demand, impaired the collateral securing the debt. FAC ¶¶ 177-184. Impairment of collateral is a recognized defense in SBA lending under federal common law; the Ninth Circuit adopted it as the federal rule, held it available to accommodation parties, and rejected the SBA's contention that its own form language waived it. *Frazier*, 860 F.2d 896. A dispute between a creditor and a guarantor over the guarantor's continuing liability is the heartland of declaratory relief. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-44 (1937). And jurisdiction over a declaratory claim exists where "the declaratory judgment defendant could have brought a coercive action in federal court to enforce its rights." *Standard Ins. Co. v. Saklad*, 127 F.3d 1179, 1181 (9th Cir. 1997) (quoting *Janakes v. U.S. Postal Serv.*, 768 F.2d 1091, 1093 (9th Cir. 1985)). The SBA could sue Martin on the Unconditional Guarantee in this Court under section 634(b)(1), and its March 2026 delinquency notice shows collection is no abstraction. FAC ¶¶ 137-140.

At most, the Motion observes that declaratory relief is a remedy that Martin pleaded under a cause-of-action heading. A label objection cannot support dismissing a party, let alone with prejudice, and pro se pleadings are construed liberally to reach their substance. *Erickson*, 551 U.S. at 94; *Hebbe*, 627 F.3d at 342.

**D.      The FAC States Plausible Claims Against the SBA.**

The Motion attacks a claim Martin never pleaded. The Motion tells the Court that Martin alleges "the SBA should have somehow prevented Plaintiff's former business partner and employees" from taking the collateral. Mot. at 1. The FAC pleads the opposite:

> Martin does not allege the SBA promised never to pursue him unless it first liquidated the collateral. He alleges that, after actual notice naming the wrongdoers, the collateral, and the location, and while knowing Martin was

serving a life sentence and could not protect the collateral himself, the SBA could not in good faith keep his guarantor exposure intact while standing idle as Defendants monetized that collateral.

FAC ¶ 189. The theory is post-notice impairment from June 2023 forward, not pre-notice prevention. The Motion's timing point, that the SBA "did not have notice of the alleged impairment or liquidation of these assets until June 28, 2023," Mot. at 5, is accordingly not a defense. It is the first element of Martin's claim.

The FAC alleges exactly what the Motion says it omits. The Motion asserts, twice, that Martin "does not allege what remained of that collateral as of June 2023." Mot. at 2, 5. The FAC alleges that when the SBA received notice the collateral "remained identifiable, located, and usable," FAC ¶ 127; that James Wald and Jayson Cohen "were operating Elite with the very equipment securing the ET loan" at a specified street address, FAC ¶ 130; that Martin offered the SBA an inventory of that equipment, FAC ¶ 132; and that Defendants thereafter kept "possessing, operating, collecting revenue from, and monetizing the collateral" for years, through the SBA's own March 2026 delinquency notice and returned borrower payments. FAC ¶¶ 135, 137-140. Counsel may dispute those allegations someday; on this Motion the Court accepts them as true. *Leite*, 749 F.3d at 1121.

The duty is pleaded and grounded in law. The Motion asks what "legal duties or obligations required SBA" to act. Mot. at 2, 5. The FAC answers. Every contract carries an implied covenant of good faith and fair dealing, including the loan documents and Martin's Guarantee. FAC ¶¶ 186-187. Federal common law governs those SBA instruments, *Kimbell Foods*, 440 U.S. at 726, and under that law a creditor's impairment of collateral discharges a protected party to the extent of the prejudice, a rule the Ninth Circuit adopted in an SBA case over the SBA's waiver objections. *Frazier*, 860 F.2d 896; FAC ¶¶ 179-183. The FAC does not demand that the SBA elect any particular remedy. It alleges bad faith in the SBA keeping Martin's guarantor exposure fully intact while ignoring a written demand, a named transferee, a known address, an offered

inventory, and its own collateral remedies for nearly three years as the collateral generated revenue for others. FAC ¶¶ 188-189. Whether that conduct breached the covenant is a merits question. The pleading is concrete to the day, the dollar, the loan number, and the SBA's own acknowledgment number, FAC ¶¶ 128-140, and it comfortably clears the plausibility bar of *Twombly* and *Iqbal*.

**E.      Service of Process Was Accomplished Under Rule 4(i); the Motion's "No Evidence" Assertion Is False.**

Rule 4(i) permits service on the United States by certified mail to the civil process clerk of the United States Attorney, certified mail to the Attorney General, and, for an agency, certified mail to the agency. Fed. R. Civ. P. 4(i)(1)(A)(ii), (1)(B), (2). Martin completed all three by certified mail dispatched by an adult nonparty, within weeks of the Clerk issuing the summons and well inside Rule 4(m)'s ninety days. United States Postal Service records confirm delivery to the Civil Process Clerk, United States Attorney's Office, 300 North Los Angeles Street, Suite 7516, Los Angeles, California, on May 14, 2026 (certified item 9214 8901 4298 0478 7210 19); to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, D.C., on May 18, 2026 (item 9214 8901 4298 0478 7212 24); and to the SBA's Office of General Counsel, 409 Third Street SW, Washington, D.C., on May 18, 2026 (item 9214 8901 4298 0478 7213 09). Martin Decl. ¶¶ 3-7, Exs. 1-4. Suite 7516 is the address printed on the Motion's own caption.

Against that record, the Motion offers one sentence: "There is no evidence that Plaintiff served the SBA or the United States Attorney General in compliance with FRCP 4(i)." Mot. at 5. The delivery confirmations are the evidence, and they accompany this Opposition. To the extent the Motion's premise is that no proof of service yet appears on the docket, Rule 4(l)(3) answers it: "Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended." *Brockmeyer* places the burden on the plaintiff once service is challenged; Martin carries it with Postal Service records, not argument. And *Omni Capital*, a case about a foreign

defendant that was never served at all, has no purchase where every Rule 4(i) recipient received the papers.

The Rule 12(b)(4) motion fails independently. As the Motion's own footnote concedes, Rule 12(b)(4) challenges the form of process. Mot. at 6 n.2. The Motion identifies no defect of any kind in the Clerk-issued summons. Dkt. 24; Martin Decl. Ex. 1.

Even if some leg of service were defective, dismissal would remain unavailable. Rule 4(i)(4)(A) commands that the Court "must allow a party a reasonable time to cure its . . . failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." *See Morrissey v. Mayorkas*, 17 F.4th 1150 (9th Cir. 2021). Martin served both. Defective service on federal defendants is also excused where the government received actual notice, suffers no prejudice, the plaintiff has a justifiable excuse, and dismissal would severely prejudice the plaintiff. *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). Every factor favors Martin: the government appeared and briefed the merits of the FAC; it identifies no prejudice; Martin is an incarcerated pro se litigant who used the certified mail procedure the rule itself prescribes; and the requested dismissal with prejudice of the claims against the only federal defendant is severe prejudice by design.

Finally, candor. Counsel was given the opportunity to correct the record. After the Motion was filed, Martin advised counsel in writing that Postal Service records confirm the deliveries described above, including the delivery to counsel's own suite, and asked that the "no evidence" assertion be withdrawn. Counsel declined. Martin Decl. ¶ 9. On July 14, 2026 at 8:00 a.m., Martin sent counsel a written demand identifying the false statements of fact and law described in this Opposition, attaching the Opposition, and requesting withdrawal or correction of the Motion. Martin Decl. ¶ 10, Ex. 5. Counsel did not respond. The Motion's misstatements now stand as a considered choice, not an oversight.

**F.      The Demand for Dismissal With Prejudice and Without Leave to Amend Is**

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

**Contrary to Settled Law on Every Ground Raised.**

The Motion asks the Court to dismiss the SBA "with prejudice and without leave to amend." Mot. at 1, 6. Even if any argument in the Motion had merit, none could support that remedy. "Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice." *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017); *see Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (with-prejudice dismissal reserved for cases where the immunity bar is absolute and no court can hear the claim, which section 634(b)(1) forecloses here). A service defect yields quashal or, at most, dismissal without prejudice with time to cure. Fed. R. Civ. P. 4(i)(4), 4(m). And a pro se litigant receives leave to amend unless amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); *see* 28 U.S.C. § 1653 (defective jurisdictional allegations "may be amended"). The Motion cites none of this authority and offers no basis on which its requested remedy is even available. The overreach in the remedy mirrors the overreach in the arguments.

**V.    CONCLUSION**

The FAC pleads the statutory waiver the Motion says is missing. The Motion's jurisdictional theory rests on a quotation from which the dispositive limiting clause was removed, and it is foreclosed by *Munoz*, *North Side Lumber*, *Liberty Construction*, *Wright*, and *Tritz*, none of which the Motion acknowledges. The Rule 12(b)(6) argument attacks a theory the FAC expressly disclaims and denies allegations that appear in the FAC by paragraph number. The service argument is refuted by Postal Service records showing delivery. The Motion should be denied in its entirety.

In the alternative, if the Court concludes that any defect exists, Martin respectfully requests leave to amend under Rule 15, including, if the Court deems it necessary, to designate the Administrator of the SBA as the defendant under 15 U.S.C. § 634(b)(1), and, as to service, a reasonable time to cure under Rule 4(i)(4) rather than dismissal.

Dated: July 15, 2026                    Respectfully submitted,

_____

TRAVIS EDWARD MARTIN

Plaintiff In Propria Persona

**CERTIFICATE OF COMPLIANCE**

The undersigned, plaintiff in propria persona, certifies that this brief contains 4,136 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 15, 2026    _____

TRAVIS EDWARD MARTIN

**DECLARATION OF TRAVIS EDWARD MARTIN**

I, Travis Edward Martin, declare as follows:

1.    I am the plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2.    On April 5, 2026, I filed the Complaint in this action (Dkt. 1). The Complaint asserted against the SBA the same two causes of action that the First Amended Complaint (Dkt. 33) now asserts: declaratory relief and breach of the implied covenant of good faith and fair dealing.

3.    On May 4, 2026, the Clerk of this Court issued a summons directed to the United States Small Business Administration (Dkt. 24). A true and correct copy of that summons is attached as Exhibit 1.

4.    I caused three service packages, each containing the Clerk-issued summons and the Complaint, to be sent by United States Postal Service certified mail through the LetterStream certified mailing service. The mailings were dispatched by Tyler Martin, who is over the age of 18 and is not a party to this action.

14

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

5.      The first package was addressed to the Civil Process Clerk, United States Attorney's Office, Central District of California, 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012, under certified mail item number 9214 8901 4298 0478 7210 19. United States Postal Service records confirm that this item was delivered on May 14, 2026 at 11:41 a.m. in Los Angeles, CA 90012. True and correct copies of the certified mail cover page and the USPS delivery confirmation for this package are attached as Exhibit 2.

6.      The second package was addressed to the Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, under certified mail item number 9214 8901 4298 0478 7212 24. United States Postal Service records confirm that this item was delivered on May 18, 2026 in Washington, DC 20530. True and correct copies of the certified mail cover page and the USPS delivery confirmation for this package are attached as Exhibit 3.

7.      The third package was addressed to the Office of General Counsel, U.S. Small Business Administration, 409 3rd St. SW, Washington, DC 20416, under certified mail item number 9214 8901 4298 0478 7213 09. United States Postal Service records confirm that this item was delivered on May 18, 2026 at 10:51 a.m. in Washington, DC 20416. True and correct copies of the certified mail cover page and the USPS delivery confirmation for this package are attached as Exhibit 4.

8.      After the SBA filed its motion to dismiss on July 13, 2026, I advised counsel for the SBA in writing that United States Postal Service records confirm the deliveries described above and asked that the SBA withdraw its assertion that there is no evidence of service. Counsel declined to do so.

9.      On July 14, 2026, I sent counsel for the SBA, Assistant United States Attorney Paul B. La Scala, an email demanding that the SBA withdraw or correct the Motion. The email identified the Motion's false statements regarding service, the pleaded waiver of sovereign immunity, the misquotation of 28 U.S.C. § 1346(a)(2), and the FAC's collateral allegations, and it attached a copy of this Opposition. A true and

15

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

correct copy of that email is attached as Exhibit 5. As of the filing of this Opposition, I have received no response.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 15, 2026, at San Diego, California.

_____

TRAVIS EDWARD MARTIN

## **PROOF OF SERVICE**

I am over the age of 18. On July 15, 2026, I served the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STATES SMALL BUSINESS ADMINISTRATION'S MOTION TO DISMISS (DKT. 63); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRAVIS EDWARD MARTIN, with Exhibits 1 through 5, on the parties listed below by depositing true copies in the United States mail, first class, postage prepaid, and by electronic mail, addressed as follows:

Paul B. La Scala, Assistant United States Attorney, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, California 90012; Paul.LaScala@usdoj.gov. Attorneys for Defendant United States Small Business Administration.

Allen R. Ball, Esq., Law Office of Ball & Yorke, 1001 Partridge Drive, Suite 330, Ventura, California 93003. Attorney for Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy Solutions LLC, and Elite Sound Company LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 15, 2026            /s/ Tyler Martin, Declarant

PLAINTIFF'S OPPOSITION TO SBA'S MOTION TO DISMISS (DKT. 63)

# EXHIBIT 1

Summons Issued to Defendant United States Small Business Administration

(Dkt. 24, issued May 4, 2026)

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| | ) Civil Action No.  2:26-cv-03714-WLH-DFMx |
| UNITED STATES SMALL BUSINESS | ) |
| ADMINISTRATION   See Attachment 1 | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Travis Edward Martin
1746 F South Victoria Ave
Suite 104
Ventura CA 93003
Email: martin57290@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:      05/04/2026                                                    _____
                                                                         *Signature of Clerk or Deputy Clerk*

Attachment 1

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency;
JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND
COMPANY LLC, a California limited liability company; JAYSON COHEN, an
individual.

# EXHIBIT 2

Certified Mailing to Civil Process Clerk, United States Attorney's Office,
Central District of California, 300 N. Los Angeles St., Suite 7516, Los Angeles, CA 90012
(Certified Mail Item No. 9214 8901 4298 0478 7210 19)
and USPS Delivery Confirmation with Signature of Recipient (Delivered May 14, 2026)

**USPS CERTIFIED MAIL**



9214 8901 4298 0478 7210 19

**CERTIFIED MAIL**

Tyler Martin
1746F South Victoria Avenue
Suite 104
Ventura CA 93003



0013974619000011
Civil Process Clerk
United States Attorney's Office
Central District of California
300 N. Los Angeles St., Suite 7516
Los Angeles CA 90012


**UNITED STATES POSTAL SERVICE.**

Date Produced: 05/18/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0478 7210 19. Our records indicate that this item was delivered on 05/14/2026 at 11:41 a.m. in LOS ANGELES, CA 90012. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

# EXHIBIT 3

Certified Mailing to the Attorney General of the United States,
U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001
(Certified Mail Item No. 9214 8901 4298 0478 7212 24)
and USPS Delivery Confirmation with Signature of Recipient (Delivered May 18, 2026)

**USPS CERTIFIED MAIL**



9214 8901 4298 0478 7212 24

**CERTIFIED MAIL**

Tyler Martin
1746F South Victoria Avenue
Suite 104
Ventura CA 93003

0013974680000011
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001


**UNITED STATES POSTAL SERVICE**

Date Produced: 05/25/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0478
7212 24. Our records indicate that this item was delivered on 05/18/2026 at 04:31 a.m. in
WASHINGTON, DC 20530. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

# EXHIBIT 4

Certified Mailing to the Office of General Counsel,
U.S. Small Business Administration, 409 3rd St. SW, Washington, DC 20416
(Certified Mail Item No. 9214 8901 4298 0478 7213 09)
and USPS Delivery Confirmation with Signature of Recipient (Delivered May 18, 2026)

**USPS CERTIFIED MAIL**

9214 8901 4298 0478 7213 09

## CERTIFIED MAIL

Tyler Martin
1746F South Victoria Avenue
Suite 104
Ventura CA 93003



0013974701000011
Office of General Counsel
U.S. Small Business Administration
409 3rd St. SW
Washington DC 20416



**UNITED STATES POSTAL SERVICE.**

Date Produced: 05/25/2026

LETTERSTREAM:

The following is the delivery information for Certified Mail™/RRE item number 9214 8901 4298 0478 7213 09. Our records indicate that this item was delivered on 05/18/2026 at 10:51 a.m. in WASHINGTON, DC 20416. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

# EXHIBIT 5

July 14, 2026 Email from Plaintiff to Counsel for the SBA
Demanding Withdrawal or Correction of the Motion to Dismiss (Dkt. 63)
(Sent 8:00 a.m., July 14, 2026)

# Martin v. SBA, No. 2:26-cv-03714-WLH-DFM - Demand to Withdraw or Correct Motion to Dismiss (Dkt. 63)

1 message

**T, Martin** <martin57290@gmail.com>                           Tue, Jul 14, 2026 at 8:00 AM
To: La Scala, Paul (USACAC) <Paul.LaScala@usdoj.gov>

Mr. La Scala:

Attached is Plaintiff's Opposition to the SBA's Motion to Dismiss (Dkt. 63) and Exhibits 1 through 4. Before I file, I am giving you the opportunity to withdraw or correct the Motion, because it contains materially false statements of fact and law that you are now on notice of:

1. Service. The Motion asserts there is "no evidence" that Plaintiff served the SBA or the Attorney General under Rule 4(i). USPS records confirm certified mail delivery of the summons and complaint to the Civil Process Clerk at your own suite, Suite 7516, on May 14, 2026, and to the Attorney General and the SBA's Office of General Counsel on May 18, 2026, with signed receipts. Those records are attached as Exhibits 2 through 4.

2. Waiver. The Motion tells the Court the FAC "does not identify a waiver of sovereign immunity." FAC Paragraph 12 pleads 15 U.S.C. Section 634(b)(1) by name and section, and Paragraph 13 disclaims the only relief its proviso withholds.

3. The statute. The Motion quotes 28 U.S.C. Section 1346(a)(2) with an ellipsis that removes the clause limiting the quoted language to Contract Disputes Act procurement claims. Presented in full, the statute does not say what the Motion tells the Court it says. The Motion also omits Munoz v. SBA, 644 F.2d 1361 (9th Cir. 1981), and In re Liberty Construction, 9 F.3d 800 (9th Cir. 1993), which reject the government's position. This seems to be intentionally designed to deceive the court, especially modifying statutory text with an ellipsis to remove the limiting clause.

4. The pleading. The Motion asserts the FAC "does not allege what remained of that collateral as of June 2023." It does, by paragraph number. FAC Paragraphs 127-140.

These are not disputed characterizations. They are factual statements contradicted by the pleading and statute. Counsel's duty of candor to the tribunal does not permit them to stand.

Please advise me in writing by 5:00 p.m. today whether the SBA will withdraw or correct the Motion. Absent that confirmation, I will file the attached Opposition and exhibits at the end of the day, and the Court will have the full record before it. This email will be included with the filing.

---

 **Opposition to SBA Motion to Dismiss (Dkt. 63) FINAL.pdf**
960 KB