**TRAVIS EDWARD MARTIN**
1746 F South Victoria Ave., Suite #104
Ventura, California 93003
Email: Martin57290@gmail.com

Plaintiff In Propria Persona



FILED

CLERK, U.S. DISTRICT COURT

8/4/26

CENTRAL DISTRICT OF CALIFORNIA

BY_____CS_____DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; ELITE SOUND COMPANY LLC, a California limited liability company; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company,<br><br>　　　Defendants. | Case No.: 2:26-cv-03714-WLH-DFM<br><br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Douglas F. McCormick<br><br>**PLAINTIFF'S EX PARTE APPLICATION TO DISSOLVE OR MODIFY THE STAY OF DEFENDANTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT (DKT. 48) AND TO SET A DATE CERTAIN FOR RESPONSIVE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRAVIS EDWARD MARTIN**<br><br>[Proposed] Order lodged concurrently<br><br>Complaint Filed: April 5, 2026<br>Trial Date: July 12, 2027 |

1

## NOTICE OF EX PARTE APPLICATION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Travis Edward Martin, in propria persona, hereby applies ex parte for an order dissolving, or in the alternative modifying, the stay of Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC's (collectively, "Defendants") obligation to answer or otherwise respond to the First Amended Complaint entered June 25, 2026 (Dkt. 48), and setting a date certain for Defendants to serve and file responsive pleadings.

This Application is made pursuant to Federal Rules of Civil Procedure 1, 6(b), 12(a), and 54(b), Local Rules 7-19 and 7-19.1, Section J of this Court's Standing Order (Dkt. 13), the Court's inherent authority over its interlocutory orders, and the authorities cited in the accompanying Memorandum of Points and Authorities. It is based on this Notice, the Memorandum, the Declaration of Travis Edward Martin, the pleadings and records on file in this action, and any further matter the Court may consider.

DATED: August 4, 2026

_____

TRAVIS EDWARD MARTIN
Plaintiff In Propria Persona

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On June 25, 2026, this Court stayed Defendants' obligation to answer or otherwise respond to the First Amended Complaint "until the Court discharges the Court's Order to Show Cause re Subject Matter Jurisdiction." (Dkt. 48 at 3.) The stay has no outside date. It is keyed to no event in the world except the Court's own future ruling. Forty days have now passed. No Defendant has answered, no Defendant is required to answer, and no Defendant will be required to answer on any date that anyone can identify. Meanwhile, the pretrial clocks this Court set one week after entering the stay run in one direction only: against Plaintiff. (Dkt. 57 at 22 (last day to hear motions to amend pleadings or add parties: October 9, 2026; fact discovery cut-off: February 19, 2027; trial: July 12, 2027).)

The stay's sole predicate has collapsed, and Defendants collapsed it themselves. Defendants obtained the stay on the representation that, absent relief, they "would have to answer a complaint the Court may dismiss in its entirety" (Dkt. 46 at 7), and that "[i]f the Younger abstention doctrine applies, this Court would lack jurisdiction over some or all of Plaintiff's claims" (Dkt. 46 at 9). Twelve days after obtaining the stay on those representations, Defendants filed their response to the Order to Show Cause and conceded, in their first substantive paragraph:

> "As plaintiff correctly notes, res judicata and collateral estoppel are simply inapplicable because there is no final judgment in either of the state cases . . . ."

(Dkt. 60 at 2.) That is two of the three doctrines named in the Order to Show Cause, conceded by the only parties entitled to assert them. On the third doctrine, Younger abstention, Defendants defaulted: their response does not cite, distinguish, or mention *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), the controlling authority that confines Younger to three exceptional categories, none of which describes the private civil actions identified in the Order to Show Cause. (See generally Dkt. 60; Dkt. 64 at 4-5.)

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

The law forecloses what remains. Younger abstention "is not jurisdictional, but reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses." *Benavidez v. Eu*, 34 F.3d 825, 829 (9th Cir. 1994). And even where abstention properly applies, damages claims may only be stayed, never dismissed. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc). Nine of the First Amended Complaint's ten causes of action seek damages or related monetary relief from these Defendants. No lawful resolution of the Order to Show Cause can extinguish Defendants' obligation to answer those claims. The stay is not deferring a contingency. It is deferring a certainty.

A stay in this form is unlawful at its inception. "The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits . . . . When once those limits have been reached, the fetters should fall off." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). This stay was never so framed, its beneficiaries have abandoned its premise, and its continuation now inflicts measurable, compounding prejudice on the only party who opposed it. The Court should dissolve the stay and order Defendants to answer within fourteen (14) days.

## II.  PROCEDURAL BACKGROUND

Plaintiff filed this action on April 5, 2026. (Dkt. 40 at 1.) On May 4, 2026, Defendants Jayson Cohen and Elite Sound Company LLC, and Defendants James Wald and Natalie Wald, filed motions to dismiss. (Dkt. 16, 17.) On May 24, 2026, Plaintiff filed the First Amended Complaint as of right. (Dkt. 33; Dkt. 40 at 2.)

On June 2, 2026, the Court denied the motions to dismiss as moot, directed Defendants to "file Motions to Dismiss based upon the operative iteration of the Complaint," and, sua sponte, ordered Plaintiff to show cause "why Plaintiff's claims should not be dismissed for lack of subject matter jurisdiction under the Younger doctrine of abstention and/or why Plaintiff's claims is not barred as res judicata and/or collateral estoppel (as applicable)," with Defendants to respond within fourteen days of Plaintiff's response. (Dkt. 40 at 3-4.)

All five Defendants were served with the summons and First Amended Complaint on June 9, 2026, making their answers due June 30, 2026 under Rule 12(a)(1)(A)(i). (Dkt. 46 at 5; Dkt. 42, 43, 44.) On June 18, 2026, Defendants applied ex parte to stay their obligation to answer pending resolution of the Order to Show Cause. (Dkt. 45, amended at Dkt. 46.) Plaintiff opposed. (Dkt. 47.) On June 25, 2026, the Court granted the application: "Defendants' obligation to answer or otherwise respond to the First Amended Complaint is stayed until the Court discharges the Court's Order to Show Cause re Subject Matter Jurisdiction. If any portion of the First Amended Complaint survives the Order to Show Cause, Defendants shall have twenty-one (21) days to respond." (Dkt. 48 at 3.)

Plaintiff filed his claim-by-claim response to the Order to Show Cause on June 26, 2026. (Dkt. 52.) On July 2, 2026, the Court vacated the scheduling conference and entered the Civil Pretrial Schedule and Trial Order, setting, among other dates, October 9, 2026 as the last day to hear motions to amend pleadings or add parties, February 19, 2027 as the fact discovery cut-off, and July 12, 2027 for trial. (Dkt. 57 at 1, 22.) On July 7, 2026, Defendants filed their response to the Order to Show Cause (Dkt. 60) and a request for judicial notice (Dkt. 61). Plaintiff filed objections and a reply on July 7, 2026, docketed July 14, 2026. (Dkt. 64.) Briefing on the Order to Show Cause is complete.

As of the date of this Application, the Order to Show Cause remains pending, no Defendant has answered, and the stay continues without an end date. (Martin Decl. ¶¶ 8-10.)

### III.  ARGUMENT

**A.  This Court Has Plenary Authority to Dissolve the Stay, and This Application Is Not a Motion for Reconsideration.**

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica BayKeeper*, 254

F.3d 882, 885 (9th Cir. 2001) (citation omitted); see Fed. R. Civ. P. 54(b) (any order adjudicating fewer than all claims "may be revised at any time" before final judgment); *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 465 (9th Cir. 1989); *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 809 (9th Cir. 1963).

Nor is this Application subject to Local Rule 7-18. Courts look past a motion's caption to its substance, and an application resting on events that occurred after the order issued seeks modification based on changed circumstances, not reconsideration of the original ruling. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124-25 (9th Cir. 2005). Every ground urged here postdates June 25, 2026: Defendants' July 7 concession that preclusion is "simply inapplicable" (Dkt. 60 at 2); Defendants' failure to respond to *Sprint* at all (Dkt. 60); the completion of briefing on the Order to Show Cause (Dkt. 64); the entry of the pretrial schedule whose deadlines the stay now consumes (Dkt. 57); and the passage of forty days without any date by which Defendants must plead. The Supreme Court contemplated precisely this posture: a party subject to an overlong stay "will be at liberty to move to vacate the stay," and when the limits of a moderate stay "have been reached, the fetters should fall off." *Landis*, 299 U.S. at 256; accord *CMAX, Inc. v. Hall*, 300 F.2d 265, 270 (9th Cir. 1962) (a substantial change in circumstances permits the stayed party to seek an order moving the case forward).

**B.  Ex Parte Relief Is Proper Under the Standard This Court Has Already Applied to This Exact Subject.**

Ex parte relief requires a showing that the applicant's cause "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the applicant "is without fault in creating the crisis that requires ex parte relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995); Standing Order (Dkt. 13) § J. Both showings are made, and a threshold point comes first: this Court has already determined, at Defendants' request and over Plaintiff's opposition, that the scheduling of Defendants' answer deadline is a proper subject of ex parte adjudication in this case. (Dkt. 48 at 3 (granting Dkt. 45).) Plaintiff

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

preserved his position that ordinary scheduling relief does not satisfy *Mission Power* (Dkt. 47 at 2, 5-6), but he is entitled to proceed under the standard the Court has applied, on a showing stronger than the one the Court found sufficient.

Irreparable prejudice. The prejudice here is the running of deadlines that cannot be recovered. Under the Court's schedule, the last day to hear a motion to amend the pleadings or add parties is October 9, 2026, and Local Rule 6-1 requires motions to be noticed at least twenty-eight days before hearing. (Dkt. 57 at 3-4, 22.) Plaintiff cannot know what affirmative defenses Defendants will assert, what allegations they will admit or deny, or whether amendment is necessary, until answers exist. Every week the stay continues is a week subtracted from a fixed and shrinking window. A regularly noticed motion, heard on this Court's Friday calendar no fewer than twenty-eight days after filing, would itself consume the balance of that window and deliver relief on the eve of the deadline it is meant to protect. That is the definition of prejudice that cannot be undone by the regular motion calendar.

Without fault. Plaintiff did not create this situation. He opposed the stay (Dkt. 47), responded to the Order to Show Cause within twenty-four days of its issuance (Dkt. 52), and completed his reply briefing by July 7 (Dkt. 64). The events giving rise to this Application, Defendants' concession, Defendants' *Sprint* default, and the entry of a pretrial schedule that the stay now devours, are the doing of Defendants and the calendar, not of Plaintiff. Plaintiff files this Application promptly upon the fortieth day of an open-ended stay whose stated premise its own proponents have abandoned.

**C.  The Stay's Sole Predicate Has Collapsed.**

**1.  Defendants Concede That Two of the Three Doctrines Underlying the Order to Show Cause Are "Simply Inapplicable."**

The stay exists to spare Defendants from answering claims that might not survive the Order to Show Cause. (Dkt. 48 at 3.) The Order to Show Cause rests on three doctrines: Younger abstention, res judicata, and collateral estoppel. (Dkt. 40 at 4.) As to the second and third, Defendants' own response concedes: "As plaintiff correctly notes,

res judicata and collateral estoppel are simply inapplicable because there is no final judgment in either of the state cases." (Dkt. 60 at 2.) Res judicata and collateral estoppel are affirmative defenses that belong to defendants, Fed. R. Civ. P. 8(c), and the Ninth Circuit permits their sua sponte application only in narrow circumstances that presuppose the defenses could apply at all. *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054-55 (9th Cir. 2005). Where the only parties entitled to assert the defenses disclaim them as "simply inapplicable," there is nothing left for the Order to Show Cause to adjudicate on those grounds, and nothing for the stay to await.

**2. Younger Abstention Is Categorically Unavailable, and Defendants Defaulted on the Point.**

  *Sprint* confines Younger abstention to "three exceptional categories": ongoing state criminal prosecutions, state-initiated civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of the state courts' ability to perform their judicial functions. *Sprint*, 571 U.S. at 78; *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758-59 (9th Cir. 2014); *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018); *Applied Underwriters, Inc. v. Lara*, 37 F.4th 579 (9th Cir. 2022) (declining to extend the civil enforcement category to actions divorced from a quasi-criminal context). The state actions identified in the Order to Show Cause, *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821, and *Wald v. Martin*, Ventura County Superior Court Case No. 2023CUPP012195 (Dkt. 40 at 3), are private civil actions between private litigants. Neither is a criminal prosecution. Neither was initiated by the State. Neither involves contempt, bond, receivership, or any order in aid of a state court's judicial function. Extending Younger to parallel private litigation "would render meaningless the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *ReadyLink*, 754 F.3d at 759 (citation omitted).

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

Defendants' response to the Order to Show Cause does not cite *Sprint*. It does not distinguish *Sprint*. It does not mention *Sprint*. (See generally Dkt. 60.) Plaintiff placed *Sprint* at the center of his claim-by-claim response (Dkt. 52 at 8-9), and Defendants answered with silence. The one ground on which the stay could theoretically still rest is a ground its beneficiaries declined to defend when squarely presented.

**3. No Lawful Resolution of the Order to Show Cause Can Excuse Defendants From Answering the Damages Claims.**

The stay assumes the Order to Show Cause might eliminate the need for answers altogether. The law says otherwise, twice over. First, abstention is not subject matter jurisdiction. "Younger abstention is not jurisdictional, but reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses." *Benavidez*, 34 F.3d at 829; see *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.*, 477 U.S. 619, 626 (1986) (abstention does not arise from any lack of jurisdiction in the district court); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358-59 (1989). Second, even where abstention applies, "while we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions." *Quackenbush*, 517 U.S. at 721. The Ninth Circuit, en banc, is explicit: "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968.

The Second through Ninth Causes of Action of the First Amended Complaint seek damages and related monetary relief against Defendants. (Dkt. 33.) Under *Quackenbush* and *Gilbertson*, those claims cannot be dismissed on any ground named in the Order to Show Cause. They will require answers whatever happens. The stay therefore defers an obligation that no outcome can extinguish, which is to say it defers for the sake of deferring. Rule 1 does not permit that. Fed. R. Civ. P. 1 (rules to be employed "to secure the just, speedy, and inexpensive determination of every action").

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

**D.  The Stay Is Immoderate in Form and Therefore Unlawful Under Landis and Forty Years of Ninth Circuit Authority.**

A stay must be "so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 256. "Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007) (vacating stay entered without a time limit). "If a stay is especially long or its term is indefinite, we require a greater showing to justify it." *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000). A stay should not issue at all "unless it appears likely the other proceedings will be concluded within a reasonable time." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). And "lengthy and indefinite stays place a plaintiff effectively out of court," because "[s]uch an indefinite delay amounts to a refusal to proceed to a disposition on the merits." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

This stay fails every one of those measures. It has no end date. It is not tied to the conclusion of any external proceeding whose progress the parties could monitor; it is tied solely to the Court's own future ruling, an event with no schedule at all. *Landis* condemned exactly this structure: an order "which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done." 299 U.S. at 256. Last year, the Ninth Circuit vacated a district court's sua sponte docket-management stay where the court had not adequately weighed the *Landis* hardships and the stay's beneficiaries "do not articulate any prejudice that they will suffer from having to continue litigating this case." *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076 (9th Cir. 2024). The parallel is exact.

**E.  Every Lockyer Interest Now Cuts Against Continuing the Stay.**

The Court entered the stay after weighing the three interests identified in *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005), and *CMAX*, 300 F.2d at 268. (Dkt. 48 at 3.) Weighed on the record as it exists today, all three interests require dissolution.

Damage from the stay. When the stay issued, no pretrial schedule existed. One week later the Court entered a complete schedule through trial. (Dkt. 57.) The stay now consumes a fixed amendment window that closes October 9, 2026, and a fixed discovery period that closes February 19, 2027, while the pleadings remain open on Defendants' side alone. (Dkt. 57 at 22.) Plaintiff litigates toward a July 12, 2027 trial against defendants who have never stated a defense.

Hardship to Defendants. There is none the law recognizes. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Defendants' asserted hardship was answering claims that might be dismissed for want of jurisdiction (Dkt. 46 at 7, 9); that premise is legally false as to the damages claims, *Quackenbush*, 517 U.S. at 721, and factually abandoned as to preclusion by Defendants' own concession (Dkt. 60 at 2). Meanwhile Defendants' conduct refutes their claimed burden: since obtaining the stay they have participated in the Rule 26(f) report (Dkt. 51), filed a twenty-five page response to the Order to Show Cause (Dkt. 60), and filed a request for judicial notice with exhibits (Dkt. 61). Defendants are litigating everything in this case except the one document Rule 12(a) requires of them.

The orderly course of justice. Answers simplify this case; their absence complicates it. Answers will fix admissions and denials, disclose affirmative defenses while amendment is still possible, and frame discovery that is already open and already running against a cut-off. Continuing the stay simplifies nothing, because Part III.C.3 establishes that answers to the damages claims are inevitable under any disposition of the Order to Show Cause.

**F. The Stay Should Never Have Issued on the Application Defendants Made.**

The record now permits the Court to see the June 18 application for what it was. Defendants sought emergency relief from the ordinary obligation of every served defendant, which is precisely the relief *Mission Power* forbids. 883 F. Supp. at 492-93. Their claimed emergency rested on two representations: that the Court "may dismiss [the

complaint] in its entirety" (Dkt. 46 at 7), and that if Younger applied, "this Court would lack jurisdiction" (Dkt. 46 at 9). The first was never legally possible as to the damages claims. *Quackenbush*, 517 U.S. at 721; *Gilbertson*, 381 F.3d at 968. The second misstates black-letter law. *Benavidez*, 34 F.3d at 829. And Defendants' own judicial notice exhibits confirmed the absence of any final state judgment (Dkt. 61), the very fact they would concede twelve days later makes preclusion "simply inapplicable" (Dkt. 60 at 2). A stay procured on representations of hardship that were legally impossible when made, and factually abandoned by their makers within two weeks, has no claim to continued life. Defendants promised this Court a short bridge over a two-day scheduling overlap. (Dkt. 46 at 4-5.) What they built is a moratorium with no terminus.

## G.  Alternative Relief.

If the Court declines to dissolve the stay outright, Plaintiff requests in the alternative that the Court modify it in either of two ways: (1) order that the stay expires on a date certain, no later than September 4, 2026, with answers due fourteen (14) days thereafter regardless of the status of the Order to Show Cause, consistent with *Landis*'s command that a stay be framed so "its force will be spent within reasonable limits," 299 U.S. at 256; or (2) dissolve the stay as to the Second through Ninth Causes of Action, the damages claims that *Quackenbush* and *Gilbertson* place beyond any dismissal power the Order to Show Cause could exercise, with answers due fourteen (14) days after the order.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court dissolve the stay entered June 25, 2026 (Dkt. 48) and order Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC to serve and file their answers or other responses to the First Amended Complaint within fourteen (14) days of the Court's order, or in the alternative to modify the stay as set forth in Part III.G.

DATED: August 4, 2026

_____

TRAVIS EDWARD MARTIN
Plaintiff In Propria Persona

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

## CERTIFICATE OF COMPLIANCE

The undersigned, Plaintiff in propria persona, certifies that the foregoing Memorandum of Points and Authorities contains 3,580 words, which complies with the word limit of Local Rule 11-6.1.

DATED: August 4, 2026

_____
TRAVIS EDWARD MARTIN
Plaintiff In Propria Persona

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

## DECLARATION OF TRAVIS EDWARD MARTIN

I, Travis Edward Martin, declare as follows:

1. I am the Plaintiff in this action, proceeding in propria persona. I have personal knowledge of the facts stated in this declaration, except those stated on the basis of the Court's records, which I believe to be true, and if called as a witness I could and would testify competently to them.

2. On June 2, 2026, the Court issued its Order regarding Defendants' motions to dismiss, which included an Order to Show Cause directed to me. (Dkt. 40.) I filed my claim-by-claim response on June 26, 2026. (Dkt. 52.)

3. On June 18, 2026, Defendants applied ex parte to stay their obligation to answer the First Amended Complaint. (Dkt. 45, 46.) I filed a written opposition. (Dkt. 47.) On June 25, 2026, the Court granted the application and stayed Defendants' obligation to answer until the Court discharges the Order to Show Cause. (Dkt. 48 at 3.)

4. On July 2, 2026, the Court entered the Civil Pretrial Schedule and Trial Order, setting October 9, 2026 as the last day to hear motions to amend the pleadings or add parties, February 19, 2027 as the fact discovery cut-off, and July 12, 2027 as the trial date. (Dkt. 57 at 22.)

5. On July 7, 2026, Defendants filed their response to the Order to Show Cause. (Dkt. 60.) Page 2 of that response states: "As plaintiff correctly notes, res judicata and collateral estoppel are simply inapplicable because there is no final judgment in either of the state cases." Defendants' response does not cite Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), anywhere in its text.

6. I filed my objections and reply to Defendants' response on July 7, 2026, which was docketed on July 14, 2026. (Dkt. 64.) To my knowledge, briefing on the Order to Show Cause is complete.

7. As of the date of this declaration, the Court has not ruled on the Order to Show Cause, no Defendant has filed an answer or other response to the First Amended Complaint, and the stay entered June 25, 2026 remains in effect with no end date.

15

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

8.  A true and correct copy of the proposed order granting this application is lodged concurrently and has been emailed in Microsoft Word format to WLH_Chambers@cacd.uscourts.gov as required by the Court's Standing Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 9,  2026, at San Diego, California.

TRAVIS EDWARD MARTIN
Plaintiff In Propria Persona

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

**PROOF OF SERVICE**

I, Tyler Martin, declare:

1. I am over the age of eighteen and am not a party to this action. I am competent to testify to the matters stated herein.

2. On August 4, 2026, I served the following document:

PLAINTIFF'S EX PARTE APPLICATION TO DISSOLVE OR MODIFY THE STAY OF DEFENDANTS' OBLIGATION TO ANSWER THE FIRST AMENDED COMPLAINT (DKT. 48) AND TO SET A DATE CERTAIN FOR RESPONSIVE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF TRAVIS EDWARD MARTIN; [PROPOSED] ORDER

3. I served the document on counsel at the addresses of record, by the method indicated for each, as follows:

Allen R. Ball, Esq.

Law Office of Ball & Yorke

1001 Partridge Drive, Suite 330

Ventura, California 93003

Attorney for Defendants James Wald, Natalie Wald, Jayson Cohen, Elite Sound Company LLC, and American Legacy Solutions LLC. (Served by U.S. Mail.)


Paul (Bart) Green, Assistant United States Attorney

Federal Building, Suite 7516

300 North Los Angeles Street

Los Angeles, California 90012

Paul.Green@usdoj.gov

Attorney for Defendant United States Small Business Administration. (Served by email.)

4. Service was accomplished by the following method(s):

17

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)

[X] U.S. Mail. As to Allen R. Ball, Esq., I placed a true and correct copy of the document in a sealed envelope with postage fully prepaid and deposited it with the United States Postal Service for mailing, addressed as set forth above.

[X] Email. As to Paul (Bart) Green, Assistant United States Attorney, I transmitted a true and correct copy of the document by email to Paul.Green@usdoj.gov, and the transmission was completed without error.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 4, 2026, at Ventura, California.

/S/ Tyler Martin

Declarant

EX PARTE APPLICATION TO DISSOLVE OR MODIFY STAY (DKT. 48)