TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section
PAUL (BART) GREEN (Cal. Bar No. 300847)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0805
Email: Paul.Green@usdoj.gov

Attorney for Defendant
U.S. Small Business Administration

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

TRAVIS EDWARD MARTIN,

Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION; *et al.*,

Defendants.

No. 2:26-cv-03714-WLH-DFM

**DEFENDANT UNITED STATES SMALL BUSINESS ADMINSTRATION'S REPLY IN SUPPORT OF MOTION TO DISMISS [63]**

Hearing Date: September 4, 2026
Hearing Time: 1:30 p.m.
Ctrm: 9B

Honorable Wesley L. Hsu
United States District Judge

## I. INTRODUCTION

Plaintiff Travis Edward Martin brings this action against the Small Business Association ("SBA") for allegedly failing to protect Plaintiff's collateral in connection with SBA loans made to third-party companies that Plaintiff allegedly acted a personal guarantor for. As set forth herein, Plaintiff's claims are subject to dismissal under Rule 12(b)(1) and 12(b)(6).

Notwithstanding the arguments presented by Plaintiff in his Opposition to the SBA's Motion to Dismiss ("Opposition") (Dkt. 65), the Court should dismiss Plaintiff's claims against the SBA on several independent grounds. First, the most reasonable interpretation of 15 U.S.C. § 634(b)(1), the statute that Plaintiff asserts waives the SBA's sovereign immunity, only extends the immunity waiver to causes of action arising under Chapter 14A of Title 15. Plaintiff's causes of action against the SBA do not arise under this chapter and therefore ought to be dismissed. Second, even if Plaintiff had identified a proper waiver of the SBA's sovereign immunity, Plaintiff's first cause of action should be dismissed because Plaintiff mischaracterizes the relief he seeks as constituting declaratory relief when it is in fact injunctive– the exact type of relief barred by § 634(b)(1). Finally, Plaintiff has failed to state a claim for relief against the SBA.

For these reasons, Respondents respectfully request that the Court dismiss the SBA from Plaintiff's action with prejudice and without leave to amend. *See Vasisht v. Hanmi Bank*, No. 20-cv-9974-DMG, 2021 WL 8316830 (C.D. Cal. Feb. 19, 2021) (dismissing SBA as defendant without leave to amend in lawsuit bringing claims relating to an SBA-guaranteed loan).

## II. ARGUMENT

### A. Plaintiff Has Not Established A Waiver Of Sovereign Immunity.

Plaintiff cannot sue the SBA unless Congress has "unequivocally" waived sovereign immunity by statute. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir. 2011) (citation omitted); *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736,

743 (2004). The burden is on the party asserting jurisdiction to show such a waiver. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983). Plaintiff has failed to meet that burden.

Plaintiff relies on the "sue and be sued" clause of the Small Business Act, 15 U.S.C. § 634. It states, "In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the [SBA] Administrator may . . . sue and be sued . . . in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.]" This clause acts as a limited waiver of sovereign immunity with respect to the functions, powers, and duties of the Administrator of the SBA. *See Romeo v. United States*, 462 F.2d 1036, 1037-38 (5th Cir. 1972). Courts have granted federal jurisdiction under § 634(b)(1) in contract cases where the parties have executed agreements, but not where the claim against the SBA is attenuated. *Cf. Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) *with U.S. for Use and Benefit of Fred's Plumbing and Heating, Inc. v. Small Bus. Admin.*, 807 F. Supp. 675, 677-78 (D. Colo. 1992).

Plaintiff claims that the SBA's sovereign immunity is waived by 15 U.S.C. § 634(b)(1), a statute which states that in the performance of, and with respect to, the functions, powers, and duties vested in the SBA's Administrator ("Administrator") by "this" chapter, the Administrator may sue and be sued in any United States district court. FAC ¶¶ 12. However, the notion that this waiver is all encompassing and permits Plaintiffs to bring claims against the SBA under any statute is inaccurate. At least three district courts have interpreted the phrase "this chapter" in this provision to refer to Chapter 14A of Title 15, the corollary assumption of which being that the sue-and-be-sued clause solely extends an immunity waiver to causes of action arising under this chapter. *Imaginarium LLC v. United States SBA*, 618 F. Supp. 3d 1225, 1230 (D. Utah. 2022); *1800 Mich. Ave. v. SBA of the United States*, 2022 U.S. Dist. LEXIS 131514, at

*4-5 (E.D. Mich. July 25, 2022); *Reboot Macon, LLC v. United States*, 2022 U.S. Dist. LEXIS 180951, at *6 n.1 (M.D. Ga. Oct. 3, 2022). "Any alternative reading would render Congress's explicit reference to 'this chapter' superfluous." *Imaginarium*, 618 F. Supp. 3d at 1230. Importantly, the Supreme Court has held that ambiguities in the text of a sovereign immunity waiver must be construed in favor of the sovereign. *FAA v. Cooper*, 566 U.S. 284, 290-291 (2012).

As per his Opposition, Plaintiff's claims against the SBA arise from his SBA COVID EIDL disaster loan and from his Unconditional Guarantee. Dkt. 65 at 3. Seeing that none of Plaintiff's claims arise under Chapter 14A of Title 15, the sue-and-be-sued clause does not extend an immunity waiver to Plaintiff's claims.

Moreover, Plaintiff's claims against the SBA are too attenuated to establish jurisdiction under 15 U.S.C. § 634. Plaintiff argues that this Court should assert jurisdiction over the SBA because Plaintiff acted as a personal guarantor on SBA loans to third-party companies. The Complaint, however, does not appear to assert any direct contractual relationship between Plaintiff and the SBA. Notably, Plaintiff does not assert any contract claims against the SBA or any claims based on any sort of direct relationship between Plaintiff and the SBA. Thus, the Court should reject Plaintiff's vague, unsupported allegations and dismiss SBA from the action for lack of jurisdiction. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 990 (9th Cir. 2001) (courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint").

**B. The Declaratory Relief Sought by Plaintiff Is Actually Injunctive Relief and Is Therefore an Inappropriate Remedy.**

Section 634(b)(1) prohibits Plaintiffs from seeking injunctive relief against the SBA Administrator. Plaintiff seeks the functional equivalent of injunctive relief in his first cause of action, and his attempt to recharacterize it as declaratory fails.

Plaintiff requests a judicial declaration stating that "the ET loan has been in contractual default since the default events alleged herein; that [Plaintiff] is exonerated,

discharged, or entitled to reduction of guarantor liability to the extent of the SBA's collateral impairment; that the waiver provisions do not bar that relief; and that any remaining obligation must be reduced by the value of collateral the SBA could have preserved after notice." FAC at 48. A declaration that Plaintiff is exonerated and that his obligation should be reduced accordingly would effectively compel the SBA to discharge Plaintiff's contractual obligations, clearly constituting injunctive relief. Put differently, Plaintiff is necessarily requesting that the SBA *act*, and the notion that all Plaintiff seeks is declaratory relief is therefore disingenuous. *See American Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1253-1254 (9th Cir. 1999) (holding that plaintiff's action for declaratory relief actually constituted injunctive relief and was thus barred by the anti-injunction provision of 20 U.S.C. § 1082(a)(2), as plaintiff's request that decisions adversely affecting member institutions be declared null and void was plainly coercive); *see also Tommolillo v. Columbia Bank*, 2024 U.S. Dist. LEXIS 56019, at *25 (D.N.J. Mar. 28, 2024) (holding that plaintiffs' request for declaratory relief was in effect a request for injunctive relief and thus barred under 15 U.S.C. § 634(b)(1) because they sought a declaratory judgment stating that their obligations with respect to the SBA loan and guarantee were properly terminated and should have been discharged).

Chief Judge Gee explained as follows in dismissing the SBA from a case, like this one, involving an SBA-guaranteed loan:

> [A]lthough the Ninth Circuit has not opined on the matter, courts are generally in consensus that the SBA has explicitly preserved its sovereign immunity against suits for injunctive relief, except where the SBA acts beyond the scope of its authority. *See Alaska Urological Inst., P.C. v. United States Small Bus. Admin.*, 619 B.R. 689, 699 (D. Alaska 2020) (citing *Hidalgo Cnty. Emergency Serv. Found. v. Carranza*, 962 F.3d 838, 840–41 (5th Cir. 2020); *Mar v. Kleppe*, 520 F.2d 867, 869 (10th Cir. 1975)); 15 U.S.C. § 634(b)(1) ("[N]o ... injunction ... shall be issued against the Administrator or his property."). Thus, to the extent Plaintiff seeks an order

> from the Court requiring the SBA to rescind, reform, or cancel its approval of the SBA-guaranteed loan Plaintiff obtained from Hanmi Bank, and such equitable remedies can be characterized as injunctive relief, the SBA has not waived its sovereign immunity against suit based on those claims. The Court therefore **DISMISSES** the claims against the SBA for rescission of contract, reformation of contract, and cancellation of written instrument.

*Vasisht v. Hanmi Bank*, No. 20-cv-9974-DMG, 2021 WL 8316830, at *2 (C.D. Cal. Feb. 19, 2021).

In sum, an anti-injunction bar "cannot be skirted by the simple expedient of labeling an action that really seeks injunctive relief as an action for 'declaratory relief.'" *Riley*, 170 F.3d. at 1254. Plaintiff cannot circumvent § 634(b)(1)'s clear prohibition of injunctive relief though misrepresentation. Because the SBA has sovereign immunity with respect to Plaintiff's mischaracterized declaratory judgment claim, the claim should be dismissed under Rule 12(b)(1).

**C. Plaintiff Has Failed to State a Claim Under Fed. R. Civ. P. 12(b)(6).**

Plaintiff presents no factual or legal basis to support the notion that the SBA can be held responsible for collateral impairment that occurs at the hands of completely independent third parties, nor has he demonstrated that the SBA even has the authority to control the actions of Plaintiff's business partners. Thus, his claims should be dismissed.

"The guaranty gives wide powers to SBA to deal with collateral assigned as security for its performance …." *Frederick v. United States*, 386 F.2d 481, 486 (5th Cir. 1967). It is where "a creditor irregularly or negligently sells security so that it produces less than its value the guarantor may sue the creditor for improperly preserving or applying the collateral." *Frederick*, 386 F.2d at 486. Where the SBA mishandles the security, it violates a duty imposed by law. *Id.* at 487.

Here, as was acknowledged by the SBA on June 28, 2023, Plaintiff's former business partners and employees held possession over the collateral and controlled its management. Dkt. 33 at 26. Plaintiff's allegations in the FAC detail how the third-party

defendants mishandled Plaintiff's security diminishing its value—not the SBA. The majority of case law on impairment of collateral in the Ninth Circuit pertains to cases where the SBA affirmatively acted in ways that decreased the value of the collateral—not cases where third parties possessed, controlled, and impaired the collateral. *See, e.g.*, *Great Sw. Life Ins. Co. v. Frazier*, 860 F.2d 896, 899 (9th Cir. 1988). Here, the SBA did not, as a matter of law, have control over Plaintiff's collateral and had no duty to monitor third parties who managed Plaintiff's collateral. Accordingly, under Federal Rule of Civil Procedure 12(b)(6), the SBA did not impair or mishandle the collateral, so the Plaintiff's allegations must be dismissed for failure to state a claim.[1]

**D. The Timing and Nature of Plaintiff's Opposition Do Not Indicate that He Is Entitled to a Liberal Pleading Standard.**

Ordinarily, pro se plaintiffs are entitled to a liberal pleading standard. It is not apparent that such a standard is warranted here. Plaintiff is incarcerated at Richard J. Donovan Correctional Facility, San Diego, California, CDCR Number BU6031. *See* Dkt. 54 at Page ID #703 (letter to Plaintiff); *see also* FAC ¶ 23 ("Martin is currently serving a life sentence in state prison").[2] Nevertheless, Plaintiff's address of record on the docket is a UPS Store in Ventura, and despite being incarcerated, a Gmail e-mail address associated with Plaintiff is being used for this litigation. *See id.*; *see also* Google Maps (https://www.google.com/maps).

The SBA acknowledges that it is raising this issue for the first time in a reply. However, it came to defense counsel's attention only after filing this motion. The SBA's Motion to Dismiss was filed on July 13, 2026 at 3:40 p.m. Dkt. 63. Yet, Plaintiff, despite being incarcerated, filed *in two days* a typed opposition with Bluebook citations, in the Court's requisite formatting along with numbered and labeled exhibits attached, signed

---

[1] Although Plaintiff has not filed a proof of service regarding service on the SBA, the SBA withdraws its argument regarding service in light of the service documentation provided by Plaintiff for the first time and attached to Plaintiff's opposition. Dkt. 65.

[2] *See also* California Incarcerated Records and Information Search (CIRIS), available at; https://ciris.mt.cdcr.ca.gov/

by Plaintiff. Dkt. 65. If it has occurred here, ghostwriting is "not permitted in federal courts." *Makreas v. Moore L. Grp., A.P.C.*, 2012 WL 1458191, at *3 (N.D. Cal. Apr. 26, 2012) (citing cases). As one Circuit Court explained: "if courts mistakenly believe that the ghostwritten pleading was drafted without legal assistance, they might apply an unwarranted degree of leniency to a pleading that was actually drafted with the assistance of counsel. This situation might create confusion for the court and unfairness toward opposing parties." *Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001); *see also In re Khalil*, 2017 U.S. Dist. LEXIS 48234, at *2 (C.D. Cal. Mar. 29, 2017); *Lee v. Olivarius*, 2024 U.S. Dist. LEXIS 149892, at *4 (N.D. Cal. Aug. 21, 2024).

As such, the SBA respectfully submit that Plaintiff is not entitled to the pro se liberal pleading standard.

## III. CONCLUSION

For the foregoing reasons, the SBA's motion should be granted and the SBA dismissed from this action.

Dated: August 21, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
DANIEL A. BECK
Assistant United States Attorney
Acting Chief, Civil Division
ALARICE M. MEDRANO
Assistant United States Attorney
Acting Chief, Complex and Defensive Litigation Section

*/s/ Paul (Bart) Green*
PAUL (BART) GREEN
Assistant United States Attorney

Attorneys for Defendant SBA

* Counsel of record certifies that this brief does not use generative artificial intelligence and certifies that this brief contains 2,249 words, which complies with the word limit of L.R. 11-6.1.