Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
08/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRAVIS EDWARD MARTIN, an individual;

Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,

Defendants.

Case No.: 2:26-cv-03714-WLH-DFM

**PLAINTIFF'S OBJECTION TO NEW MATTER AND NEW EVIDENCE RAISED FOR THE FIRST TIME IN DEFENDANT SBA'S REPLY (DKT. 71); EVIDENTIARY OBJECTION UNDER FED. R. EVID. 201; DECLARATION OF TRAVIS EDWARD MARTIN**

Hearing Date: September 4, 2026
Hearing Time: 1:30 p.m.
Courtroom: 9B

Judge: Hon. Wesley L. Hsu

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Travis Edward Martin ("Martin") objects to the arguments and evidence presented for the first time in the Reply of Defendant United States Small Business Administration ("SBA") in support of its Motion to Dismiss (Dkt. 71, the "Reply"), filed August 21, 2026.

## I. INTRODUCTION

The Reply does not defend the Motion. It replaces it. Two of the Motion's four grounds are abandoned outright, and three arguments appear that the Motion never made. The SBA concedes as much as to one of them, acknowledging that it raises the issue for the first time in a reply.

A district court need not consider arguments raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 843 n.6 (9th Cir. 2004). The rule exists because the opposing party has no opportunity to respond. That rationale applies with full force here, where the new matter is offered in support of dismissal with prejudice and without leave to amend.

Martin asks the Court to decline to consider the new arguments in Sections II.A, II.B, and II.D of the Reply, and to disregard the extra-record factual assertion drawn from Google Maps, which is offered without any request for judicial notice.

## II. THE REPLY ABANDONS TWO OF THE MOTION'S FOUR GROUNDS

### A. The Service Argument Is Withdrawn.

The Motion sought dismissal under Rules 12(b)(4) and 12(b)(5), asserting there was "no evidence" of service under Rule 4(i). Mot. at 5. Footnote 1 of the Reply withdraws that argument. Those grounds are no longer before the Court.

### B. The Section 1346(a)(2) Argument Is Abandoned.

The Motion's sole jurisdictional attack on the Second Cause of Action rested on a quotation from 28 U.S.C. § 1346(a)(2). Mot. at 5. The Opposition showed that the quoted passage omitted, behind an ellipsis, the clause confining it to claims subject to the Contract Disputes Act. Opp. at 6-7. The Reply does not defend the quotation, does not respond to that showing, and does not mention § 1346(a)(2) at all. The ground is abandoned.

## III. THREE ARGUMENTS APPEAR FOR THE FIRST TIME IN THE REPLY

### A. The Proposed Chapter 14A Limitation on 15 U.S.C. § 634(b)(1).

Reply at 3-4. The Motion never cited § 634(b)(1). It told the Court that the First Amended Complaint "does not identify a waiver of sovereign immunity." Mot. at 1, 4. The argument that § 634(b)(1) waives immunity only as to causes of action arising under Chapter 14A of Title 15 appears nowhere in the Motion.

**B. The Section 634(b)(1) Anti-Injunction Proviso.**

Reply at 4-5. The Motion never cited the proviso. Its declaratory-relief argument was that declaratory relief is not a standalone cause of action and supplies no independent basis for jurisdiction. Mot. at 4. The contention that the First Cause of Action seeks disguised injunctive relief barred by the proviso is new.

**C. Ghostwriting and Withdrawal of the Pro Se Pleading Standard.**

Reply at 7. The Motion did not question Martin's pro se status or ask the Court to withhold liberal construction. The SBA acknowledges that it raises this issue for the first time in a reply.

## IV. THE COURT NEED NOT CONSIDER ARGUMENTS RAISED FIRST IN REPLY

The Ninth Circuit has repeatedly held that a district court need not consider arguments raised for the first time in a reply brief. *Zamani*, 491 F.3d at 997; *Lentini*, 370 F.3d at 843 n.6. Courts in this District apply the rule on motions to dismiss. *Kotev v. First Colony Life Ins. Co.*, 927 F. Supp. 1316, 1319 (C.D. Cal. 1996).

The prejudice here is not abstract. Section II.D of the Reply asks the Court to change the pleading standard governing the very motion in which the request appears. If credited, it supplies the predicate for the disposition the SBA seeks, dismissal with prejudice and without leave to amend, by displacing the liberal construction owed a pro se pleading under *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). An argument that alters the standard of decision is the least appropriate candidate for presentation in the one brief to which no response is permitted.

## V. THE REPLY'S STATED JUSTIFICATION IS REFUTED BY ITS OWN CITATIONS

The SBA states that the ghostwriting issue "came to defense counsel's attention only after filing this motion." Reply at 7. The Reply cites two sources for Martin's incarceration: paragraph 23 of the First Amended Complaint, filed May 24, 2026, and Dkt. 54, filed July 1, 2026. Both predate the Motion, which was filed July 13, 2026. The remaining premises, Martin's address of record and his email address, appear on the face of his filings.

As to the email address, on August 2, 2026, Martin transmitted to Assistant United States Attorney Paul (Bart) Green, at Paul.Green@usdoj.gov, his written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E), designating Martin57290@gmail.com as his address for service, and requested confirmation. Martin Decl. ¶ 8, Ex. 1. Counsel did not respond. Nineteen days later, the Reply advanced the use of that address in this litigation as a circumstance warranting suspicion.

That email did more than supply an address. It told counsel that mail service in this action had already failed, and it asked counsel to confirm that further service would be made electronically. Counsel disclosed none of this to the Court.

The omission is material. A party who asks a court to draw an adverse inference from a fact must disclose what he knows about that fact. Counsel presented the use of Martin's email address as a circumstance warranting suspicion while withholding that Martin had designated that address to counsel personally, in writing, under Federal Rule of Civil Procedure 5(b)(2)(E), and had asked counsel to confirm it. Counsel possessed the explanation for the very circumstance he asked the Court to treat as unexplained. Presenting the Court with half of a fact within counsel's own knowledge, in a brief to which no response is permitted, is not candor.

## VI. EVIDENTIARY OBJECTION TO THE GOOGLE MAPS ASSERTION

Martin objects to the assertion at page 7 of the Reply that his address of record is a UPS Store, and to the citation of Google Maps offered to support it.

The assertion is not in the record. It does not appear in the pleadings, in any declaration, or in any exhibit. No request for judicial notice accompanies the Reply. A court may judicially notice a fact only if it is not subject to reasonable dispute, in that it is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

The assertion is offered not for its own sake but to support a disputed inference about who prepares Martin's filings. The identity of a commercial tenant at a street address is not evidence of who drafts, signs, or files a document. The inference is the disputed matter, and it is precisely what Rule 201 does not reach.

The assertion rests on a mistaken premise about how Martin conducts this litigation. The Reply assumes that documents reach Martin through the street address printed on his filings, and that whoever controls that address is therefore conducting the case. Martin receives and reviews litigation documents electronically on an institution tablet, and prepares his filings on an institution laptop. Martin Decl. ¶¶ 2, 4. The mailing address is a forwarding point for paper that counsel elected to send. It is not the channel through which this litigation is conducted, and it supports no inference about who conducts it.

An address of record is an address for service. Counsel does not place his personal residence in the caption of his filings. He puts the mailing address of his office building. Counsel's ignorance of how the prison system's communications work is no excuse for him to level unfounded accusations against the plaintiff about who is drafting his documents or how he conducts litigation.

The handling arrangement the Reply presents as evidence of concealment is one counsel declined to avoid. On August 2, 2026, Martin asked counsel to serve him electronically so that filings would reach him the same day rather than through physical delivery. Martin Decl. ¶ 6, Ex. 1. Counsel did not respond, and served the Reply by mail alone.

## VII. IF THE COURT REACHES THE NEW MATTER, IT FAILS

**A. The Chapter 14A Argument Is Refuted by the SBA's Own Authorities.**

The Reply relies on three district court decisions construing "this chapter" in § 634(b)(1) to mean Chapter 14A of Title 15. Reply at 3-4. Each involved a program created outside Chapter 14A. *Imaginarium LLC v. U.S. Small Bus. Admin.*, 618 F. Supp. 3d 1225 (D. Utah 2022), concerned a Shuttered Venue Operators Grant, created by section 324 of the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act and codified at 15 U.S.C. § 9009a, in Chapter 116. *1800 Michigan Ave. v. Small Bus. Admin.*, 2022 WL 2916677 (E.D. Mich. July 25, 2022), and *Reboot Macon, LLC v. United States*, 2022 WL 4872480 (M.D. Ga. Oct. 3, 2022), each concerned the Restaurant Revitalization Fund, 15 U.S.C. § 9009c, also in Chapter 116. In each case the claim arose outside Chapter 14A, which is why the limitation mattered.

Martin's claims arise from a COVID EIDL disaster loan made under section 7(b)(2) of the Small Business Act, 15 U.S.C. § 636(b)(2), and from the Unconditional Guarantee securing it. Section 636 is codified within Chapter 14A, as is § 634 itself. On the SBA's own construction, the waiver reaches these claims.

No decision of the Ninth Circuit or of this District has adopted the limitation the SBA proposes. The controlling authority reads § 634(b)(1) to vest jurisdiction independently. *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981); *In re Liberty Constr.*, 9 F.3d 800, 801-02 (9th Cir. 1993).

**B. The Ghostwriting Argument Fails on Four Independent Grounds.**

First, the SBA bears the burden on the new argument and offers no evidence. It identifies no attorney, submits no declaration, and relies on the speed and formatting of the Opposition. That the work product is competent is not evidence of who produced it.

The unstated premise is that a person in custody could not have produced the Opposition. That premise reflects unfamiliarity with the resources available to incarcerated litigants, not evidence of anything. The institution where Martin is housed provides him with a laptop computer running the Microsoft Office Suite and full access to Thomas Reuters Westlaw at no cost to him. Martin and all inmates in CDCR have an

assigned internet connected tablet with electronic mail communications. Decl. ¶ 2, 4. Counsel made no inquiry before advancing the accusation, and counsel's unfamiliarity with how a modern correctional institution operates furnishes no ground for an accusation resting on conjecture.

Counsel was not without means to ask. Martin had given counsel his email address directly, and had asked counsel to confirm it as his address for service in this action. Martin Decl. ¶¶ 6-7, Ex. 1. Counsel did not respond to that email, did not inquire how Martin prepares his filings, and did not raise the subject in any communication with Martin. Instead, counsel presented the Court with an inference drawn from a street address, in a brief to which no response is permitted.

Second, nothing the Reply describes involves an attorney. The concern the doctrine addresses is undisclosed drafting by a licensed attorney. Assistance from friends and family is not that.

Third, the gravamen of the objection is concealment, and every premise of the Reply's suspicion was supplied by Martin voluntarily and on the record: his incarceration in FAC ¶ 23, his location in Dkt. 54, and his email address in his written consent to counsel.

Fourth, the remedy sought does not exist in this Circuit. There is no Ninth Circuit authority addressing ghostwriting. No decision of the Ninth Circuit or of this District has withdrawn the liberal construction owed a pro se litigant on that basis. The foundational decision in this Circuit declined to do so and imposed no sanction. *Ricotta v. California*, 4 F. Supp. 2d 961, 986-87 (S.D. Cal. 1998).

## VIII. RELIEF REQUESTED

Martin respectfully requests that the Court (1) decline to consider the arguments raised for the first time in Sections II.A, II.B, and II.D of the Reply; (2) sustain the objection to the Google Maps assertion at page 7 of the Reply and disregard it; and (3) apply the liberal construction owed a pro se pleading in resolving the Motion.

Dated: Aug 25, 2026 Respectfully submitted,

TRAVIS EDWARD MARTIN
Plaintiff In Propria Persona

## CERTIFICATE OF COMPLIANCE

The undersigned, plaintiff in propria persona, certifies that this brief contains 2175 words, which complies with the word limit of L.R. 11-6.1.

Dated: August 25, 2026

TRAVIS EDWARD MARTIN

## DECLARATION OF TRAVIS EDWARD MARTIN

I, Travis Edward Martin, declare as follows:

1. I am the plaintiff in this action, appearing in propria persona. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. The institution where I am housed provides me with a laptop computer running the Microsoft Office, and full access to Westlaw at no cost to me. I also have a prison issued Internet connected tablet with electronic messaging.

3. No licensed attorney has drafted any portion of any filing I have made in this action.

4. Friends and family members assist me regularly with my filings, and with scanning or forwarding documents served on me by mail or email and transmitting them to me electronically. I receive and review litigation documents on the prison tablet.

5. I pleaded my incarceration in this action myself. First Amended Complaint ¶ 23, filed May 24, 2026.

6. On August 2, 2026 at 11:48 a.m., I sent an email to Assistant United States Attorney Paul (Bart) Green at Paul.Green@usdoj.gov. The email stated my written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E), designated Martin57290@gmail.com as my address for service in this action, and asked counsel to confirm that all further service on me would be made to that address. A true and correct copy of that email is attached as Exhibit 1.

7. As of the filing of this Objection, I have received no response to that email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 25, 2026 at San Diego, California.



TRAVIS EDWARD MARTIN

**EXHIBIT 1**

August 2, 2026 Email from Plaintiff to Assistant United States Attorney Paul (Bart) Green Consenting to Electronic Service Under Fed. R. Civ. P. 5(b)(2)(E)

**PROOF OF SERVICE**

I am over the age of 18. On August 25, I served the foregoing PLAINTIFF'S OBJECTION TO NEW MATTER AND NEW EVIDENCE RAISED FOR THE FIRST TIME IN DEFENDANT SBA'S REPLY (DKT. 71); EVIDENTIARY OBJECTION UNDER FED. R. EVID. 201; DECLARATION OF TRAVIS EDWARD MARTIN,

with Exhibit 1, on the parties listed below by depositing true copies in the United States mail, first class, postage prepaid, and by electronic mail, addressed as follows:

Paul (Bart) Green, Assistant United States Attorney, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, California 90012; Paul.Green@usdoj.gov. Attorneys for Defendant United States Small Business Administration.

Allen R. Ball, Esq., Law Office of Ball & Yorke, 1001 Partridge Drive, Suite 330, Ventura, California 93003. Attorney for Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy Solutions LLC, and Elite Sound Company LLC.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 25, 2026

Donna Martin

Donna Martin
Declarant

# EXHIBIT "A"

# Martin v. U.S. Small Business Administration, No. 2:26-cv-03714-WLH-DFM: Service to Be Made Electronically

1 message

**T, Martin** <martin57290@gmail.com>
To: Paul.Green@usdoj.gov

Sun, Aug 2, 2026 at 11:48 AM

Mr. Green:

I am the plaintiff in this action, appearing pro per. I write in response to your Notice of Appearance file July 31, 2026 (Dkt. 67), entering as counsel of record for Defendant United States Small Business Administration.

This email constitutes my written consent to electronic service under Federal Rule of Civil Procedure 5(b)(2)(E). Effective immediately, all service on me in this action is to be made by email to this addres That consent remains in effect until I withdraw it in writing.

Going forward, service by mail will be treated as insufficient. I will not accept mail as the operative method of service, and I will object to any paper served by mail alone as untimely and improperly served. Mail service in this case has already failed once, as the Court's own docket reflects at Dkt. 62.

You are not required to serve me by mail. Rule 5(b)(2)(E) authorizes electronic service on a party who has consented in writing, and I have now consented. If you choose to send courtesy copies by mail in addition to email, that is your prerogative, but email is the method that governs.

Please confirm by reply that all further service on me will be made by email to this address.

Thank you