UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:26-cv-03714-WLH-DFM | Date | September 2, 2026 |
| Title | ***Travis Edward Martin v. United States Small Business Administration*** | | |

| | |
|---|---|
| Present: The Honorable | WESLEY L. HSU, United States District Judge |

| | |
|---|---|
| Claudia Garcia-Marquez | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings: ORDER RE: Order to Show Cause**

On June 2, 2026, the Court issued an Order to Show Cause ("OSC"), instructing Plaintiff to explain why the federal suit was not subject to Younger abstention doctrine and/or why Plaintiff's claims are not barred as res judicata and/or collateral estoppel (as applicable).[1] (Order to Show Cause at 3, Dkt. No. 40). The Court also ordered Defendants to file a response on a claim-by-claim basis. (*Id.*). On June 26, 2026, Plaintiff filed a response. (Plaintiff's Response, Dkt. No. 52). Defendants American Legacy Solutions LLC, Jayson Cohen, Jayson Cohen, Elite Sound Company LLC, Elite Sound Company, LLC (collectively, "Defendants") subsequently filed a response on July 7, 2026. (Defendants' Response, Dkt. No. 60).[2] For the reasons stated herein, the action

[1] The parties do not dispute that res judicata and collateral estoppel are inapplicable to this case. (Plaintiff's Response at 2; *see also* Defendants' Response at 2).

[2] Defendants seek judicial notice on several exhibits, including: (1) a printout of the appellate opinion known as *People v. Martin*; (2) a printout of the complaint, filed October 29, 2024 by Plaintiff, in the case known as *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821; (3) a printout of both the order denying and the initial Motion for Preliminary Injunction filed July 14, 2025, filed by Plaintiff in the case known as *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821; (4) a printout of the register

is **STAYED** pending resolution of the two state cases: *Martin v. Wald*, Ventura Co. Sup. Court Case No. 2024CUNP03282 and *Wald v. Martin*, et al., Ventura County Superior Court, Case No. 2023CUPP012195.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this instant action on April 5, 2026. (*See generally*, Complaint, Dkt. No. 1). On May 24, 2026, Plaintiff amended the Complaint

---

of actions in the case known a *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP032821; (5) a printout of the complaint, filed August 3, 2023 by Defendants Natalie Wald and James Wald, both as individual plaintiffs and a Guardian ad Litem for their then-four-year-old daughter, victim of Plaintiff's child molestation, in a case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195; (6) a printout of a First Amended Cross-Complaint, filed April 7 2026 by plaintiff in a case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195, (7) a printout of the register of actions in the case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195; (8) the Motion to Vacate June 15, 2026 Minute Order with Supporting Request for Judicial Notice, both filed by current plaintiff Martin, in the case of *Martin v. Wald*, Ventura Co. Sup. Court Case No. 2024CUNP03282; (9) the Order Striking the Third Verified Statement Disqualifying Judge Coats in the case known as in the case of *Martin v. Wald*, Ventura Co. Sup. Court Case No. 2024CUNP03282; (10) the Notice of Ruling on the Motion to Strike current plaintiff Martin's First Amended Cross-Complaint, in the case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195; (11) the Motion to Vacate Ruling of May 21, 2026 filed by current plaintiff Martin in the case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195; (12) the Order Striking the Eight Verified Statement, in the case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195; and (6) a printout of the register of actions in the case known as *Wald v. Martin, et al.*, Ventura County Superior Court, Case No. 2023CUPP012195. (1 RJN, Dkt. Nos. 18-19, 2 RJN, Dkt. No. 61). The Court finds it appropriate to take judicial notice of records for the state court cases. "A court may take judicial notice of 'matters of public record.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Documents on file in federal or state courts are considered undisputed matters of public record. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citations omitted) ("We may take judicial notice of undisputed matters of public record including documents on file in federal or state courts."). Accordingly, the Request for Judicial Notice of these documents is **GRANTED**.

alleging ten causes of action: (1) "declaratory relief"; (2) "breach of implied covenant"; (3) "civil RICO"; (4) "civil RICO conspiracy"; (5) "breach of fiduciary duty"; and (6) "voidable transaction"; (7) "restitution"; (8) "civil conspiracy"; and (9) "indemnity/exoneration"; and (10) "declaratory relief re collateral, proceeds, and traceable property" (the "First Amended Complaint") (FAC, Dkt. No. 33).

On October 29, 2024—more than a year prior to this action, Plaintiff filed an action, *Martin v. Wald,* Ventura County Superior Court Case No. 2024CUNP03282, in state court. That action arises out of a business dispute related to the same businesses identified in the First Amended Complaint and is pending before the Superior Court of the State of California, County of Ventura, and trial is currently scheduled for November 30, 2026. (Defendants' Response at 3; *see also* 1 RJN, Ex. D). Defendants Natalie Wald and James Wald also filed a lawsuit against Plaintiff on August 2, 2023, *Wald v. Martin, et al*. Ventura County Superior Court Case No. 2023CUPP012195, seeking damages for the sexual abuse of their then-four-year-old daughter, which is also pending before the Superior Court of the State of California, County of Ventura.

## II. LEGAL STANDARD

Under Younger abstention doctrine, federal courts must abstain from exercising jurisdiction over cases that would interfere with pending state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971). The Younger abstention doctrine reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). The Supreme Court explained that Younger abstention doctrine is limited to "three exceptional categories" of cases. *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 592 (2013). These categories include: "(1) 'parallel, pending state criminal proceeding[s],' (2) 'state civil proceedings that are

akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts.'" *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014) (quoting *Sprint*, 134 S. Ct. at 588). The Ninth Circuit summarized when a federal court should abstain under Younger: "In civil cases, ... Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." *ReadyLink*, 754 F.3d at 759 (citing *Sprint*, 134 S. Ct. at 593–594; *Gilbertson v. Albright*, 381 F.3d 965, 977–78 (9th Cir. 2004)); *see also Rahhiman v. Villanueva*, 2023 WL 5488474, at *2 (C.D. Cal. June 27, 2023), report and recommendation adopted, 2023 WL 5489012 (C.D. Cal. Aug. 23, 2023) ("*Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims") (emphasis in original).[3] If these threshold elements are met, federal courts "then consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies." *ReadyLink*, 754 F.3d at 759.

## III. DISCUSSION

As an initial matter, Plaintiff contends that the Court incorrectly cited the framework used to analyze the Younger abstention doctrine because, Plaintiff avers, that *Sprint Commuc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) narrowed the Younger abstention doctrine to apply under three exceptions: "ongoing state criminal prosecutions, certain

[3] The Court notes that following *Middlesex*, some courts apply a three-factor test, whereas other courts follow a four-factor test outlined in *ReadyLink* when analyzing the Younger abstention doctrine. Because the Ninth Circuit applies a four-factor test, the Court likewise applies the same four-factor test outlined in *ReadyLink*.

civil enforcement proceedings akin to criminal prosecutions, and civil proceedings involving orders uniquely in furtherance of state courts' ability to perform their judicial functions." (Plaintiff's Response at 8). While it is true that the Younger abstention doctrine applies to the following three circumstances: "(1) 'parallel, pending state criminal proceeding[s],' (2) 'state civil proceedings that are akin to criminal prosecutions,' and (3) state civil proceedings that 'implicate a State's interest in enforcing the orders and judgments of its courts,'" *ReadyLink*, 754 F.3d at 759 (citing *Sprint*, 571 U.S. 69 at 593–594), the Ninth Circuit has explained that the Younger abstention doctrine is appropriate when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023) (*quoting Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021).[4] As stated above, if these "threshold elements" are met, district courts then consider "whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to Younger applies." *ReadyLink*, 754 F.3d at 759. The Court therefore analyzes each of these factors and concludes each factor is met.

**A. State Proceedings are Ongoing**

Here, the first factor is met. There are two ongoing state actions— *Martin v. Wald*, Ventura County Superior Court Case No. 2024CUNP03282 and *Wald v. Martin, et al.*, Ventura County Superior Court Case No. 2023CUPP012195, that were "initiated before

[4] As explained below, the Younger abstention doctrine applies because there are state civil proceedings that "implicate a [s]tate's interest in enforcing the orders and judgments of its courts." *ReadyLink*, 754 F.3d at 759.

any proceedings of substance on the merits have taken place in the federal court," and this federal action has not "moved beyond an embryonic stage." *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220, 1225 (9th Cir. 2023) (citations omitted).

**B. The Proceeding Implicates Important State Interests**

The second factor is likewise met. Under the Younger abstention doctrine, a federal court cannot unduly interfere with pending state court proceedings that implicate "important state interests." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The First Amended Complaint alleges that Defendant Natalie Wald threatened Plaintiff "to extract money, property, and financial benefits from him," in part to obtain "private-school tuition for the Wald children, travel, lodging, entertainment…" (FAC ¶¶ 59 -60; *see also id*. ¶¶ 61-85). These accusations and alleged threats are also at issue in *Wald v. Martin, et al*., where Defendants Natalie Wald and James Wald seek damages for the sexual abuse of their daughter against Plaintiff. (Defendants' Response at 4-5). *Martin v. Wald* also arises from a business dispute related to the same businesses identified in the First Amended Complaint. Here, the state court proceedings implicate important state interests in enforcing state court orders and discouraging piecemeal litigation. "It is [also in the interest of the state] … to discourage piecemeal litigation." *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976); *see also McCoy v. Beard*, No. 2:14-CV-1999 JAM CKD, 2014 WL 7071222, at *2 (E.D. Cal. Dec. 12, 2014) ("in light of principles of comity and the risk of piecemeal litigation, the undersigned concludes that the *Younger* doctrine requires dismissal of this action without prejudice") (emphasis in original).

Here, there exists a risk of piecemeal litigation because the state court proceedings involve some of the same parties and businesses and the same underlying facts at issue in this federal action. Proceeding in the instant action will likely result in piecemeal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

litigation as both parties race to obtain judgment in their preferred forums. Additionally, the Plaintiff's amended cross-complaint was ordered stricken by the state court for failure to request leave to file the amendment. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 12-13 (1987) (noting that the enforcement of state court judgments and orders implicates important state interests). If the Court allows Plaintiff to proceed in raising those same claims in this Court, the Court will in an essence permit Plaintiff to circumvent the state court's authority.

**C. Adequate Opportunity in the State Proceedings to Raise Constitutional Challenges**

In considering the third factor, the Supreme Court has noted that "where vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.'" *Middlesex*, 457 U.S. at 432. "'[T]he ... pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims …'" *Id*. (quoting *Moore*, 442 U.S. at 430). Plaintiff's federal claims can be raised in state court. *Lou v. Belzberg*, 834 F.2d 730, 741 (9th Cir. 1987) (holding that "state courts have concurrent jurisdiction over RICO causes of action"); *see also Rubie's LLC v. First Am. Title Co.*, No. 118CV01052DADSKO, 2018 WL 6419674, at *2 (E.D. Cal. Dec. 6, 2018) (observing that state courts have jurisdiction over contract claims against the SBA). In fact, Plaintiff originally attempted to file the remaining claims alleged in the First Amended Complaint in state court, but it was stricken without prejudice by the state court because Plaintiff failed to request leave to amend his cross-complaint. (Defendants' Reply at 3, *see also* 2 RJN, Ex. C). The state court provided Plaintiff with an opportunity to file a motion for leave to file an amended cross-complaint in *Wald v. Martin, et al*. (*See* 2 RJN, Ex. E). Instead of requesting leave to file an amended cross-complaint, Plaintiff attempted, twice, to disqualify the state court judge

due to an adverse ruling. (2 RJN B, C and D). Based on the record, there is no suggestion that the state proceedings did not afford Plaintiff an adequate opportunity to assert his legal claims. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (federal court should assume state procedures will afford adequate opportunity for consideration of constitutional claims in absence of unambiguous authority to contrary).

**D. Requested Relief Seeks to Enjoin or Has the Practical Effect of Enjoining the Ongoing State Judicial Proceeding**

Defendants argue that the "delay in obtaining a final judgment in the [*Wald v. Martin, et al.*] means that, if this [C]ourt does not abstain, the same claims will be litigated twice— with possibly inconsistent results." (Defendants' Response at 5). Defendants also argue that Plaintiff is attempting to forum shop or avoid adverse rulings by the state court, by filing this case in federal court. (*Id*. at 10). The Court agrees. Based on review of the record, instead of seeking leave to file his amended cross-complaint, Plaintiff attempted to disqualify the state court judge twice. (2 RJN B, C and D). Plaintiff also attempted to disqualify the other state court judge, (2 RJN, Ex. A), and this Court after receiving an adverse ruling, (Dkt. No. 53). Accordingly, the Court finds that the relief sought herein would have the practical effect of at least partially enjoining those ongoing state court proceedings.

Because the Younger abstention doctrine applies, the Court **STAYS** this action pending resolution of *Martin v. Wald*, Ventura Co. Sup. Court Case No. 2024CUNP03282 and *Wald v. Martin*, et al., Ventura County Superior Court, Case No. 2023CUPP012195. "[F]ederal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1143 (C.D. Cal. 2014) ("If, in a case in which the plaintiff seeks

damages, the court determines that the Younger abstention is appropriate, it should stay the matter until the state court proceedings are concluded, rather than dismissing the action.”). The parties are **ORDERED** to submit a joint status report on the two state cases ninety (90) days from this Order, and every ninety (90) days thereafter.

**IT IS SO ORDERED.**