Travis Edward Martin
In Pro Per
1746-F South Victoria Ave.
Suite #104
Ventura CA 93003
Email: Martin57290@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
9/8/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jb DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>Defendants. | **Case No. 2:26-cv-03714-WLH-DFM**<br><br>Hon. Wesley L. Hsu<br><br>**EX PARTE APPLICATION TO VACATE THE SEPTEMBER 2, 2026 STAY ORDER (DKT. 73) AND TO REINSTATE THE AUGUST 14, 2026 ORDER SETTING THE DATE FOR RESPONSIVE PLEADINGS (DKT. 70); ALTERNATIVELY, MOTION FOR RECONSIDERATION UNDER FED. R. CIV. P. 54(b) AND 59(e) AND L.R. 7-18; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Travis Edward Martin with Exhibits 1 through 9, and [Proposed] Order, filed concurrently]<br><br>Hearing: None set (L.R. 7-19)<br>Answer deadline under Dkt. 70: September 25, 2026<br>Discovery cut-off: February 19, 2027<br>Trial: July 12, 2027 |

**NOTICE OF EX PARTE APPLICATION AND APPLICATION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Travis Edward Martin, in pro per, applies ex parte under Local Rules 7-19 and 7-19.1, Federal Rules of Civil Procedure 54(b) and

59(e), Local Rule 7-18, and the Court's inherent power over its interlocutory orders, for an order:

1. Vacating the September 2, 2026 Order Re: Order to Show Cause (Dkt. 73), which stayed this action under *Younger v. Harris* pending the resolution of Ventura County Superior Court Case Nos. 2024CUNP032821 and 2023CUPP012195, and vacating the requirement of joint status reports every ninety days;
2. Reinstating the August 14, 2026 Order (Dkt. 70), which found good cause to dissolve the stay of Defendants' obligation to respond to the First Amended Complaint and set September 25, 2026 as the date for responsive pleadings, or setting a new date certain no later than fourteen days after entry of the order on this Application;
3. Resetting for hearing, or taking under submission, Defendant United States Small Business Administration's Motion to Dismiss (Dkt. 63), which was fully briefed and set for hearing on September 4, 2026 when the stay issued;
4. In the alternative, lifting the stay as to Defendant United States Small Business Administration in its entirety and as to the First, Second, Third, Fourth, Ninth, and Tenth Causes of Action, none of which is pending in any state court; and
5. In the further alternative, setting this Application for hearing on shortened time and directing Defendants to respond on an expedited schedule.

This Application is made on the grounds set out in the attached Memorandum of Points and Authorities, which are summarized here. First, the September 2 Order reverses the Court's own August 14 Order (Dkt. 70) on a record to which nothing had been added, without acknowledging that Order. Second, *Younger* abstention is confined to three categories of state proceedings, *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013), and neither Ventura County case, both of which are private civil actions between private parties, falls within any of them. Third, the Order's actual reasoning

applies *Colorado River* factors, and *Colorado River* fails at its threshold because the claims against the SBA, the federal RICO claims, and the guarantor indemnity claim are pending in no state court and cannot be resolved by either state case under any outcome. Fourth, the Order's forum-shopping finding rests on facts the record refutes: this action was filed on April 5, 2026, before the state court's May 18 tentative and May 21 order; that order was procedural, without prejudice, and expressly invited a noticed motion for leave; Plaintiff filed that motion on July 20, 2026; and the state judge whose ruling Plaintiff supposedly fled no longer presides over the case. Fifth, it was improper for the Court to treat Plaintiff's application under 28 U.S.C. § 455(a) (Dkt. 53) as evidence of forum shopping; that application sought reassignment within this District, changed no forum, was characterized by the Court itself as resting entirely on adverse rulings (Dkt. 55 at 2-3), and was raised by no party. Sixth, the SBA never sought abstention or a stay, and the stay freezes the SBA's own fully briefed motion.

Ex parte relief is warranted under *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). The September 2 Order eliminated the September 25 answer date and the September 4 hearing without mention, while leaving in place the pretrial schedule under which the last day to hear motions to amend pleadings or add parties is October 9, 2026, fact discovery closes February 19, 2027, and trial is set for July 12, 2027. (Dkt. 57 at 22.) A regularly noticed motion cannot be heard before those dates begin to pass. The Order is also a final, appealable decision under *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 9-10 (1983), and the time to appeal is running; a prompt ruling either restores this case to its schedule or clears the way for review in the Ninth Circuit without months of lost time. Plaintiff's guarantor exposure on the SBA loan at issue grows monthly while the collateral remains in the private Defendants' hands. (FAC ¶¶ 137-145, Dkt. 33.) Plaintiff is without fault: the Order was entered sua sponte on the Court's own Order to Show Cause, nineteen days after the Court found good cause to require answers, and this Application follows within days of its entry.

Pursuant to Local Rule 7-19, counsel for the opposing parties are: Allen R. Ball, Law Office of Ball & Yorke, 1001 Partridge Drive, Suite 330, Ventura, California 93003, (805) 642-5177, counsel for Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy Solutions LLC, and Elite Sound Company LLC; and Paul (Bart) Green and Paul B. La Scala, Assistant United States Attorneys, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, California 90012, (213) 894-0805, counsel for Defendant United States Small Business Administration. Plaintiff's efforts to give notice of this Application, and each party's stated position, are set out under oath in the concurrently filed Declaration of Travis Edward Martin, as Local Rule 7-19.1 requires. Under the Court's procedures for ex parte applications, any opposition is due within forty-eight hours of service or by 3:00 p.m. on the first court day after service, whichever is later.

This Application is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of Travis Edward Martin and Exhibits 1 through 9, the [Proposed] Order lodged herewith, the pleadings and records on file in this action, and such further matters as the Court may consider.

Dated: September 8, 2026

Respectfully submitted,

/s/ Travis Edward Martin

Travis Edward Martin

Plaintiff, in Pro Per

# TABLE OF CONTENTS

Page


I. INTRODUCTION ..... 10

II. STATEMENT OF FACTS AND PROCEDURAL HISTORY ..... 11

A. This action was filed on April 5, 2026, against the SBA and five private Defendants, over an SBA loan guarantee and its collateral ..... 11

B. The Order to Show Cause, the stay of answers, the scheduling order, and the August 14 Order. ..... 12

C. The September 2 Order. ..... 13

D. The state cases as the record actually shows them. ..... 13

1. Wald v. Martin, No. 2023CUPP012195. ..... 13

2. Martin v. Wald, No. 2024CUNP032821. ..... 14

III. THE COURT HAS THE POWER TO VACATE THE ORDER, AND THIS APPLICATION IS TIMELY UNDER EVERY APPLICABLE RULE ..... 15

IV. ARGUMENT ..... 17

A. The Order reverses the Court's own August 14 Order on an unchanged record and never says so. ..... 17

B. Younger cannot reach private civil litigation, and both state cases are private civil litigation. ..... 17

1. Neither state case falls within any Sprint category. ..... 18

2. The Middlesex factors fail on their own terms. ..... 19

3. Younger is measured on April 5, 2026, when nothing the Order relies on had happened. ..... 20

C. The Order's real reasoning is Colorado River, and Colorado River fails at the threshold because the SBA claims, the RICO claims, and the guarantor claims are pending nowhere else. ..... 20

D. The forum-shopping finding rests on a record that does not exist ..... 22

1. This action was filed before the state court ruled on anything. ..... 23

2. There was no adverse ruling to evade. The May 21 order was permission, not a decision. ....23

3. Plaintiff did exactly what the state court invited, and the Order found the opposite. ....24

4. The judge whose ruling Plaintiff supposedly fled no longer presides over the case. ....24

E. It was improper to weigh Plaintiff's application for recusal under 28 U.S.C. § 455(a) against him. ....25

F. The SBA never sought a stay, and the stay freezes the only motion the SBA filed. ....26

G. Ex parte relief is warranted under Mission Power. ....27

H. The relief requested. ....28

V. CONCLUSION ....28

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Ironworks & Erectors, Inc. v. North American Construction Corp.*, 248 F.3d 892 (9th Cir. 2001) .......... 16

*AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143 (9th Cir. 2007) .......... 18, 19, 20, 24

*Applied Underwriters, Inc. v. Lara*, 37 F.4th 579 (9th Cir. 2022) .......... 18, 19

*City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882 (9th Cir. 2001) .......... 15, 17

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) .......... passim

*Cook v. Harding*, 879 F.3d 1035 (9th Cir. 2018) .......... 18, 19, 20

*Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220 (9th Cir. 2023) .......... 19

*Ernest Bock, LLC v. Steelman*, 76 F.4th 827 (9th Cir. 2023) .......... 10, 21

*F.J. Hanshaw Enterprises, Inc. v. Emerald River Development, Inc.*, 244 F.3d 1128 (9th Cir. 2001) .......... 25

*Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc) .......... 12, 17, 20

*Herrera v. City of Palmdale*, 918 F.3d 1037 (9th Cir. 2019) .......... 16

*Juidice v. Vail*, 430 U.S. 327 (1977) .......... 18

*Kerr v. United States District Court*, 426 U.S. 394 (1976) .......... 19

*Landis v. North American Co.*, 299 U.S. 248 (1936) .......... 26, 27

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .......... 26

*McCoy v. Beard*, No. 2:14-cv-1999, 2014 WL 7071222 (E.D. Cal. Dec. 12, 2014) .......... 19

*Mendocino Railway v. Ainsworth*, 113 F.4th 1181 (9th Cir. 2024) .......... 22, 23

*Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) .......... 13, 17, 19

*Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995) .......... 27

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983) ........ 16, 21, 22, 27
*Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989) ........ 12, 22, 23, 25
*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) ........ 18
*Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706 (1996) ........ 12, 16, 17
*R.R. Street & Co. v. Transport Insurance Co.*, 656 F.3d 966 (9th Cir. 2011) ........ 23
*Rahhiman v. Villanueva*, No. 2:20-cv-11825, 2023 WL 5488474 (C.D. Cal. June 27, 2023) ........ 19
*ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund*, 754 F.3d 754 (9th Cir. 2014) ........ 18, 19, 20, 26
*Seneca Insurance Co. v. Strange Land, Inc.*, 862 F.3d 835 (9th Cir. 2017) . 16, 21, 22, 23, 24, 25
*Shapiro ex rel. Shapiro v. Paradise Valley Unified School District*, 374 F.3d 857 (9th Cir. 2004) ........ 16
*Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013) ........ 10, 12, 13, 17, 18, 19, 28
*Travelers Indemnity Co. v. Madonna*, 914 F.2d 1364 (9th Cir. 1990) ........ 22, 24
*Younger v. Harris*, 401 U.S. 37 (1971) ........ passim

**Statutes**

15 U.S.C. § 634(b)(1) ........ 22, 24
18 U.S.C. § 1962 ........ 11
28 U.S.C. § 455(a) ........ 10, 25, 26
28 U.S.C. § 1291 ........ 16
Cal. Civ. Proc. Code § 170.1 ........ 24
Cal. Civ. Proc. Code § 170.6 ........ 14, 24
Cal. Civ. Proc. Code § 391.3 ........ 14, 15
Cal. Civ. Proc. Code § 391.6 ........ 14, 15, 16
Cal. Civ. Proc. Code § 436 ........ 13, 18
Cal. Civ. Proc. Code § 472 ........ 13, 18, 23

**Rules**

Fed. R. App. P. 4(a)(1)(B) .......... 27
Fed. R. Civ. P. 15(a)(1) .......... 11
Fed. R. Civ. P. 54(b) .......... 15, 16, 17
Fed. R. Civ. P. 59(e) .......... 16
C.D. Cal. L.R. 6-1 .......... 27
C.D. Cal. L.R. 7-18 .......... 16

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On August 14, 2026, this Court reviewed Plaintiff's application to dissolve the stay of Defendants' obligation to answer, found good cause, dissolved the stay effective September 4, and ordered every Defendant to respond to the First Amended Complaint by September 25, 2026. (Dkt. 70.) Nineteen days later, on a record to which no party had added a single fact, the Court stayed the entire action indefinitely under *Younger v. Harris*, 401 U.S. 37 (1971), pending the conclusion of two Ventura County lawsuits, one of which has itself been stayed by the private Defendants' own motion. (Dkt. 73 at 2, 8-9.) The September 2 Order does not mention the August 14 Order. It does not mention that the United States Small Business Administration, the only federal party, never asked for abstention. It does not mention that the SBA's own motion to dismiss was fully briefed and set for hearing two days later. (Dkt. 63, 65, 71, 72.)

The Order cannot stand, for reasons that do not depend on one another. *Younger* is confined to three categories of state proceedings, and a lawsuit between private parties over a business, a loan guarantee, and an alleged extortion scheme is none of them. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). The reasoning the Order actually employs, a race to judgment, piecemeal litigation, and forum shopping, belongs to *Colorado River*, and *Colorado River* fails at its threshold because the claims against the SBA, the federal RICO claims, and the guarantor indemnity claim are pending in no state court and cannot be resolved by either state case under any outcome. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 839-40 (9th Cir. 2023). The forum-shopping finding rests on a sequence of events that did not happen: this action was filed on April 5, 2026, before the state court ruled on anything; the May 21 state order was a procedural strike, without prejudice, that expressly invited a noticed motion for leave; Plaintiff filed that motion on July 20, 2026; and the judge whose ruling Plaintiff supposedly fled no longer sits on the case. And the Order counts Plaintiff's application for recusal under 28 U.S.C. § 455(a) as proof that he shops for forums, when that application sought reassignment

within this District and changed no forum. (Dkt. 73 at 8.) That was improper, and because the forum-shopping conclusion is the only stated basis for the fourth *Younger* element, the element falls with it.

Plaintiff did not run from the state court. He filed here first, against a federal agency, on federal claims, over federal loan collateral. That is forum selection, which the law protects. It is not forum shopping, which the law punishes. The Court should vacate the September 2 Order, reinstate the August 14 Order, and let this case proceed on the schedule the Court itself set.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A. This action was filed on April 5, 2026, against the SBA and five private Defendants, over an SBA loan guarantee and its collateral.

Plaintiff filed this action on April 5, 2026. (Dkt. 1; Dkt. 40 at 1; Dkt. 73 at 2.) The original complaint pleaded seven causes of action, including declaratory relief and breach of the implied covenant against the SBA and indemnity against James Wald. (Dkt. 40 at 1.) On May 24, 2026, Plaintiff amended once as of right under Rule 15(a)(1). (Dkt. 33; Dkt. 40 at 2.) The First Amended Complaint ("FAC") pleads ten causes of action: the First and Second against the SBA alone (declaratory exoneration or discharge of guarantor; breach of the implied covenant); the Third and Fourth for civil RICO and RICO conspiracy under 18 U.S.C. § 1962(c) and (d) against the private Defendants; the Ninth for indemnity, reimbursement, and exoneration against James Wald as co-guarantor of the SBA loan; and the Tenth for declaratory relief concerning the SBA collateral, its proceeds, and traceable property. (Dkt. 33 at 34-48.) The FAC alleges that Plaintiff guaranteed an SBA COVID-19 EIDL loan to Entertainment Technology, LLC, that the private Defendants moved the loan collateral into a business they now operate, that the loan is delinquent and the arrearage growing, and that Plaintiff faces combined SBA exposure of approximately $1,967,022.99 and federal collection, including Treasury offset. (FAC ¶¶ 6, 137-145.)

The SBA moved to dismiss on July 13, 2026. (Dkt. 63.) The motion was fully briefed and set for hearing on September 4, 2026. (Dkt. 63 at 1; Dkt. 65; Dkt. 71; Dkt. 72.) Neither the motion nor the reply asks this Court to abstain or to stay anything. (See Dkt. 63; Dkt. 71.)

**B. The Order to Show Cause, the stay of answers, the scheduling order, and the August 14 Order.**

On June 2, 2026, the Court denied the private Defendants' motions to dismiss as moot and, on its own motion, ordered Plaintiff to show cause why the action was not subject to *Younger* abstention, res judicata, or collateral estoppel. (Dkt. 40 at 3-4.) On June 25, the Court granted the private Defendants' ex parte application and stayed their obligation to answer "until the Court discharges the Court's Order to Show Cause." (Dkt. 48 at 3.) Plaintiff responded to the Order to Show Cause on June 26, placing *Sprint* at the center of his response. (Dkt. 52 at 8-9.) The private Defendants responded on July 7. (Dkt. 60.) They conceded that res judicata and collateral estoppel "are simply inapplicable," argued abstention under *Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989), a *Colorado River* case, and did not cite *Sprint*. (Dkt. 60 at 2, 5, 7-8, 10.) Plaintiff replied. (Dkt. 64.) The SBA filed nothing.

On July 2, 2026, the Court entered its Civil Pretrial Schedule and Trial Order. The last day to hear motions to amend pleadings or add parties is October 9, 2026; fact discovery closes February 19, 2027; trial is set for July 12, 2027. (Dkt. 57 at 22.) Those dates remain in force. The September 2 Order did not vacate or extend any of them.

On August 4, 2026, Plaintiff applied ex parte to dissolve the stay of answers. The application relied on *Sprint*, *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996), and *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc), and argued that abstention could not relieve Defendants of the obligation to answer damages claims. (Dkt. 69 at 3-4.) On August 14, 2026, the Court ruled: "Having reviewed the Application and finding good cause, the Court GRANTS the Application. The Court orders the stay dissolved on September 4, 2026. Defendants' obligation to answer or otherwise respond

to the First Amended Complaint is due on September 25, 2026." (Dkt. 70; Martin Decl. Ex. 1.)

Between August 14 and September 2, only the SBA's reply (Dkt. 71) and Plaintiff's objection to it (Dkt. 72) were filed. Neither sought a stay. No party asked the Court to revisit the August 14 Order.

**C. The September 2 Order.**

On September 2, 2026, the Court stayed the action "pending resolution of the two state cases" and ordered joint status reports every ninety days. (Dkt. 73 at 2, 9.) The Order acknowledges that *Sprint* limits *Younger* to three categories (id. at 3, 5), then applies the four *Middlesex* factors and "concludes each factor is met." (Id. at 5.) Footnote 4 identifies the category: the state cases supposedly "implicate a [s]tate's interest in enforcing the orders and judgments of its courts." (Id. at 5 n.4.) The remaining findings, addressed below, rest on piecemeal litigation, the May 21 state order, and forum shopping. (Id. at 6-8.) The Order also adopts the private Defendants' statement that trial in the 2024 case is set for November 30, 2026. (Id. at 3.)

**D. The state cases as the record actually shows them.**

**1. Wald v. Martin, No. 2023CUPP012195.**

James and Natalie Wald sued Plaintiff in August 2023. (Dkt. 73 at 3.) Plaintiff filed a cross-complaint on October 18, 2023. (Martin Decl. Ex. 6 at 2.) On April 7, 2026, two days after this action was filed, Plaintiff filed a first amended cross-complaint against the private cross-defendants. (Dkt. 19, Ex. F.) It did not and could not name the SBA. On May 18, 2026, the state court issued a tentative ruling, and on May 21, 2026, it struck that pleading under Code of Civil Procedure sections 472 and 436(b) because the time to amend as of right had passed. (Martin Decl. Ex. 2 at 3, 5-7.) The court reached no claim. It ruled: "The Court will not grant leave to amend at this time. This is without prejudice to Travis's ability to file a noticed motion for leave to amend." (Id. at 6; see id. at 3, 7.)

On June 5, 2026, the state court sustained Natalie Wald's demurrer to the original cross-complaint "WITH LEAVE TO AMEND," but limited that leave "to the second cause of action for menacing duress against Natalie Wald solely on the factual theory currently alleged in the original Cross-Complaint," and ordered: "No other causes of action, nor new cross-defendants, may be added to the new cross-complaint without leave of court." (Martin Decl. Ex. 3 at 5.) Plaintiff filed the permitted first amended cross-complaint, pleading the single menace-and-duress claim against Natalie Wald. (Martin Decl. Ex. 4 at 1, 4.) On July 20, 2026, Plaintiff filed a noticed motion for leave to file a second amended cross-complaint, set for hearing August 20, 2026. (Martin Decl. Ex. 6.) The proposed pleading asserts four state-law claims against Natalie and James Wald: menace and duress, recovery of money obtained by wrongful threats, money had and received, and conversion. (Id. at 8, 25-28.) It asserts no RICO claim, no claim against the SBA, and no claim concerning the guarantee. No trial date has been set. (Id. at 1.)

The May 21 and June 5 orders were issued by the Honorable Dana K. Caudill in Department 21. (Martin Decl. Exs. 2, 3.) On July 7, 2026, the Presiding Judge granted a challenge to Judge Caudill under Code of Civil Procedure section 170.6 and reassigned the case "for all purposes" to the Honorable Ronda J. McKaig, Department 42. (Martin Decl. Ex. 5.)

**2. Martin v. Wald, No. 2024CUNP032821.**

Plaintiff, Entertainment Technology, LLC, and Airlink Internet, Inc. sued James Wald, Natalie Wald, Elite Sound Company LLC, and Jayson Cohen on October 29, 2024, on thirteen state-law business claims, from breach of the operating agreement and of fiduciary duty to fraud, corporate waste, accounting, and unfair business practices. (Dkt. 19, Ex. B.) It is the entities' case: every claim is pleaded by the three plaintiffs together, the damages alleged are the undervalued sale of Entertainment Technology's assets and money Airlink advanced (id. ¶¶ 20-27), and neither entity is a party here. The

SBA is not a party. The words "SBA," "EIDL," and "guarantee" do not appear in the pleading, and no claim concerns RICO.

On July 7, 2026, the private Defendants told this Court that trial in the 2024 case "remains currently scheduled for November 30, 2026," and the Order adopted that date. (Dkt. 60 at 3; Dkt. 73 at 3.) On August 21, 2026, the Defendants moved in that case to declare Plaintiff a vexatious litigant and to require security under Code of Civil Procedure section 391.3 as a condition of proceeding. (Martin Decl. Ex. 8 at 1-3.) By statute, the filing of that motion stayed the action. Cal. Civ. Proc. Code § 391.6. To be heard on October 7, 2026. The stay runs until ten days after that motion is denied or, if it is granted, until security is posted. § 391.6. The November 30 trial date this Court relied on cannot be met. The private Defendants filed the motion that stayed the case twelve days before this Court issued its Order and did not tell this Court. (See Dkt. 71-73.)

## III. THE COURT HAS THE POWER TO VACATE THE ORDER, AND THIS APPLICATION IS TIMELY UNDER EVERY APPLICABLE RULE

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation omitted). That power reaches "erroneous interlocutory orders" and relief "from manifest error," and "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment." *Id.* at 887, 888-89 (quotations omitted); Fed. R. Civ. P. 54(b).

The Order is also a final decision. A stay that requires "an essential part of the federal suit to be litigated in a state forum" puts the plaintiff "effectively out of court" and is final under 28 U.S.C. § 1291. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 9-10 & n.11 (1983); *Quackenbush*, 517 U.S. at 713-14; *Herrera v. City of Palmdale*, 918 F.3d 1037, 1042-43 (9th Cir. 2019); *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017). A timely motion for reconsideration of such an order under a local rule "is construed as a motion to alter or amend a judgment under Rule 59(e)." *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist.*, 374

F.3d 857, 863 (9th Cir. 2004); *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). This Application is filed within fourteen days of the Order, as Local Rule 7-18 requires, and within the twenty-eight days Rule 59(e) allows.

Local Rule 7-18 is satisfied on its own terms. The Order rests on a "manifest . . . failure to consider material facts presented to the Court before the Order was entered," L.R. 7-18(c): the April 5 filing date that precedes every state ruling the Order cites; the August 14 Order; and the absence of the SBA and of every SBA-related claim from both state cases (Dkt. 64 at 2, 8-9). It also rests on "new material facts," L.R. 7-18(b): the section 391.6 stays of both state cases and the September 2 state order that eliminate the November 30 trial date the Order relied on. The state filings that refute the finding that Plaintiff never sought leave postdate the close of briefing on the Order to Show Cause, which the Court decided without a hearing or supplementation. Nothing here repeats an argument made on the Order to Show Cause; this Application addresses the reasoning of an Order that did not exist when that briefing closed. If Local Rule 7-18 does not reach an order entered on the Court's own Order to Show Cause, Rule 54(b) and the Court's inherent power supply the authority.

## IV. ARGUMENT

### A. The Order reverses the Court's own August 14 Order on an unchanged record and never says so.

The August 14 Order was entered after the abstention question had been fully briefed for five weeks, on an application that put *Sprint*, *Quackenbush*, and *Gilbertson* before the Court. (Dkt. 69 at 3-4.) The Court "review[ed] the Application," found "good cause," dissolved the stay, and set a date certain. (Dkt. 70.) A court that believed the entire case would be stayed under *Younger* nineteen days later would not have ordered every Defendant to answer by September 25. The two orders cannot both be right on the same record, and nothing was added to the record in between.

The September 2 Order does not cite the August 14 Order, does not vacate it, and does not explain why the good cause the Court found on August 14 vanished by September 2. It leaves the SBA's fully briefed motion suspended without mention. The Court's power under Rule 54(b) exists precisely to correct an interlocutory order that contradicts the Court's own prior ruling without reason. *Santa Monica Baykeeper*, 254 F.3d at 887-89.

**B. *Younger* cannot reach private civil litigation, and both state cases are private civil litigation.**

*Younger* abstention applies to "three exceptional categories" of state proceedings and "no further": ongoing criminal prosecutions, civil enforcement proceedings "akin to a criminal prosecution," and civil proceedings "involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint*, 571 U.S. at 73, 78, 82. The three factors drawn from *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), "were not dispositive; they were, instead, additional factors appropriately considered by the federal court before invoking *Younger*," and applied outside the three categories they "would extend *Younger* to virtually all parallel state and federal proceedings," a result "irreconcilable" with the federal courts' obligation to exercise their jurisdiction. *Id.* at 81-82. The Ninth Circuit enforces that limit: "*Younger* abstention is improper in civil cases outside of the two limited categories referred to above, regardless of the subject matter or the importance of the state interest." *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018) (reversing C.D. Cal.); *accord Applied Underwriters, Inc. v. Lara*, 37 F.4th 579, 587-88 (9th Cir. 2022); *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014). Each element "must be satisfied," and "when each of an abstention doctrine's requirements are not strictly met, the doctrine should not be applied." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) (reversing C.D. Cal.).

**1. Neither state case falls within any *Sprint* category.**

The Order acknowledges the categories and then abandons them. It places the state cases in the third category in a footnote, on the ground that they "implicate a [s]tate's interest in enforcing the orders and judgments of its courts." (Dkt. 73 at 5 n.4.) That is not what the third category means. It covers orders "uniquely in furtherance of the state courts' ability to perform their judicial functions": a civil contempt order, *Juidice v. Vail*, 430 U.S. 327 (1977), and a requirement to post a bond pending appeal, *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). *Sprint*, 571 U.S. at 73, 79. "'Core' orders involve the administration of the state judicial process," and an ordinary ruling in a suit between private parties "is not the process by which a state compel[s] compliance with the judgments of its courts." *ReadyLink*, 754 F.3d at 759 (quotation omitted). A "single state court judgment" interpreting a private agreement is outside the category. *Cook*, 879 F.3d at 1041. The May 21 order struck a pleading under sections 472 and 436(b) because the time to amend as of right had run. (Ex. 2 at 5-7.) No one asks this Court to enjoin it; Plaintiff complied with it. (Ex. 6.) "If the mere possibility of inconsistent federal and state court judgments justified *Younger* abstention, *Younger* would swallow whole both *Colorado River* abstention and preclusion." *ReadyLink*, 754 F.3d at 759.

The second category is equally closed. A civil enforcement proceeding is one "characteristically initiated to sanction the federal plaintiff" in which "a state actor is routinely a party." *Sprint*, 571 U.S. at 79. A suit initiated by a private party is not one. *Id.* at 80; *Cook*, 879 F.3d at 1040; *Applied Underwriters*, 37 F.4th at 588-89. "If the mere 'initiation' of a judicial . . . proceeding were an act of civil enforcement, *Younger* would extend to every case in which a state judicial officer resolves a dispute between two private parties." *ReadyLink*, 754 F.3d at 760. Both Ventura cases were initiated by private parties: the Walds in 2023, Plaintiff in 2024. No state actor is a party to either.

The authorities the Order relies on confirm the point rather than disturb it. *Credit One Bank, N.A. v. Hestrin*, 60 F.4th 1220 (9th Cir. 2023), involved a county district attorney's consumer-protection enforcement action and a bank's request for a federal

injunction against it: the second category, with an injunction sought. *Rahhiman v. Villanueva*, 2023 WL 5488474 (C.D. Cal. June 27, 2023), and *McCoy v. Beard*, 2014 WL 7071222 (E.D. Cal. Dec. 12, 2014), are habeas petitions by state criminal defendants: the first category. *Kerr* is a mandamus decision about discovery orders; the sentence the Order quotes reads, in full, that "it is in the interest of the fair and prompt administration of justice to discourage piecemeal litigation," a statement about postponing appellate review until final judgment. 426 U.S. at 403. The Order replaced the words "the fair and prompt administration of justice" with the bracketed phrase "[also in the interest of the state]." (Dkt. 73 at 6.) *Kerr* says nothing about abstention or the interests of any state. Defendants cited, and the Order identifies, no decision since *Sprint* applying *Younger* to a lawsuit between private parties.

**2. The *Middlesex* factors fail on their own terms.**

Even inside a category, the factors would not be met. The "important state interest" the Order identifies is the enforcement of one pleading order and the avoidance of piecemeal litigation. (Dkt. 73 at 6-7.) The Ninth Circuit has held that "neither California's interest in enforcement of a single state court judgment nor its interest in judicial efficiency is sufficiently important to satisfy *Younger*'s second threshold element." *AmerisourceBergen*, 495 F.3d at 1150. And the fourth element, which the Ninth Circuit calls "vital and indispensable," requires that the federal relief "would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *Id.* at 1149; *ReadyLink*, 754 F.3d at 758; *Gilbertson*, 381 F.3d at 978. The Order never identifies what state proceeding a damages judgment against the SBA or a RICO judgment against the private Defendants would enjoin. It substitutes a finding of forum shopping and the word "Accordingly." (Dkt. 73 at 8.) Abstention is not warranted "merely because whichever court rules first will . . . preclude the other." *AmerisourceBergen*, 495 F.3d at 1151. "Concurrent consideration, not abstention, is the solution." *Id.* at 1152.

**3. *Younger* is measured on April 5, 2026, when nothing the Order relies on had happened.**

The date for determining whether *Younger* applies "is the date the federal action is filed," and a court "may not consider events after the filing of the complaint." *Gilbertson*, 381 F.3d at 969 n.4; *Cook*, 879 F.3d at 1038, 1041; *ReadyLink*, 754 F.3d at 759. This action was filed April 5, 2026. The state tentative issued May 18; the strike order issued May 21; every state disqualification statement the Order cites followed the May 18 tentative (Dkt. 60 at 3); the section 455 application came June 26. On April 5, the 2023 case was itself stayed, a stay the state court did not lift until May 21. (Ex. 2 at 1; Ex. 3 at 2.) Every fact on which the Order builds its "interest in enforcing the orders" and "circumvent[ion]" findings postdates the only date that matters. (Dkt. 73 at 5 n.4, 7.) The Order does not mention the filing date rule.

**C. The Order's real reasoning is *Colorado River*, and *Colorado River* fails at the threshold because the SBA claims, the RICO claims, and the guarantor claims are pending nowhere else.**

Strip the *Younger* label away and the Order's operative findings are these: the state cases were filed first, the parties will "race to obtain judgment in their preferred forums," proceeding here risks "piecemeal litigation," and Plaintiff is forum shopping. (Dkt. 73 at 6-8.) Those are the factors of *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), taken from the private Defendants' brief. (Dkt. 60 at 5, 7-8, 10; *Seneca*, 862 F.3d at 841.) A district court may not evade its limits by issuing a docket-management stay instead: "the *Colorado River* factors control whether a stay can issue in favor of parallel state proceedings," and "[a] docket management stay may not issue in favor of parallel state proceedings if the *Colorado River* factors do not support a stay." *Ernest Bock*, 76 F.4th at 842-43. The same is true of a *Younger* stay entered on *Colorado River* reasoning.

"Parallelism is a threshold requirement for a *Colorado River* stay." *Id.* at 839. A court that stays under *Colorado River* "presumably concludes that the parallel state-court

litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone*, 460 U.S. at 28. "We have repeatedly emphasized that a *Colorado River* stay is inappropriate when the state court proceedings will not resolve the entire case before the federal court." *Ernest Bock*, 76 F.4th at 840 (quotation omitted). Substantial doubt "precludes a stay" and is "dispositive." *Id.* at 839-40; *Seneca*, 862 F.3d at 845.

There is no doubt here, substantial or otherwise. The SBA is not a party to either state case. The First and Second Causes of Action run against the SBA alone; the Ninth seeks indemnity from a co-guarantor on the SBA loan; the Tenth concerns the SBA collateral; the Third and Fourth are federal RICO claims that no state pleading asserts. The 2024 state complaint pleads thirteen state-law business claims and nothing about the SBA, the guarantee, or RICO. (Dkt. 19, Ex. B.) In the 2023 case, the state court has confined the cross-action to one claim against one party and barred any other claim or cross-defendant absent leave (Ex. 3 at 5), and the only leave Plaintiff has sought is for four state-law claims against the Walds. (Ex. 6 at 8.) The 2024 case belongs to Entertainment Technology and Airlink; Plaintiff's personal exposure as guarantor is pleaded nowhere but here. Whatever either state court does, Plaintiff's rights against the SBA on the guarantee, and the SBA's exposure on the implied covenant, will remain to be decided here. The Order's own status-report requirement proves the point: it directs the parties to report every ninety days on two cases whose outcome cannot decide a single claim in this one, and it does not identify one issue in this action that either state judgment would resolve. (Dkt. 73 at 9.) Under the Ninth Circuit's most recent formulation, a stay is permissible only where "there does not appear to be a realistic probability that a federal controversy will remain after the state proceedings are complete." *Mendocino Ry. v. Ainsworth*, 113 F.4th 1181, 1192 (9th Cir. 2024). Here that probability is a certainty.

The remaining factors point the same way. "[T]he presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone*, 460 U.S. at 26; *Seneca*, 862 F.3d at 844. Four of the ten causes of action arise under federal law, and two more run against a federal agency. 15 U.S.C. § 634(b)(1). "A general preference for avoiding piecemeal litigation is insufficient to warrant abstention"; the risk of duplication is "the unavoidable price of preserving access to . . . federal relief," and abstention on that ground requires "exceptional circumstances" that make piecemeal litigation "particularly problematic," which "ordinary contract and tort issues" do not present. *Seneca*, 862 F.3d at 842-43 (quotations omitted). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Id.* at 842 (quoting *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990)). The order of filing means little where the state cases have made no progress on the claims at issue: no trial date is set in the 2023 case (Ex. 7 at 1), Plaintiff's cross-action there is stayed by the Walds' motion, and the 2024 case is stayed by the private Defendants' motion. Both stays were obtained by the parties who asked this Court to defer to those cases. *Nakash*, on which the private Defendants relied, involved three and a half years of state litigation, seventy hearings, and roughly one hundred depositions. 882 F.2d at 1413, 1415. Nothing resembling that record exists here.

**D. The forum-shopping finding rests on a record that does not exist.**

The Order's finding that Plaintiff filed here "to forum shop or avoid adverse rulings by the state court" (Dkt. 73 at 8) is the linchpin of the fourth *Younger* element and of the *Colorado River* analysis the Order actually performs. It fails on four independent facts.

**1. This action was filed before the state court ruled on anything.**

Plaintiff filed this action on April 5, 2026. (Dkt. 1; Dkt. 73 at 2.) The state court's tentative ruling issued May 18 and its order May 21. (Dkt. 60 at 3; Ex. 2.) A litigant cannot flee a ruling that has not been made. The original complaint already pleaded the SBA claims and the indemnity claim (Dkt. 40 at 1); the RICO claims were added on

May 24 by an amendment as of right in a case that had been pending for seven weeks. (Dkt. 33.) The Ninth Circuit is "cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court." *Seneca*, 862 F.3d at 846 (quoting *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 982 (9th Cir. 2011)). A plaintiff who amends a pending federal complaint to add federal claims against the parties he has already sued is not shopping for a forum. He is litigating in the one he chose before any state court spoke.

**2. There was no adverse ruling to evade. The May 21 order was permission, not a decision.**

The Order describes the May 21 ruling as an "adverse ruling" and treats proceeding here as an attempt "to circumvent the state court's authority." (Dkt. 73 at 7-8.) The order itself says otherwise. It held that a first amended cross-complaint could not be filed as of right because the time under section 472 had passed, and it granted Plaintiff leave to seek amendment by noticed motion: "This is without prejudice to Travis's ability to file a noticed motion for leave to amend." (Ex. 2 at 3, 6-7.) It rejected no claim, decided no issue, and adjudicated no right. Forum shopping in this Circuit means what *Nakash* describes: a party who "after three and one-half years . . . has become dissatisfied with the state court and now seeks a new forum," 882 F.2d at 1417, or, as in *Mendocino Railway*, a party who files a federal action "premised entirely on" an argument the state court has already rejected on demurrer, 113 F.4th at 1190. "It typically does not constitute forum shopping where a party 'acted within his rights in filing a suit in the forum of his choice.'" *Seneca*, 862 F.3d at 846 (quoting *Madonna*, 914 F.2d at 1371). Plaintiff acted within his rights. He sued a federal agency over a federal loan guarantee in the federal court on which Congress expressly conferred jurisdiction. 15 U.S.C. § 634(b)(1). That he could also have sued in state court is true of nearly every federal action. "[T]his court is powerless to prevent [a plaintiff] from exercising its right, as a plaintiff, to choose its forum." *AmerisourceBergen*, 495 F.3d at 1154.

**3. Plaintiff did exactly what the state court invited, and the Order found the opposite.**

The Order finds that the state court "provided Plaintiff with an opportunity to file a motion for leave to file an amended cross-complaint," and that "[i]nstead of requesting leave to file an amended cross-complaint, Plaintiff attempted, twice, to disqualify the state court judge." (Dkt. 73 at 7-8.) The Order cites the private Defendants' July 7 statement that "Plaintiff Martin has not filed the motion in the state Wald case despite the court order." (Dkt. 60 at 3.) Plaintiff filed the amended cross-complaint the June 5 order permitted (Ex. 4), and on July 20, 2026, he filed the noticed motion for leave to file a second amended cross-complaint, set for hearing August 20, 2026. (Ex. 6.) The private Defendants' statement was accurate on July 7 and inaccurate thirteen days later. They never corrected it. On September 2, the Court adopted it as a finding "[b]ased on the record." (Dkt. 73 at 8.) The record shows the opposite. And a disqualification statement under Code of Civil Procedure section 170.1 is a right exercised inside the state forum; it moves no claim anywhere.

**4. The judge whose ruling Plaintiff supposedly fled no longer presides over the case.**

The May 21 and June 5 orders were issued by Judge Caudill in Department 21. (Exs. 2, 3.) On July 7, 2026, the Presiding Judge granted a challenge to Judge Caudill under section 170.6 and reassigned the case for all purposes to Judge McKaig in Department 42. (Ex. 5.) That was the day the private Defendants filed the response telling this Court that Plaintiff was evading the state judge. (Dkt. 60 at 3.) Thirteen days later, Plaintiff filed his motion for leave before Judge McKaig. (Ex. 6 at 1.) A litigant fleeing Judge Caudill's rulings had, after July 7, nothing left to flee. A litigant shopping for a friendlier judge would have used that motion to bring the RICO and guarantee claims before the new one. Plaintiff did neither. He asked the new judge for leave to plead four state-law claims and kept the federal claims where he had filed them in April. That sequence is the opposite of forum shopping, and it destroys the premise of the

Order's finding. The private Defendants, who knew all of it, said nothing about it to this Court.

**E. It was improper to weigh Plaintiff's application for recusal under 28 U.S.C. § 455(a) against him.**

The Order supports its forum-shopping finding with this sentence: "Plaintiff also attempted to disqualify the other state court judge, (2 RJN, Ex. A), and this Court after receiving an adverse ruling, (Dkt. No. 53)." (Dkt. 73 at 8.) Plaintiff raises this ground with respect, and because it must be raised. Treating that application as evidence against Plaintiff was improper, for four reasons.

First, a section 455(a) application is not forum shopping under any authority, because it changes no forum. It asks that a case be reassigned to another judge of the same court. Had it been granted, this action would have remained in this District, on this docket, under the same rules and the same law. Forum shopping, in the *Colorado River* sense the Order invokes, concerns a party's choice between state and federal court. *Nakash*, 882 F.2d at 1417; *Seneca*, 862 F.3d at 846. A request for reassignment within the federal court says nothing about that choice.

Second, the Order's use of the application contradicts the Court's own ruling on it. In denying the application, the Court found that Plaintiff "bases this conclusion entirely upon the Court's prior adverse rulings," that "a judge's prior adverse ruling is not sufficient cause for recusal," and that judicial errors "would be the basis for appeal, not recusal." (Dkt. 55 at 2-3 (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001)).) On July 2 the application was a complaint about rulings, properly directed to the Ninth Circuit. On September 2 the same application became proof that Plaintiff evades courts that rule against him. It cannot be both.

Third, a court that declines to recuse may not hold the request against the party who made it. Section 455(a) exists so that litigants can raise the question of a judge's impartiality without fear. Treating the exercise of that statutory right as evidence of bad motive converts a protection into a penalty.

Fourth, no party asked the Court to consider Dkt. 53; the private Defendants relied on the state disqualification statements only. (Dkt. 60 at 3, 5, 8.) The Court added Dkt. 53 on its own, without notice and without giving Plaintiff any opportunity to address it.

The consequence is not academic. The forum-shopping conclusion is the sole articulated basis for the finding that "the relief sought herein would have the practical effect of at least partially enjoining those ongoing state court proceedings." (Dkt. 73 at 8.) Remove the improper consideration and the finding has no stated support. The fourth *Younger* element, which "must be satisfied," *ReadyLink*, 754 F.3d at 759, is not satisfied, and the Order fails for that reason alone.

**F. The SBA never sought a stay, and the stay freezes the only motion the SBA filed.**

The party that carries the burden on a stay is the party that asks for one, and it "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109-10 (9th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Id.* at 1112. The SBA has never asked this Court to abstain, to stay, or to defer to any state court. No party has argued, and the Order does not find, that either state case has anything to do with the SBA. The Order nonetheless stays the claims against the SBA indefinitely, at the private Defendants' request and for their benefit, at Plaintiff's expense. Each month the stay continues, the delinquency on the guaranteed loan grows, the risk of Treasury referral and offset rises, and the collateral remains in the hands of the private Defendants who are operating a business on it. (FAC ¶¶ 137-145.) That is the "immoderate" stay *Landis* forbids. 299 U.S. at 256.

**G. Ex parte relief is warranted under *Mission Power*.**

Ex parte relief requires a showing that the moving party "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "is without fault in creating the crisis that requires ex parte relief."

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Where the motion "has a high likelihood of success on the merits," the showing of prejudice need not be severe. *Id.*

**Prejudice.** The Order eliminated the September 25 answer date and the September 4 hearing without mention, while leaving the pretrial schedule intact. Under Local Rule 6-1, a noticed motion filed today could not be heard for twenty-eight days, on the Court's Friday civil calendar, which places the earliest hearing in October, after the October 9, 2026 deadline to hear motions to amend pleadings or add parties has passed, while the February 19, 2027 discovery cut-off and the July 12, 2027 trial date remain in place in a case in which no Defendant has answered. (Dkt. 57 at 22.) The Order is also a final, appealable decision under *Moses H. Cone*, and the time to appeal is running. Fed. R. App. P. 4(a)(1)(B). A prompt ruling serves every interest: if the Court vacates the Order, the case resumes on its schedule; if not, Plaintiff can seek review in the Ninth Circuit without losing months to noticed-motion practice. Meanwhile Plaintiff's guarantor exposure accrues monthly and the collateral remains in the private Defendants' possession. (FAC ¶¶ 137-145; Martin Decl. ¶ [XX].) Plaintiff litigates from custody, where delay compounds every other burden. (Martin Decl. ¶ [XX].)

**Absence of fault.** The Order was entered sua sponte on the Court's own Order to Show Cause, nineteen days after the Court found good cause to require answers. Plaintiff filed this Application within days of learning of the Order. (Martin Decl. ¶ [XX].)

**Likelihood of success.** The Order applies a doctrine the Supreme Court has confined to three categories that do not include private civil litigation, on findings the record refutes, in contradiction of the Court's own August 14 Order. The merits are not close.

**H. The relief requested.**

Plaintiff asks the Court to vacate the September 2 Order (Dkt. 73) in its entirety, including the status-report requirement; to reinstate the August 14 Order (Dkt. 70) and require every Defendant to respond to the First Amended Complaint by September 25,

2026, or within fourteen days of the order on this Application, whichever is later; and to reset for hearing, or decide on the papers, the SBA's Motion to Dismiss (Dkt. 63).

In the alternative, if the Court concludes that any portion of the stay should remain, Plaintiff asks the Court to lift the stay as to the SBA in its entirety and as to the First, Second, Third, Fourth, Ninth, and Tenth Causes of Action. None of those claims is pending in any state court, and none can be resolved there. A stay of claims that no state court can touch serves no state interest and no federal one.

In the further alternative, Plaintiff asks the Court to set this Application for hearing on shortened time and to order Defendants to respond on an expedited schedule.

## V. CONCLUSION

The Court was right on August 14. The September 2 Order applies *Younger* where *Sprint* forbids it, applies *Colorado River* reasoning where parallelism is absent, finds forum shopping on facts the record contradicts, and counts a statutory recusal application against the party who filed it. The Court should vacate the September 2 Order, reinstate the August 14 Order, and set this case back on the schedule the Court established.

Dated: September 8, 2026
Respectfully submitted,

/s/ Travis Edward Martin
Travis Edward Martin
Plaintiff, in Pro Per

**CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)**

The undersigned, Plaintiff in pro per, certifies that this brief contains 6963 words, which complies with the word limit of L.R. 11-6.1.

Dated: September 8, 2026

Respectfully submitted,

/s/ Travis Edward Martin

Travis Edward Martin

Plaintiff, in Pro Per

## PROOF OF SERVICE

I, John Ruiz, declare: I am over the age of eighteen years. On September 8, 2026, I served the following documents:

1. Ex Parte Application to Vacate the September 2, 2026 Stay Order (Dkt. 73) and to Reinstate the August 14, 2026 Order (Dkt. 70); Alternatively, Motion for Reconsideration; Memorandum of Points and Authorities;
2. Declaration of Travis Edward Martin with Exhibits 1 through 9; and
3. [Proposed] Order,

on the following parties by the method indicated:

Allen R. Ball, Esq., Law Office of Ball & Yorke, 1001 Partridge Drive, Suite 330, Ventura, California 93003; (counsel for Defendants James Wald, Natalie Wald, Jayson Cohen, American Legacy Solutions LLC, and Elite Sound Company LLC).

Paul (Bart) Green, Assistant United States Attorneys, Federal Building, Suite 7516, 300 North Los Angeles Street, Los Angeles, California 90012; (counsel for Defendant United States Small Business Administration).

[ ] BY ELECTRONIC MAIL: I transmitted the documents in PDF form to the email addresses listed above. The transmission was reported as complete and without error.

[ X] BY MAIL: I placed true copies in sealed envelopes addressed as listed above, with first-class postage fully prepaid, and deposited them with the United States Postal Service at Scottsdale, Arizona.

[ ] BY CM/ECF: The documents were filed through the Court's CM/ECF system, which sent notice of electronic filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 8, 2026, at Scottsdale, Arizona.

/S/ John Ruiz