UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS EDWARD MARTIN, an individual,<br><br>Plaintiff,<br><br>*v.*<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, a federal agency; JAMES WALD, an individual; NATALIE WALD, an individual; JAYSON COHEN, an individual; AMERICAN LEGACY SOLUTIONS LLC, a California limited liability company; and ELITE SOUND COMPANY LLC, a California limited liability company,<br><br>Defendants. | Case No. 2:26-cv-03714-WLH-DFM<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO VACATE STAY [75]** |

Before the Court is Plaintiff Travis Edward Martin's *Ex Parte* Application to Vacate the September 2, 2026 Stay Order and to Reinstate the August 14, 2026 Order; Alternatively, Motion for Reconsideration ("Application"). (Dkt. No. 75). Although Plaintiff alternatively characterizes his request as a motion for reconsideration, he

filed the request as an *ex parte* application and seeks immediate relief without proceeding through the Court's ordinary noticed-motion procedures. The Court therefore considers at this time only whether Plaintiff has established grounds for *ex parte* relief. For the reasons below, he has not, and the Application is **DENIED**.

## I. ANALYSIS

*Ex parte* applications are "rarely justified." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). To obtain *ex parte* relief, a moving party must present evidence to show that they will be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. In the absence of a showing that Plaintiffs would be irreparably prejudiced if the Application was heard pursuant to ordinary motion procedures, *ex parte* relief is inappropriate. *Id.* at 489 (explaining that improper, non-emergency ex parte applications are "detrimental to the administration of justice"); (Standing Order, Docket No. 9 at 16 ("Ex parte applications are solely for extraordinary relief. . . .")). *Ex parte* applications are not a substitute for regularly noticed motion practice. *See id.* at 489-92.

Plaintiff has not made the showing necessary for *ex parte* relief. Plaintiff argues that immediate relief is necessary because the Stay affects deadlines established by the Court's pretrial schedule, the time to seek appellate review is running, his alleged exposure as a guarantor continues to accrue and delay imposes additional burdens because he is litigating from custody. (Application at 26-27). None of these arguments is remotely persuasive. First, the pretrial schedule is no longer applicable because the case is stayed. Second, while the case is stayed, there is no final judgment from which he can appeal.[1] Third, financial exposure cannot

[1] Also, the Court finds this argument disingenuous given Plaintiff's e-mail to the Court demanding a ruling on this Application or he would seek a writ, so Plaintiff is

constitute irreparable harm. *See, e.g.*, *Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 471 (9th Cir. 1984) ("[M]ere financial injury . . . will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."). Finally, the Court is unpersuaded that Plaintiff being in custody justifies emergency action by this Court. Therefore, Plaintiff suffers no irreparable harm from presenting his arguments concerning dissolution or modification of the Stay through a regularly noticed motion.

The Court further cautions Plaintiff that *ex parte* applications are reserved for circumstances warranting extraordinary relief and are not a substitute for regularly noticed motion practice. The mere fact that Plaintiff seeks prompt resolution of an issue does not entitle him to expedited consideration ahead of other matters pending before the Court. Any future *ex parte* application must establish that the circumstances presented satisfy the requirements for *ex parte* relief. Abuse of the *ex parte* process may lead to sanctions, up to and including terminating sanctions if Plaintiff continues to file frivolous emergency motions.

## II. CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's *Ex Parte* Application. To the extent the Application alternatively seeks reconsideration of the September 2, 2026 Order, the Court **DENIES** that request without prejudice to Plaintiff filing a regularly noticed motion seeking dissolution or modification of the Stay. The Court does not reach the merits of Plaintiff's arguments concerning whether the Stay should remain in effect.

The Court also reminds Plaintiff that he must comply with the Court's Standing Order regarding the use of artificial intelligence. (*See* Dkt. No. 66). The Standing Order requires any filing prepared using AI to indicate that fact in its caption title. It further requires any party who uses AI to generate any portion of a filing to attach a

---

aware he has a method to request appellate review even with the stay in place.

separate declaration that (1) discloses the use of AI, (2) certifies that the filer has reviewed the source material and verified the accuracy of all content and citations and (3) identifies the portions of the filing prepared using AI. Plaintiff is directed to review these requirements carefully. If Plaintiff uses AI to prepare any portion of a future filing, he must comply fully with the Standing Order's disclosure and certification requirements. Failure to comply with the Court's Standing Order may result in sanctions.

**IT IS SO ORDERED.**

Dated: September 24, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE