Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

FILED

OCT 13 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## DOCKETING NOTICE

| | |
|---|---|
| Docket Number: | 26-6723 |
| Originating Case Number: | 2:26-cv-03714-WLH-DFM |
| Short Title: | Martin v. United States Small Business Administration, et al. |

Dear Appellant/Counsel

The United States Court of Appeals for the Ninth Circuit has received a copy of your notice of appeal and assigned the docket number above to your case.

Please include this docket number on every filing you submit and in any communication you have with the court about this case. If you are ordering any transcript from the lower court, please give the docket number to the court reporter right away.

Motions filed with the notice of appeal are not transferred to this court. You need to separately file on this court's docket any motion that seeks relief from this court.

You must file a Disclosure Statement (Form 34) within 14 days of this notice if your case: (1) involves a corporation, association, joint venture, partnership, limited liability company, or similar entity; (2) is a bankruptcy case; (3) is a criminal case with an organizational victim; or (4) involves review of state court proceedings. *See* Ninth Circuit Rule 26-1.1.

**The $605 docketing fee is due now.** You have **21** days to either pay the fee or request a waiver if you cannot afford to pay. The fee is payable to the district court or the tax court. If your appeal is from the Bankruptcy Appellate Panel, the fee is payable to this court. To ask this court to waive your filing fee, you need to complete a form called "Motion and Affidavit to Proceed in Forma Pauperis," which is available on the court's

website. If you do not pay the fee or request a waiver within 21 days, your case may be dismissed.

**Failure to timely file the opening brief may also result in your case being dismissed.**

**Please read the enclosed materials carefully.**

Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

## TIME SCHEDULE ORDER

---

| | |
|---|---|
| Docket Number: | 26-6723 |
| Originating Case Number: | 2:26-cv-03714-WLH-DFM |
| Case Title: | Martin v. United States Small Business Administration, et al. |

---

**10/27/2026**

| | |
|---|---|
| Natalie Wald | Corporate Disclosure Statement due |
| Jayson Cohen | Corporate Disclosure Statement due |
| James Wald | Corporate Disclosure Statement due |
| Travis Edward Martin | Corporate Disclosure Statement due |
| Elite Sound Company, LLC | Corporate Disclosure Statement due |
| American Legacy Solutions, LLC | Corporate Disclosure Statement due |
| United States Small Business Administration | Corporate Disclosure Statement due |

**11/23/2026**

| | |
|---|---|
| Travis Edward Martin | Appeal Opening Brief (No Transcript Due) |

**12/22/2026**

| | |
|---|---|
| Elite Sound Company, LLC | Appeal Answering Brief (No Transcript Due) |
| United States Small Business Administration | Appeal Answering Brief (No Transcript Due) |

| | |
|---|---|
| American Legacy Solutions, LLC | Appeal Answering Brief (No Transcript Due) |
| James Wald | Appeal Answering Brief (No Transcript Due) |
| Natalie Wald | Appeal Answering Brief (No Transcript Due) |
| Jayson Cohen | Appeal Answering Brief (No Transcript Due) |

If there were reported hearings, the parties shall designate and, if necessary, cross-designate the transcripts pursuant to 9th Cir. R. 10-3. If there were no reported hearings, the transcript deadlines do not apply.

The optional reply may be filed within 21 days of service of the answering brief. See Fed. R. App. P. 31 and 9th Cir. R. 31-2.1.

Mediation Questionnaire is available here. More information about the Mediation Program is available here.

**If the opening brief is not filed by the deadline, the court may dismiss this case. *See* 9th Cir. R. 42-1.**