UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 2:26-cv-03714-WLH-DFM Date: November 9, 2026

Title: *Travis Edward Martin v. United States Small Business Administration, et al.*

Present: The Honorable WESLEY L. HSU, U.S. District Judge

| Claudia Garcia-Marquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff-Appellant: None Present | Attorneys Present for Defendants-Appellees: None Present |

**Proceedings (In Chambers):** ORDER DENYING *IN FORMA PAUPERIS* ON APPEAL WITHOUT PREJUDICE

On September 28, 2026, Plaintiff-Appellant filed a notice of appeal of this Court's prior orders staying this action pending state-court proceedings and denying his application to vacate the stay. (Dkt. No. 79). That same day, he requested from this Court *in forma pauperis* ("IFP") status on the appeal. (Dkt. No. 80).

On October 13, 2026, the Ninth Circuit filed a notice indicating the appeal had been received and docketed under 9th Cir. Case No. 26-6723, and the $605 docketing fee remains due. (Dkt. No. 82).

Federal Rule of Appellate Procedure 24(a) provides that a party to a district court action who desires to appeal IFP must file a motion in the district court with an attached affidavit that shows "in . . . detail" the party's inability to pay, claims an entitlement to redress, and states the issues the party intends to present on appeal. *See* Fed. R. App. P. 24(a)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 2:26-cv-03714-WLH-DFM Date: November 9, 2026

Title: *Travis Edward Martin v. United States Small Business Administration, et al.*

Here, the IFP request does not provide enough information to determine indigency. For example, if Plaintiff-Appellant has had no source of income for at least 12 months, and he has not filed for income taxes since 2021, it is unclear how he was able to pay this Court's $405 filing fee earlier this year. (Docket No. 1). *See United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (affidavit under IFP statute must "state the facts as to affiant's poverty with some particularity, definiteness[,] and certainty"); *see also, e.g.*, *Daker v. Head*, No. 120CV03690SDGJKL, 2023 WL 5600105, at *3 (N.D. Ga. Aug. 28, 2023) (IFP properly denied where plaintiff paid filing fees in cases while simultaneously claiming poverty in others). Additionally, the complaint discusses significant assets that form the basis of his claims. (Docket No. 1 at 3, 13, 19, 29); *see Strojnik v. Panera Bread Co.*, No. 1:22-CV-0682 JLT BAK, 2022 WL 2609456, at *3 (E.D. Cal. July 8, 2022) ("The Court is not required to blindly accept information provided in an IFP applica[tion] and may consider factors such as identified inconsistencies, incomplete information, and economic priorities."); *Sidman v. Young Bros., Ltd.*, 2015 WL 1259157, at *2 (D. Haw. Mar. 17, 2015) (IFP request must provide, at a minimum, certain financial information that includes "value of . . . assets owned by [p]laintiff" and "total amount of cash held by [p]laintiff").

Accordingly, the IFP request is **DENIED** without prejudice. (Dkt. No. 80). Plaintiff-Appellant may request leave to appeal IFP from the Ninth Circuit. *See* Fed. R. App. P. 24(a)(5) (detailing filing requirements). Alternatively, he may pay the $605 docketing fee as directed by the Ninth Circuit's Docketing Notice. (Dkt. No. 82).

The Clerk of the Court is **DIRECTED** to effect notice of this Order on the parties and the Ninth Circuit Court of Appeals as required by Federal Rule of Appellate Procedure 24(a)(4).

**IT IS SO ORDERED.**